**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
FORT LAUDERDALE DIVISION

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

      Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

      Defendants.

_____/

**7657030 CANADA INC., ACQUINITY INTERACTIVE, LLC, MODERNAD**
**MEDIA LLC, AND WARREN RUSTIN'S RESPONSE TO PLAINTIFF'S**
**MOTION TO EXPEDITE DISCOVERY AND MOTION TO STAY DISCOVERY**

      Having agreed to extend Defendants' timeframe for responding to the Complaint, and

after the Court issued an Order stating that the Joint Scheduling Conference would not need to

occur until after Defendants' responsive pleading, Plaintiff, Pulsepoint, Inc. f/k/a Datran Media

Corp. ("Plaintiff") now burdens the Court and Defendants, 7657030 Canada Inc., Acquinity

Interactive, LLC, ModernAd Media LLC, and Warren Rustin (collectively "Defendants") with a

Motion to Expedite Discovery [DE #33]. That motion fails to show any exigent or changed

circumstances warranting Court intervention and is unsupported by any evidence beyond the

allegations in the Complaint. Plaintiff's motion is also premature because Plaintiff's Request for

Production [DE#33-1] essentially seeks discovery into the merits of the case thereby

circumventing the ordinary progression of discovery that the Federal Rules of Civil Procedure

require. Furthermore, Defendants have recently moved to dismiss Plaintiff's First Amended Complaint on the basis that Plaintiff is barred from bringing its claim under the one year statute of limitations provision within the Master Services Agreement ("MSA"), which are grounds to dismiss the case with prejudice. Accordingly, Plaintiff's Motion to Expedite Discovery should be denied and in addition, the Court should stay discovery until it has decided on the merits of Defendants' Motion to Dismiss.

## **BACKGROUND**

Plaintiff filed this action on July 3, 2013, seeking relief against the Defendants, and others, alleging several causes of action for fraudulent conveyance under Florida statutes and common law *de facto* merger. On July 9, 2013, the Court entered an Order Requiring Counsel to Confer, File Joint Scheduling Report and File Joint Discovery Report. That order outlined that the parties were to confer within twenty-one days after the last responding party either files an answer or motion, whichever is earlier, to consider their claims and defenses and possibilities for settlement, to make or arrange for Rule 26(a)(1) disclosures, and to develop a proposed discovery plan that indicates the parties' views and proposals concerning the matters in Rule 26(f).[1] The Order further states that the parties would hold a scheduling conference either at the same time as the 26(f) discovery conference or within fourteen calendar days thereafter as per Local Rule 16.1(B). On August 23, 2013 Plaintiff filed its First Amended Complaint (the "Complaint") and also filed its first Motion to Expedite Discovery without any discovery attached to it. Plaintiff subsequently withdrew its first Motion to Expedite Discovery on September 9, 2013. On July 31, 2013, the Court granted the parties' Unopposed Motion for Enlargement of Time to File Response to Plaintiff's Complaint. Plaintiff then filed its amended

---

[1] In its First Amended Complaint, Plaintiff added defendant 8333947 Canada, Inc. to the action who has not yet responded to the Complaint.

Motion to Expedite Discovery on September 10, 2013.

In its Motion to Expedite Discovery, Plaintiff claims that good cause exists to expedite discovery where ModernAd Media LLC has allegedly transferred and dissipated its assets to the other named defendants in the action and/or presently unknown judgment proof entities ("Doe Defendants"), and those other named defendants have transferred or are in the process of transferring their assets to additional third parties. Plaintiff claims that expedited discovery is necessary to obtain the identity of these Doe Defendants in order to determine their locations and legal status and serve them with the Complaint. Plaintiff further claims that expedited discovery is necessary in order to assess whether pre-judgment attachment of defendants' property is necessary to prevent defendants' continued dissipation of assets through potential judgment proof entities who may be outside the Court's jurisdictional reach. To support its claims, Plaintiff relies solely on the allegations in its Complaint.

## ARGUMENT

## I.   Expedited Discovery Is Not Appropriate In The Absence of Good Cause

### A.  Standard of Review

Discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26. "Discovery is normally barred prior to the Rule 26(f) conference." *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08CV310T27MAP, 2008 WL 927558, *1 (M.D. Fla. Apr. 4, 2008). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding excepted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." 26(d)(1). Yet, courts do have "broad discretion in managing pretrial discovery matters." *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005) (citation omitted). To determine whether expedited discovery

is appropriate, "courts have adopted a good cause or reasonableness standard." *Dell Inc. v. BelgiumDomains, LLC*, No. CIV. 07-22674, 2007 WL 6862341, *6 (S.D. Fla. Nov. 21, 2007); *see Biosense Webster, Inc. v. Scott*, No. 6:13-CV-258-ORL-27, 2013 WL 1611338, *1 (M.D. Fla. Apr. 15, 2013) (utilizing a good cause standard); *Nassau Terminals, Inc. v. M/V Bering Sea*, No. 99–104–CIV–J–20C, 1999 WL 1293476, at *1 (M.D. Fla. July 1, 1999) (stating that moving party has the burden of showing good cause why discovery should be expedited). The following factors are what courts typically consider in deciding whether the moving party has shown good cause: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. *Biosense Webster, Inc.*, 2013 WL 1611338 at *1 (citing *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)).

## B.  Plaintiff Has Failed to Show Good Cause

An examination of the five factors clearly evidences that Plaintiff has failed to show good cause to warrant expedited discovery—as to all defendants—and in fact, such discovery is not appropriate but rather premature.

Regarding the first factor, no temporary restraining order or preliminary injunction is pending before the Court, nor has Plaintiff made any indication that it intends to seek such relief. While temporary restraining orders or preliminary injunctions are not necessary for a finding of good cause, *see Biosense Webster, Inc.*, 2013 WL 1611338 at *1, many of the cases Plaintiff cites to in support of its position all involved plaintiffs seeking such injunctive relief from the court. *See Kremen v. Cohen*, No. 5:11-CV-05411-LHK, 2011 WL 6113198 (N.D. Cal. Dec. 7,

2011) (seeking a temporary restraining order and a preliminary injunction against defendant); *Wachovia Securities, L.L.C.v. Stanton*, 571 F. Supp. 2d 1014, 1019 (N.D. Iowa 2008) (seeking temporary restraining order and a preliminary injunction); *Dell Inc. v. BelgiumDomains, LLC*, No. CIV. 07-22674, 2007 WL 6862341, *1 (S.D. Fla. Nov. 21, 2007) (seeking preliminary injunction and temporary restraining order).

Regarding the second and fourth factors, Plaintiff's Request for Production is overly broad and extensive and imposes an undue burden upon Defendants. The requests seek detailed and voluminous financial information from the last seven years; any and all information regarding Defendants' assets and asset transfers; and all legal records concerning loans, payments, deeds, contracts, annual reports, business documents, security interests, among various other requests. Such burdensome discovery is unfairly prejudicial to Defendants at such an early stage in the litigation where no factual findings have been made, Plaintiff has failed to provide any evidence to support its allegations regarding Defendants' alleged fraudulent conduct, and Defendant's Motion to Dismiss is pending before the Court. It certainly would be unfairly prejudicial and burdensome for Defendants to gather documentation to respond to Plaintiff's request if the Court ultimately may grant its Motion to Dismiss with prejudice before production is due or soon thereafter. In addition, Plaintiff is requesting that Defendants respond to the discovery subpoenas within seven calendar days of the date of service. Such a short time frame to respond to Plaintiff's onerous discovery requests would also cause extreme unfair prejudice to Defendants.

Regarding the third factor, Plaintiff's reasons for expediting discovery are, (1) to identify the "potentially judgment proof" Doe Defendants that Defendants allegedly have and continue to transfer their assets to; and (2) to assess whether pre-judgment attachment of Defendants'

property is necessary to prevent their "continued laundering of assets through potentially judgment proof entities." Plaintiff cites to a number of cases where courts have found a sufficient showing of good cause, yet each of those cases involved claims of infringement, counterfeiting, or unfair competition where it would be particularly prejudicial to the plaintiffs due to the nature of the challenged activity. *See Dell Inc.*, 2007 WL 6862341 at \*6 ("Courts have recognized that accelerated discovery may be particularly appropriate in cases of trademark counterfeiting."); *see also Arista Records LLC v. Does 1-7*, No. 3:08CV18 CDL, 2008 WL 542709, \*1 (M.D. Ga. Feb. 25, 2008) (seeking damages and injunctive relief under the copyright laws of the United States); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 418 (D. Colo. 2003) (seeking relief due to defendant's infringement of a variety of trademarks and service marks); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition.").

In contrast, here, the alleged conduct is fraudulent conveyance. In addition, in each of the aforementioned cases, the courts found good cause to expedite discovery where, (1) the court had made some form of factual findings supporting the moving party's request for expedited discovery; or (2) the moving party provided support beyond the bare allegations in the complaints showing its necessity for expedited discovery based on the conduct of the defendant(s). No such findings have been made in this case nor has the Plaintiff provided anything to support its assertions about the Defendants' alleged conduct.

Furthermore, beyond those cases that Plaintiff cites to, Plaintiff has failed to provide any evidentiary support to show that immediate discovery is necessary. Plaintiff gives the Court absolutely no reason to suspect that (1) Defendants are transferring their assets to Doe

6

Defendants that immediately need to be identified, or (2) Defendants are taking certain actions to evade paying Plaintiff's judgment and as such prejudgment attachment to Defendants' property is necessary. Florida district courts have been reluctant to grant expedited discovery and has denied such a motion where a plaintiff failed to make an evidentiary showing supporting its immediate need for discovery. *See Platinum Mfg. Int'l, Inc.*, 2008 WL 927558 at *1 ("The Plaintiff has not shown that immediate discovery is necessary in this case. The Court has no reason to suspect that records maintained by third-party financial institutions would become 'lost or unavailable' in the coming weeks or months, and Plaintiff has provided no evidentiary support for this claim."). In addition, this Court has also denied expedited discovery where a plaintiff has failed to show "an impelling urgency which necessitates action forthwith and excuses giving notice to the other party" such as by showing there was a chance that discovery or evidence would otherwise be lost or impaired if not received before the regular time proscribed by the discovery rules. *See GE Seaco Servs., Ltd. v. Interline Connection, N.V.*, No. 09-23864-CIV, 2010 WL 1027408, *1 (S.D. Fla. Mar. 18, 2010) ("Plaintiff has not shown the need for urgency, other than to argue that this case will not 'gain sufficient traction to make it to first base' without this discovery. However, Plaintiff has not shown that there is any chance that testimony or other evidence will be lost or otherwise impaired if ex parte relief is not granted.").

Ultimately, Plaintiff is essentially seeking to circumvent the Rule 16 and Rule 26 discovery requirements in order to prematurely establish the elements of its claim for fraudulent conveyance. Plaintiff's primary reason for seeking expedited discovery is based on unsupported allegations that Defendants will continue to make fraudulent transfers or launder their assets to other unknown potentially judgment proof entities thus in turn making themselves judgment proof. The entire basis for Plaintiff's motion is the very essence of Plaintiff's claim for

fraudulent conveyance. The discovery Plaintiff seeks now is the exact same discovery that would be sought at the ordinary time provided for by the federal discovery rules to establish Plaintiff's claim. Plaintiff cannot be permitted avoid the discovery rules without any evidentiary support for its allegations in order to make out its cause of action.

Regarding the fifth factor, it is evident from Plaintiff's own conduct that it is not burdened by the fact that the typical discovery process has yet to begin. Plaintiff filed its original Motion to Expedite Discovery on August 23, 2013 and, after realizing Plaintiff had even failed to serve the discovery requests it sought to expedite, withdrew that motion on September 9, 2013. Certainly this exemplifies the lack of expedited need for discovery. The Rule 26(f) conference will take place once the defendant, 8333947 Canada, Inc. who was added to the action when Plaintiff filed its First Amended Complaint, is properly served and files its responsive pleading— and could have been completed had Plaintiff served this defendant.

In sum, a review of the five factors required for consideration, paired with the lack of evidentiary basis supporting the Plaintiff's claims, shows the absence of a good cause showing required for expedited discovery.

### C.  Moreover, Plaintiff's  Own Cited Authorities Do Not Support Its Position

Plaintiff cites two particular cases in support of its Motion to Expedite Discovery, one involving a claim for fraudulent conveyance and the other involving a Plaintiff's request to seek expedited discovery in order to identify unknown third party defendants.

In its motion, Plaintiff makes the broad claim that "courts have found 'good cause' to exist, in fraudulent transfer cases like this to aid in assessment of potential equitable relief," citing *Kremen v. Cohen*, No. 5:11-CV-05411-LHK, 2011 WL 6113198 (N.D. Cal. Dec. 7, 2011). However, the case Plaintiff cites for this authority does not support that proposition. In *Kremen*,

one of the plaintiff's claims was for fraudulent conveyance. *Id.* at *2. The defendant had fled to Mexico and resided in Tijuana at the time the plaintiff filed its complaint. *Id.* Unlike the present case, the court took judicial notice of documents plaintiff attached to its complaint including public records, judgments and other court documents, as well as documents recorded in the Public Registry of Property and Commerce in Tijuana. *Id.* at *1 n. 1. One of the court judgments judicially noticed found that the defendant had been acting in concert with others to evade enforcement of the plaintiff's judgment against him. *Id.* at *2. The plaintiff also filed for a temporary restraining order against defendant. *Id.* The court in *Kremen* found that there was good cause for expedited discovery and that such requests were all related to the plaintiff's motion for a preliminary injunction. *Id.* at *10.

Here, by contrast, no factual findings have been made and in fact, Plaintiff failed to attach any documents to its Complaint evidencing any fraudulent conduct on behalf of the Defendants. *Id.* Plaintiff relies solely on its own assertions to support its claim that Defendants have acted fraudulently and as such has failed to show good cause that the Defendants will continue to engage in the alleged fraudulent conduct such that it warrants expedited discovery. Furthermore, Plaintiff has not filed a preliminary injunction or even shown any evidentiary support that Defendants have engaged in a pattern of dissipating assets to avoid Plaintiff's judgment. Thus, *Kremen* is not a "case[s] like this," and in fact, exemplifies the deficiencies in the Plaintiff's burden to establish the need for expedited discovery.

Additionally, in its motion Plaintiff also makes the unqualified assertion that "[c]ourts routinely grant expedited discovery in order to uncover the identity of potential litigations," citing to *Dell Inc. v. BelgiumDomains, LLC*, No. CIV. 07-22674, 2007 WL 6862341 (S.D. Fla. Nov. 21, 2007). Again, the case Plaintiff cites to as authority does not stand for that proposition.

In *Dell*, the plaintiff's claim involved trademark counterfeiting. *Id.* at *1. The court stated, "Courts have recognized that accelerated discovery may be particularly appropriate in cases of trademark counterfeiting."   *Id.* at *6. It further stated that in cases involving trademark counterfeiting and requests for expedited discovery to reveal third party defendants, good cause is likely to exist because of the prejudice a plaintiff would experience "where a well-known trademark . . . has been counterfeited and the sources or purchasers of the counterfeit products are unknown to plaintiff." *Id.* In addition, the court in *Dell Inc.* based its decision on "extensive Findings of Fact in its Order Granting Plaintiffs' Motion for Ex parte Temporary Restraining Order and a Preliminary Injunction." *Id.* at *1. The findings of fact further evidencing good cause included that the Defendants had concealed evidence by using numerous fictitious businesses, personal names, and shell entities to hide their activities; and the nature of Defendants business afforded them the opportunity to destroy all evidence "all with just a few keystrokes, leaving no paper trial." *Id.* at 2. In addition, the court stated, "The elaborate nature of Defendants' scheme demonstrates that Defendants will go to great lengths to conceal the details of their counterfeiting and cybersquatting scheme. If Defendants learn of this proceeding, there will very likely and very quickly be nothing left." *Id.*

Unlike *Dell*, this case does not involve trademark counterfeiting nor would Plaintiff be prejudiced if it were required to wait for the normal course of discovery, certainly none has been adequately shown. Further, the conditions of this case are not unusual or unique such as that of a trademark counterfeiting case. Additionally, there have been no factual findings, no determinations by the Court that the Defendants have engaged in any fraudulent or deceptive conduct whatsoever, and there has been no showing that Plaintiff will be prejudiced if required to conduct discovery in the normal course, its claims are merely based on conjecture.

As such, Plaintiff should not be permitted to probe into the financial dealings of each of the Defendants on an expedited basis because it has failed to make the requisite showing.

## II.    This Court Should Stay Discovery Until It Has Decided On The Merits Of Defendants' Motion To Dismiss

Defendants filed their Motion to Dismiss on September 20, 2013 on the basis that Plaintiff's claim is barred under the one year statute of limitations provision within the MSA and that Plaintiff should have brought any and all claims arising out of the contract (including the ones alleged in this action) into Arbitration because its claims against the Moving Defendants arose out of the MSA. If the Court grants Defendants' motion, the action will be dismissed with prejudice. Therefore, any discovery should be stayed pending the outcome of the motion.

Motions to stay discovery may be granted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26(c), and the moving party bears the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *Id.* As such, the Court must take a "preliminary peek at the merits of a dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* In addition, "[i]n deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Id.*

Plaintiff is requesting that Defendants produce an extensive amount of documentation in its discovery requests. Defendants have raised meritorious challenges to the Plaintiff's Complaint in their Motion to Dismiss. As such, there is good cause and it is reasonable for a stay on

discovery because it would be unfairly prejudicial and burdensome for Defendants to gather documentation to respond to Plaintiff's request if the Court ultimately may grant its Motion to Dismiss with prejudice and dispose of the case before production is due or soon thereafter. *See McCabe*, 233 F.R.D. at 687.

Accordingly, Defendants respectfully request the Court deny Plaintiff's Motion for Expedited Discovery and stay discovery until it has decided on the merits of Defendants' Motion to Dismiss.

Dated: September 27, 2013.  Respectfully submitted,

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Roland Potts (FBN 087072)
rp@@lydeckerdiaz.com
LYDECKER │ DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 27, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

**SERVICE LIST**

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com