UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,                                            CASE NO.: 0:13-CV-61448

        v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA LLC;
WARREN RUSTIN, an individual;
8333947 CANADA INC. and JOHN DOES 1-100,

    Defendant.
_____/

## MEMORANDUM OF LAW AND REPLY IN SUPPORT OF
## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

        Plaintiff Pulsepoint, Inc., f/k/a Datran Media Corp. ("Plaintiff" or "CREDITOR"), by and through its undersigned counsel, hereby submits the following memorandum of law and reply in further support of its motion for expedited discovery.

## INTRODUCTION

        Plaintiff filed the Complaint in this action on July 10, 2013.  On July 31, 2013, defendants requested a 30-day extension of the time to answer or move, on consent, purportedly for the purpose of retaining legal counsel.[1]  On August 23, 2013, plaintiff filed an amended complaint, after learning that Defendant Acquinity Interactive, LLC was in the process of transferring assets to a new entity, Defendant 8333947 Canada, Inc. d/b/a Inbox Direct ("Inbox Direct").  Plaintiff also filed a motion for expedited discovery on August 23, 2013, which was

---

[1] All of the defendants are represented by Lydecker | Diaz LLC, the same firm that represented Defendant ModernAd in the Arbitration that precipitated these proceedings.

1

withdrawn and re-submitted on September 10, 2013, after Defendants refused to produce documents responsive to Plaintiff's Request for Production ("Document Requests"). More than 30 days have passed since defendants were served with a copy of the Document Requests on September 4, 2013.

### PRELININARY STATEMENT

The issue before the Court is, what type of evidentiary showing, if any, is required to establish good cause for the requested discovery, where defendants hold precisely the discovery that is necessary to establish their malfeasance. In this case, Plaintiff offers the sworn testimony of Tony Provenzano, the former Chief Marketing Officer of ModernAd, and a party to discussions between Defendants about the reasons for the change from ModernAd to Acquinity (the "Provenzano Aff.").[2] In his affidavit, Mr. Provenzano states unambiguously that the main purpose for the change from ModernAd to Acquinity was to *evade ModernAd's debts to creditors*, including plaintiff. Dkt. #36 at ¶ 5. Due to a clerical error, the Provenzano Affidavit was not attached to Plaintiff's moving papers. Rather than seek to clarify what was clearly a filing error, Defendants chose to ignore the Provenzano Aff., and disregard other documentary evidence attached to the Complaint.

Plaintiff submits that sworn testimony from a former officer of Defendant ModernAd about ModernAd's scheme to evade its debt to Plaintiff by shuttling its assets to Defendant Acquinity, and documentary evidence establishing that ModernAd hid the disputed transfers from Plaintiff, is sufficient to support the request for expedited discovery into: a) potential John Doe defendants, and b) to assess whether pre-judgment attachment of Defendants' assets is necessary. Indeed, Plaintiff has learned that Acquinity has transferred, or is in the process of

---

[2] The Provenzano Aff. was omitted from plaintiff's moving papers as the result of an inadvertent filing error. Plaintiff filed a copy of the Provenzano Aff. with the Court on October 1, 2013 via ECF.

transferring, its assets to at least two more, as yet, unnamed entities.  Plaintiff requires immediate discovery to determine the names of these entities, so that they may be added to this action and served.

Nearly three months have passed since Plaintiff filed the original Complaint in this action.  More than 30 days have passed since Plaintiff served Defendants with the Document Requests, and more time will pass before this Court rules on Plaintiff's motion.  Defendants cannot seriously contend that they have only had one week to answer the Document Requests. Moreover, Defendant Acquinity occupies the same offices and inherited the same computers, servers, equipment, officers and personnel from Defendant ModernAd, of which Defendant Rustin was President, so responding to Plaintiff's Document Requests should not be overly complicated or burdensome.  In addition, the same counsel conveniently represents all of the Defendants, and upon information and belief have the same in-house counsel, so reviewing Defendants' documents and coordinating Defendants' collective responses to the Document Requests should be a relatively streamlined process.

Notwithstanding the above, Defendants contend that they need more time to answer the Document Requests.  Defendants' posture in this regard is nothing new.  In the Florida state court domestication action with Defendant ModernAd, ModernAd has failed to produce documents or make Warren Rustin available for more than two months, claiming that it needs more time to respond to discovery requests and compile documents. A copy of "Defendant ModernAd Media LLC's Motion for Protective Order" filed in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Case No. CACE13-017796 (25) is attached hereto as **Exhibit A**. Even after Plaintiff allowed ModernAd a 30-day extension in the State Court domestication action— purportedly to allow it more time to gather and review documents and

prepare its witness for deposition— ModernAd refused to make its principal, Warren Rustin, available for deposition at the agreed-upon time, and instead sought a protective order. *See* **Exhibit A**. At oral argument on ModernAd's motion, the judge set the ModernAd's deadline to a date in October, rather than the November date ModernAd was offering, after the judge expressed skepticism that ModernAd needed more time to gather responsive documents. A copy of the Order dated October 3, 2013 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Case No. CACE13-017796 (25) is attached hereto as **Exhibit B.**

Defendants' frivolous motion practice in this action and stonewalling of discovery requests in the State Court domestication action are part of a deliberate strategy to thwart Plaintiff's collection of the Judgment. Although defendants invite this Court to question the validity of the Judgment, its validity is beyond question in these proceedings – defendants failed to challenge the entry of the judgment in both New York and Florida courts – likely because there were no justifiable grounds to do so and such a challenge may have required Defendants to post a bond.

Additionally, Defendants' motion for a stay is premised on the argument that the contractual limitations clause in an agreement between plaintiff and ModernAd regarding disputes "arising out of or related to" that agreement extends to the fraudulent conveyance of ModernAd's assets to third parties. *See* Dkt. #35 at 11. In other words, even though the only Defendant to sign the agreement containing a limitations clause was ModernAd, and despite the fact that Plaintiff had no agreements of any kind with Defendants Rustin, Acquinity or Inbox Direct (which did not exist at the time), Defendants contend that Plaintiff is barred from asserting completely unrelated claims for fraudulent conveyance of assets against all Defendants.

Defendants' contention is wholly without merit. If anything, it shows that Defendants will do or say anything, no matter how disingenuous, to delay the satisfaction of the Judgment.

## ARGUMENT

### I. Good Cause Exists to Support Expedited Discovery

A. *Preliminary Injunction Not Necessary*

The first factor is a non-factor in this case. Although a pending request for preliminary injunctive relief can support a request for expedited discovery, as Defendants concede, it is not necessary. *See Biosense Webster, Inc. v. Scott*, 2013 WL 16111338 at *1 (M.D. Fla. April 15, 2013). This is especially true in cases where the discovery sought is relevant to the discovery of potential unnamed Defendants (*see, e.g., Arista Records LLC v. Does 1-7*, Case No. 3:08-CV-18 (CDL) (M.D. Ga. Feb. 25, 2008)), or to a pre-judgment attachment (*see Biosense*, 2013 WL 16111338 at *1), both of which Plaintiff seeks in this case.

B. *The Breadth and Burden are Reasonable*

The second and fourth factors support the grant of expedited discovery. Notwithstanding Defendants' conclusory assertions to the contrary, Plaintiff is not seeking discovery into the merits of the case. Rather, Plaintiff's requests are narrowly tailored to find out who the other, yet-unnamed defendants are, so they may be named and served. Plaintiff did not seek discovery concerning, for example, the reasonableness of the consideration paid for ModernAd's assets, ModernAd's solvency, intent, badges of fraud, party admissions, communications between defendants, or other such inquiries. Instead, Plaintiff limited its requests to financial information concerning the ownership and transfer of assets between the various Defendants and third parties. Notwithstanding Defendants' claims to the contrary, these requests are tailored to the specific grounds in Plaintiff's motion.

Complying with these requests will undeniably place a burden on Defendants, but not an undue one. Defendants have been in possession of Plaintiff's document requests for over a month. In fact, Defendant, ModernAd, has been in possession of the majority of the Plaintiff's document requests by way of a notice of taking deposition duces tecum in the State Court domestication action which was served on Warren Rustin, as the managing member of ModernAd in late July. By the time that this Court rules, more time will have passed. It is not unreasonable for Defendants to produce responsive documents within that time frame. Indeed, regardless of Defendants' objection to Plaintiff's motion, Defendants should reasonably have begun searching for and reviewing documents. It is not a question of Plaintiff requesting discovery into any topic to which Plaintiff will not be entitled to discovery during the course of the litigation – the only issue is timing. Furthermore, Defendants are also conveniently represented by the same counsel – an eighty-lawyer firm – which, if pressed to comply with an Order of this Court ordering expedited discovery, is more than capable of meeting that obligation.

C.    *The Facts Necessitate Expedited Discovery*

Plaintiff has a judgment against Defendant ModernAd for roughly $2.3 million and growing. During Plaintiff's arbitration against ModernAd, ModernAd conveyed substantially all of its assets to Defendant Acquinity, leaving ModernAd a hollow shell. *See* Dkt. #28 at ¶¶ 41, 99; Dkt. #36 at ¶¶ 4-5. ModernAd took steps to hide and obscure the nature and extent of the transfer from Plaintiff. Dkt. #28 at ¶¶ 28-38; Dkt. #36 at ¶ 5. Plaintiff now has information that Defendant Acquinity is in the process of winding down and conveying its assets to three new entities – again in an effort to thwart the collection of the Judgment. Dkt. #33 at 3,19. All of the information concerning these transfers is in the exclusive possession of Defendants.

Plaintiff is not relying for its allegations, however, on guesswork. Plaintiff's allegations are supported by documentary evidence. As stated above and in the Complaint, Defendants concealed the nature and extent of the ModernAd asset transfers from plaintiff, and misled Plaintiff into believing that ModernAd was still a going concern business, long after it had ceased to do so. *See* Dkt. #28 at ¶¶ 28-38, Exhibits C and D; Dkt. #33 at 6.

Testimony from Defendant ModernAd's former and Acquinity's current officer, Mr. Scott Modist, corroborates Plaintiff's assertion that Defendants made an effort to hide their transfers. In the Complaint, Plaintiff alleges, in relevant part, as follows:

> 27. During the Arbitration, DEBTOR was deliberately vague about which of DEBTOR's assets had been transferred to Acquinity and which remained. DEBTOR's former CFO and Acquinity's current CFO, Scott Modist, testified that only "certain assets and liabilities" were conveyed by DEBTOR to Acquinity, and claimed that Acquinity had not acquired DEBTOR's email marketing business – the dispute between CREDITOR and DEBTOR was over DEBTOR's refusal to pay for email marketing services rendered by CREDITOR pursuant to the Skylist Agreement. He also indicated that DEBTOR still had employees, and was in business servicing "middle markets."
>
> 28. **Mr. Modist tried to conceal the fact that Acquinity had acquired DEBTOR's email marketing assets**, stating: "in the asset purchase agreement, there was no mention of the email business." Mr. Modist's statement was technically accurate – there was no mention of the email business in the asset purchase agreement between DEBTOR and Acquinity (the "Asset Purchase Agreement") – however, DEBTOR's email marketing business was subsumed in the assets of the entities that Acquinity acquired from DEBTOR.
>
> 29. Despite working in the same building where ModernAd's offices were located, and despite having personal knowledge of the Asset Purchase Agreement, and exactly which assets had been conveyed from DEBTOR to Acquinity, Mr. Modist repeatedly denied having any knowledge about DEBTOR's assets, other than to dissimulate that DEBTOR was still a going concern – well after that had ceased to be the case.

> 30. **Mr. Modist's testimony that DEBTOR was still in the email marketing business was intended to conceal the full extent of the asset transfers from DEBTOR to Acquinity**. It is also contradicted by Warren Rustin's letter of December 2010 to DEBTOR's customers – a letter that CREDITOR never received – which announced that ModernAd was out of the Internet marketing business.

Dkt. #28 at ¶¶ 27-30 (Emphasis added).  A copy of the relevant pages from the transcript of the Arbitration hearing is attached hereto as **Exhibit C**.

Defendants' efforts to mislead Plaintiff in the Arbitration that ModernAd was still in business, after the asset purchase by Acquinity, is further contradicted by Defendant Warren Rustin's recent statement that ModernAd "has not actively engaged in business in almost (3) years" and "does not currently have business income." *See* Declaration of Warren W. Rustin in Support of Motion for Protective Order sworn to on October 1, 2013 in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Case No. CACE13-017796 (25), a copy of which is attached hereto as **Exhibit D**.

Plaintiff's application is also supported by the sworn affidavit of a former ModernAd Chief Marketing Officer.  That officer, Tony Provenzano, knows what he knows because he sat in on the meetings with Garry Jonas, Warren Rustin, and the rest of ModernAd and Acquinity's senior management when the decision was made to change entities to avoid having to pay plaintiff the debt that later became the Judgment. Dkt. #36 at ¶ 5. Mr. Provenzano also testifies that Acquinity had the same employees, office space, equipment and business model as ModernAd – it was the same business. *Id.* at ¶ 4.  This is strong evidence of fraudulent conveyance, and should be more than enough to support a grant of the limited discovery requested by Plaintiff – especially given that Defendants have spawned new entities since the start of these proceedings and are actively working to evade the Judgment.

Rather than confront the Provenzano Affidavit, Defendants ignore it. Although the affidavit was not attached to Plaintiff's moving papers, it was quoted, referenced extensively therein and clearly omitted by mistake. Defendants do not cite to a single case where a court denied a request for expedited discovery on similar facts – and no such case appears to exist. Instead, Defendants attack the cases cited in Plaintiff's moving papers because some of them were in the context of intellectual property infringement and unfair competition. Dkt. #35 at 6. Defendants, however, neglect to address *Biosense* and *Kremen v. Cohen*, 2011 WL 6113198, in which the courts held that a sufficient reason for expedited discovery existed, without any IP violation.

The decisions cited by Defendants concerning *ex parte* and non-party discovery requests are inapposite. *See GE Seaco Servs., Ltd. v. Interline Connection, N.V.*, No. 09-23864-CIV, 2010 WL 1027408, *1 (S.D. Fla. Mar. 18, 2010); *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08CV310T27MAP, 2008 WL 927558, *1 (M.D. Fla. Apr. 4, 2008). Courts should understandably be reluctant to grant *ex parte* discovery requests. In this case, however, Plaintiff served Defendants with the Discovery Requests, which requests Defendants have had over a month and counting to respond to. Furthermore, unlike the plaintiff in *Platinum*, Plaintiff does not seek information from third-party banks into "the financial dealings of . . . non-party" entities, but rather from and of the named Defendants themselves. *Cf. Platinum*, 2008 WL 927558 at *1.

D.   *The Timing of the Request is Reasonable*

Defendants fail to address any of the reasons stated in Plaintiff's moving papers concerning why the timing of the discovery requests are reasonable. Instead, Defendants fish for red herrings. Plaintiff's withdrawal and re-filing of a corrected motion for expedited discovery

9

has no bearing on the urgency for such discovery.  Nor does the fact that Plaintiff has been unable to serve Defendant 8333947 Canada, Inc. weigh against granting expedited discovery.  Plaintiff can find no mention of Defendant 8333947 Canada, Inc. in the records of the Florida Secretary of State.  Defendant 8333947 Canada, Inc. does not appear to be a Florida entity, or licensed to do business in Florida.  Accordingly, Plaintiff will need to determine the proper method of service on this defendant.

As set forth above, and in Plaintiff's original motion, good cause exists to grant expedite discovery.  As such, the Court should grant Plaintiff's motion.

## II.     Discovery Should Not Be Stayed

*A.     Defendants' Motion to Dismiss Is Wholly Lacking in Merit*

The arbitration clause in the operative agreements provides that "[a]ny dispute or controversy arising out of or related to this agreement or any breach hereof shall be settled by binding arbitration. . . " Dkt. #28 at Exhibit E, § 12.1.  The causes of action for fraudulent conveyance in this case do not arise out of the Skylist Agreement, or the MSA – nor do they have any relation to the Skylist Agreement, which is a software license. *See id.* at Exhibits E and F.  None of the Defendants, except for ModernAd, are parties to those agreements.  As such, Defendants' contention that all Defendants – including the ones protected by the corporate form and even the ones that did not exist at the time of the agreements – were somehow beneficiaries of the contractual limitations in the above agreements period is mind-boggling.

Such a benighted argument could only have been advanced for the purpose of delay and evading the Judgment.  To the extent, however, that Defendants are implying that Defendants are all the same party, and therefore, all liable for the Award and Judgment, such a position is not precluded by the above agreements.  Defendants' actions in transferring and concealing

10

ModernAd's assets in order to evade the payment of the Judgment give rise to separate causes of action, not related to the provision of services to ModernAd under the MSA and Skylist Agreement.  Accordingly, Defendants request for a stay should be denied.

Dated: October 7, 2013
      Fort Lauderdale, Florida

**HARTLEY LAW OFFICES, PLC**
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 357-9973
Facsimile: (954) 357-2275
Email: hartley@hartleylaw.net

By:  /s/ Timothy M. Hartley
TIMOTHY M. HARTLEY
FL BAR NO. 979066

**LEWIS & LIN, LLC**
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: brett@iLawco.com
justin@iLawco.com

By:  /s/ Brett E. Lewis
BRETT E. LEWIS
JUSTIN MERCER

*Attorneys for Plaintiff Pulsepoint Inc.,*
*f/k/a Datran Media Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 7th 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and on all counsel or parties of record identified on the attached service list below via email and/or U.S. Mail.

/s/Timothy M. Hartley
Timothy M. Hartley, Esq.
 Hartley@hartleylaw.net
HARTLEY LAW OFFICES, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, Florida 33316
Tel. 954-357-9973
Fax: 954-357-2275
Attorney for Plaintiff