IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE13-017796 (25)

PULSEPOINT, INC.
f/k/a DATRAN MEDIA CORP.

      Plaintiff,

vs.

MODERNAD MEDIA, LLC
f/k/a PUREADS, LLC, a Foreign corporation

      Defendant.                  /

## DEFENDANT MODERNAD MEDIA, LLC's MOTION FOR PROTECTIVE ORDER

Defendant, ModernAd Media, LLC ("ModernAd"), by and through its undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.280(c), respectfully requests this Court enter a Protective Order requiring Plaintiff, Pulsepoint, Inc. ("Plaintiff"), to reschedule its deposition duces tecum in aid of execution currently set for October 7, 2013 and in support thereof states as follows:

1.      Plaintiff served Notice of Taking Deposition Duces Tecum in Aid of Execution (the "Notice") upon Warren Rustin as Manager Member of ModernAd on August 20, 2013, unilaterally setting the deposition date for September 3, 2013—merely fourteen (14) days later. A copy of the Notice of Taking Deposition Duces Tecum in Aid of Execution is attached as **Exhibit A**.

2.      The Duces Tecum seeks production of documents responsive to **42 separate requests**. The requests date back **five years**. *See* Exhibit A at Pp. 2-4.

3.      In light of the expansive nature of the document request and the short window of

time allotted by Plaintiff, on August 26, 2013, ModernAd coordinated with Plaintiff to reschedule the deposition to a later date which would allow ModernAd sufficient time to compile the documents subject of the duces tecum request.

4.     ModernAd confirmed via email that the deposition for September 3, 2013 had been postponed, and stated that the deposition would tentatively go forward on in early October, dependent on availability of all necessary parties. A copy of the email communications is attached as **Exhibit B.** Thereafter, the parties engaged in discussions regarding viable deposition dates.

5.     In addition to attempting to negotiate with Plaintiff regarding a mutually agreeable date, ModernAd also sought to limit the breadth of the requests in an effort to meet Plaintiff's timeline. See email correspondence attached as **Exhibit C.**

6.     In the afternoon of September 18, 2013, Plaintiff served a Re-Notice of Taking Deposition Duces Tecum in Aid of Execution, setting Rustin's deposition for October 7, 2013. A copy of the Re-Notice is attached as **Exhibit D.**

7.     On September 19, 20 and 24, 2013, ModernAd informed Plaintiff that the October 7, 2013 deposition date would not be feasible because of the time required to gather all the documents sought by the duces tecum request and the time needed to review the documents prior to the deposition. It further informed Plaintiff that the attorney who would be defending the deposition, Carlos de Zayas, was scheduled for a 10-day trial starting on October 7, 2013. A copy of the email correspondences is attached as **Exhibit E.** A copy of the Order setting trial is attached **as Exhibit F.**

8.     Plaintiff', however, refused to postpone the deposition to allow for sufficient time to obtain and review the documents sought and resolve the conflict with the trial for which Mr.

Zayas is currently set to try. *See* Exhibit E at Pg. 2.

9.      In response, ModernAd again reminded Plaintiff of the expansiveness of its document request, specifically expressing the burden its request put upon ModernAd to gather five years of documents, which requires searches in multiple locations at significant expense. Not only would compiling such an array of documents take a substantial amount of time, but, once compiled, ModernAd's counsel necessarily requires time to review such documents in order to assess relevance and privileges. In light of this, ModernAd requested again that Plaintiff reschedule the deposition. *See* Exhibit E at Pg. 1.

10.      Further, several of documents requested by Plaintiff are not in the care, custody or control of ModernAd. ModernAd has been endeavoring to obtain these documents from the companies in possession, although ModernAd is under no such duty.

11.      Plaintiff has been unwilling to reconsider its position regarding the deposition date, leaving ModernAd no choice but to seek the Court's intervention on this matter.

12.      Unquestionably, "[a] trial court possesses broad discretion in overseeing discovery, and protecting the parties that come before it." *Rojas v. Ryder Truck Rental, Inc.,* 625 So. 2d 106, 107 (Fla. 3d DCA 1993), *approved,* 641 So. 2d 855, 857 (Fla. 1994). To that end, rule 1.280(c), Florida Rules of Civil Procedure provides that where good cause is demonstrated, the trial court "may make any order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense that justice requires including. . . that the discovery may be had only on specified terms and conditions, *including a designation of the time* or place" Fla. R. Civ. P. 1.280(c) (emphasis added).

13.      This Court has the authority to intervene and enter an Order requiring Plaintiff's counsel to reschedule the deposition of Warren Rustin to a later date which allows ModernAd

3

and its counsel a sufficient window of time in which to gather and review the broad array of documents Plaintiff has requested be produced at the deposition and assert proper defenses thereto.

WHEREFORE, Defendant, ModernAd Media, Inc., respectfully requests that this Court grant ModernAd's Motion for Protective Order requiring Plaintiff to reschedule the deposition of Warren Rustin to a later date mutually agreed upon by the parties not earlier than October 18, 2013.

Dated: September 26, 2013                    Respectfully submitted,

LYDECKER │ DIAZ
*Counsel for ModernAd Media, LLC*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Tel.: (305) 416-3180
Fax: (305) 416-3190

By:  s/ Carlos de Zayas
     Carlos de Zayas (FBN 198617)
     Joan Carlos Wizel (FBN 37903)
     E-mail: jcw@lydeckerdiaz.com
     E-mail: rt@lydeckerdiaz.com
     E-mail: eservice@lydeckerdiaz.com
     Roland Potts (FBN 087072)
     E-mail: rp@lydeckerdiaz.com

CASE NO: 13-CA-1884

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of September, 2013, a copy of the foregoing was

sent via e-mail to:

**Timothy M. Hartley**
E-mail: Hartley@hartleylaw.net
Hartley Law Offices, PLC
800 Southeast Third Ave., Fourth Floor
Fort Lauderdale, Florida 33316

*Attorneys for Plaintiff*

By: s/ Carlos de Zayas
Carlos de Zayas (FBN 198617)

5

IN THE CIRCUIT COURT OF THE
17ᵗʰ JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE13-017796 (25)

PULSEPOINT, INC.,
f/k/a DATRAN MEDIA CORP.

  Plaintiff,

 vs.

MODERNAD MEDIA, LLC
f/k/a PUREADS, LLC, a Foreign corporation

  Defendant.
_____/

## NOTICE OF TAKING DEPOSITION DUCES TECUM
## IN AID OF EXECUTION

NAME:   Warren Rustin as the Manager Member
     of ModernAd Media, LLC
     101 N Federal Highway
     Boca Raton, Florida 33432

     851 NE 4ᵗʰ Avenue
     Boca Raton, Florida 33432-2923

*(handwritten: 8/20/13  90×36  EMS  #111)*

## PLEASE BRING ALL DOCUMENTS LISTED ON THE ATTACHED
## SCHEDULE A

DATE AND TIME:   September 3, 2013 at 10:00 a.m.

PLACE:     *HARTLEY LAW OFFICES, PLC*
       800 Southeast Third Avenue
       Fourth Floor
       Fort Lauderdale, Florida 33316
       (954) 357-9973

upon oral examination before UNITED COURT REPORTING, Notary Public, or any other Notary Public of officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of the court.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing was served via U.S. Mail and personal service this 29ᵗʰ day of July, 2010 upon Warren Rustin, 101 N Federal Highway, Boca Raton, Florida 33432 and 851 NE 4ᵗʰ Avenue, Boca Raton, Florida 33432-2923.

          *HARTLEY LAW OFFICES, PLC*
          Attorneys for Plaintiff
          800 Southeast Third Avenue
          Fourth Floor
          Fort Lauderdale, Florida 33316
          Telephone (954) 357-9973
          Facsimile (954) 357-2275
          Email: Hartley@hartleylaw.net

          By:/s/ Timothy M. Hartley
          Timothy M. Hartley
          FBN 979066

**EXHIBIT**
**A**

**SCHEDULE "A"**
**DOCUMENTS REQUESTED**

1.  All financial, business and property records and all other papers, passbooks, record books, ledgers and books of account which tend to disclose the extent and nature of all financial interests, property and property rights *ever* owned by Defendant, ModernAd Media, LLC ("Company") or any corporation, entity, trust, or partnership in which the Company has or had an interest, and the location thereof.

2.  All passbooks with respect to all savings accounts, checking accounts, statements and check, savings and loan association share accounts, money market fund records or any other depository, ever owned personally or jointly by the Company, or any corporation, entity trust or partnership.

3.  All check books.

4.  All check books for checking accounts owned at any time by the Company solely, or jointly as co-partner, or joint adventurer, in any business enterprise, or owned by any corporation in which the Company has or had an interest.

5.  The deeds to all real property owned by the Company, now or at any time.

6.  The deeds to all real property owned by the Company, now or at any time, or jointly, or as co-partner, or joint adventurer, in any business enterprise, or owned by any corporation in which the Company has or has a controlling interest.

7.  All securities (stocks or bonds) owned by the Company, now or at any time.

8.  The balance sheets and other financial statements in the Company's possession with respect to any and all business enterprises of whatever nature in which the Company possesses or possessed any ownership interest, whether as partner, joint adventurer, stockholder, or otherwise.

9.  All accounts receivable ledger or other record which sets forth the names and addresses of all persons or business enterprises that are indebted to the Company, and the amounts of such indebtedness in the last three (3) years.

10. All accounts receivable ledger or other record which sets forth the names and addresses of all persons or business enterprises that are indebted to the Company in its corporate capacity, as co-partner, or joint adventurer in any business enterprise.

11. Copies of the Company's federal and State of Florida corporate Income Tax Returns, for the last five (5) years.

12. Copies of any asset purchase agreements entered into by the Company within the last five (5) years.

13. Copies of any stock purchase agreements entered into by the Company within the last five (5) years.

14. The title certificates, registration certificates, bills of sale, and other evidence of ownership possessed by the Company at any time with respect to any of the following described personal property owned by the Company solely, or jointly as co-partners, or joint adventurer, in any business enterprise or owned by any corporation in which the Company has or had a controlling interest:

    a.  Motor vehicles of any type;

    b.  Commercial, business or construction equipment of any type;

    c.  Boats, launches, cruisers or other vessels of any type;

    d.  Inventory of any stock of goods or equipment of any type.

15. All communications pertaining to an interest in any administration upon the estate of any deceased person by the Company.

16. All records pertaining to the transfer of any money or property interests or financial interests made by the Company since three years prior to the filing of this suit.

2

17. Records of any loans obtained by the Company in the last five (5) years.

18. All financial statements made by the Company in the last five (5) years.

19. All evidence of ownership in any corporation, entity, joint venture, partnership or trust by the Company at any time.

20. Copies of all corporate income tax returns, including state intangible tax returns, and all supporting schedules filed by the Company individually or jointly with any other person or by any partnership or corporation in which the Company has or had had an interest for the preceding five (5) years.

21. All other records indicating any source of past, present or future income to the Company or assets owned by the Company, now or at any time.

22. The original of all certificates of stock owned or beneficially held by the Company.

23. Copies of all financial statements or other documents in the Company's possession, custody, or control executed or issued by the Company, or showing the Company's financial condition during the preceding five (5) years.

24. All original notes, deeds, title certificates, mortgages, or security instruments of any kind showing or tending to show the existence of debts which are or were owed to the Company or property owned by the Company or property in which the Company has a security interest.

25. All writings or financial records or any other evidence in the Company's possession or custody, or subject to the Company's control, showing or tending to show all money, which was due to the Company, with any records the Company may have showing or tending to show all persons who owe the Company money.

26. All insurance policies insuring loss to any property, real, life or personal, or otherwise that the Company owns, is a beneficiary of, or has paid premiums upon.

27. All bills of sale, deeds, contracts, or other documents showing transfer of any and all property executed by the Company or to the Company.

28. Any and all bank statements, canceled checks or other memoranda in the Company's possession, custody, or control showing or tending to show all transactions with any bank with which the Company did business for the preceding five (5) years.

29. All canceled checks, checkbooks, checkbook registers, checkbook stubs, monthly statements, deposit slips, or other records reflecting deposits, withdrawals or transfers for each and every checking account held in the Company's name solely or in the Company's name jointly with any other person or entity or in the Company's name, as trustee, or upon which the Company is an authorized signature.

30. All saving account passbooks, deposit slips, withdrawal slips, monthly statements or other records reflecting deposits, withdrawals, or transfers for each and every savings account held in Company's name solely or in Company's name jointly with any other person or entity or in the Company's name, as trustee, or on which account the Company is an authorized signature.

31. All trust agreements, employment agreements, commission agreements, and any other contracts to which the Company is or was a party, maker, trustee, beneficiary, grantor, settlor or otherwise.

32. Any and all employment or personal service contracts or consultation agreements to which the Company is or was a party.

33. All brokerage statements or any other record reflecting ownership of stocks, bonds, money market funds or any other investments purchased by the Company or on the Company's behalf whether or not held solely in the Company's name or jointly with any other person or entity or in the Company's behalf by another.

34. All certificates of deposit or bonds owned by the Company solely or jointly with any other person or entity or on the Company's behalf by another.

35. All appraisals in possession, custody or control of real or personal property whether or not such property is owned by the Company in whole or in part.

3

36. All leases of real or personal property to which the Company is a party.

37. All charge accounts statements or other records reflecting charges made upon credit cards in which the Company has charging privileges thereon.

38. All written evidence or documents concerning sponsorship in any private or public club, including country clubs, golf clubs, or other such organizations by the Company.

39. All Articles of Organization, Certificates of Incorporation and Annual reports of the Company.

40. Partnership Agreements, Partnership Certificates, or any other evidence of the Company's interest in any general or limited partnership of which the Company is or has been a general or limited partner.

41. All credit card, insurance, credit, and loan applications executed by the Company.

42. All documents evidencing the ownership of the Company, including, without limitation, any and all subsidiaries or affiliates owned by the Company, in whole or in part.


ALL OF THE FOREGOING DOCUMENTS COVERING THE PAST FIVE (5) YEARS SHALL BE PRODUCED.

4

**Monica McNulty**

| | |
|---|---|
| **From:** | Tim Hartley <hartley@hartleylaw.net> |
| **Sent:** | Thursday, September 12, 2013 6:13 PM |
| **To:** | Roland Potts; Brett Lewis; justin@ilawco.com |
| **Cc:** | Onier Llopiz; Joan Carlos Wizel |
| **Subject:** | RE: Subpoena of ModernAd in Aid of Execution |

Roland –

As I mentioned during our telephone conference today, we can discuss rescheduling the deposition tomorrow morning at 11. Unfortunately, the latest that we will be able to move the deposition is October 7 due to my schedule and my co-counsel's schedule.

As discussed, your office will be contacting my office and Mr. Lewis's office at 11. Thanks.

Timothy M. Hartley, Esq.

# Hartley Law Offices, PLC

800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
t: 954.357.9973
f: 954.357.2275
www.hartleylaw.net



Timothy M. Hartley

The information in this message and any attachments are intended only for the person to which this message is addressed and it may include confidential, proprietary and/or privileged material. Any review, reproduction, transmission, dissemination or other use of this information by persons other than the intended recipient is prohibited. If you have received this message in error, please contact the sender and delete the information from all computers. Thank you.

 Please consider the environment before printing this e-mail

**From:** Tim Hartley
**Sent:** Tuesday, September 10, 2013 3:56 PM
**To:** 'Roland Potts'; Brett Lewis; justin@ilawco.com
**Cc:** Onier Llopiz; Joan Carlos Wizel
**Subject:** RE: Subpoena of ModernAd in Aid of Execution

Roland-

We would like to send out a Re-Notice for the 30th or the 1st. Have you confirmed these dates with your client

Timothy M. Hartley, Esq.
# Hartley Law Offices, PLC
800 Southeast Third Avenue
Fourth Floor

Fort Lauderdale, Florida 33316
t: 954.357.9973
f: 954.357.2275
www.hartleylaw.net



Timothy M. Hartley

The information in this message and any attachments are intended only for the person to which this message is addressed and it may include confidential, proprietary and/or privileged material. Any review, reproduction, transmission, dissemination or other use of this information by persons other than the intended recipient is prohibited. If you have received this message in error, please contact the sender and delete the information from all computers. Thank you.

 Please consider the environment before printing this e-mail

**From:** Roland Potts [mailto:rp@lydeckerdiaz.com]
**Sent:** Tuesday, August 27, 2013 11:04 AM
**To:** Tim Hartley; Brett Lewis; justin@ilawco.com
**Cc:** Onier Llopiz; Joan Carlos Wizel
**Subject:** RE: Subpoena of ModernAd in Aid of Execution

Tim,

I will confer with Warren and our schedule to confirm the dates.  Thanks.

Regards,

Roland

**Roland Potts** | Attorney at Law
**T** 305 416 3180   **F** 305 416 3190   **W** www.lydeckerdiaz.com

Lydecker | Diaz | 1221 Brickell Avenue, 19th Floor | Miami, FL 33131



The information contained in this electronic mail transmission is intended by Lydecker | Diaz for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling Lydecker | Diaz at (305) 416-3180, so that our address record can be corrected.

**From:** Tim Hartley [mailto:hartley@hartleylaw.net]
**Sent:** Tuesday, August 27, 2013 10:37 AM
**To:** Roland Potts; Brett Lewis; justin@ilawco.com
**Cc:** Onier Llopiz; Joan Carlos Wizel
**Subject:** RE: Subpoena of ModernAd in Aid of Execution

Roland-

        We will agree to reset the deposition to September 30 or October 1, 2013.

Timothy M. Hartley, Esq.

## Hartley Law Offices, PLC

800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
t: 954.357.9973
f: 954.357.2275
www.hartleylaw.net



Timothy M. Hartley

The information in this message and any attachments are intended only for the person to which this message is addressed and it may include confidential, proprietary and/or privileged material. Any review, reproduction, transmission, dissemination or other use of this information by persons other than the intended recipient is prohibited. If you have received this message in error, please contact the sender and delete the information from all computers. Thank you.

 Please consider the environment before printing this e-mail

**From:** Roland Potts [mailto:rp@lydeckerdiaz.com]
**Sent:** Monday, August 26, 2013 2:59 PM
**To:** Tim Hartley; Brett Lewis; justin@ilawco.com
**Cc:** Onier Llopiz; Joan Carlos Wizel
**Subject:** RE: Subpoena of ModernAd in Aid of Execution
**Importance:** High

Tim,

Please allow this correspondence to confirm the deposition of Warren Rustin as the Managing Member of ModernAd Media, LLC will not go forward on September 3, 2013. We will re-schedule the deposition tentatively the first or second week of October, depending on everyone's availability, including that of Brett Lewis. Should this be contrary to your understanding of our conversation, please advise by the close of business today. Otherwise, we will treat the deposition as canceled for September 3, 2013.

Kind regards,

Roland

**From:** Tim Hartley [mailto:hartley@hartleylaw.net]
**Sent:** Monday, August 26, 2013 12:33 PM
**To:** Roland Potts; Brett Lewis; justin@ilawco.com
**Cc:** Onier Llopiz; Joan Carlos Wizel
**Subject:** RE: Subpoena of ModernAd in Aid of Execution

Roland-

    We would like to get new dates set up before we cancel the depo.

Timothy M. Hartley, Esq.

## Hartley Law Offices, PLC

800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316

t: 954.357.9973
f: 954.357.2275
www.hartleylaw.net



Timothy M. Hartley

The information in this message and any attachments are intended only for the person to which this message is addressed and it may include confidential, proprietary and/or privileged material. Any review, reproduction, transmission, dissemination or other use of this information by persons other than the intended recipient is prohibited. If you have received this message in error, please contact the sender and delete the information from all computers. Thank you.

 Please consider the environment before printing this e-mail

**From:** Roland Potts [mailto:rp@lydeckerdiaz.com]
**Sent:** Monday, August 26, 2013 12:29 PM
**To:** Brett Lewis; justin@ilawco.com; Tim Hartley
**Cc:** Onier Llopiz; Joan Carlos Wizel
**Subject:** Subpoena of ModernAd in Aid of Execution
**Importance:** High

Tim,

We hope this finds you well. Last week we spoke in relation the Subpoena served on ModernAd in aid of execution. We informed you that, being served on August 20, 2013, combined with the expanse of documents requested would make it impossible to prepare prior to the September 3, 2013 date for the deposition. It is our understanding that based on this discussion, you were amenable to moving the date of the deposition and were going to get back to our office with new dates. We have yet to hear from your office. **We want to confirm that the deposition will not go forward and will be rescheduled to a later time.** Please confirm the deposition is canceled for September 3, 2013 and we can work on new dates. Should we not hear from you on this matter by the 4:00 P.M. we will be forced to move for a protective order before the Court. We appreciate your cooperation in this matter.

Kind regards,

Roland Potts

**Roland Potts** | Attorney at Law
T 305 416 3180   F 305 416 3190   W www.lydeckerdiaz.com

Lydecker | Diaz | 1221 Brickell Avenue, 19th Floor | Miami, FL 33131



The information contained in this electronic mail transmission is intended by Lydecker | Diaz for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling Lydecker | Diaz at (305) 416-3180, so that our address record can be corrected.

## Monica McNulty

| | |
|---|---|
| **From:** | Roland Potts |
| **Sent:** | Friday, September 13, 2013 4:13 PM |
| **To:** | Tim Hartley |
| **Cc:** | Brett Lewis; Joan Carlos Wizel; Onier Llopiz; Carlos de Zayas |
| **Subject:** | RE: pulse point v modern ad - notice of taking deposition duces tecum |

Tim,

Thank you for your correspondence regarding todays conversation. To clarify one point, in our discussion we did not agree to produce anything. Rather, we stated we would confer with our client and advise as to what documents we would be producing at a later date. The more accurate statement with regard to number 25 is that you clarified you were interested in account receivable ledgers and such would suffice as a response to the request. Specifically, you were interested in open accounts still owed to ModernAd.

Nothing in our conversation was meant to serve as a waiver of our right to object nor did we waive any right. Just wanted to be clear on that point.

We will take the October 7 date as well as the other information to our client and advise whether October 7, 2013 is feasible. Will you not agree to a later date if needed? We would rather avoid having to seek protection from the Court and reach an amicable date.

Thank you,

Roland

**Roland Potts** | Attorney at Law
T 305 416 3180   F 305 416 3190   W www.lydeckerdiaz.com
Lydecker | Diaz | 1221 Brickell Avenue, 19th Floor | Miami, FL 33131

**LYDECKER | DIAZ**

The information contained in this electronic mail transmission is intended by Lydecker | Diaz for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling Lydecker | Diaz at (305) 416-3180, so that our address record can be corrected.

**From:** Tim Hartley [mailto:hartley@hartleylaw.net]
**Sent:** Friday, September 13, 2013 4:04 PM
**To:** Roland Potts
**Cc:** Brett Lewis
**Subject:** pulse point v modern ad - notice of taking deposition duces tecum

Roland –

Thank you for the call this morning to discuss the duces tecum portion of the notice of taking deposition of Warren Rustin. First and foremost, we did not discuss the date of the deposition. As I advised you, the latest that we can reset the deposition is to October 7, 2013. Unless you agree to have it up the deposition taken on September 30 or October 1, we will send out a renotice for October 7.

I have discussed your comments with regard to numbers two, three, four, 28, 29 and 30 of the notice with my co-counsel. We will agree to production of the check registers at this point without waiving the rights to require production of canceled checks at a future date.

You had a question with regard to the intent behind item 21 of the duces tecum notice. We are seeking copies of all documents which evidence contractual arrangements between modernad and any of its customers or clients and which would generate income for modernad, I. E., any contracts with modernad's customers.

Regard to item number eight, you will check to see what other financial documentation modernad had an advise me as to what will be produced.

With regard to item 25, we agreed that you would produce account receivable ledgers or any other evidence of debt to the company.

With regard to items 32 and 31, this will clarify that we are not seeking employment or consulting agreements where modern ad was the employer. We do seek, however, any trust agreements in which modern ad was the trustee, beneficiary, grantor, settlor or otherwise.

I hope that I have covered the bulk of our discussion. If I have left out any important items, please feel free to send me an email clarifying those points.

Thanks and have a good weekend.


Timothy M. Hartley, Esq.
## Hartley Law Offices, PLC
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
t: 954.357.9973
f: 954.357.2275
www.hartleylaw.net



The information in this message and any attachments are intended only for the person to which this message is addressed, and it may include confidential, proprietary and/or privileged material. Any review, reproduction, transmission, dissemination or other use of this information by persons other than the intended recipient is prohibited. If you have received this message in error, please contact the sender and delete the information from all computers. Thank you.

 Please consider the environment before printing this e-mail

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE13-017796 (25)

PULSEPOINT, INC.,
f/k/a DATRAN MEDIA CORP.

   Plaintiff,

 **vs.**

MODERNAD MEDIA, LLC
f/k/a PUREADS, LLC, a Foreign corporation

   Defendant.

_____/

## RE-NOTICE OF TAKING DEPOSITION DUCES TECUM
## IN AID OF EXECUTION
### (Corrected)

**NAME:**    **Warren Rustin as the Manager Member**
      **of ModernAd Media, LLC**
      **101 N Federal Highway**
      **Boca Raton, Florida 33432**

      **851 NE 4th Avenue**
      **Boca Raton, Florida 33432-2923**

### PLEASE BRING ALL DOCUMENTS LISTED ON THE
### ATTACHED SCHEDULE A

**DATE AND TIME:**   October 7, 2013 at 10:00 a.m.

**PLACE:**     *HARTLEY LAW OFFICES, PLC*
       800 Southeast Third Avenue
       Fourth Floor
       Fort Lauderdale, Florida 33316
       (954) 357-9973

upon oral examination before PREFERRED REPORTING SERVICES, LLC, Notary Public, or any other Notary Public of officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of the court.

1

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing was served via U.S. Mail and personal service this 18th day of September, 2013 upon *Onier Llopiz, Esq.,* Email: ol@lydeckerdiaz.com, *Joan Carlos Wizel, Esq.,* Email: jcw@lydeckerdiaz.com, Email: rb@lydeckerdiaz.com, *Roland Potts, Esq.,* Email: rp@lydeckerdiaz.com, Email: ag@lydeckerdiaz.com, LYDECKER DIAZ,1221 Brickell Avenue, 19th Floor, Miami, Florida 33131.

*HARTLEY LAW OFFICES, PLC*
Attorneys for Plaintiff
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone (954) 357-9973
Facsimile (954) 357-2275
Email: Hartley@hartleylaw.net

By:/s/ Timothy M. Hartley
Timothy M. Hartley
FBN 979066

2

## SCHEDULE "A"
## DOCUMENTS REQUESTED

1.  All financial, business and property records and all other papers, passbooks, record books, ledgers and books of account which tend to disclose the extent and nature of all financial interests, property and property rights ever owned by Defendant, ModernAd Media, LLC ("Company") or any corporation, entity, trust, or partnership in which the Company has or had an interest, and the location thereof.

2.  All passbooks with respect to all savings accounts, checking accounts, statements and check, savings and loan association share accounts, money market fund records or any other depository, ever owned personally or jointly by the Company, or any corporation, entity trust or partnership.

3.  All check books.

4.  All check books for checking accounts owned at any time by the Company solely, or jointly as co-partner, or joint adventurer, in any business enterprise, or owned by any corporation in which the Company has or had an interest.

5.  The deeds to all real property owned by the Company, now or at any time.

6.  The deeds to all real property owned by the Company, now or at any time, or jointly, or as co-partner, or joint adventurer, in any business enterprise, or owned by any corporation in which the Company has or had a controlling interest.

7.  All securities (stocks or bonds) owned by the Company, now or at any time.

8.  The balance sheets and other financial statements in the Company's possession with respect to any and all business enterprises of whatever nature in which the Company possesses or possessed any ownership interest, whether as partner, joint adventurer, stockholder, or otherwise.

9.  All accounts receivable ledger or other record which sets forth the names and addresses of all persons or business enterprises that are indebted to the Company, and the amounts of such indebtedness in the last three (3) years.

10. All accounts receivable ledger or other record which sets forth the names and addresses of all persons or business enterprises that are indebted to the Company in its corporate capacity, as co-partner, or joint adventurer in any business enterprise.

11. Copies of the Company's federal and State of Florida corporate Income Tax Returns, for the last five (5) years.

12. Copies of any asset purchase agreements entered into by the Company within the last five (5) years.

13. Copies of any stock purchase agreements entered into by the Company within the last five (5) years.

14. The title certificates, registration certificates, bills of sale, and other evidence of ownership possessed by the Company at any time with respect to any of the following described personal property owned by the Company solely, or jointly as co-partners, or joint adventurer, in any business enterprise or owned by any corporation in which the Company has or had a controlling interest:

    a.   Motor vehicles of any type;

    b.   Commercial, business or construction equipment of any type;

    c.   Boats, launches, cruisers or other vessels of any type;

    d.   Inventory of any stock of goods or equipment of any type.

15. All communications pertaining to an interest in any administration upon the estate of any deceased person by the Company.

16. All records pertaining to the transfer of any money or property interests or financial interests made by the Company since three years prior to the filing of this suit.

3

17.   Records of any loans obtained by the Company in the last five (5) years.

18.   All financial statements made by the Company in the last five (5) years.

19.   All evidence of ownership in any corporation, entity, joint venture, partnership or trust by the Company at any time.

20.   Copies of all corporate income tax returns, including state intangible tax returns, and all supporting schedules filed by the Company individually or jointly with any other person or by any partnership or corporation in which the Company has or had had an interest for the preceding five (5) years.

21.   All other records indicating any source of past, present or future income to the Company or assets owned by the Company, now or at any time.

22.   The original of all certificates of stock owned or beneficially held by the Company.

23.   Copies of all financial statements or other documents in the Company's possession, custody, or control executed or issued by the Company, or showing the Company's financial condition during the preceding five (5) years.

24.   All original notes, deeds, title certificates, mortgages, or security instruments of any kind showing or tending to show the existence of debts which are or were owed to the Company or property owned by the Company or property in which the Company has a security interest.

25.   All writings or financial records or any other evidence in the Company's possession or custody, or subject to the Company's control, showing or tending to show all money, which was due to the Company, with any records the Company may have showing or tending to show all persons who owe the Company money.

26.   All insurance policies insuring loss to any property, real, life or personal, or otherwise that the Company owns, is a beneficiary of, or has paid premiums upon.

27.   All bills of sale, deeds, contracts, or other documents showing transfer of any and all property executed by the Company or to the Company.

28.   Any and all bank statements, canceled checks or other memoranda in the Company's possession, custody, or control showing or tending to show all transactions with any bank with which the Company did business for the preceding five (5) years.

29.   All canceled checks, checkbooks, checkbook registers, checkbook stubs, monthly statements, deposit slips, or other records reflecting deposits, withdrawals or transfers for each and every checking account held in the Company's name solely or in the Company's name jointly with any other person or entity or in the Company's name, as trustee, or upon which the Company is an authorized signature.

30.   All saving account passbooks, deposit slips, withdrawal slips, monthly statements or other records reflecting deposits, withdrawals, or transfers for each and every savings account held in Company's name solely or in Company's name jointly with any other person or entity or in the Company's name, as trustee, or on which account the Company is an authorized signature.

31.   All trust agreements, employment agreements, commission agreements, and any other contracts to which the Company is or was a party, maker, trustee, beneficiary, grantor, settlor or otherwise.

32.   Any and all employment or personal service contracts or consultation agreements to which the Company is or was a party.

33.   All brokerage statements or any other record reflecting ownership of stocks, bonds, money market funds or any other investments purchased by the Company or on the Company's behalf whether or not held solely in the Company's name or jointly with any other person or entity or in the Company's behalf by another.

34.   All certificates of deposit or bonds owned by the Company solely or jointly with any other person or entity or on the Company's behalf by another.

35.   All appraisals in possession, custody or control of real or personal property whether or not such property is owned by the Company in whole or in part.

4

36. All leases of real or personal property to which the Company is a party.

37. All charge accounts statements or other records reflecting charges made upon credit cards in which the Company has charging privileges thereon.

38. All written evidence or documents concerning sponsorship in any private or public club, including country clubs, golf clubs, or other such organizations by the Company.

39. All Articles of Organization, Certificates of Incorporation and Annual reports of the Company.

40. Partnership Agreements, Partnership Certificates, or any other evidence of the Company's interest in any general or limited partnership of which the Company is or has been a general or limited partner.

41. All credit card, insurance, credit, and loan applications executed by the Company.

42. All documents evidencing the ownership of the Company, including, without limitation, any and all subsidiaries or affiliates owned by the Company, in whole or in part.

**ALL OF THE FOREGOING DOCUMENTS COVERING THE PAST FIVE (5) YEARS SHALL BE PRODUCED.**

**Monica McNulty**

| | |
|---|---|
| **From:** | Roland Potts |
| **Sent:** | Tuesday, September 24, 2013 3:37 PM |
| **To:** | Brett Lewis; Tim Hartley |
| **Cc:** | Onier Llopiz; Joan Carlos Wizel; Carlos de Zayas |
| **Subject:** | RE: Deposition of Warren Rustin in Aid of Execution |

Brett,

That is incorrect. It was not the only reason the request to move the deposition date was requested. We made it expressly clear to Mr. Hartley, and you in separate correspondence below, that the expansive document requests, asking a company to gather over five years of documents, requiring searches in multiple locations, was expansive, a significant expense, and impossible to accomplish within the time frame provided.   Once those documents are gathered, counsel must review such documents for various privileges and relevance. This also requires a certain amount of time. There are a multitude of reasons to move the deposition date, but if you will be inflexible in moving said date despite these reasons, we will seek a protective order from the Court.

We will request, one more time, that you reconsider your position. Please advise prior to the close of business if your position has changed or if we will be required to go through the expense, and inconvenience the Court, in seeking a protective order.

Regards,

Roland

**Roland Potts**  |  Attorney at Law
T 305 416 3180   F 305 416 3190   W www.lydeckerdiaz.com
Lydecker | Diaz  |  1221 Brickell Avenue, 19th Floor  |  Miami, FL 33131

**LYDECKER | DIAZ**

The information contained in this electronic mail transmission is intended by Lydecker | Diaz for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling Lydecker | Diaz at (305) 416-3180, so that our address record can be corrected.

**From:** Brett Lewis [mailto:brett@ilawco.com]
**Sent:** Tuesday, September 24, 2013 3:21 PM
**To:** Tim Hartley
**Cc:** Roland Potts; Onier Llopiz; Joan Carlos Wizel; Carlos de Zayas
**Subject:** Re: Deposition of Warren Rustin in Aid of Execution

Roland,

It is also our understanding that the reason given for the requested rescheduling was that a name partner was not available to defend the deposition.  We do not view that as a valid reason for further delay.

Regards,

Brett E. Lewis, Esq.
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
(718) 243.9323, Ext. 2
(718) 243-9326 (fax
www.iLawco.com
www.TrademarkAttorneys.com

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

On Sep 24, 2013, at 3:09 PM, "Tim Hartley" <hartley@hartleylaw.net> wrote:

Roland-

     Sorry for the delay in responding to your earlier email. I was out of the office yesterday with a cold but have had the opportunity to speak with my co-counsel, Brett Lewis today concerning your request to reschedule Warren Rustin's deposition.

     It is our considered opinion that your firm has an abundance of fine, well-trained lawyers, including the three who are copied on this email, who would be able to adequately serve the needs of your client at the October 7 deposition. Considering the fact that the deposition was initially set for early September with Mr. Rustin having had notice since early August of the deposition, we cannot consent to your request to reschedule the deposition.

     Accordingly, if you plan on filing a motion for protective order, please let me know when you'd like to have the matter set for hearing so I can make myself available.

     Best regards.

Timothy M. Hartley, Esq.
**Hartley Law Offices, PLC**
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
t: 954.357.9973
f: 954.357.2275
www.hartleylaw.net
<image002.jpg>
The information in this message and any attachments are intended only for the person to which this message is addressed, and it may include confidential, proprietary and/or privileged material. Any review, reproduction, transmission, dissemination or other use of this information by persons other than the intended recipient is prohibited. If you have received this message in error, please contact the sender and delete the information from all computers. Thank you.

 Please consider the environment before printing this e-mail

**From:** Roland Potts [mailto:rp@lydeckerdiaz.com]
**Sent:** Tuesday, September 24, 2013 2:59 PM
**To:** Tim Hartley; Brett Lewis
**Cc:** Onier Llopiz; Joan Carlos Wizel; Carlos de Zayas
**Subject:** RE: Deposition of Warren Rustin in Aid of Execution

Tim,

Consistent with our conversation last week, please advise if you are willing to re-schedule the deposition of ModernAd Media's managing member, currently noticed for October 7, 2013. We have previously advised as to the reasons for the need to re-schedule said date. If we do not hear from your office by the close of business today, due to the time constraints, we will be forced to file a Motion for Protective Order. We would rather avoid court intervention, but will seek it if we cannot agree to moving the October 7, 2103 date.

Thank you,

Roland


**Roland Potts** | Attorney at Law
T 305 416 3180   F 305 416 3190   W www.lydeckerdiaz.com
Lydecker | Diaz | 1221 Brickell Avenue, 19th Floor | Miami, FL 33131
<image003.png>

The information contained in this electronic mail transmission is intended by Lydecker | Diaz for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling Lydecker | Diaz at (305) 416-3180, so that our address record can be corrected.

**From:** Roland Potts
**Sent:** Friday, September 20, 2013 1:36 PM
**To:** 'hartley@hartleylaw.net'; Brett Lewis
**Cc:** Onier Llopiz; Joan Carlos Wizel; Carlos de Zayas
**Subject:** Deposition of Warren Rustin in Aid of Execution

Tim,

Consistent with our conversation yesterday, please advise whether you were able to speak to Brett on moving the deposition date, especially considering the time required to gather the requested documents and review of same prior to the deposition date as well as Counsel's unavailability due to the ten day trial period including October 7, 2013. Please advise whether you are amicable to moving said date to align with the time frame originally requested or if this issue will necessitate us moving before the Court.

Thank you for your time and consideration in this matter.

Kind regards,

Roland

**Roland Potts** | Attorney at Law
T 305 416 3180   F 305 416 3190   W www.lydeckerdiaz.com
Lydecker | Diaz | 1221 Brickell Avenue, 19th Floor | Miami, FL 33131
<image003.png>

3

The information contained in this electronic mail transmission is intended by Lydecker | Diaz for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling Lydecker | Diaz at (305) 416-3180, so that our address record can be corrected.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.  11-15813 CA 09

CIRCUIT CIVIL DIVISION

LYNN TASKER,

      Plaintiff,

v.

MIAMI AIR INTERNATIONAL, INC.,

      Defendant.

_____/

### ORDER

THIS CAUSE, having come before this Court upon Defendant's motion to continue Trial set ~~this~~ as #2 case for trial docket on October 7, 2013; calender call October 3, 2013 at 1:30 P.m.

ORDERED and ADJUDGED as follows:

is hereby granted to be specially set for October 2013.

DONE and ORDERED in Chambers at Miami-Dade County, Florida, this ___ day of April, 2013.

Conformed Copy

APR 04 2013

HONORABLE GERALD BAGLEY
CIRCUIT COURT JUDGE
Gerald Bagley
Circuit Court Judge

Copies furnished:
Dana M. Gallup, Esq.
Margaret H. Mevers, Esq.