UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,                                          CASE NO.: 0:13-CV-61448

    v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA LLC;
WARREN RUSTIN, an individual;
8333947 CANADA INC. and JOHN DOES 1-100,
    Defendant.
_____/

**PLAINTIFF'S *CORRECTED* MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS OR STAY**

    Plaintiff Pulsepoint, Inc., f/k/a Datran Media Corp. ("Plaintiff" or "CREDITOR"), by and through its undersigned counsel, hereby submits the following memorandum of law in opposition to the motion to dismiss and/or stay filed by Defendants 7657030 Canada, Inc., d/b/a Acquinity Interactive, f/k/a ModernAd Media LLC, f/k/a PureAds; ModernAd Media LLC; Acquinity Interactive, LLC; and Warren Rustin (collectively "Defendants").

**INTRODUCTION**

    This action seeks the reversal of transfers made by or for the benefit of Defendants for the sole purpose of hindering and/or defrauding Plaintiff as judgment creditor. The Complaint was timely filed, and Defendants do not contend that it is barred by the applicable statute of limitations. Instead, Defendants contend that the contractual limitations clauses in a software license and a master services agreement between Plaintiff and Defendant ModernAd Media LLC ("ModernAd") bar Plaintiff's fraudulent conveyance and de facto merger claims. In other words,

1

non-parties to a contract who conspire to hide a judgment debtor's assets should be immune from liability if there was a contractual limitations clause in the underlying agreement pursuant to which the judgment debtor was found to be liable.  Defendants would also have this Court apply the contractual limitations period to entities that did not exist at the time of the formation of the contract or the issuance of the Judgment, that were formed for the express purpose of evading contractual payment obligations and the Judgment, and to individual officers and shareholders of Defendants.  Defendants' novel, self-serving, expansive theory of immunity against fraud has no support in fact or law.

There is absolutely no relation between Plaintiff's causes of action, asserted in this action, and the agreements referenced by Defendants in support of their motion to dismiss.  Defendants' reliance on a contractual limitations clause contained in a software license and master services agreement to shield them from liability for fraud is as misguided as it is illogical.  As such, Defendants' motion to dismiss should be denied.

Nor is there any valid basis to grant a stay of these proceedings.  There is not a shred of support in fact or law for Defendants' arguments that this action should be stayed pending:  (1) the state court domestication action and (2) appeal of the dismissal of ModernAd's state court action.  This action is a separate action, asserting different claims arising out of a different set of facts from either the domestication proceeding or the appeal.  Defendants' assertion that this Court cannot rule as long as the dismissal of Defendants' state court claims is pending constitutes a thinly-veiled attack on the validity of the Judgment.  Moreover, there are no claims pending in the domestication action – Plaintiff has merely sought discovery in aid of execution,[1]

---

[1] More than two months have passed since Plaintiff noticed Warren Rustin for deposition and served ModernAd with discovery requests in the state court domestication proceeding.  After granting ModernAd one 30-day extension, Plaintiff refused to grant a second extension, and ModernAd moved for a protective order.  At oral argument on ModernAd's motion, the judge set the ModernAd's deadline to a date in October, rather than the

however no claims have been asserted. The cases cited by Defendants are inapposite. Accordingly, Defendant's motion to stay must also be denied.

## ARGUMENT

**I.     Defendants' Motion To Dismiss Must Be Denied**

*Defendants' reliance on the contractual limitations clause in two agreements unrelated to this action is misguided and incorrect*

The MSA and Skylist Agreement contain identical contractual limitations provisions. Dkt. #28 at Exhibits E and F. Neither of those provisions is intended to apply to non-parties to those agreements, or to shield parties who conspire to assist ModernAd to evade a binding Judgment by fraudulently conveying its assets and dividing them up between themselves. Defendant asserts that the contractual limitations clauses apply to entities that did not exist at the time of the contract – i.e., Defendants Acquinity and the various John Doe entities – and to individual officers and owners of the company – i.e., Defendant Rustin. Unless Defendants are contending that Acquinity and the John Doe entities are successors-in-interest to ModernAd, and liable for all of its debts, or that Defendant Rustin is the alter-ego of ModernAd and, similarly, personally liable for all of its debts, there is no colorable argument for investing these entities with rights under the agreements at issue. The limitations clauses at issue clearly apply to *contractual* disputes between Plaintiff and ModernAd.

Nor do the contractual arbitration clauses avail Defendants. Those clauses provide: "[a]ny dispute or controversy arising out of or related to this agreement or any breach hereof shall be settled by binding arbitration…" Dkt. #28 at Exhibit E, § 12.1. Again, this clause plainly applies to *contractual* disputes between Plaintiff and ModernAd. The language "arising out of or related to this Agreement" clearly was **not** intended to cover the fraudulent conveyance

---

November date ModernAd was offering, after the judge expressed skepticism that ModernAd needed more time to gather responsive documents.

3

of assets by a party to a non-party. The MSA and Skylist Agreements were standard commercial contracts containing provisions relating solely to the duties and obligations of the signatory parties in regard to access to technology to be used in connection with email marketing and email database management services. Dkt. #28 at Exhibits E and F. There is nothing within the provisions of the agreements to indicate that either party intended to include the fraudulent conveyance of assets to evade judgment collection within the scope of either the agreements. *Id.*

Defendants' argument that Plaintiff knew about the facts that give rise to its causes of actions is both irrelevant and incorrect. First, Plaintiff's claims under the Florida Uniform Fraudulent Transfer Act ("FUFTA") depend on facts and circumstances outside of any contractual rights or obligations provided by the MSA and Skylist Agreements. Thus, the contractual limitations clause within those agreements clearly does not apply, and Defendant's argument that Plaintiff allegedly *knew* that it was being defrauded is irrelevant. Second, the Amended Complaint clearly alleges that Defendants deliberately hid the fact that ModernAd had transferred all of its assets to Acquinity. Dkt# 28 at ¶¶ 25-30, 39.

Thus, this Court should deny Defendants' motion to dismiss in its entirety.

## II.     This Court Should Retain Jurisdiction And Deny Defendants' Motion To Stay

*<u>The Court should not dismiss this action under the Colorado River abstention doctrine</u>.*

Abstention is the exception, not the rule. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "Abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it and may only be allowed in exceptional circumstances where abstaining would clearly serve a countervailing interest." *Barak v. Lips*, Case No. 10-21580-CIV-KING (S.D. Fla. August 6, 2010)(internal quotations and citations omitted). As such, there is a strong presumption disfavoring abstention

4

and in favor of exercising jurisdiction. *Id.* (*citing Ambrosia Coal and Construction Co. v. Pages Morages*, 368 F.3d 1320, 1332-34 (11th Cir. 2004)).  First in determining whether abstention is appropriate, the Court must decide if the federal and state court actions are parallel, i.e. if "proceedings involve substantially the same parties and substantially the same issues." *Ambrosia*, 368 F.3d at 1330; *see Colorado River*, 424 U.S. 800.  If the Court determines that the actions are parallel, then *Colorado River* outlines a six-prong balancing test courts must follow:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Id.* at 1331; *see also Colorado River*, 424 U.S. 800 (1976).

"No single factor is dispositive," and federal courts "are required to weigh the factors with a heavy bias favoring [their] obligation to exercise the jurisdiction that Congress has given them." *Jackson-Platts v. General Electric Capital Corp.*, Case No. 11-14379 (11th Cir. August 22, 2013).  In the instant matter, Defendants have failed to establish that parallel state court litigation exists or that this action meets the narrow exception to the rule.

As a threshold matter, the Colorado River analysis is inapplicable here, because no parallel state court litigation exists.  The parties and issues in the referenced proceedings are substantially different.  The instant proceeding is a fraudulent conveyance and *de facto* merger action.

First, Plaintiff's domestication proceeding is not parallel as it is not an "action" at all, but rather a statutory device to validate foreign judgments in lieu of filing a new and independent action. *See* Fla. Stat. § 55.501 et seq.  That ministerial process has no effect or relation to the claims that Plaintiff asserts in federal court herein.  Notably, ModernAd has taken no action to

5

stay or otherwise contest the domestication. While the statute simplifies the domestication process, it does not preclude Plaintiff from commencing an action to otherwise enforce the judgment. *See* Fla. Stat. § 55.502. In addition, discovery in aid of execution is a statutory right of a judgment creditor. *See* Fla. R. Civ. P. 1.560. Nonetheless, domestication of a foreign judgment and/or discovery in aid of execution thereof are not the same as a fraudulent conveyance action. Defendants' argument that they are is illogical and defies common sense. It is also completely unsupported by any authority.

Second, ModernAd's state court action is not parallel, nor will serve as a set off against Plaintiff's judgment, as its claims therein are derived from an entirely <u>separate agreement – the List Management Agreement</u>. In that action, ModernAd asserted different claims arising out of a different set of facts from the facts underlying the Judgment. Defendant asserted virtually identical claims in the arbitration, which claims were denied in their entirety. Defendants' convenient omission of these determinative facts is telling. Simply put, those cases have nothing to do with the issues presented in this one.

Finally, neither of the aforementioned actions contains the same parties. Plaintiff's domesticated judgment is against ModernAd only and ModernAd's state court action only names Plaintiff as a party. None of the remaining Defendants herein (Acquinity, Warren Rustin, 7657030 Canada Inc., the John Doe entities, etc.) are named litigants in the other proceedings. As there is not substantial similarity between the parties or the issues in this action and the referenced state court proceedings, this Court should not apply the *Colorado River* doctrine.

Should, assuming *arguendo*, the Court determine that either of the state court proceedings are parallel, the Colorado River factors favor this Court retaining jurisdiction. The first and second factors do not favor abstention. First, neither the state court nor this Court has retained

jurisdiction over any property. In fact, this factor generally applies to proceedings *in rem*, and a judgment is not real property. *See Jackson-Platts*. Second, the federal forum in the Southern District of Florida is just as convenient as the Florida State fora. The third factor also favors retaining jurisdiction because, as stated above, the issues being litigated (or, technically, domesticated) in state court are substantially different. Thus, there is no fear of piecemeal litigation.

As to the fourth factor, while the state court actions predate the filing of this federal court action, "this factor should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Ambrosia*, 368 F. 3d at 1333. Here, there has not been much progress in either state court matter. For instance, the domestication of Plaintiff's judgment is pending and there has been no discovery exchanged. The state court domestication action has not named any parties other than ModernAd as defendants and the minimal discovery that has been taken to date has been discovery in aid of execution directed solely to ModernAd. In fact, and not surprisingly, ModernAd has deliberately delayed discovery therein. After Plaintiff granted Defendants one 30-day extension, Defendants stalled for more time. When Plaintiff refused to grant a second extension, ModernAd moved for a protective order to further delay for an indefinite time the deposition of its President, Warren Rustin. At oral argument on ModernAd's motion, the judge set the ModernAd's deadline to a date in October, rather than the November date ModernAd was offering, after the judge expressed skepticism that ModernAd needed more time to gather responsive documents. Likewise, ModernAd's state court action is on appeal from a pre-answer motion to dismiss, and has no bearing on the validity of the Judgment. Thus, no discovery or litigation otherwise has occurred. As such, the fourth factor does not weigh in favor of abstention.

Fifth, the fact that some of Plaintiff's claims are brought under state law does not favor abstention. Plaintiff brings claims under the Florida fraudulent conveyance statutes, FUFTA, while neither state court proceeding includes similar claims. Moreover, the claims presented herein under FUFTA are not complex and do not have any bearing on state policy such that would favor abstention or deferral to state court adjudication. *See Colorado River*, 424 U.S. at 815 ("While state claims are involved in this [federal] case, the state law to be applied appears to be settled. No questions bearing on state policy are presented for decision."); *Jackson-Platts* ("Nothing suggests that Florida's UFTA is the kind of complex law that raises thorny and difficult state law questions; federal courts are regularly called upon to resolve state law claims of fraud, including claims arising under Florida's UFTA."); *see also Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1497-1501 (11th Cir. 1997).

Finally, the sixth factor does not favor abstention because Plaintiff's rights as a judgment creditor will have no protection in the state court proceedings. The domestication proceeding is not an action. This is an entirely separate action whose purpose is to bring in new entities that have taken assets, which rightfully should have been used to pay the judgment against ModernAd. No such claim has been made as of this date in the state court action. Moreover, ModernAd is already evading collection of the judgment and is purposely delaying discovery in aid thereof. Next, ModernAd's state court action relates only to a separate agreement with Plaintiff. Neither proceeding is a proceeding in which Plaintiff could assert its fraudulent transfer claims against Defendants.

As the Colorado River factors weigh against abstention, Defendants motion to dismiss or stay thereunder should be denied.

Dated: October 7, 2013
Fort Lauderdale, Florida

**HARTLEY LAW OFFICES, PLC**
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 357-9973
Facsimile: (954) 357-2275
Email: hartley@hartleylaw.net

By: /s/ Timothy M. Hartley
TIMOTHY M. HARTLEY
FL BAR NO. 979066

**LEWIS & LIN, LLC**
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: brett@iLawco.com
justin@iLawco.com

By: /s/ Justin Mercer
BRETT E. LEWIS
JUSTIN MERCER

*Attorneys for Plaintiff Pulsepoint Inc.,
f/k/a Datran Media Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and on all counsel or parties of record identified on the attached service list below via email and/or U.S. Mail.

/s/Timothy M. Hartley
Timothy M. Hartley, Esq.
Hartley@hartleylaw.net
HARTLEY LAW OFFICES, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, Florida 33316
Tel. 954-357-9973
Fax: 954-357-2275
Attorney for Plaintiff

## SERVICE LIST

*Onier Llopiz, Esq.* (FBN 579475)
Email: ol@lydeckerdiaz.com
*Joan Carlos Wizel, Esq.* (FBN 37903)
Email: jcw@lydeckerdiaz.com
Email: rb@lydeckerdiaz.com
*Roland Potts, Esq.* (FBN 087072)
Email: rp@lydeckerdiaz.com
Email: ag@lydeckerdiaz.com
LYDECKER DIAZ
1221 Brickell Avenue 19th Floor
Miami, Florida 33131
Tel. 305-416-3180
Fax: 305-416-3190
Attorneys for Defendants