UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

    Defendants.
_____/

**REPLY IN SUPPORT OF DEFENDANTS, 7657030 CANADA INC., ACQUINITY
INTERACTIVE, LLC, MODERNAD MEDIA LLC, AND WARREN RUSTIN'S
THEIR MOTION TO DISMISS THE AMENDED COMPLAINT,
OR, IN THE ALTERNATIVE, MOTION TO STAY**

    Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin ("Moving Defendants"), through the undersigned counsel and pursuant to pursuant to Local Rule 7.1 of the Southern District of Florida, submit this reply in support of their Motion to Dismiss the Amended Complaint, or, in the Alternative, Motion to Stay (DE 34).

**ARGUMENT**

    In its argument against dismissal of the action presented in the Corrected Memorandum of Law in Opposition (DE 39), Plaintiff, Pulsepoint Inc. f/k/a Datran Media Corp. ("Plaintiff"), ignores the very allegations of the Amended Complaint that show its reliance upon the agreements which Plaintiff now claims have "absolutely no relation [to] Plaintiff's causes of

action," mischaracterizes the Moving Defendants' argument for dismissal, and fails to refute the legal authorities cited in the Motion or provide legal support for its opposing views. Furthermore, in its argument opposing stay pending the outcome of the state court proceedings, Plaintiff fails to provide countervailing legal support or satisfactory factual support for its position. Thus, the Moving Defendants respectfully request that the Court dismiss this action, or, at a minimum, stay the proceedings pending conclusion of the collateral proceedings.

I. **PLAINTIFF'S ARGUMENTS IN OPPOSITION TO DISMISSAL ARE UNAVAILING**

    **A. The Amended Complaint plainly shows Plaintiff's reliance on the MA and Skylist Agreement to support its causes of action.**

In its Amended Complaint, Plaintiff references the Master Services Agreement ("MSA") and/or the Skylist Hosted Services Agreement ("Skylist Agreement") no less than twenty-one (21) times.[1] This evident reliance on the MSA and/or Skylist Agreement to make out its causes of action belies Plaintiff's argument in its Memorandum in Opposition that "[t]here is absolutely no relation between Plaintiff's causes of action, asserted in this action, and the agreements referenced by Defendants in support of their motion to dismiss."[2] Rather, throughout its Amended Complaint, Plaintiff confirms ubiquitously its position that the Moving Defendants are liable to it because of the relationship that stemmed from those agreements, and that the causes of action arise out of, or, at a minimum, are certainly related to the agreements.

    **B. Plaintiff provides no legal support for its conclusory argument that the non-signatories may not rely on the Agreements in defense of this action and that the claims do not arise out of the Agreements.**

Plaintiff provides no case authority whatsoever to rebut the well-reasoned argument in the Moving Defendants' Motion that the MSA's and Skylist Agreement's one year limitations

---

[1] *See* DE 28 ¶¶ 2, 27, 40, 60, 74-84, 86, 146, 195.

[2] DE 39 at pg. 2.

2

provisions apply to the claims asserted against them in this case. Rather, without support or basis in law, Plaintiff merely argues that the MSA and Skylist Agreement are not intended to apply to non-parties. In doing so, Plaintiff ignores both the facts and the law relied upon by Defendants' in their Motion to Dismiss.

Specifically, Plaintiff argues, without any legal authority cited in support, that the provisions in the agreements stating that "[a]ny dispute or controversy arising out of *or related to* this agreement or any breach hereof shall be settled by binding arbitration" and establishing a one (1) year statute of limitation for all causes of action "arising from *or in connection with* this Agreement," apply only to "contractual disputes," and (b) were not intended to cover claims of fraudulent conveyance.[3] Plaintiff's argument ignores the "related to" and "in connection with" language of the Agreements, and further ignores—and provides no case support to refute—the law relied on in Defendants Motion, establishing that:

1. Reliance on a contract against non-signatories affords the non-signatories the right to compel arbitration since the claims are deemed to arise out of or be related to the contract. *Roman v. Atlantic Coast Construction and Development, Inc.*, 44 So. 3d 222, 223-224 (Fla. 4th DCA 2010);

2. A plaintiff (signatory to the contract at issue) is equitably estopped from avoiding his responsibilities under a contract when the plaintiff relies on a contract – between the plaintiff and a signatory non-defendant – to assert claims against non-signatories and alleged that the non-signatories and signatories to the contract were acting in concerted misconduct. *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524 (5th Cir. 2000); and

3. Florida Courts found a "fraudulent transfer" claim can "arise out of" a contract. *Tenet Healthcare Corp. v. Maharaj*, 787 So. 2d 241, 243 (Fla. 4th DCA 2001).

---

[3] DE 39 at pp. 3–4(emphasis added); and DE 28-5 [MSA § 7.4] (emphasis added).

Leaving aside Plaintiff's mischaracterization of the Moving Defendants' position and its unsupported, ad hominem attacks,[4] Plaintiff offers no legal basis for denying the Motion to Dismiss. Thus, the Motion should be granted.

## II.   PLAINTIFF'S ARGUMENTS OPPOSING THE STAY OF THE CASE ARE ALSO UNAVAILING

While Plaintiff attempts to separate this action from the two actions pending in the State of Florida, it cannot do so. Both state court proceedings—ModernAd v. Datran, Case No. 50-2012-CA-001957, and Plaintiff's action in aid in execution, Datran v. ModernAd, Case. No. 13-017796—involve the same parties, the same arbitration proceeding, and the same judgment. Undoubtedly, these claims, unresolved, will have a significant effect on the issues in this litigation.

The Plaintiff's argument in this respect suffers from the same deficiencies noted in the previous section: other than making conclusory statements, such as "no parallel litigation exists," calling the action in aid in execution a "ministerial process," and claiming that the parties are substantially different (although the opposite is being advanced in the Amended Complaint), Plaintiff provides no case support or factual support for these blanket conclusions.[5] This argument is belied by Plaintiff's own characterization of the various proceedings. For instance, in its reply in support for its Motion for Expedited Discovery (DE 38), Plaintiff refers likens the discovery sought in

---

[4] *See*, *e.g.*, DE 39 at pg. 2 (claiming Defendants' position is that "non-parties to a contract who conspire to hide a judgment debtor's assets should be immune from liability if there was a contractual limitations clause in the underlying agreement pursuant to which the judgment debtor was found to be liable"); *id.* at n.2 (presenting a biased account of the hearing on ModernAd Media, LLC's motion for protective order—which was granted; *id.* at 8 (claiming that "ModernAd is already evading collection of the judgment and is purposely delaying discovery in aid thereof.").

[5] *See* DE 39 pp. 5–6.

this action to the discovery sought in the action in aid of execution.[6] Accordingly, Plaintiff, through its own representations, asserts this action is an attempt to collect on the judgment, and is, accordingly, a parallel action to the state proceeding.

Finally, it should be noted that Plaintiff fails to address the application of the *Burford* Abstention Doctrine. Thus, the Court may consider that issue as uncontested.

For these reasons, the Moving Defendants respectfully request that the Court grant their Motion to Dismiss the Amended Complaint, or, in the Alternative, Motion to Stay.

Dated: October 17, 2013.    Respectfully submitted,

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Roland Potts (FBN 087072)
rp@@lydeckerdiaz.com
LYDECKER│DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

---

[6] *See* DE 38 at pg. 3 (claiming Defendants' posture in this case is the same taken in the action in aid of execution); *id.* at pg. 4 (asserting that "Defendants . . . in this action and . . . the State Domestication Action . . . [are attempting to] thwart Plaintiff's collection of the judgment.").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Joan Carlos Wizel<br>
Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com