UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

     Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

     Defendants.
_____/

**7657030 CANADA INC., ACQUINITY INTERACTIVE, LLC, MODERNAD MEDIA LLC, AND WARREN RUSTIN'S MOTION TO STRIKE THE PLAINTIFF'S MEMORANDUM OF LAW AND REPLY IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY AND AFFIDAVIT OF ANTHONY PROVENZANO**

Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin (collectively the "Defendants"), by and through their undersigned counsel and pursuant to Local Rule 7.1(c), hereby move the Court for an order striking the Memorandum of Law and Reply in Support of Its Motion for Expedited Discovery (DE 38) (the "Reply Memorandum") and Notice of Filing an Affidavit of Anthony Provenzano in support thereof (DE 36) (the "Affidavit") untimely filed by Plaintiff, Pulsepoint, Inc. f/k/a Datran Media Corp.'s ("Plaintiff").

On September 10, 2013, Plaintiff filed its Corrected and Amended Motion to Expedite Discovery (DE 33). Defendants then filed their Response in Opposition to Plaintiff's Motion on

September 27, 2013 (DE 35). *Subsequently*, on October 1, 2013, Plaintiff filed the Affidavit, which purports to support its Motion to Expedite Discovery filed three weeks earlier, and to which Defendant had already responded. Plaintiff then filed its Reply Memorandum on October 7, 2013, relying heavily on the Affidavit. Accordingly, Defendants move to strike the Affidavit and any statements in Plaintiff's Memorandum relying on the Affidavit because they improperly raise new evidence that is outside the scope of Plaintiff's Motion for Expedited Discovery.

## MEMORANDUM OF LAW

This Court should strike the Affidavit and any statements in Plaintiff's Memorandum relying on the Affidavit because in them Plaintiff improperly raises new evidence that was not raised in Plaintiff's Motion for Expedited Discovery. Southern District of Florida Local Rule 7.1(c) provides that

> movant may, within seven (7) days after service of an opposing memorandum of law, serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law. No further or additional memoranda of law shall be filed without prior leave of Court. All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing.

Plaintiff's reliance on the Affidavit in its Reply Memorandum runs afoul of this rule. Plaintiff filed its Corrected and Amended Motion to Expedite Discovery on September 10, 2013. Defendants filed their Response in Opposition to Plaintiff's Motion on September 27, 2013. *Subsequently*, on October 1, 2013, Plaintiff filed the Affidavit in support of its Motion to Expedite Discover—after Defendants had already responded. Then, in its Plaintiff's Reply, filed later, on October 7, 2013, Plaintiff relied on the Affidavit in support of its rebuttal arguments.

2

Thus, the Reply Memorandum improperly raises new evidence that was not raised in Plaintiff's Motion for Expedited Discovery.

In its Reply Memorandum, Plaintiff claimed that Defendants "chose to ignore" the Affidavit in their response to Plaintiff's initial motion. Defendants, however, did not ignore or disregard any such Affidavit—particularly given that no affidavit was filed in support of the Motion. Rather, Defendants responded to Plaintiff's motion based on the papers that were provided to Defendant. Plaintiffs attempt to now introduce the Affidavit after Defendants have already responded to the Motion for Expedited Discovery and to claim that Defendants have "chosen to ignore" the Affidavit is wholly improper and unwarranted. Plaintiff's Affidavit is new evidence and consequently, a new argument, which is prohibited by Local Rule 7.1(c) for a responsive memorandum. *See Palacios v. Boehringer Ingelheim Pharm., Inc.*, No. 10-22398-CIV-UU, 2011 WL 6794438, at *4 n.5 (S.D. Fla. Apr. 19, 2011) (striking exhibits attached to Reply because they were not included in initial motion and are new arguments prohibited by Local Rule 7.1(c)); *Martinez v. Weyerhaeuser Mortg. Co*, 959 F. Supp. 1511, 1515–16 (S.D. Fla. 1996) (striking portions of reply memorandum and supporting affidavits based on the plain language of Local Rule 7.1(c) where arguments and affidavits were not raised in initial memorandum); *see also Diaz v. Jenne*, No. 05-61477-CIV-COOKE/BROWN, 2007 WL 174154, at *3 & n.2 (S.D. Fla. Jan. 19, 2007) (citing Local Rule 7.1(c) and commenting that providing evidence to support an initial brief after opposing counsel has already filed a reply brief is not proper and that such a strategy is "somewhat alarming as it could be used to garner unfair advantage and flouts the purpose of the reply brief which is to rebut the materials contained within the opposition not to assert new arguments and/or present new evidence.").

Accordingly, because the Affidavit was not filed until almost three weeks after Plaintiff filed its Motion for Expedited Discovery and four days after Defendants responded to Plaintiff's motion, Plaintiff's Affidavit is new evidence and consequently, a new argument. Therefore, the Affidavit, and any arguments in the Reply Memorandum relying on the Affidavit, should be stricken and not considered by the Court when determining whether or not discovery should be expedited.

## CONCLUSION

For the reasons set forth in the above Memorandum of Law and based on the requirements of Local Rule 7.1(c), Defendants request that the Affidavit and any statements in Plaintiff's Reply Memorandum referencing the Affidavit be stricken.

## CERTIFICATION UNDER L.R. 7.1.A.3.

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel hereby certifies that he conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to do so.

Dated: October 22, 2013.   Respectfully submitted,

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Roland Potts (FBN 087072)
rp@@lydeckerdiaz.com
LYDECKER│DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

| | |
|---|---|
| **Timothy M. Hartley** | **Brett E. Lewis** |
| Hartley Law Offices, PLC | Lewis & Lin, LLC |
| 800 SE third Avenue, Fourth Floor | 45 Main Street, Suite 608 |
| Fort Lauderdale, FL 33316 | Brooklyn, NY 11201 |
| Telephone: (954) 357-9973 | Telephone: (718) 243-9323 |
| E-mail:Hartley@hartleylaw.net | E-mail:brett@iLawco.com |