UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 13-61448-CIV-Marra/Matthewman

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,

vs.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA,
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.,

    Defendants.
_____/



FILED by _____ D.C.

OCT 2 3 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE [DE 44] AND PERMITTING DEFENDANTS TO FILE SUR-REPLY

THIS CAUSE is before the Court upon Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin's ("Moving Defendants") Motion to Strike the Plaintiff's Memorandum of Law and Reply in Support of Its Motion for Expedited Discovery and Affidavit of Anthony Provenzano [DE 44]. Plaintiff, Pulsepoint, Inc., f/k/a Datran Media Corp.'s ("Plaintiff") Corrected and Amended Motion for Expedited Discovery [DE 33] was previously referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 40. A hearing is scheduled in this matter for October 30, 2013. [DE 43].

Moving Defendants point out that Plaintiff filed the affidavit of Anthony Provenzano [DE

1

36] in support of its Amended Motion for Expedited Discovery [DE 38] AFTER Moving Defendants had already filed their response in opposition to the Amended Motion for Expedited Discovery. [DE 44].[1] Moving Defendants also emphasize that Plaintiff relied on the affidavit in its reply in support of the Amended Motion for Expedited Discovery, even though Moving Defendants never had the opportunity to discuss the evidence contained in the affidavit in their response in opposition to the Amended Motion for Expedited Discovery. *Id.* Therefore, they argue that Plaintiff's reply and the affidavit should both be stricken. *Id.* In other words, Moving Defendants contend that Plaintiff violated Local Rule 7.1(c) by introducing new evidence and new argument in its reply. *Id.*

Southern District of Florida Local Rule 7.1(c) states in relevant part that the reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law. No further or additional memoranda of law shall be filed without prior leave of Court. All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing." Here, Plaintiff did, indeed, file an affidavit in support of its motion after Defendants had already filed a response in opposition to the motion. Instead of striking Plaintiff's reply and affidavit, however, the Court will give Moving Defendants the opportunity to file a sur-reply. Because the Court is denying Defendants' motion, there is no need for the Court to wait for Plaintiff's response before issuing this Order.

The Court having reviewed the motion, and being fully advised in the premises, it is hereby,

---

[1] Plaintiff filed its motion on September 10, 2013. [DE 33]. Moving Defendants filed their response to the motion on September 27, 2013. [DE 35]. Plaintiff filed the affidavit in support of its motion on October 1, 2013. [DE 36].

**ORDERED AND ADJUDGED** that Defendants' Motion to Strike the Plaintiff's Memorandum of Law and Reply in Support of Its Motion for Expedited Discovery and Affidavit of Anthony Provenzano [DE 44] is **DENIED**. Defendants may instead file a sur-reply to Plaintiff's Corrected and Amended Motion for Expedited Discovery [DE 33] on or before the close of business on **Monday, October 28, 2013**. Plaintiff's motion shall be addressed at the October 30, 2013 hearing scheduled before the undersigned.

**DONE and ORDERED** in Chambers this 23rd day of October, 2013, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE