UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

    Defendants.
_____/

**7657030 CANADA INC., ACQUINITY INTERACTIVE, LLC, MODERNAD
MEDIA LLC, AND WARREN RUSTIN'S SUR-REPLY TO PLAINTIFF'S
<u>MOTION TO EXPEDITE DISCOVERY AND MOTION TO STAY DISCOVERY</u>**

Pursuant to the Court's Order entered on October 28, 2013 [DE #45], Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin (collectively "Defendants"), file this Sur-reply in response to Plaintiff's Memorandum of Law and Reply in Support of its Motion for Expedited Discovery ("Reply") and filing of the Affidavit of Anthony Provenzano [DE #38]. The affidavit does not set forth any additional facts showing that there is good cause for expedited discovery and the facts alleged therein are unpersuasive as to the subject matter of Plaintiff's motion as Mr. Provenzano is involved in the litigation as an adversary to ModernAd. The other papers attached to Plaintiff's Reply fail to show that there is good cause for expedited discovery as they merely re-state Plaintiff's legal conclusions alleged in its Complaint that ModernAd has fraudulently transferred its assets to Acquinity rather than

set forth a factual basis in the record warranting expedited discovery. Ultimately, Plaintiff's arguments in its Reply continue to fail to set forth the requisite showing for a motion to expedite discovery. Accordingly, Plaintiff's Motion to Expedite Discovery should be denied and Discovery should be stayed pending the resolution of Defendant's Motion to Dismiss.

## ARGUMENT

### I. Plaintiff has Failed to Show that Good Cause Exists to Expedite Discovery

Plaintiff has not nor does it now present any factual basis warranting good cause for expedited discovery under Florida law. Plaintiff merely relies on its allegations in the Complaint, the affidavit of Anthony Provenzano, which is based off of the allegations in the Complaint, the testimony of Scott Modist interpreted in conjunction with Plaintiff's own legal conclusions, and its Motion to Expedite Discovery and the allegations therein. Plaintiff still fails to provide the Court with any evidence tending to show that (1) Defendants are transferring their assets to Doe Defendants that immediately need to be identified, or (2) Defendants are taking certain actions to evade paying Plaintiff's judgment and as such prejudgment attachment to Defendants' property is necessary. The documents and conclusions that Plaintiff relies upon are not enough to warrant good cause for expedited discovery.

#### A. The Affidavit of Anthony Provenzano

Plaintiff heavily relies upon the Affidavit of Anthony Provenzano, a former employee and defendant in separate litigation instituted by ModernAd,[1] to support its motion for expedited discovery on the basis that the Affidavit shows that the purpose behind the "change" from ModernAd to Acquinity was to evade ModernAd's debts owed to creditors, including Plaintiff. This affidavit has been tailored to fit the conclusory allegations in Plaintiff's Complaint. While

---

[1] *See ModernAd Media LLC v. Anthony Provenzano*, Case No. 50-2012-CA-002935-XXXX-MB/AG, Fifteenth Judicial Circuit, Palm Beach County, Florida.

the affidavit states that ModernAd was attempting to avoid the claims of its creditors when it "changed" from ModernAd to Acquinity, it is simply a conclusion unsupported by any factual basis in the record. There are also no facts supporting the conclusion that ModernAd was also trying to avoid its obligations under contracts it had with certain parties including Datran. Rather, those conclusions set forth in the affidavit are simply unsupported conclusions. Mr. Provenzano's statement in the affidavit regarding Acquinity using the same employees, office space, equipment and business model as ModernAd does not support the above mentioned conclusions and certainly does not in and of itself support the conclusion that ModernAd was a continuation of Acquinity. Accordingly, the conclusions set forth in the affidavit are not enough to warrant good cause to expedite discovery.

> **B. Defendants' Need for Additional Time to Respond to Discovery in the State Court Action Does Not Warrant Good Cause to Expedite Discovery**

Plaintiff's reliance on Defendants' need for additional time to respond to discovery in the state court action is irrelevant to its need for expedited discovery in the present action. Although Defendant requested a protective order in state court requesting additional time to respond to Plaintiff's discovery requests and the court granted Defendants' request, it does not logically follow that Defendants need for additional time to respond to discovery in the state court action gives rise to facts sufficient to warrant *expedited* discovery in the *present* action. Additionally, Plaintiff's accusations that ModernAd's motion practice in the state court action is part of a deliberate strategy to thwart Plaintiff's collection of its judgment are without merit, as they are not based on any factual finding or legal determination made by any court. The documents from the state court action do not present evidence that the injury that will result to Plaintiff without expedited discovery is greater than the injury that ModernAd will suffer if expedited relief is granted.

### C. The Testimony of Scott Modist and the Affidavit of Warren Rustin Do Not Show a Need for Expedited Discovery

Plaintiff, in an attempt to piece together facts to show a necessity for expedited discovery, cites to the testimony of former ModernAd employee Scott Modist. However, in making its argument that the testimony of Mr. Modist corroborates Plaintiff's assertion that Defendants have made an effort to hide asset transfers, Plaintiff cites to the allegations in its Complaint, which are made up of legal conclusions. Plaintiff fails to cite to any *factual* basis in the record. The transcript of the testimony of Mr. Modist at the arbitration hearing attached to Plaintiff's Reply does not establish that Mr. Modist's testimony shows that ModernAd has made a deliberate effort to hide its transfers. Rather, Plaintiff has taken excerpts from Mr. Modist's testimony and has pieced those excerpts together with its own legal conclusions from its Complaint to make an argument that ModernAd has fraudulently transferred its assets.

Plaintiff specifically argues that there are facts establishing good cause for expedited discovery because Mr. Modist's testimony conflicts with the testimony in the affidavit of Warren Rustin from the state court proceeding regarding whether ModernAd has been engaging in business over the last three years. However, there is no such contradiction between the testimonies. Mr. Modist's testimony does not unequivocally state that ModernAd is still in the email marketing business. Rather, Plaintiff's counsel asked, "Is the email marketing business – did Acquinity acquire the email marketing business?" to which Mr. Modist responded, "No." Plaintiff's counsel then asked, "So ModernAd still participates and engages in the business that is the subject of this dispute?" to which Mr. Modist responded, "I wouldn't know in any event." This testimony does not establish that ModernAd has continued to actively engage in business, and therefore, does not contradict with the affidavit of Warren Rustin where Mr. Rustin stated, "ModernAd Media, LLC does not actively engage in business and has not actively engaged in

4

business in almost three (3) years." Defendants have not engaged in any effort to mislead Plaintiff at any time as to business operations of ModernAd or its transfer of assets and Plaintiff's attempt at showing Defendant has done so with the testimony of Scott Modist and Warren Rustin is unavailing.

Furthermore, Plaintiff in its Reply states that the above mentioned evidence is "strong evidence of fraudulent conveyance, and should be more than enough to support a grant of the limited discovery requested by Plaintiff." This statement in and of itself precisely shows that Plaintiff is attempting to circumvent the discovery rules to obtain early discovery to make out its claim for fraudulent conveyance rather than request expedited discovery upon a showing of good cause. Plaintiff cannot be permitted to place such unduly burdensome requests upon Defendants in order to make out its claim when it has failed to making a showing of good cause will have an opportunity to engage in discovery when it is the *appropriate* time.

### D. There is no Legal Authority Supporting Good Cause Under the Facts of this Case

In its Reply, Plaintiff states that Defendants have failed to address the cases of *Biosense Webster, Inc. v. Scott*, No. 6:13-CV-258-ORL-27, 2013 WL 1611338 (M.D. Fla. Apr. 15, 2013) and *Kremen v. Cohen*, No. 5:11-CV-05411-LHK, 2011 WL 6113198 (N.D. Cal. Dec. 7, 2011) and their applicability to the facts of this case.

In *Biosense Webster, Inc. v. Scott*, 6:13-CV-258-ORL-27, 2013 WL 1611338 (M.D. Fla. Apr. 15, 2013), the plaintiff requested expedited discovery because it was concerned that one of the defendants and its other former employees would engage in conduct causing certain individuals to sell or service competing products which would have constituted a breach of an agreement and cause the plaintiff irreparable harm in the form of lost customers, lost sales and unlawful competition. *Id.* at *1. The court stated that while, [t]here is no motion for a preliminary

5

injunction currently pending in this case . . . . [the plaintiff] argues that without the information it seeks it has no way of knowing whether [the defendant] is complying with the Agreement, and thus, it is placed in an awkward position under Local Rule 4.06." *Id.* at *2. The court further stated that "[t]his argument addresses both the preliminary injunction factor and [the plaintiff's] reasons for requesting expedited discovery." *Id.* Local Rule 4.06 from the Middle District of Florida Local Rules pertains to preliminary injunctions. *Biosense* is inapplicable to the facts of this case where it involves a plaintiff seeking expedited discovery in order to determine whether a defendant was in breach of agreement so that it may consider whether to file a preliminary injunction to avoid irreparable injury. Plaintiff is not seeking any such injunctive relief in this case and has failed to make a showing that it will suffer irreparable harm if not granted expedited discovery. Furthermore, the Middle District of Florida ultimately vacated its order granting expedited discovery denying Plaintiff's request for expedited discovery in April 2013. *See Biosense Webster, Inc. v. Scott*, No. 6:13-CV-258-ORL-27, 2013 WL 5596239, at *1 (M.D. Fla. Apr. 23, 2013) ("Plaintiff's Motion for Limited Expedited Discovery and Incorporated Memorandum of Law (Doc. 10), is DENIED.").

As to *Kremen v. Cohen*, No. 5:11-CV-05411-LHK, 2011 WL 6113198 (N.D. Cal. Dec. 7, 2011), the case is non-instructive as it a case out of the Northern District of California. However, regardless of its jurisdiction, Defendants discussed and distinguished the case at length in their Response to Plaintiff's Motion for Expedited Discovery. *Kremen* involved a motion for expedited discovery related to the plaintiff's motion for a preliminary injunction and the court had also judicially noticed documents that evidenced the defendant had been acting in concert with others to evade enforcement of the plaintiff's judgment against him. *Id.* at *2, *10. Here,

6

there is no motion for a preliminary injunction pending before the court nor have there been any factual findings showing that Defendants are evading Plaintiff's judgment against them.

Additionally, while Plaintiff here is seeking discovery from the Defendants in order to determine the identity of alleged third parties rather than discovery from third party banks as did the plaintiff in *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558 (M.D. Fla. 2008), the court in *Platinum Mfg. Int'l, Inc.* denied the plaintiff's motion for expedited discovery because it failed to make the required evidentiary showing supporting its immediate need for discovery. Plaintiff has failed to make the same required evidentiary showing here and as such should not be granted their request for expedited discovery.

## **CONCLUSION**

In conclusion, Plaintiff has failed to set forth any evidentiary basis supporting good cause for expedited discovery. Accordingly, Defendants respectfully request the Court deny Plaintiff's Motion for Expedited Discovery and stay discovery until it has decided on the merits of Defendants' Motion to Dismiss.

Dated: October 28, 2013.                                  Respectfully submitted,

                                                          s/Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Roland Potts (FBN 087072)
rp@@lydeckerdiaz.com
LYDECKER│DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

                                                          s/Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

| **Timothy M. Hartley** | **Brett E. Lewis** |
|---|---|
| Hartley Law Offices, PLC | Lewis & Lin, LLC |
| 800 SE third Avenue, Fourth Floor | 45 Main Street, Suite 608 |
| Fort Lauderdale, FL 33316 | Brooklyn, NY 11201 |
| Telephone: (954) 357-9973 | Telephone: (718) 243-9323 |
| E-mail:Hartley@hartleylaw.net | E-mail:brett@iLawco.com |