UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61448-CIV-Marra/Matthewman

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIAL LLC f/k/a PUREADS, et al.,

Defendants.
_____/



## ORDER GRANTING PLAINTIFF'S CORRECTED AND AMENDED MOTION FOR EXPEDITED DISCOVERY [DE 33]

THIS CAUSE is before the Court upon Pulsepoint, Inc., f/k/a Datran Media Corp.'s ("Plaintiff") Corrected and Amended Motion for Expedited Discovery ("Motion") [DE 33]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 40. Defendants, 7657030 Canada, Inc., Acquinity Interactive, LLC ("Acquinity"), ModernAd Media LLC ("ModernAd"), and Warren Rustin's (collectively, "Moving Defendants") filed a response to the Motion [DE 35], Plaintiff filed an affidavit in support of the Motion [DE 36] and a reply [DE 38], and Defendant filed a sur-reply [DE 46] with leave of the Court. The Court held a hearing on the Motion on October 30, 2013. The matter is now ripe for review and disposition.

The crux of Motion is that Plaintiff wants to serve expedited discovery, consisting of requests for production and third-party subpoenas, to identify the Doe Defendants, their locations, and legal statuses for purposes of serving the Complaint upon them. [DE 33].

1

Plaintiff also believes that expedited discovery will allow it to assess whether pre-judgment attachment of Moving Defendants' or the Doe Defendants' property is necessary to prevent Defendant ModernAd's alleged continued laundering of assets through potentially judgment-proof entities. [DE 33]. Moving Defendants argue that Plaintiff has failed to show good cause for expedited discovery and that the Motion is too speculative in nature. [DE 35]. At this point, Defendant 8333947 Canada Inc., a Canadian company, has not yet been served by Plaintiff, so the parties have not yet carried out their joint scheduling conference.

Federal Rule of Civil Procedure 26(d) states that parties may seek formal discovery prior to the Rule 26(f) scheduling conference "when authorized by [the Rule], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). A party seeking to conduct discovery prior to the scheduling conference must demonstrate "good cause." *GE Seaco Servs., Ltd. v. Interline Connection, N.V.*, No. 09-23864-CIV, 2010 WL 1027408, *1 (S.D. Fla. Mar. 18, 2010). The Court must consider the following factors in in determining whether Plaintiff has shown good cause: "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made." *Thyssenkrupp Elevator Corp. v. Hubbard*, No: 2:13-cv-202-Ftm-29SPC, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013) (citing *Biosense Webster, Inc. v. Scott*, 2013 WL 1611338, at *1)).

Upon consideration of the factors, the Court finds that Plaintiff has demonstrated good cause for expedited discovery. The first factor does not support expedited discovery as there is no pending motion for preliminary injunction. The third, fourth, and fifth factors clearly weigh in Plaintiff's favor. Plaintiff has established that it needs expedited discovery in order to identify

the Doe Defendants so that it can serve them with the Complaint. Plaintiff has also explained its objectively reasonable concern that Defendants may be continuously transferring property to new, unknown entities. Plaintiff has also shown that serving expedited discovery would put a minimal burden on Defendants and that the Rule 26(f) conference is still some time away. With regard to the second factor, the Court will narrow the scope of the requests for production so as to ensure that the requested discovery is not overly broad. The Court also notes that Defendants have been unable to establish any prejudice to them if discovery is expedited. Defendants did point out, however, that a seven-day turnaround period for discovery responses would be difficult.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Corrected and Amended Motion for Expedited Discovery [DE 33] is **GRANTED**;[1]

2. Plaintiff may issue the proposed Request for Production [DE 33-1] immediately, but with some modifications. All of the requests shall be limited to a 3-year period, rather than a 7-year or an indefinite period. Additionally, Defendants shall have **14 days** from the date of service of the requests to respond to them; and

3. Plaintiff is also seeking to issue third-party subpoenas for documents based on the substance of the responses to the requests for production. Plaintiff shall be permitted to issue said subpoenas before the Rule 26(f) Conference takes place.

---

[1] In Moving Defendants' response to Plaintiff's Motion, it appears that they also filed a Motion to Stay Discovery, which was not properly docketed. *See* DE 35. For the reasons stated in this Order, Defendants' Motion to Stay Discovery is DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this __31ˢᵀ__ day of October, 2013.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE