## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

       Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

       Defendants.

_____/

### DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S ORDER GRANTING PLAINTIFF'S CORRECTED AND AMENDED MOTION FOR EXPEDITED DISCOVERY AND REQUEST TO STAY ORDER PENDING RULING ON OBJECTIONS

Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin (collectively "Defendants"), pursuant to 28 U.S.C §636(b)(1)(A), Federal Rule of Civil Procedure 72(a) and Magistrate Judge Rule 4(a)(1), hereby file these objections to and appeal from the Magistrate's Order dated October 31, 2013 (the "Order") [DE #48], which granted in part Plaintiff's Corrected and Amended Motion for Expedited Discovery [DE #33], and request this Court to set aside the Order, and further request the Court stay the effect of the Order pending its ruling on these objections.

### INTRODUCTION

The Order granting Plaintiff's Corrected and Amended Motion for Expedited Discovery is clearly erroneous and contrary to the law in two respects. First, the Order fails to set forth an

objective basis for a finding of good cause to expedite discovery based on the evidence provided by Plaintiff in its moving papers or any evidence set forth in the record. In fact, there is no evidence upon which Plaintiff could establish good cause for expedited discovery by failing to point to any evidence in the record supporting its allegations that Defendants have transferred and continue to transfer assets to unknown entities in order to evade Plaintiff's judgment against ModernAd Media ("ModernAd"), which is purportedly the basis of its motion. Rather, a review of the evidence brings to light that which Plaintiff's counsel conceded at the oral argument—that "the reason why we filed the motion for expedited discovery, frankly, is because we were anticipating delays." DE 50, Tr. 40:4-6. That is not a proper basis for establishing good cause. Even if that were a proper basis for a motion for expedited discovery, Defendants have not been the cause of any delays.

Second, although Plaintiff claimed in its motion that expedited discovery was necessary for the limited purpose of identifying the Doe Defendants who allegedly have been transferred assets from Acquinity, and to assess whether pre-judgment attachment of Defendants' property is necessary to prevent the continued laundering of assets through potentially judgment proof entities, the Order apparently approved of the scope of the requests actually sought by Plaintiff, which evidently expand beyond the limited scope argued—an issue that was not before the Court.

The magistrate judge misapplied the burden and legal standard applicable to review of the motion, and despite Plaintiff's clear failure to establish the requisite showing, granted the motion seeking expedited and broad merits discovery as to all defendants.

## BACKGROUND

Plaintiff filed this action on July 3, 2013, seeking relief against the Defendants, and others, alleging several causes of action for fraudulent conveyance under Florida statutes and common law *de facto* merger. According to Plaintiff, the claims alleged in the Complaint arise from a dispute dating back to mid-2010, leading to an arbitration proceeding in New York between Datran Media Corp. and ModernAd, which was initiated in March of 2011 and concluded in 2013. On June 13, 2013, the New York State Supreme Court entered a judgment against ModernAd in the amount of $2,292,063.73. According to Plaintiff, since that judgment was entered, ModernAd and Defendants' have attempted at length to avoid the judgment by transferring assets to various entities.

Plaintiff subsequently filed its Amended Complaint on August 23, 2013 in this action, seeking injunctive relief and asserting claims against Defendants for fraudulent conveyance on the basis that ModernAd is transferring and dissipating assets to Acquinity and/or other unknown entities, and in turn, Acquinity is transferring and dissipating its assets to other unknown entities. DE 33 pg. 2. Plaintiff alleged that Defendants' first attempt to intentionally avoid its judgment was through an asset purchase agreement entered into between ModernAd and Acquinity in January 2011 whereby Acquinity purchased substantially all of ModernAd's assets. Comp. ¶57. Plaintiff further alleged that Defendants' second attempt to intentionally avoid the judgment of its creditors was through a second transfer whereby ModernAd transferred $2,682,783 to Warren Rustin. Comp. ¶59. All of these transfers occurred over one year prior to the judgment entered against ModernAd in the New York arbitration proceedings and certainly well before the filing of the Complaint in this action.

Plaintiff filed its Corrected and Amended Motion for Expedited Discovery on September

10, 2013. On September 27, 2013, Defendants filed a Response in Opposition to Plaintiff's Corrected and Amended Motion for Expedited Discovery [DE# 34] to which Plaintiff filed a Memorandum of Law and Reply on October 7, 2013 [DE #38]. Defendants' filed a Sur-reply on October 28, 2013 [DE #46] and a hearing was held on the motion before Magistrate Judge Matthewman on October 30, 2013 [DE #47]. On October 31, 2013, Judge Matthewman granted Plaintiff's request for expedited discovery.

Plaintiff sought expedited discovery on the basis that it claims to have information that Acquinity is transferring its assets to third party entities in order to avoid the judgment entered against ModernAd in the New York arbitration proceedings. Plaintiff alleged in its motion for expedited discovery that Defendants have begun the process of shutting down Acquinity for the sole purpose of evading payment of the arbitration judgment as well as debts owed to other creditors. Accordingly, Plaintiff specifically seeks expedited discovery in order to (1) identify the Doe Defendants who allegedly have been transferred assets from Acquinity, their locations and legal status, in order to serve them with the Complaint, and (2) assess whether pre-judgment attachment of Defendants' property is necessary to prevent the continued laundering of assets through potentially judgment proof entities.

## ARGUMENT

**I.     The Order Fails to Set Forth an Objective Basis Showing Good Cause for Expediting Discovery Such that it is Clearly Erroneous and Contrary to the Law**

Because a magistrate's order regarding discovery is generally deemed a nondispositive matter under Federal Rule of Civil Procedure 72(a), this Court must "modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *See* F.R.C.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "[A] finding is 'clearly erroneous' when

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 11-60601-CIV, 2012 WL 1440894, *1 (S.D. Fla. Apr. 4, 2012). Similarly, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Summit Towers Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 11-60601-CIV, 2012 WL 1440894, *1 (S.D. Fla. Apr. 4, 2012).

To determine whether expedited discovery is appropriate, courts have adopted a "good cause" standard. *Dell Inc. v. BelgiumDomains, LLC*, No. CIV. 07-22674, 2007 WL 6862341, *6 (S.D. Fla. Nov. 21, 2007); *see Biosense Webster, Inc. v. Scott*, No. 6:13-CV-258-ORL-27, 2013 WL 1611338, *1 (M.D. Fla. Apr. 15, 2013) (utilizing a good cause standard); *Nassau Terminals, Inc. v. M/V Bering Sea*, No. 99–104–CIV–J–20C, 1999 WL 1293476, at *1 (M.D. Fla. July 1, 1999) (stating that moving party has the burden of showing good cause why discovery should be expedited). The following factors are what courts typically consider in deciding whether the moving party has shown good cause: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. *Biosense Webster, Inc.*, 2013 WL 1611338 at *1 (citing *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006)).

The Order sets forth that Plaintiff demonstrated good cause for expedited discovery where the third, fourth, and fifth factors "clearly weigh in Plaintiff's favor." DE 48 pg. 2. It further sets forth conclusory explanations finding in favor of expedited discovery by stating that Plaintiff has established it needs expedited discovery in order to identify the purported Doe

Defendants to serve them with the Complaint and has explained an objectively reasonable concern that Defendants may be continuously transferring property to new, unknown entities. *Id.* at 2-3. The order fails to explain, set forth, or reference any evidence in the record or evidence attached to Plaintiff's moving papers supporting good cause for expedited discovery, but rather, merely provides unsupported findings based on Plaintiff's conclusory allegations set forth in the motion. Such conclusory findings cannot establish good cause for expedited discovery. Accordingly, the Order is clearly erroneous and contrary to the law and should be set aside.

## II.   Plaintiff has Failed to Establish Good Cause for Expedited Discovery

### a.   Plaintiff has Failed to Make an Evidentiary Showing to Support its Basis for Requesting Expedited Discovery

Plaintiff's primary reasons for requesting expedited discovery are to identify the Doe Defendants who allegedly have been transferred assets from Acquinity, their locations and legal status, in order to serve them with the Complaint, and to assess whether pre-judgment attachment of Defendants' property is necessary to prevent the continued laundering of assets through potentially judgment proof entities. The crux of Plaintiff's basis for expedited discovery is that Acquinity Interactive, LLC, *not ModernAd*, is the entity *currently* transferring its assets to unknown entities in order avoid paying Plaintiff's judgment originating from the arbitration proceedings with ModernAd. Yet, all of the evidence Plaintiff has directed the Court's attention to in the record in support of its basis for expedited discovery consistently refers to the actions and conduct of ModernAd Media *not* Acquinity. Plaintiff wholly fails to cite to and rely upon any facts in the record to support its allegation that Acquinity has begun the process of shutting down for the sole purpose of evading payment of the Plaintiff's judgment, as well as the debts owed to other creditors. Furthermore, Plaintiff has failed to offer any support to corroborate its allegation that Defendants either have transferred, or are in the process of transferring,

Acquinity's assets to a new entity, Defendant 8333947 Canada and that 8333947 Canada is a mere continuation of ModernAd and Acquinity, just as Acquinity was a mere continuation of ModernAd. Rather, Plaintiff only offers these conclusory allegations standing alone to insinuate that because ModernAd purportedly fraudulently transferred its assets to avoid its creditors it follows that Acquinity is currently engaging in similar asset transfers to unknown and potentially judgment proof entities.

Plaintiff did offer some evidence in support of its motion, but such evidence is wholly insufficient and points only to actions regarding ModernAd's transfer of assets—none of which establish a *fraudulent* transfer as opposed to a legitimate business transaction. The affidavit of former ModernAd employee Anthony Provenzano fails to support Plaintiff's contention that Acquinity is transferring its assets to unknown entities because the affidavit's conclusory statements simply point to the actions of ModernAd *not* Acquinity. The affidavit was narrowly tailored to fit the conclusory allegations set forth in Plaintiff's Complaint and any statement purporting to show that ModernAd changed to Acquinity in order to avoid the claims of its creditors is simply a conclusion unsupported by any factual basis in the record. More importantly, any transfer from ModernAd to Acquinity does not at all support the allegation that Acquinity is winding down and transferring its assets to other unknown entities.

Plaintiff also introduced the testimony of former ModernAd employee Scott Modist and the affidavit of Warren Rustin from the state court domestication action in order to attempt to establish that ModernAd deliberately concealed its transfer of assets to Acquinity. Not only does Plaintiff's attempt to piece together the testimony and affidavit of two individuals who are unrelated to Acquinity in order to establish facts evidencing fraudulent or concealed asset transfers fail, but also, Plaintiff's introduction of such evidence is completely unrelated to the

basis of its claim for expedited discovery. Nothing set forth in either the testimony of Scott Modist or the affidavit of Warren Rustin relates in any material way to the assertion that Acquinity is winding down and transferring its assets to unknown entities in order to avoid the judgment from the arbitration proceedings.

At the hearing on Plaintiff's Corrected and Amended Motion for Expedited Discovery, Plaintiff asserted several arguments in support of a finding of good cause, all of which were conclusory and not supported by the record. First, Plaintiff asserted that "it has come to Plaintiff's attention" that an entity was recently formed called 8333947 Canada, Inc. which is conducting a substantial part of Acquinity's former business which in essence is the same business that ModernAd had before it transferred its assets to Acquinity. DE 50, Tr. 42:2-8. Plaintiff also stated that it has been "informed" that there are several other entities that have been formed that Acquinity's assets have been trasnffered to. *Id.* Plaintiff has not provided any evidence regarding how such information "came to Plaintiff's attention" or how Plaintiff has been "informed" as to such information.  Plaintiff's counsel also stated that in the four months or so since the complaint has been filed they have already become "aware of two new and possibility three new entities that have been formed that are taking over the business of Acquinity" from individuals who have worked for those entities, yet, Plaintiff did not set forth any sort of evidence to confirm these allegations either. DE 50, Tr. 43:18-25. Despite Plaintiff's conclusory statements and lack of evidence in support of it arguments, the Order somehow concludes that *the Complaint* and the attachments thereto which evidenced that ModernAd transferred its assets to Acquinity, that Aqcuinity was conducting the same business that ModernAd had been conducting, that Acquinity obtained any assets that Plaintiff might be able

to collect upon for its judgment, and that such information showed that Plaintiff's arguments were not conclusory.

The Order fails is contrary to the law because the allegation of the Complaint are not evidence and the attachments in support of its motion for expedited discovery specifically pertained to business transactions that took place in 2011 between ModernAd and Acquinity *not* Acquinity or any of the other entities Plaintiff claims it is now attempting to locate. The relevant timeframe for the basis of Plaintiff's need for expedited discovery is now. The evidentiary showing Plaintiff needs to make to establish good cause is evidence establishing that *Acquinity* is *currently and fraudulently* transferring assets.

The law is clear on what circumstances warrant expedited discovery. Court's are to examine the five factors as set forth in *Biosense Webster, Inc. v. Scott*, No. 6:13-CV-258-ORL-27, 2013 WL 1611338 (M.D. Fla. Apr. 15, 2013). Cases that have weighed such factors and found that good cause exists for expedited discovery have all involved disparate factual circumstances, claims, and evidentiary showings to the present case. Most cases involve preliminary injunctions or temporary restraining orders, which, by their nature, supply the requisite evidentiary basis. *See Kremen v. Cohen*, No. 5:11-CV-05411-LHK, 2011 WL 6113198 (N.D. Cal. Dec. 7, 2011) (seeking a temporary restraining order and a preliminary injunction against defendant); *Wachovia Securities, L.L.C.v. Stanton*, 571 F. Supp. 2d 1014, 1019 (N.D. Iowa 2008) (seeking temporary restraining order and a preliminary injunction); *Dell Inc. v. BelgiumDomains, LLC*, No. CIV. 07-22674, 2007 WL 6862341, *1 (S.D. Fla. Nov. 21, 2007) (seeking preliminary injunction and temporary restraining order). Other cases have involved certain claims against defendants that courts have stated are particularly appropriate for expedited discovery because of the potential for additional prejudice to the plaintiff. *See Dell*

*Inc.*, 2007 WL 6862341 at *6 ("Courts have recognized that accelerated discovery may be particularly appropriate in cases of trademark counterfeiting."); *see also Arista Records LLC v. Does 1-7*, No. 3:08CV18 CDL, 2008 WL 542709, *1 (M.D. Ga. Feb. 25, 2008) (seeking damages and injunctive relief under the copyright laws of the United States); *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 418 (D. Colo. 2003) (seeking relief due to defendant's infringement of a variety of trademarks and service marks); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) ("It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition."). Additionally, other cases have involved a strong evidentiary showing that the parties from whom expedited discovery was sought took actions to deliberately conceal information or engaged in certain conduct to purposefully evade enforcement of a plaintiff's judgment. *See Dell Inc. v. BelgiumDomains, LLC*, No. CIV. 07-22674, 2007 WL 6862341 (S.D. Fla. Nov. 21, 2007) (finding good cause where the defendants concealed evidence, the nature of the defendants' business afforded them the opportunity to destroy all evidence all with just a few keystrokes leaving no paper trial, and that the elaborate nature of the defendants' scheme demonstrated that the defendants would go to great lengths to conceal the details of their counterfeiting and cybersquatting scheme such that if the defendants learned of the proceeding, there would very likely and very quickly be nothing left.); *Kremen v. Cohen*, No. 5:11-CV-05411-LHK, 2011 WL 6113198 (N.D. Cal. Dec. 7, 2011) (finding that the defendants had acted in concert with other to evade enforcement of plaintiff's judgment and that the one defendant had fled to Tijuana at the time plaintiff filed the complaint).

It is clear that in weighing the factors for expedited discovery, courts have consistently found good cause where the moving party has been successful in making an evidentiary showing

supporting their basis for requesting expedited discovery, a showing which Plaintiff has failed to establish in this case.

### b.  The Remaining Factors do not Weigh in Plaintiff's Favor

As stated correctly by the Magistrate Judge, there is no preliminary injunction pending in this case so the first factor does not weigh in Plaintiff's favor. Regarding the second and fourth factors, although the Order restricted the breadth of discovery by limiting Plaintiff's requests to only seeking document production for a three year period rather than a seven year period, the breadth of the requests is still overly broad—extending well beyond the reasons relied upon by Plaintiff in seeking the expedited discovery. The requests still seek detailed and voluminous financial information from the last three years; any and all information regarding *each of the Defendants'* assets and asset transfers; and all legal records concerning loans, payments, deeds, contracts, annual reports, business documents, security interests, among various other requests. Such burdensome discovery is unfairly prejudicial to Defendants at such an early stage in the litigation where no factual findings have been made and Plaintiff has failed to provide any evidence to support its allegations regarding Defendants' alleged fraudulent conduct which would entitle it to circumvent the normal discovery process.

Regarding the fifth factor, Plaintiff is inappropriately seeking expedited discovery ahead of the normal discovery process due to its own delays. Plaintiff admitted itself at the hearing on the motion that it is attempting to determine how to serve Defendant 8333947 Canada, Inc. Plaintiff's failure to serve 8333947 Canada, Inc. is not to any fault of Defendants, and therefore, Defendants should not have to engage in expedited discovery outside of the discovery rules proscribed by Federal Rule of Procedure 26 due to Plaintiff's inabilities. Plaintiff's requests are

inappropriate and should not be permitted since the typical discovery process will commence as soon as Plaintiff properly and diligently serves 8333947 Canada, Inc.

**III.      Request to Stay Effect of the Order Pending the Court's Ruling**

The Order requires Defendants to respond to a request for production to be served by Plaintiff after the Order was issued. To date, Defendants have not received any such request for production by the required means of service authorized and required by Federal Rule of Civil Procedure 5(b).[1] Nonetheless, in an abundance of caution, Defendants request that the Court stay the effect of the Order pending this Court's ruling on these objections. Without a stay, the objections would be rendered meaningless. Additionally, a stay of the effect of the Order will properly preserve the resources of the parties.

<u>**CONCLUSION**</u>

For these reasons, Defendants' request that the Magistrate's Order be set aside and that the Court deny Plaintiff's Corrected and Amended Motion for Expedited Discovery.

---

[1] Plaintiff's counsel did send an e-mail the undersigned with a copy of a request for production on November 1, 2013, indicating service would be effected by U.S. Mail, but the request was never received via U.S. Mail.

12

Dated: November 14, 2013.                       Respectfully submitted,

                                                s/ Joan Carlos Wizel
                                                Onier Llopiz (FBN 579475)
                                                ol@lydeckerdiaz.com
                                                Joan Carlos Wizel (FBN 37903)
                                                jcw@lydeckerdiaz.com
                                                Rachel A. Lyons (FBN 105347)
                                                rlyons@@lydeckerdiaz.com
                                                LYDECKER │ DIAZ
                                                1221 Brickell Avenue, 19th Floor
                                                Miami, Florida 33131
                                                Telephone: (305) 416-3180
                                                Facsimile:  (305) 416-3190

                                                *Attorneys for Defendants 7657030 Canada
                                                Inc., Acquinity Interactive, LLC, ModernAd
                                                Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

                                                s/ Joan Carlos Wizel
                                                Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

**Timothy M. Hartley**                          **Brett E. Lewis**
Hartley Law Offices, PLC                        Lewis & Lin, LLC
800 SE third Avenue, Fourth Floor               45 Main Street, Suite 608
Fort Lauderdale, FL 33316                        Brooklyn, NY 11201
Telephone: (954) 357-9973                        Telephone: (718) 243-9323
E-mail:Hartley@hartleylaw.net                    E-mail:brett@iLawco.com