UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,                                                       CASE NO.: 0:13-CV-61448

        v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA LLC;
WARREN RUSTIN, an individual,
8333947 CANADA INC; and JOHN DOES 1-100,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO ENFORCE THIS COURT'S ORDER
GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND
INCORPORATED MEMORANDUM OF LAW**

On October 31, 2103, this Court entered an Order [DE 48] Granting Plaintiff's Corrected and Amended Motion for Expedited Discovery ("Order"), such that Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC and Warren Rustin (collectively, "Defendants") were required to produce responses to Plaintiff's "proposed Request for Production [DE 33-1]" within 14 days from the date of service of the requests as modified by the Order.  Plaintiff served Defendants with its First Request for Production ("First Request") on November 1, 2013.  On, November 18, 2013, Defendants served Plaintiffs with their untimely Objections to Plaintiff's First Request ("Defendants' Objections"), in which Defendants refused to produce any responsive documents or information.  Defendants refused several subsequent demands to comply with the Court's order, proffering a litany of pretexts and transparent stall tactics instead of documents.

1

Pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure, Plaintiff Pulsepoint, Inc., f/k/a Datran Media Corp. ("Plaintiff"), moves this Honorable Court to enforce the terms of its Order immediately, and seeks its attorney fees and costs associated with this Motion, and such other relief as this Court deems just. In support of thereof, Plaintiff submits the following memorandum of law.

## INTRODUCTION AND BACKGROUND

On October 30, 2013, the Court held a hearing on Plaintiff's Corrected and Amended Motion for Expedited Discovery [DE 33] (the "Discovery Motion"). In its October 31, 2013 decision, this Court found, "that Plaintiff has demonstrated good cause for expedited discovery," and granted Plaintiff's Motion. [DE 48] at 2-3. This Court further permitted Plaintiff to "issue the proposed Request for Production [DE 33-1] immediately," however limited the scope of production to "a 3-year period." Id. at 3. No other limitations were placed on the proposed requests. Id. The Court ordered Defendants to respond to within 14 days from the date of service of the modified requests. Id.

On November 1, 2013, Plaintiff served its First Request on Defendants' counsel, pursuant to, and as modified by, the Court's Order. A copy of Plaintiff's First Request is annexed hereto as **Exhibit A**. As sworn in the Certificate of Service attached thereto, counsel for Plaintiff served the First Request via U.S. Mail and email on November 1, 2013. Accordingly, per this Court's Order, Defendants were required to respond to the requests on or before November 15, 2013.

Despite this Court's Order, and receipt of Plaintiff's First Requests, Defendants failed to produce any documents.[1] Instead, on November 14, 2013, Defendants filed objections to this

---

[1] Defendants claimed not to have received the copy of the First Requests that were sent by regular mail, however, they do not dispute having received the email copies.

2

Court's Order, which were replaced by corrected objections filed on November 15, 2013. Although not properly docketed, Defendants also requested a stay of their obligation to produce documents. See [DE 54].  Defendants did not meet and confer with Plaintiff before requesting a stay.  Defendants' counsel subsequently filed a certification that the parties met and conferred *after* the motion to stay was filed.

On November 18, 2013, only after Plaintiff's counsel threatened to move to compel Defendants to comply with the Court's Order (see copy of correspondence annexed hereto as **Exhibit B**), Defendants served their Objections to Plaintiff's First Request for Production ("Defendants' Responses") – without producing a single document.  A Copy of Defendants' Responses is annexed hereto as **Exhibit C**.  Defendants' Responses consist, whole cloth, of blanket objections to every one of Plaintiff's requests, including benighted complaints about the meaning of words, such as "document" and/or "record" as used in the Requests. See Exhibit C. Nor do Defendants state that they will produce *any* responsive documents subject to their objections – they simply object to every request.

Defendants further refuse to produce documents without a protective order, (see Exhibit C), however, Defendants did not request that the parties execute a protective order until after the 14-day period for production ordered by the Court had passed.  Clearly, had Defendants intended to comply with the Court's Order, they would not have waited until after the deadline to produce documents to request that the parties enter into a protective order.  As of the date of this motion, Defendants still have not proposed a draft protective order for Plaintiff's review.

Despite Defendants' blatant refusal to comply with this Court's Order, prior to moving to compel Defendants' compliance, Plaintiff afforded Defendants multiple opportunities to comply. Plaintiff's counsel requested, by email dated November 18, 2013, that Defendants comply with

the Court's Order. See Exhibit B. By letter dated November 22, 2013, Plaintiff offered Defendant three more days to comply with the Order before bringing the instant motion. See **Exhibit D** (November 22, 2013 Letter from J. Mercer to J. Wizel).  Defendants failed to respond to the November 22 letter, and when contacted on November 26, 2013, Defendants' counsel stated that Defendants' would not be producing documents today.  We are now 11 days past the date by which Defendants were ordered by this Court to produce responsive documents to Plaintiff's First Request.  Defendants have been in possession of Plaintiff's document requests, in substance, for nearly three months, and were ordered to produce responsive documents over 3 weeks ago.

Defendants' violation of this Court's Order is frustrating the essential purpose of the Order, which was expedited discovery.  Plaintiff requests fees and costs under Rule 37 and any other sanctions that the Court deems appropriate.

## ARGUMENT

**DEFENDANTS HAVE VIOLATED THIS COURT'S OCTOBER 31, 2013 ORDER BY REFUSING TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFF'S REQUESTS**

A.   **The Court's October 31, 2013 Order Cleary Requires the Production of the Withheld Documents.**

Defendants' Objections fail to provide any basis for Defendants' refusal to comply with court-ordered discovery.  At the hearing on Plaintiff's Discovery Motion, this Court already entertained and rejected Defendants' arguments regarding the scope and alleged speculative nature of the proposed requests. See DE 50, Tr. 47:11-51:10.  Notwithstanding the Defendants' objections, the Court granted Plaintiff leave to serve the requests. See DE 48.

Plaintiff respectfully submits that Defendants' obligations under the Court's Order cannot be satisfied by the assertion of a laundry list of pro-forma objections.  See Exhibit C.  The Court, at the hearing on Plaintiff's motion for expedited discovery, found that Plaintiff's proposed

4

requests were relevant, and that the scope of requests, as modified by the Court's Order, was appropriate. See DE 50, Tr. 50:18-51:21.  Furthermore, it is clear that the Court ordered Defendants to *produce documents,* not simply to assert objections. See DE 50, Tr. 50:7-51:16. At the aforementioned hearing, regarding the length of time requested to produce documents, Defendants' counsel stated:

> Mr. Wizel:  Right. Your Honor, keep in mind that when they filed their motion, they asked for expedited discovery asking for 7 days to return all of these requests.
>
> *     *     *
>
> You know, they are asking for a 7 day turn around.

Id. at 50:7-17

Magistrate Judge Matthewman responded to Defendants' counsel, in relevant part, as follows:

> The Court:  <u>Well, that might be too short</u>, but I mean if the court were inclined to grant it, I think that some of the concerns that I see with the exhibit A on the motion for expedited discovery, which is the plaintiff's, the proposed request for production is, and I will ask the plaintiff . . . [w]hy they would need to go back 7 years on some of these requests, <u>and additionally how much time defendants might need to respond, 7 days is pretty short</u>, but those are some of the issues that if the court were inclined to grant the motion to allow some limited expedited discovery, <u>I would want to address the issue of</u> how far back they go as far as years and <u>how long it will be required for the defendants to respond and whether there is any other issues that are overbroad in the proposed request for production</u>. . . .
>
> *     *     *
>
> I would like to be fair to the plaintiff in allowing them to do what type of discovery they need to do to get this case in the proper posture.
>
> On the other hand, <u>I don't want to be overbearing on the defendants and require discovery that cannot be complied with or that is too short of a time frame</u>.

5

(Emphasis added.) Id. at 50:18-51:16

It was clear to all parties, including Defendants' counsel, that what was being considered by the Court was the length of time to produce documents, not simply to start the clock on Defendants' evasive discovery tactics. As a result, the Court ordered Defendants to comply with discovery, i.e. produce documents, within 14 days instead of the 7-day deadline as originally proposed by Plaintiff. See DE 48.

As such, the Court's Order cannot reasonably be complied with by the interposition of "Clintonesque" objections to the meaning of routine dictionary words and phrases. Defendants contend, for example, that requests for items such as "all documents," "customer records," and "evidence" pertaining to records of their alleged fraud are "vague, ambiguous, and overly overbroad." See Exhibit C. Defendants claim that Plaintiff's requests, "require[] Defendant[s] to guess as to the meaning and extent of documentation requested," and contend that everything from bank account records, financial records, and tax returns, to title certificates and bills of sale for cars and boats, to property leases and even the names of Defendants' presidents and CEOs, are all proprietary "trade secrets." Id.

This Court ordered expedited discovery. Defendants have thrown up a morass of non-meritorious, hyper-technical, bad faith arguments to avoid complying with the Court's Order. Plaintiff respectfully submits that none of the pretexts advanced by Defendants justify Defendants' disregard of the Court's Order and frustration of the discovery process.

**B.    Defendants Must Comply With The Court's Order Despite Their Objections To Same.**

Moreover, Defendants' argument that by filing Objections to the Court's Order, Defendants are somehow relieved of their obligations to comply with it is entirely without merit. It is well-settled that, "[e]ven though a party may object to a magistrate judge's order on a non-

6

dispositive matter, the order is nonetheless a final order absent reversal by the district court." TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC, Case No. 8:11-cv-02732-T-27AEP (M.D. Fla March, 11, 2013). "As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order." Id. (emphasis added); see also Maness v. Meyers, 419 U.S. 449, 458 ("all orders and judgments of court must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal."); Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1448 (11th Cir. 1985) (failure to comply with discovery order absent a stay of that order justified substantial Rule 37 sanctions). Thus, while Defendants' have filed an improperly docketed Motion to Stay [DE 55], a stay has not been granted.

Accordingly, Plaintiff respectfully requests that this Court compel Defendants immediately to produce documents responsive to the First Requests, without further delay.

C. **The Court Should Award Plaintiff its Reasonable Expenses Incurred in Making this Motion Pursuant to Rule 37(a), and, If the Defendants Continue to Disregard This Court's Order, the Court Should Make Appropriate Findings of Fact Against Defendants Pursuant to Rule 37(b).**

Defendants have refused to abide by the Order of this Court, refused to produce documents, and flouted timelines set by this Court. Defendants have sought to justify their actions through baseless objections that claim inapplicable privileges and slice the metaphorical bologna way too thin. These actions have wasted the Court's time and the Plaintiff's resources and have prolonged this portion of the case beyond the time otherwise necessary. Defendants' actions here have also bought Defendants' additional time to hide assets and evade paying the Judgment, which one may reasonably infer is the reason for Defendants' conduct. Plaintiff respectfully requests that, should this Court grant the instant Motion, it award Plaintiff its

reasonable fees incurred in making the Motion, pursuant to FRCP 37(a).

Additionally, FRCP 37(b)(2)(A) allows a court in a variety of ways to sanction a party that fails to obey Court Orders on discovery, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," prohibiting a party from introducing designated matters into evidence, striking pleadings, or by rendering a default judgment. See FRCP 37(b)(2)(A). Because the Defendants have repeatedly refused to satisfy their obligations under this Court's Order, and have explicitly refused to comply with the scope of discovery established therein, Plaintiff requests that, if the Defendants do not fully comply with Plaintiffs' First Request for Production within 24 hours of the Court's resolution of this motion to enforce, the Court impose the sanctions described within FRCP 37(b)(2)(A).  As Defendants have already had Plaintiff's Requests in substance for nearly three months, and are currently 11 days delinquent in producing documents, no more than 24 hours should be necessary.  Defendants also have the time between the filing of this motion and the Court's ruling to compile responsive documents.

## CONCLUSION

Defendants have failed and refused to produce any documents or information in contravention of the Court's Order, dated October 31, 2013.  Accordingly, pursuant to FRCP 26, 34 and 37, Plaintiff requests that this Court act as necessary to enforce the terms of that Order immediately, and award attorney fees and costs associated with this Motion and grant such other relief as this Court deems just and proper.

### CERTIFICATION OF LOCAL RULE 7.1 (e) CONFERENCE

Pursuant to Local Rule 7.1(e), the undersigned counsel has conferred with counsel for Defendant, Joan Carlos Wizel, Esq., and is authorized to represent that the Defendants oppose the relief

requested in this Motion.

**DATED** this 26th day of November, 2013.

*HARTLEY LAW OFFICES, PLC*
Attorneys for Plaintiff
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 357-9973
Facsimile: (954) 357-2275
Email: hartley@hartleylaw.net

By: /s/ Timothy M. Hartley
TIMOTHY M. HARTLEY
FL BAR NO. 979066

*LEWIS & LIN, LLC*
Attorneys for Plaintiff
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Email: brett@iLawco.com

By: /s/ Brett E. Lewis
BRETT E. LEWIS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 26, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and on all counsel or parties of record identified on the attached service list below via email and/or U.S. Mail.

    /s/ Timothy M. Hartley
Timothy M. Hartley, Esq.
Hartley@hartleylaw.net
HARTLEY LAW OFFICES, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, Florida 33316
Tel. 954-357-9973
Fax: 954-357-2275
Attorney for Plaintiff

## SERVICE LIST

***Onier Llopiz, Esq.*** (FBN 579475)
Email: ol@lydeckerdiaz.com
***Joan Carlos Wizel, Esq.*** (FBN 37903)
Email: jcw@lydeckerdiaz.com
Email: rb@lydeckerdiaz.com
***Roland Potts, Esq.*** (FBN 087072)
Email: rp@lydeckerdiaz.com
Email: ag@lydeckerdiaz.com
LYDECKER DIAZ
1221 Brickell Avenue 19th Floor
Miami, Florida 33131
Tel. 305-416-3180
Fax: 305-416-3190
Attorneys for Defendants