Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

      Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

      Defendants.

_____/

**DEFENDANT, 7657030 CANADA INC.'S OBJECTIONS**
**TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, 7657030 CANADA INC. ("Defendant"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serve these objections to Plaintiff's First Request for Production as follows.

**PRELIMINARY STATEMENT**

1.     The Plaintiff, Pulsepoint, Inc. f/k/a Datran Media Corp. served its First Request for Production in connection with its motion seeking expedited discovery. Defendant has filed Objections to the Magistrate's Order granting said motion, and thus, Defendant makes these objections subject to its Objections to the Magistrate's Order and do not constitute waiver of the arguments made therein.

2.     These objections are asserted at this time based on the requests e-mailed by Plaintiff's counsel on November 1, 2013, indicating service would be made by U.S. Mail. Defendant, however, never received the First Request for Production by the required means of service authorized and required by Federal Rule of Civil Procedure 5(b). By making these objections, Defendant does not waive the issue of Plaintiff's failure to serve the requests by the means required by the Federal Rules of Civil Procedure.

3.      Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

4.      By making these objections to Plaintiff's First Request for Production, Defendant does not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes these objections herein without in any way implying that they consider the requests or responses thereto to be relevant or material to the subject matter of this action.

5.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

1.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad with respect to the terms, "*All* documents sufficient to identify," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

2.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad as it requires, "*All* bank account *records*, without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

3.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents relating to* funds earned," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time or scope. Defendant also

objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

4.    Defendant objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

5.    Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

6.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other evidence of ownership* possessed by Defendant at any time," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time or scope, and in fact, seeks information relating to ownership "any time." Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

7.    Defendant objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for "parents, subsidiaries or affiliates" not parties to this lawsuit. Defendant also objects to this Request because, as phrased, it calls for information protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade

secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

8.     Defendant objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for "parents, subsidiaries or affiliates" not parties to this lawsuit. Defendant also objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents sufficient to identify* any payments," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

9.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents evidencing*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

10.     Defendant objects to this document request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks performance evaluations and personnel files, and insofar as it seeks financial information for Garry Jonas and Scott Modist, who are not parties to this lawsuit. Defendant further objects to the Request on the grounds that it is overly broad, as it has no restriction on time. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant also objects to the Request to the extent it seeks information that Defendant are required to maintain in confidence pursuant to an agreement or understanding with any third party or that is protected under contractual, constitutional, statutory, or common law rights of confidentiality and privacy. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may

constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

11.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*internal customer record(s)*" and "other record(s)," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

12.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*internal customer record(s)*" and "other record(s)," and relates to "joint adventurer," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

13.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*investments* . . . entered into," "letters of intent," and "other such agreements," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

14.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*investments . . .* entered into," "letters of intent," and "other such agreements," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

15.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all records pertaining to . . .* transfer of *. . . other financial interests*," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

16.     Defendant objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

17.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "All evidence" and "at any time," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

18.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All evidence* of ownership structure," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant also objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for individuals, other than the defendants, with interest in parents, subsidiaries or affiliates of the defendants. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

19.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other documents* showing transfer," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, it also has no time restriction. Defendant further objects to this Request, as it seeks bills of sale, deeds, contracts, or other documents "executed by Defendant," without connection to any issues in this lawsuit. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

20.     Defendant objects to the Request on the grounds that it is overly broad, as it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

21.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other evidence*" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or

personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

22.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents* evidencing the ownership," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

23.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents* evidencing the ownership," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

24.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

25.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "all documents" and "*other documents . . . relating to* payments" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

26.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "all documents" and "*other documents . . . relating to* payments" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

27.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all documents relating to* any communications," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges; and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

28.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all documents relating to* expenses or liabilities," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation

requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges; and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

29.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "any *other evidence* of *secured interests*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

30.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "*all documents relating to* transfer of ModernAd's *data*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

31.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "*all documents relating to* transfer of Acquinity's *data*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it

has no time restriction. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

Respectfully submitted,

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Roland Potts (FBN 087072)
rp@@lydeckerdiaz.com
LYDECKER | DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via FedEx

on this 18th day of November, 2013, to the following listed below:

s/ Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

      Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

      Defendants.

_____/

## DEFENDANT WARREN RUSTIN'S OBJECTIONS
## TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, WARREN RUSTIN ("Defendant"), by and through undersigned counsel, and

pursuant to Federal Rule of Civil Procedure 34, hereby serve these objections to Plaintiff's First

Request for Production as follows.

## PRELIMINARY STATEMENT

1.     The Plaintiff, Pulsepoint, Inc. f/k/a Datran Media Corp. served its First Request
for Production in connection with its motion seeking expedited discovery. Defendant has filed
Objections to the Magistrate's Order granting said motion, and thus, Defendant makes these
objections subject to its Objections to the Magistrate's Order and do not constitute waiver of the
arguments made therein.

2.     These objections are asserted at this time based on the requests e-mailed by
Plaintiff's counsel on November 1, 2013, indicating service would be made by U.S. Mail.
Defendant, however, never received the First Request for Production by the required means of
service authorized and required by Federal Rule of Civil Procedure 5(b). By making these
objections, Defendant does not waive the issue of Plaintiff's failure to serve the requests by the
means required by the Federal Rules of Civil Procedure.

3.      Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

4.      By making these objections to Plaintiff's First Request for Production, Defendant does not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes these objections herein without in any way implying that they consider the requests or responses thereto to be relevant or material to the subject matter of this action.

5.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

1.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad with respect to the terms, "*All* documents sufficient to identify," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

2.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad as it requires, "*All* bank account *records*, without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

3.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents relating to* funds earned," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time or scope. Defendant also

objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

4.     Defendant objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

5.     Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

6.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, *"other evidence of ownership* possessed by Defendant at any time," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time or scope, and in fact, seeks information relating to ownership "any time." Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

7.     Defendant objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for "parents, subsidiaries or affiliates" not parties to this lawsuit. Defendant also objects to this Request because, as phrased, it calls for information protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade

secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

8.     Defendant objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for "parents, subsidiaries or affiliates" not parties to this lawsuit. Defendant also objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents sufficient to identify* any payments," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

9.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents evidencing*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

10.     Defendant objects to this document request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks performance evaluations and personnel files, and insofar as it seeks financial information for Garry Jonas and Scott Modist, who are not parties to this lawsuit. Defendant further objects to the Request on the grounds that it is overly broad, as it has no restriction on time. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant also objects to the Request to the extent it seeks information that Defendant are required to maintain in confidence pursuant to an agreement or understanding with any third party or that is protected under contractual, constitutional, statutory, or common law rights of confidentiality and privacy. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may

constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

11. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*internal customer record(s)*" and "other record(s)," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

12. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*internal customer record(s)*" and "other record(s)," and relates to "joint adventurer," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

13. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*investments . . . entered into*," "letters of intent," and "other such agreements," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

14.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*investments* . . . entered into," "letters of intent," and "other such agreements," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

15.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all records pertaining to* . . . transfer of . . . *other financial interests*," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

16.     Defendant objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

17.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "All evidence" and "at any time," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

18.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All evidence* of ownership structure," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant also objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for individuals, other than the defendants, with interest in parents, subsidiaries or affiliates of the defendants. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

19.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other documents* showing transfer," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, it also has no time restriction. Defendant further objects to this Request, as it seeks bills of sale, deeds, contracts, or other documents "executed by Defendant," without connection to any issues in this lawsuit. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

20.   Defendant objects to the Request on the grounds that it is overly broad, as it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

21.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other evidence*" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or

personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

22.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents* evidencing the ownership," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

23.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents* evidencing the ownership," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

24.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

25. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "all documents" and "*other documents . . . relating to* payments" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

26. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "all documents" and "*other documents . . . relating to* payments" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

27. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all documents relating to* any communications," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges; and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

28. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all documents relating to* expenses or liabilities," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation

requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges; and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

29.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "any *other evidence* of *secured interests*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

30.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "*all documents relating to* transfer of ModernAd's *data*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

31.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "*all documents relating to* transfer of Acquinity's *data*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it

has no time restriction. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

Respectfully submitted,

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Roland Potts (FBN 087072)
rp@@lydeckerdiaz.com
LYDECKER | DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Fedex on

this 18th day of November, 2013, to the following listed below:

s/ Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

        Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

        Defendants.

_____/

## DEFENDANT, ACQUINITY INTERACTIVE, LLC'S OBJECTIONS
## TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, ACQUINITY INTERACTIVE, LLC ("Defendant"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serve these objections to Plaintiff's First Request for Production as follows.

### PRELIMINARY STATEMENT

1.    The Plaintiff, Pulsepoint, Inc. f/k/a Datran Media Corp. served its First Request for Production in connection with its motion seeking expedited discovery. Defendant has filed Objections to the Magistrate's Order granting said motion, and thus, Defendant makes these objections subject to its Objections to the Magistrate's Order and do not constitute waiver of the arguments made therein.

2.    These objections are asserted at this time based on the requests e-mailed by Plaintiff's counsel on November 1, 2013, indicating service would be made by U.S. Mail. Defendant, however, never received the First Request for Production by the required means of service authorized and required by Federal Rule of Civil Procedure 5(b). By making these objections, Defendant does not waive the issue of Plaintiff's failure to serve the requests by the means required by the Federal Rules of Civil Procedure.

3.      Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

4.      By making these objections to Plaintiff's First Request for Production, Defendant does not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes these objections herein without in any way implying that they consider the requests or responses thereto to be relevant or material to the subject matter of this action.

5.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

1.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad with respect to the terms, "*All* documents sufficient to identify," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

2.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad as it requires, "*All* bank account *records*, without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

3.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents relating to* funds earned," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time or scope. Defendant also

objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

4.      Defendant objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

5.      Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

6.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other evidence of ownership* possessed by Defendant at any time," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time or scope, and in fact, seeks information relating to ownership "any time." Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

7.      Defendant objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for "parents, subsidiaries or affiliates" not parties to this lawsuit. Defendant also objects to this Request because, as phrased, it calls for information protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade

secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

8.     Defendant objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for "parents, subsidiaries or affiliates" not parties to this lawsuit. Defendant also objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents sufficient to identify* any payments," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

9.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents evidencing*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

10.     Defendant objects to this document request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks performance evaluations and personnel files, and insofar as it seeks financial information for Garry Jonas and Scott Modist, who are not parties to this lawsuit. Defendant further objects to the Request on the grounds that it is overly broad, as it has no restriction on time. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant also objects to the Request to the extent it seeks information that Defendant are required to maintain in confidence pursuant to an agreement or understanding with any third party or that is protected under contractual, constitutional, statutory, or common law rights of confidentiality and privacy. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may

constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

11.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*internal customer record(s)*" and "other record(s)," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

12.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*internal customer record(s)*" and "other record(s)," and relates to "joint adventurer," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

13.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*investments . . .* entered into," "letters of intent," and "other such agreements," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

14.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*investments . . . entered into,*" "letters of intent," and "other such agreements," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

15.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all records pertaining to . . . transfer of . . . other financial interests,*" without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

16.     Defendant objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

17.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "All evidence" and "at any time," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

18.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All evidence* of ownership structure," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant also objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for individuals, other than the defendants, with interest in parents, subsidiaries or affiliates of the defendants. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

19.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other documents* showing transfer," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, it also has no time restriction. Defendant further objects to this Request, as it seeks bills of sale, deeds, contracts, or other documents "executed by Defendant," without connection to any issues in this lawsuit. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

20.    Defendant objects to the Request on the grounds that it is overly broad, as it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

21.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other evidence*" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or

personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

      22.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents* evidencing the ownership," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

      23.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents* evidencing the ownership," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

      24.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

25.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "all documents" and "*other documents . . . relating to* payments" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

26.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "all documents" and "*other documents . . . relating to* payments" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

27.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all documents relating to* any communications," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges; and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

28.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all documents relating to* expenses or liabilities," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation

requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges; and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

29.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "any *other evidence* of *secured interests*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

30.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "*all documents relating to* transfer of ModernAd's *data*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

31.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "*all documents relating to* transfer of Acquinity's *data*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it

has no time restriction. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

Respectfully submitted,

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Roland Potts (FBN 087072)
rp@@lydeckerdiaz.com
LYDECKER | DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via FedEx

on this 18th day of November, 2013, to the following listed below:

s/ Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

      Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

      Defendants.

_____/

## DEFENDANT MODERNAD MEDIA LLC'S OBJECTIONS
## TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant, MODERNAD MEDIA LLC ("Defendant"), by and through undersigned

counsel, and pursuant to Federal Rule of Civil Procedure 34, hereby serve these objections to

Plaintiff's First Request for Production as follows.

### PRELIMINARY STATEMENT

1.     The Plaintiff, Pulsepoint, Inc. f/k/a Datran Media Corp. served its First Request
for Production in connection with its motion seeking expedited discovery. Defendant has filed
Objections to the Magistrate's Order granting said motion, and thus, Defendant makes these
objections subject to its Objections to the Magistrate's Order and do not constitute waiver of the
arguments made therein.

2.     These objections are asserted at this time based on the requests e-mailed by
Plaintiff's counsel on November 1, 2013, indicating service would be made by U.S. Mail.
Defendant, however, never received the First Request for Production by the required means of
service authorized and required by Federal Rule of Civil Procedure 5(b). By making these
objections, Defendant does not waive the issue of Plaintiff's failure to serve the requests by the
means required by the Federal Rules of Civil Procedure.

3.      Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

4.      By making these objections to Plaintiff's First Request for Production, Defendant does not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes these objections herein without in any way implying that they consider the requests or responses thereto to be relevant or material to the subject matter of this action.

5.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

1.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad with respect to the terms, "*All* documents sufficient to identify," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

2.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad as it requires, "*All* bank account *records*, without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

3.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents relating to* funds earned," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time or scope. Defendant also

objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

4.      Defendant objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

5.      Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

6.      Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, *other evidence of ownership* possessed by Defendant at any time," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time or scope, and in fact, seeks information relating to ownership "any time." Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

7.      Defendant objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for "parents, subsidiaries or affiliates" not parties to this lawsuit. Defendant also objects to this Request because, as phrased, it calls for information protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade

secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

8.     Defendant objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for "parents, subsidiaries or affiliates" not parties to this lawsuit. Defendant also objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents sufficient to identify* any payments," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

9.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents evidencing*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

10.     Defendant objects to this document request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks performance evaluations and personnel files, and insofar as it seeks financial information for Garry Jonas and Scott Modist, who are not parties to this lawsuit. Defendant further objects to the Request on the grounds that it is overly broad, as it has no restriction on time. Defendant also objects to this Request because, as phrased, it calls for improper financial worth discovery protected by under trade-secret privilege, relating to the core of Defendant's business. Defendant also objects to the Request to the extent it seeks information that Defendant are required to maintain in confidence pursuant to an agreement or understanding with any third party or that is protected under contractual, constitutional, statutory, or common law rights of confidentiality and privacy. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may

constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

11.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*internal customer record(s)*" and "other record(s)," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

12.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*internal customer record(s)*" and "other record(s)," and relates to "joint adventurer," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

13.    Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*investments* . . . entered into," "letters of intent," and "other such agreements," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

14.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*investments* . . . entered into," "letters of intent," and "other such agreements," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

15.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all records pertaining to* . . . transfer of . . . *other financial interests*," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

16.     Defendant objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

17.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "All evidence" and "at any time," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

18.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All evidence* of ownership structure," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Defendant also objects to this Request, as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information for individuals, other than the defendants, with interest in parents, subsidiaries or affiliates of the defendants. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

19.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other documents* showing transfer," without defining those phrases and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, it also has no time restriction. Defendant further objects to this Request, as it seeks bills of sale, deeds, contracts, or other documents "executed by Defendant," without connection to any issues in this lawsuit. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

20.     Defendant objects to the Request on the grounds that it is overly broad, as it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

21.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*other evidence*" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, and it has no restriction on time. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or

personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

22.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents* evidencing the ownership," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

23.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents* evidencing the ownership," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

24.   Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*All documents*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence and information which is protected by under trade-secret privilege relating to the core of Defendant's businesses. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

25.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "all documents" and "*other documents . . . relating to* payments" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

26.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "all documents" and "*other documents . . . relating to* payments" without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

27.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all documents relating to* any communications," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges; and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

28.     Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires, "*all documents relating to* expenses or liabilities," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation

requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and information which is protected under attorney-client and attorney work-product privileges; and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

29. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "an*y other evidence of secured interests*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

30. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "*all documents relating to* transfer of ModernAd's *data*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it has no time restriction. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure

31. Defendant objects to the Request on the grounds that it is vague, ambiguous, and overly broad, as it requires information as to "*all documents relating to* transfer of Acquinity's *data*," without defining that phrase and requiring Defendant to guess as to the meaning and extent of documentation requested and which could potentially incorporate documents not reasonably calculated to lead to the discovery of admissible evidence, information which is protected by under trade-secret privilege relating to the core of Defendant's businesses, and it

has no time restriction. Further, Defendant objects to the request as phrased as it would encompass information protected under attorney-client and attorney work-product privileges. Defendant further objects to this Request on the basis that it seeks confidential non-public information of a financial, commercial, and/or personal nature, some of which may constitute trade secrets or proprietary information, including trade secrets or other confidential business, development, and commercial information which are sufficiently proprietary or competitively sensitive that there is a reasonable likelihood that their disclosure might cause competitive injury, such that the entry of appropriate protective order is required prior to disclosure.

Respectfully submitted,

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Roland Potts (FBN 087072)
rp@@lydeckerdiaz.com
LYDECKER │ DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Fedex on this 18th day of November, 2013, to the following listed below:

s/ Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com