# Exhibit D

# LEWIS & LIN LLC

45 Main Street, Suite 608
Brooklyn, NY 11201-8200
>>>Tel: (718) 243-9323
>>>Fax: (718) 243-9326

www.ilawco.com

November 22, 2013

**VIA EMAIL ONLY**
Joan Carlos Wizel
Lydecker Diaz
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
Tel: (305) 416-3180
Email: jcw@lyderckerdiaz.com

   Re:   Pulsepoint, Inc. v. 7657030 Canada Inc., et al.

Dear Mr. Wizel:

   We write regarding Defendants' failure to comply with Magistrate Judge William Matthewman's Order dated October 31, 2013. Judge Matthewman ordered Defendants to produce documents in response to Plaintiff's discovery requests within 14 days from the date of service. On November 1, 2013, Plaintiff served its First Request for Production as modified by the Order. As such, Defendants' responses were due by November 15, 2013.

   As of the date of this letter, Defendants have not produced a single responsive document, nor have stated that documents would be forthcoming. We acknowledge receipt of Defendants' Objections to Plaintiff's First Request for Production dated November 18, 2013. However, not only were the purported objections untimely, but also were wholly without merit.

   Moreover, Defendants' argument that by filing objections to Judge Matthewman's Order that Defendants are somehow relieved of their obligations to comply with the Order is also without merit. It is well-settled that "[e]ven though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, Case No. 8:11-cv-02732-T-27AEP (M.D. Fla March, 11, 2013). "As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order." *Id.* (emphasis added)*; see also Maness v. Meyers,* 419 U.S. 449, 458 ("all orders and judgments of court must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal."); *Carlucci v. Piper Aircraft Corp., Inc.,* 775 F.2d 1440, 1448 (11th Cir. 1985) (failure to comply with discovery order absent a stay of that order justified substantial Rule 37 sanctions). Thus, while Defendants' have filed an improperly docketed Motion to Stay, a stay has not been granted and Defendants must comply with Judge Matthewman's Order immediately.

2

  Plaintiff will give Defendants an opportunity to correct their non-compliance and produce responsive documents by **5:00PM on Monday, November 25, 2013**. Should Defendants fail to comply by Monday, Plaintiff will move the Court to enforce the Order, compel production of the requested documents, and issue Rule 37 sanctions and attorney's fees.

                     Regards,

                     Justin Mercer, Esq.

cc: Tim Hartley, Esq.
   Brett Lewis, Esq.

2