UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

       Plaintiff,                         CASE NO.: 0:13-CV-61448

       v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA LLC;
WARREN RUSTIN, an individual;
8333947 CANADA INC. and JOHN DOES 1-100,
       Defendant.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO STAY

Plaintiff Pulsepoint, Inc., f/k/a Datran Media Corp. ("Plaintiff" or "CREDITOR"), by and through its undersigned counsel, hereby submits the following memorandum of law in response to the Objections to the Magistrate's Report and Recommendation ("Objections"), filed by Defendants 7657030 Canada, Inc., d/b/a Acquinity Interactive, f/k/a ModernAd Media LLC, f/k/a PureAds; ModernAd Media LLC; Acquinity Interactive, LLC; and Warren Rustin (collectively "Defendants").

### INTRODUCTION

Upon careful consideration of the papers submitted by the parties and following oral argument, Hon. William Matthewman denied Defendants' motion to dismiss the Amended Complaint, or, in the Alternative, Motion to Stay ("Motion to Dismiss"). Defendants argued that the contractual limitations clauses in an underlying software license and master services

agreement between Plaintiff and Defendant ModernAd Media LLC ("ModernAd") bar Plaintiff's fraudulent conveyance and de facto merger claims against Defendants.   In other words, Defendants, including entities that did not exist at the time the underlying agreements were entered into, and, which were alleged by Plaintiff to have been created for the express purpose of evading a debt, would be shielded from liability for making fraudulent conveyances.  The Court rejected the proposition that non-parties to a contract who conspire to hide a debtor's assets should be immune from liability if there was a contractual limitations clause in the underlying agreement pursuant to which the debtor was liable. Judge Matthewman also declined Defendants' invitation to apply the contractual limitations period at issue to entities that did not exist at the time of the formation of the contract, were not signatories to the contract, and were formed for the express purpose of evading contractual payment obligations (i.e., claims), *and* the Judgment, as well as to individual officers and shareholders of Defendants.   Finally, Judge Matthewman rejected Defendants' baseless argument that a fraudulent conveyance cannot exist in the absence of a judgment – under Florida law, all that is needed is the existence of a *claim*. Fl. UFTA § 726.102(3) ("Claim" means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"); UFTA §§ 726.105, 726.106.[1]

As Judge Matthewman found, "the one-year contractually-imposed limitation for bringing a lawsuit does not apply to the current action."  [DE 49] at 5.  Judge Matthewman found that, "[t]he contract dispute has already been litigated; not only did the arbitrator issue an award

---

[1] Defendants' attack on the Magistrate's Report and Recommendations is wholly lacking in substance.  Defendants should be charged with knowledge of the Florida statute under which Plaintiff seeks relief.  Indeed, Defendants' counsel was expressly made aware of the statute's requirements in court. DE 50, Tr. 21:14-22:4.  Defendants' insistence that Judge Matthewman, nonetheless, erred by failing to dismiss fraudulent conveyance claims that were predicated on Defendants' scheme to avoid paying Plaintiff's *claims*, is puzzling, unless viewed in the context of delay.

in Plaintiff's favor, but a New York state court judge entered a final judgment in favor of Plaintiff" – a judgment that Defendant ModernAd did not contest. [DE 49] at 5. Judge Matthewman rightly found that "[t]he current lawsuit pertains instead to past and ongoing transfers of assets involving the Moving Defendants," and further concluded: "[m]oving Defendants' argument that the transfers were intended to avoid liability of a contract rather than a final judgment is unavailing." *Id.* at 5-6.  Judge Matthewman noted Defendants' failure to, "cite any case law for the proposition that a contractual one-year limitation of liability period should apply in a case alleging fraudulent transfers and *de facto* mergers against both a party to an underlying contract and against several non-parties to the contract who did not even exist at the time that the contract was executed." *Id.* at 6.  Judge Matthewman found the cases cited by Defendants to be "easily distinguishable," and found that "[t]he instant Complaint is not governed by the one-year statute of limitations contained in the agreements." *Id.*  Based on the foregoing, Judge Matthewman recommended that the motion to dismiss be denied.

Judge Matthewman also denied Defendants' request for a stay, finding first that Defendants have not established that the pending state cases and federal case were parallel. [DE 49] at 8.  After conducting a thorough analysis, the Magistrate Judge found that "both the issues and the parties are distinct, and the cases are not parallel." *Id.*  Judge Matthewman further found that "[e]ven if the actions were parallel, the factors weigh against staying the case." *Id.*  This action is a separate action, asserting different claims arising out of a different set of facts from either the domestication proceeding or the appeal.  There are no claims pending in the domestication action – Plaintiff has merely sought discovery in aid of execution.  Defendants' assertion that this Court cannot rule as long as the dismissal of Defendants' state court claims is

pending constitutes a thinly-veiled attack on the validity of the Judgment – a Judgment that Defendant ModernAd has not disputed or contested, despite having had the opportunity to do so.

Accordingly, Judge Matthewman properly recommended that this Court deny Defendants' motion to stay.

## ARGUMENT

### I.    Defendants' Motion To Dismiss Must Be Denied

*Defendants' reliance on the contractual limitations clause in two agreements unrelated to this action is misguided and incorrect*

The MSA and Skylist Agreement contain identical contractual limitations provisions. [DE 28] at Exhibits E and F.  Neither of those provisions is intended to apply to non-parties to those agreements, or to shield parties who conspire to assist ModernAd to evade a claim or a binding Judgment by fraudulently conveying its assets and dividing them up between themselves.  Defendants assert that the contractual limitations clauses apply to entities that did not exist at the time of the contract – i.e., Defendants Acquinity, Inbox Direct, and the various John Doe entities – and to individual officers and owners of the company – i.e., Defendant Rustin.  Unless Defendants are contending that Acquinity and the John Doe entities are successors-in-interest to ModernAd, and liable for all of its debts, or that Defendant Rustin is the alter-ego of ModernAd and, similarly, personally liable for all of its debts, there is no colorable argument for investing these entities with rights under the agreements at issue.  The limitations clauses at issue clearly apply to *contractual* disputes between Plaintiff and ModernAd.

Nor do the contractual arbitration clauses avail Defendants.  Those clauses provide: "[a]ny dispute or controversy arising out of or related to this agreement or any breach hereof shall be settled by binding arbitration…" [DE 28] at Exhibit E, § 12.1.  Again, this clause plainly applies to *contractual* disputes between Plaintiff and ModernAd.  The language "arising out of or

related to this Agreement" clearly was **not** intended to cover the fraudulent conveyance of assets by a party to a non-party to avoid paying a claim. The MSA and Skylist Agreements were standard commercial contracts containing provisions relating solely to the duties and obligations of the signatory parties in regard to access to technology to be used in connection with email marketing and email database management services. [DE 28] at Exhibits E and F. There is nothing within the provisions of the agreements to indicate that either party intended to include the fraudulent conveyance of assets to evade claims or judgment collection within the scope of either of the agreements. *Id.*

Defendants' argument that Plaintiff knew about the facts that give rise to its causes of actions is both irrelevant and incorrect. First, Plaintiff's claims under the Florida Uniform Fraudulent Transfer Act ("FUFTA") depend on facts and circumstances outside of any contractual rights or obligations provided by the MSA and Skylist Agreements. Thus, the contractual limitations clauses within those agreements clearly do not apply, and Defendants' argument that Plaintiff allegedly *knew* that it was being defrauded is irrelevant. In any event, the Amended Complaint clearly alleges that Defendants deliberately hid the fact that ModernAd had transferred all of its assets to Acquinity. [DE 28] at ¶¶ 25-30, 39. Defendants intentionally misled Plaintiff into believing that ModernAd was still a going concern, long after that had ceased to be the case.

Thus, this Court should deny Defendants' motion to dismiss in its entirety, in accordance with Judge Matthewman's report and recommendation.

## II.     This Court Should Retain Jurisdiction And Deny Defendants' Motion To Stay

*The Court should not dismiss this action under the Colorado River abstention doctrine.*

Abstention is the exception, not the rule.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "Abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it and may only be allowed in exceptional circumstances where abstaining would clearly serve a countervailing interest."  *Barak v. Lips*, Case No. 10-21580-CIV-KING (S.D. Fla. August 6, 2010)(internal quotations and citations omitted).  As such, there is a strong presumption disfavoring abstention and in favor of exercising jurisdiction.  *Id.* (*citing Ambrosia Coal and Construction Co. v. Pages Morages*, 368 F.3d 1320, 1332-34 (11th Cir. 2004)).  First in determining whether abstention is appropriate, the Court must decide if the federal and state court actions are parallel, i.e. if "proceedings involve substantially the same parties and substantially the same issues." *Ambrosia*, 368 F.3d at 1330; *see Colorado River*, 424 U.S. 800.  If the Court determines that the actions are parallel, then *Colorado River* outlines a six-prong balancing test courts must follow:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Id.* at 1331; *see also Colorado River*, 424 U.S. 800 (1976).

"No single factor is dispositive," and federal courts "are required to weigh the factors with a heavy bias favoring [their] obligation to exercise the jurisdiction that Congress has given them." *Jackson-Platts v. General Electric Capital Corp.*, Case No. 11-14379 (11th Cir. August 22, 2013).  In the instant matter, Defendants have failed to establish that parallel state court litigation exists or that this action meets the narrow exception to the rule.

As a threshold matter, Judge Matthewman rightly concluded that the Colorado River analysis is inapplicable here, because no parallel state court litigation exists. [DE 49] at 8. The

parties and issues in the referenced proceedings are substantially different. The instant proceeding is a fraudulent conveyance and *de facto* merger action.

First, Plaintiff's domestication proceeding is not parallel as it is not an "action" at all, but rather a statutory device to validate foreign judgments in lieu of filing a new and independent action. *See* Fla. Stat. § 55.501 et seq. That ministerial process has no effect or relation to the claims that Plaintiff asserts in federal court herein. Notably, ModernAd has taken no action to stay or otherwise contest the domestication. While the statute simplifies the domestication process, it does not preclude Plaintiff from commencing an action to otherwise enforce the judgment. *See* Fla. Stat. § 55.502. In addition, discovery in aid of execution is a statutory right of a judgment creditor. *See* Fla. R. Civ. P. 1.560. Nonetheless, as Judge Matthewman found, domestication of a foreign judgment and/or discovery in aid of execution thereof is not the same as a fraudulent conveyance action. [DE 49] at 8. Defendants' conclusory argument that they are is unsupported by any authority.

Second, ModernAd's state court action is not parallel, nor will it serve as a set off against Plaintiff's judgment, as its claims therein are derived from an entirely *separate agreement* – the List Management Agreement. In that action, ModernAd asserted different claims arising out of a different set of facts from the facts underlying the Judgment. Defendant asserted virtually identical claims in the arbitration, which claims were denied in their entirety. Defendants' convenient omission of these determinative facts is telling. Simply put, those cases have nothing to do with the issues presented in this one. Defendants have failed to submit any evidence to the contrary.

Finally, neither of the aforementioned actions contains the same parties. Plaintiff's domesticated judgment is against ModernAd only and ModernAd's state court action only names

Plaintiff as a party.   None of the remaining Defendants herein (Acquinity, Warren Rustin, 7657030 Canada Inc., 8333947 Canada, Inc., or the John Doe entities) are named litigants in the other proceedings.   As there is not substantial similarity between the parties or the issues in this action and the referenced state court proceedings, this Court should not apply the *Colorado River* doctrine.

Should, assuming *arguendo*, the Court determine that either of the state court proceedings are parallel, the Colorado River factors favor this Court retaining jurisdiction, as Judge Matthewman also concluded. [DE 49] at 7-8.   The first and second factors do not favor abstention.   First, neither the state court nor this Court has retained jurisdiction over any property.   In fact, this factor generally applies to proceedings *in rem*, and a judgment is not real property. *See Jackson-Platts*, Case No. 11-14379 (11th Cir. 2013).   Second, the federal forum in the Southern District of Florida is just as convenient as the Florida State fora.   The third factor also favors retaining jurisdiction because, as stated above, the issues being litigated (or, technically, domesticated) in state court are substantially different.   Thus, there is no fear of piecemeal litigation.

As to the fourth factor, while the state court actions predate the filing of this federal court action, "this factor should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Ambrosia*, 368 F. 3d at 1333.   Here, there has not been much progress in either state court matter.   For instance, the domestication of Plaintiff's judgment is pending and there has been only preliminary discovery taken.   The state court domestication action has not named any parties other than ModernAd as defendants and the minimal discovery that has been taken to date has been discovery in aid of execution directed solely to ModernAd.   Likewise, ModernAd's state court action is on appeal

from a pre-answer motion to dismiss, and has no bearing on the validity of the Judgment.  Thus, no discovery or litigation otherwise has occurred.  As such, the fourth factor does not weigh in favor of abstention.

Fifth, the fact that some of Plaintiff's claims are brought under state law does not favor abstention.  Plaintiff brings claims under the Florida fraudulent conveyance statutes, FUFTA, while neither state court proceeding includes similar claims.  Moreover, the claims presented herein under FUFTA are not complex and do not have any bearing on state policy such that would favor abstention or deferral to state court adjudication. *See Colorado River*, 424 U.S. at 815 ("While state claims are involved in this [federal] case, the state law to be applied appears to be settled. No questions bearing on state policy are presented for decision."); *Jackson-Platts*, Case No. 11-14379 (11th Cir. 2013) ("Nothing suggests that Florida's UFTA is the kind of complex law that raises thorny and difficult state law questions; federal courts are regularly called upon to resolve state law claims of fraud, including claims arising under Florida's UFTA."); *see also Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1497-1501 (11th Cir. 1997).  Similarly, because Defendants failed to demonstrate that the state court actions involve "difficult questions of state law bearing on policy problems," Judge Matthewman also correctly determined that the Burford doctrine is in applicable here. See [DE 49] at 9; *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

Finally, the sixth factor does not favor abstention because Plaintiff's rights as a judgment creditor will have no protection in the state court proceedings. The domestication proceeding is not an action. This is an entirely separate action whose purpose is to bring in new entities that have taken assets, which rightfully should have been used to pay the judgment against ModernAd. No such claim has been made as of this date in the state court action. Moreover,

ModernAd is already evading collection of the judgment and has purposely delayed discovery in aid thereof.[2]   Next, ModernAd's state court action relates only to a separate agreement with Plaintiff.   Neither proceeding is a proceeding in which Plaintiff could assert its fraudulent transfer claims against Defendants.

As the Colorado River factors weigh against abstention and the Burford doctrine is inapplicable, for the reasons stated in Judge Matthewman's Report and Recommendation and above, Defendants motion to stay thereunder should be denied.

Dated: November 27, 2013
      Fort Lauderdale, Florida

**HARTLEY LAW OFFICES, PLC**
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 357-9973
Facsimile: (954) 357-2275
Email: hartley@hartleylaw.net

By:  /s/ Timothy M. Hartley
TIMOTHY M. HARTLEY
FL BAR NO. 979066

**LEWIS & LIN, LLC**
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: brett@iLawco.com
justin@iLawco.com

By:  /s/ Brett Lewis
BRETT E. LEWIS
JUSTIN MERCER

*Attorneys for Plaintiff*

---

[2] Defendants have also violated Judge Matthewman's discovery Order, dated October 31, 2013 [DE 48], by objecting in whole cloth to all of Plaintiff's document requests, and refusing to produce any documents.   On November 26, 2013, Plaintiffs moved to compel Defendants to produce responsive documents, and for sanctions. *See* [DE 61].