UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

PULSEPOINT, INC., f/k/a PLAINTIFF
MEDIA CORP.,

    Plaintiff,                                        CASE NO.: 0:13-CV-61448

    v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA LLC;
WARREN RUSTIN, an individual,
8333947 CANADA INC; and JOHN DOES 1-100,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE
MAGISTRATE'S ORDER GRANTING PLAINTIFF'S CORRECTED AND AMENDED
MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Pulsepoint, Inc., f/k/a Plaintiff Datran Media Corp. ("Plaintiff" or "CREDITOR"), by and through its undersigned counsel, hereby submits the following memorandum of law in response to Defendants' Objections to the Magistrate's Order Granting Plaintiff's Corrected and Amended Motion for Expedited Discovery ("Order"), dated October 31, 2013 ("Objections"), filed by Defendants 7657030 Canada, Inc., d/b/a Acquinity Interactive, f/k/a ModernAd Media LLC, f/k/a PureAds; ModernAd Media LLC; Acquinity Interactive, LLC; and Warren Rustin (collectively "Defendants").

## INTRODUCTION

Upon careful consideration of the papers submitted by the parties and following oral argument, Hon. William Matthewman granted Plaintiff's Corrected and Amended Motion for Expedited Discovery ("Discovery Motion"). Judge Matthewman considered and rejected

Defendants' alternative arguments, renewed here, that: (1) there was no evidentiary basis for a finding of good cause, and (2) the scope of Plaintiff's proposed document requests was overbroad.  Judge Matthewman found that Plaintiff had submitted evidence – including an affidavit from a former officer of Defendant ModernAd, and letters from Modern Ad and Acquinity's CEO and CFO – that:

- Defendants had engaged in at least one fraudulent transfer in connection with the transfer of substantially all of ModernAd's assets to Acquinity; [DE 28] at ¶¶ 44-57.

- Defendants, or common officers of the Defendants, hid the nature and extent of the transfer of substantially all of Defendant ModernAd's assets to Defendant Acquinity; [DE 28] at ¶¶ 28-29.

- Defendants recently formed a new entity, Defendant 8333947 Canada, Inc. ("Inbox Direct"), which owns a domain name and Web site, located at www.inboxdirect.com (The "Inbox Direct Web site"); and

- The Inbox Direct Web site offers the same services first offered by Defendants under the name ModernAd, and later under the name Acquinity. [DE 28] at ¶¶190-192.

In addition, Plaintiff alleged that Acquinity recently transferred assets to Inbox Direct, as well as other entities – the names of which are as yet unknown to Plaintiff. [DE 28] at ¶¶ 6, 190-192; [DE 33] at 3-4; [DE 50], Tr. 42:2-43:22.  When Defendants' counsel claimed that such allegations were conclusory, Plaintiff's counsel offered to drop Plaintiff's request for expedited discovery, if Defendants' counsel would represent on the record that no such entities existed and that no such transfers were taking place. [DE 50], Tr. 41:1-5 and 54:9-13.  When given the

2

opportunity, Defendants' counsel made no such denial, nor could he without making a false statement. Id. at Tr. 41:3-5. Defendants claim that Plaintiff has failed to submit evidence of their continuing fraud, but when offered the opportunity to deny that such fraud is ongoing, counsel said nothing. Id. Nor do Defendants' Objections deny that Defendants have transferred assets to new entities. Counsel's silence speaks volumes.

Defendants fail to identify any finding of Judge Matthewman's that constitutes *clear error* or is otherwise *contrary to law*. Instead, Defendants attack Judge Matthewman's Order as lacking in findings of fact. [DE 54] at 2-3. As stated above, however, a review of the Order and Transcript, establish that Judge Matthewman considered and relied upon the evidence of record before ruling. That Defendants disagree with Judge Matthewman's exercise of discretion does not make it *clearly erroneous* or *contrary to law*.

Accordingly, Plaintiff respectfully requests that Judge Matthewman's Order be affirmed by the Court, and Defendants' Objections overruled.

## ARGUMENT

**AS THE MAGISTRATE FOUND THAT GOOD CAUSE EXISTS TO SERVE LIMITED, EXPEDITED DISCOVERY, HE CORRECTLY GRANTED PLAINTIFF'S MOTION.**

**A.     Judge Matthewman's findings are not clearly erroneous or contrary to law**

A magistrate judge's ruling on a non-dispositive matter must be affirmed absent clear error or where contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Magistrate Rule 4(a)(1). "The 'clearly erroneous or contrary to law' standard of review is extremely deferential." Tolz v. Geico General Insurance Co., et al., Case No. 08-cv-80663, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010)(Marra, J.). "A finding is clearly erroneous only if 'the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed.'" Id. (citing Krys v. Lufthansa German Airlines,

3

119 F.3d 1515, 1523 (11th Cir. 1997))(emphasis added).  In reviewing the magistrate's findings, the Court must look both to the Magistrate's Order and the transcript of the oral argument. U.S. v. Farias-Gonzalez, 556 F.3d 1181, 1184 (11th Cir. 2009)("As required under 28 U.S.C. § 636(b)(1), the district judge conducted a de novo review of the record, reviewing the transcripts of the suppression hearings in ruling on the objections.").

Moreover, just because the reviewing court may have decided the issue differently "is not sufficient to overturn a decision when there are two permissible views of the issue." Pendlebury et al. v. Starbucks Coffee Co., Case No. 04-80521, 2007 WL 4592267, at *2-3 (S.D. Fla. December 28, 2007) (Marra, J.); see also Horton v. City of Thomasville School Dist., 425 F.3d 1325, 1351 (11th Cir. 2005)("If the [factfinder's] account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); Pino v. Prudential Ins. Co of America, 689 F.Supp. 1358, 1361 (E.D. Pa. 1988)("Consistent with [Fed. R. Civ. P. 72(a)] and its purpose, however, the Court does not consider *de novo* the arguments of counsel raised before the Magistrate and rejected by him, nor do we consider additional arguments which do not demonstrate that his decision is clearly erroneous or contrary to law.").  An order is contrary to law only when it fails to apply or misapplies relevant statues, case law or rules of procedure. See Tolz, 2010 WL 384745, at *2. At best, Defendants Objections raise an alternative view of the evidence that Judge Matthewman chose not to adopt – not clear error.

    1.    <u>Legal Standard</u>

Courts have "broad discretion in managing pretrial discovery matters." Klay v. All

4

Defendants, 425 F.3d 977, 982 (11th Cir. 2005)(quoting Perez v. Miami-Dade Co., 297 F.3d 1255, 1263 (11th Cir. 2002)). Courts in this Circuit utilize a "good cause" standard in deciding whether to grant a request for expedited discovery. Biosense Webster, Inc. v. Scott, 2013 WL 1611338 at *1 (M.D. Fla. April 15, 2013); Dell, Inc. v. BelgiumDomains, LLC, 2007 WL 6862341 at *6 (S.D. Fla. Nov. 21, 2007); see Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Judge Matthewman considered the following factors in determining whether "good cause" exists to grant expedited discovery in the instant matter: (1) the context of the request, including whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the responding party in complying with the request; and (5) the timing of the request, including how far in advance of the typical discovery process the request was made. See [DE 48] at 2; see also Biosense, 2013 WL 1611338, at *1 (citing Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth., 234 F.R.D. 4, 6 (D.D.C. 2006)).

       2.       Judge Matthewman Applied the Correct Standard

Judge Matthewman applied the above factors to the facts at issue and found: "[t]he third, fourth, and fifth factors clearly weigh in Plaintiff's favor." [DE 48] at 2. Defendants do not deny that Judge Matthewman utilized the proper standard in considering and granting Plaintiff's motion for expedited discovery. Applying that standard, Judge Matthewman found that there was sufficient evidence that Defendants had already engaged in at least one fraudulent transfer. DE 50, Tr. 45:15-46:8. Rejecting Defendants' claim that Plaintiff had failed to submit any additional evidence of a fraudulent conveyance, Judge Matthewman stated:

> The Court: Well, they did attach some things to their complaint. There was a letter. There were letters. There was an affidavit that was filed.

> There were letters that indicated that from a reading of it, it seemed to indicate that Modernad was transferring its assets to Acquinity and Acquinity just was going on and doing the same business as Modernad had been doing, and yet trying to, according to the plaintiff, get any assets that the plaintiff might be able to collect upon out of the reach of the plaintiff creditors.
>
> So I mean I read the complaint. I read the attachments to the complaint. There are some, I don't know if they were memos or letters written by the defendant's president or CEO, or whoever it was explaining to their customers about the new company and how it is going to work, and I read all of that.
>
> I mean so it is more than just, <u>I think it is more than just conclusory. I mean, there are some facts contained in the complaint in the attachments</u>.

(Emphasis added) [DE 50], Tr. 45:15-46:8.

Defendants' argument that Judge Matthewman failed to make factual findings falls flat. The transcript is full of factual findings made by the Judge, which supply the basis for his finding of good cause. Farias-Gonzalez, 556 F.3d at 1184 (noting that the reviewing court must consider the transcript of the proceedings together with the written order in evaluating whether the magistrate judge's findings were clearly erroneous).

Furthermore, Defendants have not denied that ongoing transfers occurred or are occurring. When given the opportunity— both in their papers and at the hearing—to deny that new entities had been formed and assets were being transferred, Defendants were conspicuously silent. Expedited discovery is necessary to identify potentially liable entities. Defendants counter that Plaintiff lacks sufficient evidence of ongoing fraudulent activity to justify expedited discovery. [DE 54] at 2-3. It is difficult, however, to prove an ongoing fraud when the perpetrators of such fraud both possess and conspire to hide the evidence. Nonetheless, as Judge Matthewman heard and determined, Plaintiff submitted sufficient evidence of fraud to establish good cause for expedited discovery.

### B.     The Scope and Timing of the Expedited Discovery is Reasonable

At the time of Judge Matthewman's Order, more than two months had passed since Defendants were first served with the discovery requests. The Court noted, and Defendants' counsel agreed, that were it not for the fact that Plaintiff had not been able to locate and serve Defendant Inbox Direct, discovery in the ordinary course would have already commenced. [DE 50], Tr. 40:17-41:3. Defendants' argument that expedited discovery is somehow prejudicial and/or unwarranted is belied by the posture of the matter. More than three months have now passed since Defendants were first served with a copy of the discovery requests. Defendants' insistence that Judge Matthewman erred by granting expedited discovery, when the Complaint in this Action was filed in July and Defendants have been sitting on Plaintiff's document requests for three months, is specious, at best. Accordingly, there was no prejudice to Defendants in ordering them to comply with "expedited" discovery requests.

Second, again at the hearing, Judge Matthewman explicitly addressed Defendants' concerns regarding the scope of discovery, and found that Plaintiff's proposed requests were relevant. See DE 50, Tr. 50:18-51:21. Judge Matthewman also found that the scope of such requests, as modified by the Discovery Order, was appropriate. See id. Again, Judge Matthewman considered and rejected Defendants' objections to the scope of the requests. Id.; see also Pino, 689 F.Supp. at 1361 ("[T]he Court does not consider *de novo* the arguments of counsel raised before the Magistrate and rejected by him. . .").

Defendants have refused to produce any responsive documents, notwithstanding Judge Matthewman's Order, and, instead, have sought a stay of that Order pending this Court's ruling on their objections. On November 26, 2013, Plaintiffs moved to compel Defendants to produce responsive documents, and for sanctions. See [DE 61]. That motion is currently pending.

7

## CONCLUSION

For the foregoing reasons, Judge Matthewman's well-reasoned Discovery Order should be affirmed. Defendants present nothing more than rehashed arguments and alternative views of the evidence, and fail to establish that Judge Matthewman's Discovery Order was *clearly erroneous* or *contrary to law*. Accordingly, Plaintiff respectfully submits that this Court must overrule Defendants' Objections.

**DATED** this 29th day of November, 2013.

*HARTLEY LAW OFFICES, PLC*
Attorneys for Plaintiff
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 357-9973
Facsimile: (954) 357-2275
Email: hartley@hartleylaw.net

By: /s/ Timothy M. Hartley
TIMOTHY M. HARTLEY
FL BAR NO. 979066

*LEWIS & LIN, LLC*
Attorneys for Plaintiff
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Email: brett@iLawco.com

By: /s/ Justin Mercer
BRETT E. LEWIS
JUSTIN MERCER

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 29, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and on all counsel or parties of record identified on the attached service list below via email and/or U.S. Mail.

/s/Timothy M. Hartley
Timothy M. Hartley, Esq.
Hartley@hartleylaw.net
HARTLEY LAW OFFICES, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, Florida 33316
Tel. 954-357-9973
Fax: 954-357-2275
Attorney for Plaintiff

## SERVICE LIST

***Onier Llopiz, Esq.*** (FBN 579475)
Email: ol@lydeckerdiaz.com
***Joan Carlos Wizel, Esq.*** (FBN 37903)
Email: jcw@lydeckerdiaz.com
Email: rb@lydeckerdiaz.com
***Roland Potts, Esq.*** (FBN 087072)
Email: rp@lydeckerdiaz.com
Email: ag@lydeckerdiaz.com
LYDECKER DIAZ
1221 Brickell Avenue 19th Floor
Miami, Florida 33131
Tel. 305-416-3180
Fax: 305-416-3190
Attorneys for Defendants