UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

     Plaintiff,
v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

     Defendants.
_____/

**7657030 CANADA INC., ACQUINITY INTERACTIVE, LLC, MODERNAD MEDIA LLC, AND WARREN RUSTIN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE ORDER GRANTING PLAINTIFF'S MOTION FOR <u>EXPEDITED DISCOVERY AND MOTION TO STRIKE SAME</u>**

Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC ("Acquinity"), ModernAd Media LLC ("ModernAd"), and Warren Rustin (collectively "Defendants"), by and through undersigned counsel, hereby file this Response in Opposition of Plaintiff's Motion to Enforce this Court's Order Granting Plaintiff's Motion for Expedited Discovery ("Motion") (DE 61). On October 31, 2013, Magistrate Judge Matthewman entered an Order Granting Plaintiff's Corrected and Amended Motion for Expedited Discovery ("Order") (DE 48) allowed the discovery to be propounded prior to the Rule 26(f) conference taking place, and gave Defendants "14 days from the date of service of the requests to respond to them." (DE 66 at 1) (emphasis added). Contrary to Plaintiff's assertions, Defendants timely served responses to Plaintiff's requests on November 18, 2013. As such, Plaintiff's Motion should be denied. In addition, to the

extent Plaintiff seeks to overrule objections to particular requests, Plaintiff's Motion should be stricken because Plaintiff has failed to comply with Local Rule 26.1(h)(2), which requires Plaintiff to state separately for each request the item to be compelled, the specific objections, the grounds assigned for the objection, and the reasons assigned as supporting the motion as it relates to that specific item.

## ARGUMENT

### I. Plaintiff's Motion Should be Denied Because Defendants' Have Not Failed to Comply with the Magistrate Judge's Order

Defendants have not failed to comply with the Magistrate Judge's Order which required Defendants' to respond to Plaintiff's requests within fourteen (14) days of service of those requests. The Magistrate Judge's Order requires Defendants to *respond* to the discovery request within fourteen (14) days, which they have done. They have also proposed a good faith meet and confer to resolve disputes over the objections to the discovery requests and narrow the issues for production of documents, which Plaintiff has unreasonably refused.

#### A. Plaintiff Misconstrues the Magistrate Judge's Order

As the Court noted in its Order affirming the Magistrate Judge's Order, "[t]he Magistrate Judge ruled that Plaintiff may issue the request for production, limited to a 3-year period and Defendants would have 14 days from the date of service of the requests *to respond to them*." (DE 66, at 1) (emphasis added). *See also* (DE 48, at 3) ("Defendants shall have 14 days from the date of service of the requests *to respond to them*) (emphasis added). Plaintiff erroneously claims that the Magistrate Judge's Order "cleary [sic] requires the production of the withheld documents." (DE 61, at 4). Nothing in the Magistrate Judge's Order prohibited Defendants from asserting objections to the individual requests for production.

2

In fact, Plaintiff in its Motion quotes a selective section of the transcript of the hearing on the Motion for Expedited Discovery to claim that it was clear that (despite the express language of the Order) the Court ordered Defendants to produce documents, it misleadingly leaves out the relevant discussion of the potential specific objections to the requests that were not at issue:

> **THE COURT: . . . What harm could there be to you in expedited discovery to allow them to do some discovery now before they are able to serve that last remaining defendant and have a scheduling conference?**
>
> MR. WIZEL: Right. Your Honor, keep in mind that when they filed their motion, they asked for expedited discovery asking for 7 days to return of all of these requests.
>
> **Now, we are not talking about the merits of discovery, other than the scope because it is relevant to the expedited discovery as warranted, and you are right.**
>
> If they had served the other defendant, we would be now probably starting the discovery process, and that's an option, that, you know, we are not being unreasonable. I think we could work that out under regular discovery rules. You know, they are asking for a 7 day turn around.

*See* (DE 50, Tr. 50:7-17) (emphasis added to show portions omitted by Plaintiff).

Plaintiff further quotes a portion of the Magistrate Judge's continued interaction with counsel on this issue, but again omits an important portion of the discussion dealing with the merits of the discovery requests:

> THE COURT: On the other hand, I don't want to be overbearing on the defendants and require discovery that cannot be complied with or that is too short of a time frame.
>
> I think there might be some middle of the road area there, but I haven't decided the issue yet, but if I did, and if, in fact, I felt expedited discovery might be appropriate, then there may be some modification of the request for production that would be needed.
>
> MR. WIZEL: Yes, Your Honor, but I just want to be clear that what they are asking in their motion is they provided the court with a sense of urgency that there are these transfers going on with no

3

> basis, and that is the motion that we are attacking. **We are not dealing with the specific requests for discovery.**
>
> THE COURT: You are saying there is not a good faith basis for the expedited discovery?
>
> MR. WIZEL: There has been no good cause shown by the plaintiff.

*Id.* at 51:17–52:6.

The discussion held before the Magistrate Judge related to the element of prejudice to the Defendants by having to engage in expedited discovery, not on the particular objections that could be asserted to the requests. Plaintiff's attempt to mischaracterize the exchange should be rejected.

### B. Defendants Responded Timely to the Request for Production and Offered to Resolve Objections, which Offer has been Unreasonably Rejected by Plaintiff

Plaintiff incorrectly suggests that the response to the Request for Production was due on November 15, 2013, and therefore, Defendants' responses served on November 18, 2013 are untimely. Plaintiff purportedly served its Request for Production on November 1, 2013 by U.S. Mail. [DE 61-1], at 7.[1] Rule 6(d) states, "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6. Thus, the response to the Request for Production was due on November 18, 2013. On November 18, 2013, Defendants in fact served their responses to Plaintiff's requests. [DE 61-3]. Plaintiff's calculation of the deadline as November 15, 2013 fails to account for Rule 6(d).

---

[1] It should also be noted that Defendants' never received service of Plaintiff's Request for Production by U.S. mail or any other service method authorized by Federal Rule of Civil Procedure 5(b). While Plaintiff served the discovery via e-mail, there was no consent in place for service by e-mail.

4

In their good faith conference to resolve this Motion, Plaintiff's counsel took issue with the fact that despite the objections, Defendants had not offered to produce documents. It should be noted that, at the time, prior to serving Plaintiff with the Defendants' responses to Plaintiff's requests, Defendants had filed its Objections to the Magistrate's Order ("Objections") [DE 54] and a Motion to Stay the Order pending the Court's ruling on the objections [DE 55] on November 15, 2013. Nonetheless, while Defendants' Objections were pending, Defendants' counsel proposed to Plaintiff's counsel that they stay the Magistrate's Order pending the Court's ruling on the Defendants' Objections, workout the individual objections to Plaintiff's requests, and enter into a proposed stipulated confidentiality order. However, Plaintiff's counsel did not wish to agree and requested that Defendants' withdraw their Motion to Stay the Court's Order prior to Plaintiff being open to discussions about a stay.

Once the Court entered its Order affirming the Magistrate Judge's Order, rejecting the Defendants' Objections, and denying the request to stay the Order pending the ruling on objections as moot [DE 66], Defendants' counsel provided Plaintiff's counsel with a proposed stipulated confidentiality order and offered to produce documents immediately upon entry of the that order. Defendants' have complied with the Magistrate's Order by timely responding to Plaintiff's requests and proposing to enter into a confidentiality order so that Defendants' can produce documents to Plaintiff in the proper manner. *See* correspondence attached as Exhibit A. Plaintiff's argument that Defendants' have been engaging in delay tactics and that Defendants' should have proposed a confidentiality order prior to responding to Plaintiff's requests is unfounded. Defendants were not required to propose to Plaintiff a stipulated confidentiality order prior to the deadline for responding to Plaintiff's requests especially in light of the fact that Defendants' had objected to the Magistrate's Order and did not know if they would even be

5

required to respond to Plaintiff's requests pending the outcome of the Court's ruling. Defendants have also offered a good faith effort to resolve the issues, which has been unreasonably rejected by Plaintiff. Accordingly, Plaintiff has no grounds to now move to compel Defendants' production of documents and this Court should deny Plaintiff's motion.

## II.     Plaintiff's Motion Should be Stricken Because Plaintiff's Motion Fails to Comply With the Requirements of Local Rule 26.1(h)(2)

To the extent Plaintiff takes issue with specific objections to the Request for Production, Plaintiff has failed to comply with Southern District Local Rule 26.1(h)(2) where Plaintiff's Motion completely fails to specifically set forth, verbatim, each request to be compelled in immediate succession. The proposed motion simply states, "Plaintiff requests the Court compel Defendants to immediately produce documents responsive to the First Requests, without further delay." Compliance with Local Rule 26.1(h)(2) is not discretionary. *Habersham Plantation Corp. v. Molyneux*, No. 10-61526-CIV, 2011 WL 1832782, at *3 (S.D. Fla. May 5, 2011) (striking all portions of the plaintiff's motion to compel where the motion failed to comply with the requirements of Local Rule 26.1(h)(2)).

> The rule states that the movant
>
> > shall, for each separate interrogatory, question, request for production ... state: (A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); (D) the reasons assigned as supporting the motion as it relates to that specific item. The party shall write this information in immediate succession (e.g., specific request for production, objection, grounds for the objection, reason to support the motion; next request for production, objection, grounds for the objection, reason to support the motion; and so on) to enable the Court to rule separately on each individual item in the motion.

S.D. Fla. L.R. 26.1(h)(2).

Here, Plaintiff has specifically done what Rule 26.1(h)(2) expressly forbids. Plaintiff has not even attempted to comply with the rule but rather has made its arguments generally and has utterly failed to state verbatim the specific items to be compelled or address Defendants' specific objections and the grounds set forth with respect to each document request. As such, there is no way for Defendants' to properly address any specific issues regarding Plaintiff's request that Defendants' be compelled to produce documents. Accordingly, Plaintiff's noncompliance with Local Rule 26.1(h)(2) warrants Plaintiff's motion be stricken. *See Habersham Plantation Corp.*, 2011 WL 1832782, at *3.

## CONCLUSION

Because Defendants' have not failed to comply with the Magistrate's Order and because Plaintiff's Motion does not comport with the requirements of Local Rule 26.1(h)(2), Defendants' respectfully request this Court to deny Plaintiff's Motion to Enforce this Court's Order Granting Plaintiff's Motion for Expedited Discovery and any other relief this Court deems proper.

Dated: December 9, 2013.                    Respectfully submitted,

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Rachel A. Lyons (FBN 105347)
rlyons@lydeckerdiaz.com
LYDECKER│DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

7

## CERTIFICATION OF COUNSEL PURSUANT TO L.R. 7.1.A.3. REGARDING REQUEST TO STRIKE MOTION TO ENFORCE

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel hereby certifies that he conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but has been unable to do so.

s/ Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 9, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com