**Miami**
*(Also servicing Florida Keys & Ft. Lauderdale)*
1221 Brickell Avenue, Nineteenth Floor
Miami, Florida  33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

**Bonita Springs Office**
*(Also servicing Naples & Ft. Myers)*
27499 Riverview Center Blvd.
Suite 405
Bonita Springs, Florida  34134
Telephone: (239) 444-4380
Facsimile: (239) 444-4381

**Jacksonville**
4720 Salisbury Road
Jacksonville, Florida 32256
Telephone: (904) 493-6475
Facsimile: (904) 493-6026

**West Palm Beach Office**
*(Also servicing Daytona)*
301 Clematis Street, Suite 3000
West Palm Beach, Florida  33401
Telephone: (561) 655-6661
Facsimile: (561) 655-6186

**Orlando**
390 N. Orange Avenue
Suite 1295
Orlando, Florida  32801
Telephone: (407) 255-2070
Facsimile: (407) 641-9517

**Tampa**
4511 North Himes Avenue, Suite 200
Tampa, Florida  33614
Telephone: (813) 449-4270
Facsimile: (813) 873-2330



*Please reply to Miami Office*

December 9, 2013

**Via Email Only**

Timothy M. Hartley, Esq.
Hartley Law Offices, PLC
800 Southeast Third Avenue, Fourth Floor
Fort Lauderdale, Florida 33316
Email: hartley@hartleylaw.net

      **RE:**    **Pulsepoint, Inc. v. 7657030 Canada Inc., et al.**
            Case No. 0:13-CV-61448, USDC Southern District of Florida
            Our File No.: 35105

Dear Tim:

      Please consider this our response to your e-mail of last Friday, December 6, 2013.

      At the outset, we take issue with the representation of the terms of Judge Matthewman's Order on the motion for expedited discovery. The Order allowed the discovery to be propounded prior to the Rule 26(f) conference taking place, and gave Defendants "14 days from the date of service of the requests *to respond to them*." [DE 66] at 1 (emphasis added). Although it is questionable whether the Plaintiff's First Request for Production was served in the manner allowed by the Federal Rules of Civil Procedures (and if it was not, the service was not effected), Defendants did respond to the Request for Production by serving objections.[1]

      When we discussed this with Justin Mercer, he took issue with the fact that we had objected without stating that we would be producing documents despite the objections. As discussed with Justin, we were not in a position at the time to produce documents and thereby either waive or render moot our Objections to the Magistrate's Order, and he rejected our proposal to stay the discovery pending the ruling on the Objections to the Magistrate's Order,

---

[1] Please also note that the calculation of the response date in your e-mail is incorrect, as it does not account for Federal Rule of Civil Procedure 6(d).

Messrs. Hartley and Lewis
December 9, 2013
Page 2 of 2

while engaging in efforts to agree on a confidentiality order and attempt to work out the individual objections to the Request for Production while the ruling was pending.

In light of the District Court's Order affirming the Magistrate's Order, however, we are preparing to produce documents subject to our objections. With that in mind:

(a) we are providing you with a proposed Stipulated Order of Confidentiality and Non-Disclosure (attached); please review and advise if the terms are agreeable so we can submit jointly to the Court; and

(b) we would like to schedule a conference call to discuss the documents we can produce in an attempt to work out the individual objections to the Requests for Production. We should be ready by tomorrow afternoon to provide you with a list of documents we are prepared to produce in lieu of litigating the objections raised. If agreeable, we can then produce documents at that time. Please advise of your availability for the proposed conference.

Thank you for your anticipated cooperation on this matter.

Sincerely,

/s/ Joan Carlos Wizel
Onier Llopiz
Joan Carlos Wizel

Cc: Brett E. Lewis, Esq. [brett@iLawco.com]
    Justin Mercer, Esq. [justin@ilawco.com]