UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

        Plaintiff,                             CASE NO.: 0:13-CV-61448

        v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA LLC;
WARREN RUSTIN, an individual,
8333947 CANADA INC.; and JOHN DOES 1-100,

        Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE THIS COURT'S
ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

        Defendants' Memorandum in Opposition to Plaintiff's Motion to Enforce the Order

Granting Plaintiff's Motion for Expedited Discovery and Motion to Strike Same (the

"Opposition") raises a number of non-meritorious challenges to the enforcement of this Court's

Order Granting Plaintiff's Motion for Expedited Discovery dated October 31, 2013 (the

"Order"). Defendants are unapologetic in their obfuscation. Defendants still contend that the

Court's Order allowed them to file blanket objections to *every* discovery request, claim trade

secret protection in the bills of sale for cars and boats, property leases, and in the names of

Defendants' presidents and CEOs, among other matters. Defendants argue that the Order did not

require them to produce so much as a single document by the deadline ordered by this Court,

affirmed by Judge Marra, and then reiterated by this Court by Order dated December 4, 2013.

Defendants' arguments just do not survive scrutiny.

## ADDITIONAL BACKGROUND

On December 2, 2013, Judge Marra affirmed the Order.  [DE 66].  This Court, by Order dated December 4, 2013, further directed Defendants, "to comply with the Court's Order dated October 31, 2013 (DE 48) in its entirety."  The following day, Judge Marra issued an Order denying Defendants' motion to dismiss or for a stay. [DE 68]. Plaintiff's counsel requested Defendants' compliance with the Order again on December 6, 2013.  On December 9, 2013, for the first time, Defendants provided Plaintiff with a copy of a draft protective order, which Defendants insisted Plaintiff sign before producing any documents. *See* [DE 70] at 5. Defendants also invited Plaintiff to meet and confer about Defendants' objections to Plaintiff's First Request for Production. *Id.*  In response, Plaintiff reiterated its demand that Defendants produce all responsive documents in accordance with the Order. *See* correspondence dated December 9, 2013 attached hereto as **Exhibit A**.

In response to Plaintiff's Motion to Enforce This Court's Order Granting Plaintiff's Motion for Expedited Discovery (the "Motion"), Defendant asserts a number of baseless arguments.  Defendants' arguments are addressed below[1]:

| DEFENDANTS ARGUE | PLAINTIFF CONTENDS |
|---|---|
| Plaintiff misconstrued the Order: <ul><li>The Order did not require Defendants to produce documents;</li><li>The Order did not require compliance until Defendants' Objections to the Order were ruled upon; *See* DE 70 at 5-6.</li><li>The Order merely required Defendants to *respond* – not produce any actual documents. *See id.* at 2.</li></ul> | This Court's Order required Defendants to produce documents within 14 days: <ul><li>The Court Order anticipated the production of *documents*, as supported by the transcript of the October 30, 2013 oral argument (the "Transcript")*; See* DE 50, Tr. 50:7-51:16.</li><li>In the 11th Circuit, the law is clear that a party must comply with a magistrate judge's discovery Order pending an appeal; *See* DE 61 at 6-7 (citing cases).</li><li>The Court gave Defendants extra time –</li></ul> |

---

[1] Most of Defendants' main arguments are addressed in this chart or below.  The failure to address an argument asserted in the Opposition does not constitute the admission of such argument.

| | |
|---|---|
| | 14 days – instead of 7 – to allow Defendants time to compile responsive documents. |
| Plaintiff's Requests are overly broad, unduly burdensome, inexplicably vague, seek trade secrets, and need to be curtailed and negotiated. *See* DE 61 at Ex. C. | The Court found the scope of Plaintiff's proposed requests to be reasonable, subject to the Court's modifications. *See* DE 61 at 4-5; *See* DE 50, Tr. 50:18-51:21. |
| Defendants were not required to produce documents without a protective order:<br><br>• Defendants provided Plaintiffs with a draft protective order after Judge Mara upheld the Order; DE 70 at 5. | Defendants are not *entitled* a protective Order:<br><br>• Defendants have not sought a protective order from the Court;<br>• Defendants first requested that Plaintiff draft a protective order on November 15, 2013; Plaintiff declined to do so;<br>• Defendants waited until 38 days after the Order, and 5 days after Judge Mara's Order, before providing Plaintiff's counsel with such a draft; *See* DE 70 at Exhibit A.<br>• Plaintiff is opposed to the entry of a protective order – Defendants have made no showing why a protective order should be granted with respect to any documents sought to be protected; Defendants used the lack of a protective order as a pretext for delay. |
| Defendants offered to produce documents immediately after the entry of a confidentiality order, which offer was unreasonably rejected by Plaintiff:<br><br>• Defendants requested that Plaintiff agree to a stay of discovery; DE 70 at 5.<br>• Defendants offered to discuss their objections to Plaintiffs' document requests. *Id.* | Five days after Judge Mara affirmed the Order, and after having refused to comply with the Order for over a month, Defendants offered to negotiate over their objections and which documents they would agree to produce, only after a confidentiality order was entered (*see* DE 70 at Ex. A):<br><br>• Defendants have never tendered the documents required by the Order; Defendants' blanket objections to the discovery requests offer no basis for negotiation, even were Plaintiff inclined to agree to a lesser scope of production than what was ordered – which it is not. |
| Defendants' Responses to the First Expedited Requests were timely per Rule 6(d). | As of the date of this Reply, some 40 days after this Court's Order, and 9 days after Judge Marra affirmed the Order, Defendants *still* |

| | have not produced a good faith response or *any* responsive documents.[2] |
|---|---|
| Plaintiff's motion to enforce the Order should be stricken under Local Rule 26.1(h)(2):<br><br>• Plaintiff's motion fails specifically to set forth, verbatim, each request to be compelled in immediate succession. | Local Rule 26.1(h)(2) does not apply:<br>• Rule 26.1(h)(2) applies only in the case of a motion to compel – Plaintiff's motion is to enforce Court-ordered discovery;<br>• In any event, Local Rule 26.1(h)(2) does not apply in the case of "motions grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery." |

## ARGUMENT

## DEFENDANTS CONTINUE TO VIOLATE THIS COURT'S ORDER

During the roughly three years that Plaintiff has sought to collect, first on its claims and later on the Judgment, Defendants have engaged in a similar pattern of using the legal system to delay collection, while on the other hand creating new entities to move their assets out of reach. Plaintiff has been informed that Defendant Acquinity no longer does business under that name, following in the footsteps of Defendant ModernAd. Defendants' actions in this case all have the effect of delaying discovery, while buying Defendants' additional time to create new entities and hide assets. Plaintiff respectfully submits that Defendants' actions in this case are not informed by innocent misinterpretation, but rather as part of a willful and deliberate scheme to evade payment of $2.5 million owed to Plaintiff. In this context, Defendants have repeatedly and stubbornly violated this Court's Orders, and Defendants' counsel have empowered them to do so.

---

[2] Plaintiff mailed Defendants' counsel a hard copy of Plaintiff's First Request for Production on November 1, 2013, and signed an affidavit of service attesting to the same. Defendants' counsel claim not to have received the hard copy, however, do not dispute that they were also served electronically, which service is effective upon transmission. *See* Fed. R. Civ. P. 5(b)(2)(E). Defendants consented to electronic notification through the ECF system, which, Plaintiff submits, constitutes consent to electronic notification. In any event, Defendants still have not complied with the Order in any meaningful way.

**A.     The Court's October 31, 2013 Order Clearly Requires the Production of the Withheld Documents.**

Both parties, ironically, are in the position of advocating what the Court meant when it issued the Order.  No argument on the part of either party will change the scope of the Order or the Court's intent in issuing it.  Plaintiff respectfully submits, however, that a review of the transcript of the oral argument on Plaintiff's motion for expedited discovery strongly supports Plaintiff's belief that the Court intended for Defendants to produce documents in response to Plaintiff's discovery requests – not just file technical, pro-forma, blanket objections. *See* DE 50, Tr. 50:7-51:16.  The transcript of the proceedings contains multiple references, by both parties and the Court, to the production of documents and the time frames for producing such documents. *See* DE 50, Tr. 43:4-44:12, 47:11-23, and 50:18-51:21.

Every action that Defendant has taken, or failed to take, has had the effect of thwarting the intention behind the Order.  If the Court had not intended for Defendants to produce documents, there would have been no reason for the Court to give Defendants 14 days instead of the 7 days requested by Plaintiff.  If there was any ambiguity, whatsoever, about the scope of the Court's Order, it should have been made clear by the Court's December 4, 2013 Order, which provides: "Defendants are expected to comply with the Court's Order dated October 31, 2013 [DE 48] *in its entirety*." [DE 68] (emphasis added).  If Defendants had already complied with the Order, there would have been no need for the Court to remind Defendants of their obligations to comply with the Order. *Id.*  Indeed, at the time of the Court's December 4 Order, Plaintiff's motion to compel had already been filed.   The Court was on notice that Defendants had not produced any documents.  Defendants still chose not to produce any documents, and to continue to make excuses to cover up their failure to do so.

Defendants' tactics in asserting hyper-technical objections to the meaning of common

words and phrases, claiming inapplicable trade secret privileges, and maintaining blanket objections to relevancy and scope, belie any credible claim that Defendants complied in good faith with the Order.  Even if Defendants had genuinely believed that the Order did not require them to produce documents within 14 days, or to produce documents responsive to *all* of Plaintiff's requests, certainly, Defendants should have made a good faith production and not objected whole cloth to every document request.  Defendants' offer to engage in negotiations over which documents it will agree to produce, 40 days after this Court entered the Order, and five days after the Court directed Defendants to comply with the Order *in its entirety*, is too little too late.  The Order required Defendant to produce all responsive documents, and required Defendants to do so by November 15, 2013, or November 18, 2013, as Defendants contend – a meaningless difference.

> **B.**     **Defendants' Objections to the Order Did Not Relieve Defendants of the Obligation to Comply with It**

Defendants cannot credibly claim that their failure to produce documents in response to this Court's Order was in any way justified by Defendants' appeal of the Order.  Indeed, Plaintiff placed Defendants on notice of governing authority in this Circuit, both by letter and in connection with the moving papers on this motion, that an appeal of a discovery Order does not stay compliance with such an Order. *See* letter dated November 22, 2013 attached hereto as **Exhibit B**; [DE 61] at 6-7.  Defendants have not cited **any** contrary authority in support of their contrary view.  When Plaintiff refused to agree to a stay, Defendants unilaterally ignored this Court's Order and the law, and, in effect, granted themselves a stay, which is still in effect. Defendants' conduct in this regard was willful and contumacious.

> **C.**     **The Absence of A Protective Order Does Not Relieve Defendants of Their**

### Obligation to Produce Documents

Nor does the absence of a protective order relieve Defendants of their obligation to produce responsive documents.  As an initial matter, Defendants have made no showing that they are entitled to a protective order, much less moved for a protective order.  The documents that Defendants seek to protect primarily concern Defendants' ownership and corporate structure, identity of beneficiaries of corporate liabilities and debt, real estate, car and boat leases, credit card and bank records, and the location of assets and conveyances of such assets.  None of these types of documents constitute trade secrets or are in any way competitive business information.  None would result in a serious injury to Defendants' business. *See*, *e.g.*, *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 107 F.R.D. 288, 299 (D. Del. 1985) (denying Coca-Cola Co.'s motion for protective order, on basis that no serious injury would result from disclosure to non-competitor); *FTC v. AbbVie Products LLC*, 713 F.3d 54 (11th Cir. 2013)(affirming district court's denial to keep confidential AbbVie's "financial analysis" document containing profits, revenues, profit margins and terms and beneficiaries of settlement agreement between AbbVie and third parties where competitive injury was lessened by passage of time).

Nor will simply alleging financial harm establish the good cause needed to warrant the granting of a protective order. *See, e.g., Nestle Foods Corp. v. Aetna Casualty & Sur. Co.*, 129 F.R.D. 483, 484- 85 (D.N.J. 1990) (court denied protective order where defendants alleged financial and competitive harm if proprietary business and commercial information was revealed); *Turick v. Yamaha Motor Corp.,* 121 F.R.D. 32, 35 (S.D.N.Y. 1988)(same); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653-54 (D.Md. 1987) (court denied protective order where defendants alleged would suffer harm if confidential material were disseminated to others as defense cost would rise).  Moreover, not even trade secrets or business strategy documents are

entitled to absolute protection. *See Centurion Indus., Inc. v. Warren Steurer and Assocs., et. al,* 665 F.2d 323, 325 (10th Cir. 1981)(Generally, "[t]here is no absolute privilege for trade secrets and similar confidential information.")(quoting *Federal Open Market Comm. v. Merrill*, 443 U.S. 340, 362 (1979)); *see Cuno Inc. v. Pall Corp*., 117 F.R.D. 506, 507 (E.D.N.Y. 1987); *Coca-Cola Bottling Co.,* 107 F.R.D. at 292; *Gohler v. Wood*, 162 F.R.D. 691, (D.C.Utah 1995) (granting motion to compel production of trade secrets where relevant and necessary to prosecution of suit).

In this case, Defendants waited until roughly 75 days after they were first served a copy of Plaintiff's discovery requests, and 14 days after the Order, to request a stipulated confidentiality order.  Plaintiff declined at that time to prepare or sign such an Order.  On December 9, 2013, some 38 days after the Court's Order, Defendants provided Plaintiff with a copy of a draft confidentiality order, which Defendants asked Plaintiff to sign, without any showing of *good cause* to support the entry of such an order.  As Defendants failed to identify any documents that warrant confidentiality, Plaintiff declines to enter into such a stipulation. The discovery sought by Plaintiff into Defendants' fraudulent conveyance of assets between Defendants and third parties in no way constitutes a trade secret or is of the type of information that should be kept confidential.  The parties are not competitors – indeed, Defendants ModernAd and Acquinity are both believed to be out of business, and Defendant Rustin is an individual.  No competitive disadvantage could result from the disclosure of information contained in the documents.  Moreover, the public interest would be better served by making information concerning Defendants' interrelationship and schemes to defraud creditors known to other parties who have been harmed by Defendants. *See Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980)(public interest served by modifying protective orders to allow

private litigants to share in another's discovery).

Having made no showing of good cause, whatsoever, as to *any* document with respect to which they claim confidentiality, having filed no motion with this Court for a protective order, and having delayed raising the issue with Plaintiff until well after the court-ordered deadline for producing documents, Defendants now refuse to produce any documents without a protective order.  Defendants should be compelled to produce all responsive documents immediately.

### D.      Local Rule 26.1(h)(2) Does not Apply

Plaintiff did not move to compel the production of documents pursuant to a discovery request.  Rather, Plaintiff moved to enforce a court order granting expedited discovery.  As such, Plaintiff submits that Local Rule 26.1(h)(2) does not apply. Even if it did, however, that Local Rule does not apply in the case of: "motions grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery. "  *See* Local Rule 26.1(h)(2).

In this case, Defendants made "blanket objections" to each and every document request.  Defendants not only failed to produce documents, but also objected completely to every request, without offering to produce any documents. *See* DE 61 at Ex. C.  As such, Plaintiff was not required to set forth, verbatim, each request to be compelled in immediate succession. *See* Local Rule 26.1(h)(2); *see Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1309 (S.D. Fla. April 28, 2010)(Local Rule satisfied by attaching to the motion copies of movant's requests and non-movant's answers and providing an explanation of the movant's arguments in the motion papers); *Walker v. Americare Radiographics, Inc.*, Case No. 10-60340-CIV-MOORE/SIMONTON (S.D. Fla. December 27, 2010)(repetitive blanket objections did not

require separate argument to comply with Local Rule "where Defendants supplied identical objections to similar requests").  Accordingly, Defendants' motion to strike must be denied.

## **CONCLUSION**

Defendants have failed and refused to produce any documents or information in contravention of the Court's Order, dated October 31, 2013, as affirmed on December 4, 2013. Accordingly, pursuant to FRCP 26, 34 and 37, Plaintiff requests that this Court act as necessary to enforce the terms of that Order immediately, and award attorney fees and costs associated with this Motion, and grant such other relief and sanctions as this Court deems just and proper.

**DATED** this 11th day of December, 2013.

*HARTLEY LAW OFFICES, PLC*
Attorneys for Plaintiff
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 357-9973
Facsimile: (954) 357-2275
Email: hartley@hartleylaw.net

By: /s/ Timothy M. Hartley
TIMOTHY M. HARTLEY
FL BAR NO. 979066

*LEWIS & LIN, LLC*
Attorneys for Plaintiff
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Email: brett@iLawco.com

By: /s/ Brett E. Lewis
BRETT E. LEWIS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 11, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and on all counsel or parties of record identified on the attached service list below via email and/or U.S. Mail.

/s/ Timothy M. Hartley
Timothy M. Hartley, Esq.
 Hartley@hartleylaw.net
HARTLEY LAW OFFICES, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, Florida 33316
Tel. 954-357-9973
Fax: 954-357-2275
Attorney for Plaintiff

11

## <u>SERVICE LIST</u>

***Onier Llopiz, Esq.*** (FBN 579475)
Email: ol@lydeckerdiaz.com
***Joan Carlos Wizel, Esq.*** (FBN 37903)
Email: jcw@lydeckerdiaz.com
Email: rb@lydeckerdiaz.com
***Roland Potts, Esq.*** (FBN 087072)
Email: rp@lydeckerdiaz.com
Email: ag@lydeckerdiaz.com
LYDECKER DIAZ
1221 Brickell Avenue 19th Floor
Miami, Florida 33131
Tel. 305-416-3180
Fax: 305-416-3190
Attorneys for Defendants