UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61448-CIV-Marra/Matthewman

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS, et al.,

Defendants.
_____/



## ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE THIS COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY [DE 61]

THIS CAUSE is before the Court upon Plaintiff, Pulsepoint, Inc., f/k/a Datran Media Corp.'s ("Plaintiff") Motion to Enforce This Court's Order Granting Plaintiff's Motion for Expedited Discovery ("Motion") [DE 61]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 40. Defendants, 7657030 Canada, Inc., Acquinity Interactive, LLC ("Acquinity"), ModernAd Media LLC ("ModernAd"), and Warren Rustin (collectively, "Defendants") filed a response to the Motion [DE 70], and Plaintiff filed a reply [DE 73]. The matter is now ripe for review and disposition.

### Facts

On September 10, 2013, Plaintiff filed its Corrected and Amended Motion for Expedited Discovery [DE 33]. In that motion, Plaintiff explained that it wanted to serve expedited discovery, consisting of requests for production and third-party subpoenas, to identify the Doe Defendants, their locations, and legal statuses for purposes of serving the Complaint upon them.

1

*Id.* Plaintiff also sought leave to serve expedited discovery so that it could assess whether pre-judgment attachment of Defendants' or the Doe Defendants' property was necessary to prevent Defendant ModernAd Media LLC's alleged continued laundering of assets through potentially judgment-proof entities. *Id.* After holding a hearing on the matter on October 30, 2013, the Court entered an Order granting Plaintiff's motion for expedited discovery. *See* DE 48. The Order stated that Plaintiff had leave to issue its proposed request for production [DE 33-1], but with some modifications. *Id.* The Court limited the requests to a 3-year period, rather than a 7-year or an indefinite period. *Id.* The Court also ordered that Defendants would have fourteen (14) days from the date of service of the requests to respond to them. *Id.* On November 14, 2013, Defendants filed their Objections to the Magistrate's Order Granting Plaintiff's Corrected and Amended Motion for Expedited Discovery and Request to Stay Order Pending Ruling on Objections. [DE 54]. Defendants also filed a Motion to Stay. [DE 55].

On November 26, 2013, Plaintiff filed the current Motion. [DE 61]. In the Motion, Plaintiff explains that it served Defendants with its First Request for Production [DE 61-1] on November 1, 2013. *Id.* On November 18, 2013, Defendants each served Plaintiff with their own individual Objections to Plaintiff's First Request [DE 61-3]. *Id.* At that time, Defendants failed to provide any responsive documents. *Id.* Plaintiff claims that it made several subsequent demands for additional information, but Defendants refused to comply with the Court's Order giving them fourteen (14) days to respond to the discovery requests. *Id.* Defendants later stated that they would only produce documents with a protective order in place. *Id.* Plaintiff asserts that the Court already reviewed the discovery requests at the October 30, 2013 hearing and found that the requests were relevant and that the scope of the requests was appropriate, with the caveat that the Court limited the requests to a 3-year period. *Id.* Plaintiff argues that case law supports

2

its position that Defendants were required to comply with the Court's Order even though objections to that Order were pending in front of the District Judge. *Id.* Finally, Plaintiff seeks Rule 37 sanctions. *Id.*

On December 4, 2013, the District Judge affirmed the Court's Order granting Plaintiff's motion for expedited discovery. *See* DE 66. The District Judge reiterated that Defendants "have 14 days from the date of service of the requests to respond to them." *Id.* On December 5, 2013, the District Judge denied Defendants' Motion to Stay. [DE 68].

On December 9, 2013, as per the Court's December 4, 2013 Order [DE 67], Defendants filed their response to Plaintiff's Motion. [DE 70]. Defendants contend that they did, in fact, comply with the Court's Order by serving responses to Plaintiff's discovery requests on November 18, 2013. *Id.* They disagree with Plaintiff's analysis of the discovery hearing transcript and believe that filing objections satisfied the Court's ruling. *Id.* Defendants argue that they had three (3) extra days after the 14-day period ran to serve their discovery responses pursuant to Federal Rule of Civil Procedure 6(d). *Id.* They argue that they did not need to produce documents until the District Judge ruled on their objections to this Court's Order granting expedited discovery and that they quickly provided Plaintiff with a proposed confidentiality order after the District Judge affirmed this Court's Order. *Id.* Next, Defendants argue that Plaintiff has failed to comply with Local Rule 26.1(h)(2) in that Plaintiff did not specifically set forth, verbatim, each request to be compelled in immediate succession in its Motion. *Id.*

Finally, on December 11, 2013, Plaintiff filed a reply in support of the current Motion. [DE 73]. Plaintiff asserts that Defendants continue to violate this Court's Order, that the Order clearly required production of documents, that the objections filed by Defendants did not

3

constitute compliance with the Order, and that the absence of a protective order does not relieve Defendants of their obligation to produce documents. *Id.* Plaintiff also contends that Local Rule 26.1(h)(2) does not apply because Plaintiff filed a motion to enforce an order, not a motion to compel. *Id.* Plaintiff explains that the Local Rule additionally does not apply when a motion is grounded upon the non-moving party's assertion of blanket objections to discovery, which is the case here. *Id.*

## Discussion

The Court has considered the parties' arguments. It has also reviewed the entire docket and the transcript of the October 30, 2013 hearing [DE 50]. During the hearing, Defendants' counsel explained that Defendants would have difficulty responding to Plaintiff's First Request for Production within seven (7) days from the date of service, as had been requested by Plaintiff. The Court, in trying to reach a sort of compromise, stated in its October 31, 2013 Order that "Defendants shall have **14 days** from the date of service of the requests to respond to them." [DE 48]. Defendants' argument that filing blanket objections fulfilled its duty pursuant to the Court's Order is disingenuous. The objections served by Defendants upon Plaintiff on November 18, 2013, provide no information whatsoever, but rather pick apart language in Plaintiff's First Request for Production that was already reviewed by the Court at the October 30, 2013 hearing. *See* DE 61-3. In its Order [DE 48], the Court made the only alteration (limiting the temporal scope of the requests) to the discovery responses that it deemed necessary.

Additionally, Defendants' objections are in large part frivolous and without merit. Defendants target specific terms and phrases that are very clear, such as "all documents sufficient to identify" and "all bank records", and state that such terms and phrases are vague, ambiguous, and overly broad. [DE 61-3]. Defendants object to every request, asserting a range

of objections, including the confidentiality of the documents requested and the trade secret privilege. *Id.* They have not provided Plaintiff with one document and have not provided a privilege log. The Court already reviewed the First Request for Production at the October 30, 2013 hearing and made the changes it deemed appropriate, so Defendants' objections are particularly frivolous in this case. The Court notes that Local Rule 26.1(h)(1) does not apply here because Plaintiff's motion is not a true motion to compel and because it is "grounded upon complete failure to respond to the discovery sought to be compelled or upon assertion of general or blanket objections to discovery."

Defendants' argue that, since they had filed objections to this Court's Order, and those objections were pending in front of the District Judge, Defendants were relieved from the obligation of producing documents to Plaintiff until after the District Judge reviewed this Court's Order. This argument is not persuasive. "Even though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court. As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F.Supp.2d 1255, 1260 (M.D. Fla. 2013). Moreover, it is unclear why Defendants would file objections in an attempt to comply with this Court's Order but would believe that they could wait to actually produce responsive documents until after the District Court decided whether to affirm or reverse the Court's Order. Defendants' own behavior contradicts their argument.

Next, Defendants assert that they have agreed to produce documents, so long as Plaintiff enters into an agreed confidentiality order. Defendants cannot hold documents hostage in this manner. If they wanted a confidentiality order, they could have timely moved for one from the

Court. The Court also notes that Defendants waited to provide Plaintiff with a proposed confidentiality order until after the District Court affirmed the Court's Order.

Finally, Defendants have failed to respond properly to Plaintiff's First Request for Production, which was filed on November 1, 2013, up through the present time. Given that Defendants have clearly exceeded the 14-day period they were given to respond, all objections that have not yet been asserted shall be deemed waived. As the objections themselves filed on November 18, 2013, were timely, the Court will not deem the objections already asserted waived. However, the Court has reviewed Defendants' objections and overrules all of those that pertain to the wording of the requests for production, i.e. objections that terms are vague, ambiguous or overly broad.

With regard to Plaintiff's request for an award of attorney's fees incurred in having to bring this Motion, the Court finds that the request should be granted under Federal Rule of Civil Procedure 37(b)(2)(C). The Rule states in relevant part that, when a movant is required to file a motion because the non-moving party has failed to comply with the court's discovery order, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(2)(C) (emphasis added). Defendants' failure to abide by the Court's Order was not substantially justified, and no other circumstances make an award of expenses unjust, so the Court must award Plaintiff attorney's fees. The Court is particularly concerned in this case, where the Court has already found good cause for expedited discovery, that Defendants still have not provided Plaintiff with any discovery, despite being aware of the First Request for Production since at least September 10, 2013, and having been served with the discovery on

6

November 1, 2013.

Based on the foregoing, it is ORDERED AND ADJUDGED as follows:

1. Pulsepoint, Inc., f/k/a Datran Media Corp.'s Motion to Enforce This Court's Order Granting Plaintiff's Motion for Expedited Discovery [DE 61] is **GRANTED**.

2. Plaintiff request for attorney's fees and costs incurred in having to bring this Motion is **GRANTED** pursuant to Federal Rule of Civil Procedure 37. The Court will levy attorney's fees and costs against Defendants and their counsel. Plaintiff shall file, within **10 days** from the date of this order, an affidavit concerning its expenditure of reasonable attorney's fees and costs incurred in bringing its Motion to Enforce This Court's Order Granting Plaintiff's Motion for Expedited Discovery [DE 61]. The affidavit shall contain sufficient detail regarding Plaintiff's counsel's reasonable hourly rate and time entries so that the Court can properly award reasonable attorney's fees. Defendants shall have **7 days** from the filing of Plaintiff's affidavit to file a response opposing only the amount of attorney's fees and costs claimed by Plaintiff. The Court will enter a subsequent order as to the amount of attorney's fees and costs to be awarded.

3. Any objections not already asserted by Defendants to Plaintiff's First Request for Production are deemed waived.

4. The Court has reviewed Defendants' objections and overrules all of those that pertain to the wording of the requests for production, i.e. objections that terms are vague, ambiguous or overly broad.

5. Defendants shall respond to Plaintiff's First Request for Production and provide all documents responsive to Plaintiff's First Request for Production on or before Monday, December 23, 2013. If Defendants determine that they have a good faith basis to withhold documents on the basis of a privilege already asserted in their objections to Plaintiff's First

Request for Production, such as work-product, attorney-client, or trade secret privilege, they shall serve a privilege log on Plaintiff or before Monday, December 23, 2013, as well. If filed, the privilege log shall comply with the Local Rules and shall be sufficiently specific so that Plaintiff is apprised of the type, nature, and date of the document and why a privilege allegedly applies.

5. **Defendants are hereby put on notice that, if they fail to comply with this Order, such noncompliance may result in additional sanctions being imposed by the Court.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 16th day of December, 2013.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE