## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

      Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

      Defendants.
_____/

### MODERNAD MEDIA LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOWS the Defendant, ModernAd Media LLC ("Defendant"), by and through the undersigned counsel and pursuant to Rule 8 of the Federal Rules of Civil Procedure, and hereby responds to Plaintiff's First Amended Complaint as follows.

### NATURE OF THE ACTION

1.    Defendant admits that Plaintiff attempts to bring this action to recover $2,292,063.73. Defendant states that the Award referenced in paragraph 1 and attached as Exhibit A to the First Amended Complaint speaks for itself, and denies the remaining allegations contained in paragraph 1.

2.    Defendant denies the allegations contained in paragraph 2, as phrased.

3.    Defendant denies the allegations contained in paragraph 3.

4.    Defendant denies the allegations contained in paragraph 4.

5.      Defendant denies the allegations contained in paragraph 5.

6.      Defendant is without knowledge as to the allegations contained in paragraph 6, and therefore, denies them.

## INTRODUCTION, JURISDICTION AND VENUE

7.      Defendant admits the allegation contained in paragraph 7 for jurisdictional purposes only; denied for any other purpose.

8.      Defendant states that the Judgment referenced in paragraph 8 and attached as Exhibit B to the First Amended Complaint speaks for itself.

9.      Defendant admits the allegation contained in paragraph 9 for jurisdictional purposes only; denied for any other purpose.

10.     Defendant admits the allegation contained in paragraph 10 for jurisdictional purposes only; denied for any other purpose.

## THE PARTIES

11.     Defendant is without knowledge as to the allegations contained in paragraph 11, and therefore, denies them.

12.     Defendant admits the allegation contained in paragraph 12 for jurisdictional purposes only; denied for any other purpose.

13.     Defendant admits the allegation contained in paragraph 13 for jurisdictional purposes only; denied for any other purpose.

14.     Defendant admits the allegation contained in paragraph 14 for jurisdictional purposes only; denied for any other purpose.

15.     Defendant admits the allegation contained in paragraph 15 for jurisdictional purposes only; denied for any other purpose.

16.     Defendant is without knowledge as to the allegations contained in paragraph 16, and therefore, denies them.

## FACTUAL BACKGROUND

17.     Defendant admits the allegations contained in paragraph 17.

18.     Defendant admits the allegations contained in paragraph 18.

19.     Defendant admits the allegations contained in paragraph 19.

20.     Defendant is without knowledge as to the allegations contained in paragraph 20, and therefore, denies them.

21.     Defendant is without knowledge as to the allegations contained in paragraph 21, and therefore, denies them.

22.     Defendant admits that it used a process called co-registration to generate sales leads for its clients; Defendant is otherwise without knowledge as to the remaining allegations contained in paragraph 22, and therefore, denies them.

23.     Defendant admits the allegations contained in paragraph 23.

24.     Defendant admits the allegations contained in paragraph 24.

25.     To the extent that the allegations of paragraph 25 quote a particular document, Defendant states that the document speaks for itself.

26.     Defendant is without knowledge as to the allegations contained in paragraph 26, and therefore, denies them.

27.     Defendant denies the allegations contained in paragraph 27.

28.     Defendant denies the allegations contained in paragraph 28.

29.     Defendant denies the allegations contained in paragraph 29.

30.     Defendant denies the allegations contained in paragraph 30.

31.     Defendant states that the Letter referenced in paragraph 31 and attached as Exhibit C to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 31.

32.     Defendant states that the Letter cited to in paragraph 32 and attached as Exhibit C to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 32.

33.     Defendant states that the Modist Letter referenced to in paragraph 33 and attached as Exhibit D to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 33.

34.     Defendant states that the Modist Letter cited to in paragraph 34 and attached as Exhibit D to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 34.

35.     Defendant states that the Modist Letter cited to in paragraph 35 and attached as Exhibit D to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 35.

36.     Defendant states that the Modist Letter cited to in paragraph 36 and attached as Exhibit D to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 36.

37.     Defendant states that the Modist Letter cited to in paragraph 37 and attached as Exhibit D to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 37.

38.     Defendant is without knowledge as to the allegations contained in paragraph 38, and therefore, denies them.

39.     Defendant denies the allegations contained in paragraph 39.

40.     Defendant is without knowledge as to the allegations that CREDITOR believed that it was DEBTOR accessing its software, not 7657030 Canada Inc. Defendant admits that no amendment of the Skylist Agreement was made to make 7657030 Canada Inc. a party to that agreement. Defendant denies the remaining allegations in paragraph 40.

41.     Defendant denies the allegations contained in paragraph 41.

42.     Defendant denies the allegations contained in paragraph 42.

43.     Defendant is without knowledge as to the allegations contained in paragraph 43, and therefore, denies them.

44.     To the extent that the allegations of paragraph 44 refer to a particular document, Defendant states that the document speaks for itself; otherwise, Defendant denies the allegations of paragraph 44.

45.     Defendant admits that it generated revenue in excess of $10 million per month during the time period stated; Defendant otherwise denies the allegations contained in paragraph 45.

46.     Defendant denies the allegations contained in paragraph 46, as phrased.

47.     Defendant denies the allegations contained in paragraph 47.

48.     To the extent that the allegations of paragraph 48 refer to a particular document, Defendant states that the document speaks for itself; otherwise, Defendant denies the allegations of paragraph 48.

49.     Defendant denies the allegations contained in paragraph 49.

50.     Defendant denies the allegations contained in paragraph 50.

51.     Defendant denies the allegations contained in paragraph 51.

52.     Defendant denies the allegations contained in paragraph 52.

53.     Defendant denies the allegations contained in paragraph 53.

54.     Defendant denies the allegations contained in paragraph 54.

55.     Defendant denies the allegations contained in paragraph 55.

56.     Defendant denies the allegations contained in paragraph 56.

57.     Defendant denies the allegations contained in paragraph 57.

58.     Defendant denies the allegations contained in paragraph 58.

**THE SECOND TRANSFER**

59.     Defendant denies the allegations contained in paragraph 59.

60.     Defendant denies the allegations contained in paragraph 60 as phrased, as it refers to what appears to be a defined term "Claim," without defining it; otherwise denied.

61.     To the extent that the allegations of paragraph 61 refer to a particular document, Defendant states that the document speaks for itself; otherwise, Defendant denies the allegations contained in paragraph 61 as phrased, as it refers to what appears to be a defined term "Claim," without defining it.

62.     Defendant denies the allegations contained in paragraph 62.

63.     To the extent that the allegations of paragraph 63 refer to a particular document, Defendant states that the document speaks for itself. Defendant admits Mr. Modist wrote the email referenced; Defendant otherwise denies the remaining allegations contained in paragraph 63.

64.     Defendant denies the allegations contained in paragraph 64.

65.     Defendant denies the allegations contained in paragraph 65.

66.     Defendant denies the allegations contained in paragraph 66.

6

67.     Defendant denies the allegations contained in paragraph 67.

68.     Defendant denies the allegations contained in paragraph 68 as phrased and apparently calling for a legal conclusion.

69.     Defendant denies the allegations contained in paragraph 69.

70.     Defendant denies the allegations contained in paragraph 70.

71.     Defendant denies the allegations contained in paragraph 71.

72.     Defendant admits that Lydecker Diaz is counsel for 7657030 Canada Inc. in unrelated litigations.

73.     Defendant admits that the Award has not been paid; otherwise denied.

**THE MASTER SERVICES AGREEMENT**

74.     Defendant states that the Master Services Agreement referenced to in paragraph 74 and attached as Exhibit E to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 74.

75.     Defendant states that the Master Services Agreement cited to in paragraph 75 and attached as Exhibit E to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 75.

76.     Defendant states that the Master Services Agreement cited to in paragraph 76 and attached as Exhibit E to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 76.

77.      Defendant states that the Master Services Agreement cited to in paragraph 77 and attached as Exhibit E to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 77.

78.     Defendant states that the Master Services Agreement cited to in paragraph 78 and attached as Exhibit E to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 78.

79.     Defendant states that the Master Services Agreement cited to in paragraph 79 and attached as Exhibit E to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 79.

80.     Defendant states that the Master Services Agreement cited to in paragraph 80 and attached as Exhibit E to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 80.

81.     Defendant states that the document referenced in paragraph 81 and attached as Exhibit F to the First Amended Complaint speaks for itself.

82.     Defendant states that the Skylist Agreement cited to in paragraph 82 and attached as Exhibit F to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 82.

83.     Defendant states that the Skylist Agreement referenced in paragraph 83 and attached as Exhibit F to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 83.

84.     Defendant denies the allegations contained in paragraph 84.

85.     Defendant denies the allegations contained in paragraph 85.

**THE ARBTIRATION**

86.     Defendant admits the allegations contained in paragraph 86.

87.     Defendant admits the allegations contained in paragraph 87.

88.     Defendant denies the allegations contained in paragraph 88.

89.     Defendant denies the allegations contained in paragraph 89.

90.     Defendant admits the allegations contained in paragraph 90.

## THE ARBITRATION AWARD

91.     Defendant states that the Award referenced in paragraph 91 and attached as Exhibit A to the First Amended Complaint speaks for itself. Defendant states that the Stipulation referenced in paragraph 91 and attached as Exhibit G to the First Amended Complaint speaks for itself. Defendant denies the remaining allegations contained in paragraph 91.

92.     To the extent that the allegations of paragraph 92 refer to the Award of Arbitrator attached as Exhibit A to the Complaint, Defendant states that the document speaks for itself; otherwise, admitted.

93.     To the extent that the allegations of paragraph 93 refer to the Award of Arbitrator attached as Exhibit A to the Complaint, Defendant states that the document speaks for itself; otherwise, admitted.

94.     Defendant admits that it received the Arbitration Award on or about January 9, 2013 and that the arbitrator issued an Amended Award on or about January 18, 2013.

95.     Defendant admits that a Notice of Petition to Confirm Arbitration Award was filed on January 22, 2013, an Amended Notice of Petition to Confirm Arbitration Award was filed on February 1, 2013, that the Petition was granted on or about May 20, 2013, and that it has not been vacated or modified.

96.     Defendant denies the allegations contained in paragraph 96, as a portion of the award is at issue in related proceedings.

97.     Defendant admits that the Award has not been paid; otherwise denied.

98.     Defendant admits the allegations contained in paragraph 98.

99.     Defendant denies the allegations contained in paragraph 99.

100.    Defendant denies the allegations contained in paragraph 100.

101.    Defendant denies the allegations contained in paragraph 101.

102.    Defendant denies the allegations contained in paragraph 102.

103.    Defendant denies the allegations contained in paragraph 103.

104.    Defendant denies the allegations contained in paragraph 104.

105.    Defendant denies the allegations contained in paragraph 105.

106.    Defendant denies the allegations contained in paragraph 106.

107.    Defendant denies the allegations contained in paragraph 107.

108.    Defendant denies the allegations contained in paragraph 108.

## FIRST CLAIM

### Fraudulent Conveyance (FL UFTA § 726.105(1)(a), (b))

109.    Defendant reasserts and re-alleges the responses contained in paragraphs 1 through 108 above, as if fully set forth herein.

110.    Defendant denies the allegations contained in paragraph 110.

111.    Defendant denies the allegations contained in paragraph 111.

112.    Defendant admits that arbitration commenced on March 24, 2011; Defendant denies the allegations contained in paragraph 112 as phrased, as it refers to what appears to be a defined term "Claim," without defining it; otherwise denied.

113.    Defendant denies the allegations contained in paragraph 113.

114.    Defendant denies the allegations contained in paragraph 114.

115.    Defendant denies the allegations contained in paragraph 115.

116.    Defendant admits that Mr. Jonas and Mr. Rustin were high school friends; Defendant denies the remaining allegations contained in paragraph 116, as phrased.

117.    Defendant denies the allegations contained in paragraph 117.

118.    Defendant denies the allegations contained in paragraph 118.

119.    Defendant denies the allegations contained in paragraph 119.

120.    Defendant denies the allegations contained in paragraph 120.

121.    To the extent that the allegations of paragraph 121 refer to particular documents, Defendant states that the documents speak for themselves; otherwise, Defendant is without knowledge as to the allegations contained in paragraph 121, and therefore, denies them.

122.    Defendant denies the allegations contained in paragraph 122.

123.    Defendant denies the allegations contained in paragraph 123, as phrased.

124.    Defendant denies the allegations contained in paragraph 124.

125.    Defendant denies the allegations contained in paragraph 125.

126.    Defendant denies the allegations contained in paragraph 126.

127.    Defendant denies the allegations contained in paragraph 127.

128.    Defendant denies the allegations contained in paragraph 128.

129.    Defendant denies the allegations contained in paragraph 129.

130.    Defendant denies the allegations contained in paragraph 130.

131.    Defendant denies the allegations contained in paragraph 131.

## SECOND CLAIM

### Fraudulent Conveyance (Chapter § 726.106(1))

132.    Defendant reasserts and re-alleges the responses contained in paragraphs 1 through 108 above, as if fully set forth herein.

133.     Defendant denies the allegations contained in paragraph 133.

134.     Defendant denies the allegations contained in paragraph 134, as phrased.

135.     Defendant denies the allegations contained in paragraph 135.

136.     Defendant denies the allegations contained in paragraph 136.

137.     Defendant denies the allegations contained in paragraph 137, as phrased.

138.     Defendant admits Warren Rustin was a party to the Asset Purchase Agreement; otherwise denied.

139.     Defendant denies the allegations contained in paragraph 139, as phrased.

140.     Defendant denies the allegations contained in paragraph 140.

141.     Defendant denies the allegations contained in paragraph 141.

142.     Defendant denies the allegations contained in paragraph 142.

## THIRD CLAIM

### Fraudulent Conveyance (FL UFTA § 726.105(1)(a), (b))

143.     Defendant reasserts and re-alleges the responses contained in paragraphs 1 through 108 above, as if fully set forth herein.

144.     Defendant denies the allegations contained in paragraph 144.

145.     Defendant denies the allegations contained in paragraph 145, as phrased.

146.     Defendant denies the allegations contained in paragraph 146.

147.     Defendant denies the allegations contained in paragraph 147.

148.     To the extent that the allegations of paragraph 148 refer to particular documents, Defendant states that the documents speak for themselves; otherwise, Defendant denies the allegations contained in paragraph 148.

149.    To the extent that the allegations of paragraph 149 refer to a particular document, Defendant states that the document speaks for itself.

150.    Defendant denies the allegations contained in paragraph 150.

151.    Defendant denies the allegations contained in paragraph 151.

152.    Defendant denies the allegations contained in paragraph 152.

153.    Defendant denies the allegations contained in paragraph 153.

154.    Defendant denies the allegations contained in paragraph 154 as phrased and apparently calling for a legal conclusion.

155.    Defendant denies the allegations contained in paragraph 155.

156.    Defendant denies the allegations contained in paragraph 156.

157.    Defendant denies the allegations contained in paragraph 157.

158.    Defendant admits the Award has not been paid; otherwise denied.

159.    Defendant denies the allegations contained in paragraph 159.

## FOURTH CLAIM

### Fraudulent Conveyance (FL UFTA § 726.106(1))

160.    Defendant reasserts and re-alleges the responses contained in paragraphs 1 through 108 above, as if fully set forth herein.

161.    Defendant denies the allegations contained in paragraph 161.

162.    Defendant denies the allegations contained in paragraph 162, as phrased.

163.    Defendant denies the allegations contained in paragraph 163.

164.    Defendant denies the allegations contained in paragraph 164.

165.    Defendant denies the allegations contained in paragraph 165.

## FIFTH CLAIM

### De Facto Merger (Florida Common Law)

166.   Defendant reasserts and re-alleges the responses contained in paragraphs 1 through 108 above, as if fully set forth herein.

167.   Defendant denies the allegations contained in paragraph 167.

168.   Defendant admits that Garry Jonas was the CEO of ModernAd Media LLC; Defendant is otherwise without knowledge as to the remaining allegations contained in paragraph 168, and therefore, denies them.

169.   Defendant denies the allegations contained in paragraph 169.

170.   Defendant denies the allegations contained in paragraph 170.

171.   Defendant denies the allegations contained in paragraph 171.

172.   Defendant denies the allegations contained in paragraph 172.

173.   Defendant denies the allegations contained in paragraph 173.

174.   Defendant is without knowledge as to the allegations contained in paragraph 174, and therefore, denies them.

175.   Defendant denies the allegations contained in paragraph 175.

176.   Defendant denies the allegations contained in paragraph 176.

177.   Defendant denies the allegations contained in paragraph 177.

178.   Defendant denies the allegations contained in paragraph 178.

179.   Defendant denies the allegations contained in paragraph 179.

180.   Defendant denies the allegations contained in paragraph 180.

181.   Defendant denies the allegations contained in paragraph 181.

182.   Defendant denies the allegations contained in paragraph 182.

183.    Defendant denies the allegations contained in paragraph 183.

184.    Defendant denies the allegations contained in paragraph 184.

185.    Defendant denies the allegations contained in paragraph 185, as phrased.

186.    Defendant denies the allegations contained in paragraph 186.

187.    Defendant denies the allegations contained in paragraph 187.

188.    Defendant denies the allegations contained in paragraph 188.

## SEVENTH CLAIM

### De Facto Merger (Florida Common Law)

189.    Defendant reasserts and re-alleges the responses contained in paragraphs 1 through 108 above, as if fully set forth herein.

190.    Defendant denies the allegations contained in paragraph 190.

191.    Defendant denies the allegations contained in paragraph 191.

192.    Defendant denies the allegations contained in paragraph 192.

## EIGHTH CLAIM

### Fraudulent Conveyance (FL UFTA § 726.108)

193.    Defendant reasserts and re-alleges the responses contained in paragraphs 1 through 108 above, as if fully set forth herein.

194.    Defendant admits that Plaintiff demands the remedies set forth in paragraph 194. Defendant denies the remainder of the allegations of paragraph 194 insofar as said Complaint does not reveal allegations of Defendant's conduct to afford Plaintiff the relief is seeks.

195.    Defendant admits that Plaintiff demands reasonable attorneys' fees, costs, and expenses, but denies the remaining allegations of paragraph 195 insofar as said Complaint does not reveal allegations of Defendant's conduct to afford Plaintiff the relief it seeks.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to properly plead the elements of a fraudulent conveyance pursuant to sections 726.105(1)(a) and (b), Florida Statutes, and therefore, has failed to state a cause of action. Plaintiff failed to plead sufficient facts establishing that a transfer took place with the actual intent to hinder, delay or defraud the Plaintiff without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor was engaged in or was about to engage in a business transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or intended to incur, or believed or reasonably should have believed the he or she would incur, debts beyond his or her ability to pay as they became due.

### Second Affirmative Defense

Plaintiff has failed to properly plead the elements of fraudulent conveyance pursuant to section 726.106(1), Florida Statutes, and therefore, has failed to state a cause of action. Plaintiff failed to plead sufficient facts establishing that a transfer was made without receiving a reasonably equivalent value in exchange for the transfer and the debtor became insolvent as a result of the transfer or failed to plead that a transfer was made to an insider for an antecedent debt, the debtor was insolvent at the time and the insider had reasonable cause to believe that the debtor was insolvent.

### Third Affirmative Defense

Plaintiff's causes of action are barred by the statute of limitations provisions within the Master Services Agreement and the Skylist Host Services Agreement entered into between ModernAd Media LLC and Datran Media Corp where such causes of action should have been

brought in arbitration within one year from accrual of the cause of action, which term expired in 2012.

### Fourth Affirmative Defense

Plaintiff's claims are barred because to the extent Defendant has made payments or transfers pursuant to the Asset Purchase Agreement, such payments or transfers were made in good faith with no intent to hinder, delay, or defraud, and for a reasonably equivalent value. Fla. Stat. § 726.109(1).

### Fifth Affirmative Defense

Plaintiff's claims are barred because to the extent Defendant has made payments or transfers to any entities or individuals, such payments or transfers were made in good faith with no intent to hinder, delay, or defraud, and for a reasonably equivalent value. Fla. Stat. § 726.109(1).

### Sixth Affirmative Defense

Plaintiff's claims are barred whereupon Defendant affirmatively alleges that it was solvent at the time of the Asset Purchase Agreement and was not rendered insolvent after the transfer pursuant to the Asset Purchase Agreement.

### Seventh Affirmative Defense

Plaintiff's claims are barred whereupon Defendant affirmatively alleges that it was solvent at the time it allegedly transfer funds to any entities or individuals and was not rendered insolvent after the alleged transfers.

### Eighth Affirmative Defense

Plaintiff's claims are barred where Plaintiff has failed to plead sufficient facts to establish the existence of the several factors otherwise known as the common law "badges of fraud" as set

forth in section 729.105(2), Florida Statutes, which are used to determine if there was as actual intent to hinder or defraud creditors.  Even where traditional "badges of fraud" may be present (which here they are not), actual intent may not necessarily be presumed where a debtor had legitimate or independent reasons or purposes for making the transfer. *In re Stewart*, 280 B.R. 268, 283 (Bankr. M.D. Fla. 2001). In addition to considering standard badges of fraud, it is appropriate to conduct a subjective evaluation of the debtor's motive. *Id.* Defendant submits that any alleged payments or transfers were made with legitimate or independent reasons or purposes.

### Ninth Affirmative Defense

Plaintiff's claims are barred where to the extent that Defendant made any payments or transfers, any such payments or transfers were made for fair consideration.

### Tenth Affirmative Defense

Plaintiff's claims are barred by all defenses applicable pursuant to section 726.109, Florida Statutes.

### Eleventh Affirmative Defense

Plaintiff's claim for injunctive relief is barred by Plaintiffs failure to state an underlying cause of action for injunctive relief. A court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. Although Plaintiff pleads entitlement to injunctive relief pursuant to section 726.108(c)(1), Florida Statutes, Plaintiff has failed to sufficiently plead any of the necessary elements  to show entitlement to such relief.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches, as it, having knowledge of the facts giving rise to this action during the course of the arbitration, slept on its rights and failed to assert them.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands. The damages Plaintiff seeks to recover in this case include damages in connection with the List Management Agreement entered into by ModernAd Media LLC and Datran Media Corporation. Plaintiff seeks relief with unclean hands where pursuant to its contractual obligations under the List Management Agreement, Plaintiff engaged in misrepresentations, acts, practices or omissions which were material and which were likely to mislead consumers acting reasonably under the circumstances, and committed acts or practices in trade or commerce which offend established public policy and are unethical, oppressive, unscrupulous or substantially injurious to consumers.

### Fourteenth Affirmative Defense

Plaintiff is barred from recovering some or all of the alleged damages it seeks due to its failure to take reasonable, necessary and appropriate steps to mitigate and/or minimize its alleged damages.

### Fifteenth Affirmative Defense

The damages Plaintiff seeks to recover in this case include damages in connection with the List Management Agreement entered into by ModernAd Media LLC and Datran Media Corporation. That claim for damages pursuant to the List Management Agreement is pending in Florida State courts, including an affirmative claim against Plaintiff relating to that contract.

Therefore, any recovery must be reduced by the amount of damages recovered against Plaintiff in the Florida state court proceedings.

## Reservation of Rights

Defendant expressly reserves the right to seek leave to amend its affirmative defenses to the claims asserted in the Complaint in the event it learns of additional defenses through the course of discovery.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a trial by jury on all issues triable by a jury as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, ModernAd Media LLC, prays that this Honorable Court dismiss the First Amended Complaint with prejudice and order the Plaintiff hence without day, and that Defendant recovers its lawful costs, and such other relief as the Court deems proper.

Dated: December 19, 2013.

Respectfully submitted,

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Rachel A. Lyons (FBN 105347)
rlyons@lydeckerdiaz.com
LYDECKER │ DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Joan Carlos Wizel
Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com