UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **PULSEPOINT, INC., f/k/a DATRAN MEDIA CORP.,** | CASE NO. 13—CIV-61448 -MARRA |
| Plaintiff, | |
| vs. | |
| **7657030 CANADA INC., d/b/a ACQUINITY INTERACTIVE, LLC, f/k/a MODERNAD MEDIA LLC, f/k/a PUREADS; ACQUINITY INTERACTIVE, LLC; MODERNAD MEDIA LLC; WARREN RUSTIN, an individual, JOHN DOES 1-100 and 8333947 CANADA, INC.** | |
| Defendants. | |

## DEFENDANT 8333947 CANADA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR ALTERNATIVELY MOTION FOR MORE DEFINITE STATEMENT

Defendant, 8333947 Canada, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 12 (b) (6), and Fed. R. Civ. P. 12 (e) hereby moves this Honorable Court to enter an Order Dismissing Plaintiff's Amended Complaint or Alternatively Ordering A More Definite Statement, and states the following matters of fact and law in support thereof:

1. Plaintiff, Pulsepoint, Inc., f/k/a Datran Media Corp. (hereinafter "Plaintiff" or "Datran") filed an eight (8) count[1] Amended Complaint on August 23, 2013 against Defendant and others as set forth in the style above.

2. The Amended Complaint contains 195 numbered paragraphs, which are ultimately followed by a WHEREFORE clause.

---

[1] Plaintiff's Amended Complaint is missing the "Sixth Claim" and moves directly from the "Fifth Claim" to the "Seventh Claim".

1

3. Defendant is referenced in exactly five (5) of the paragraphs in the Amended Complaint.

4. While Plaintiff's Amended Complaint seems to attempt to state causes of action against Defendant and others, it is impossible for Defendant to respond to Plaintiff's Amended Complaint as plead. In fact, Defendant cannot even discern any causes of action wherein Plaintiff has stated a cause of action against it.

5. Assuming *arguendo* that Plaintiff seeks relief against Defendant, it appears that the sole allegations against Defendant would come in the "Seventh Claim" entitled "De Facto Merger (Florida Common Law)", and paragraphs 190, 191, and 192.

6. Plaintiff's Amended Complaint has failed to state a cause of action against Defendant in its "Seventh Claim". While Plaintiff may be seeking relief for De Facto Merger, this cause of action, as plead, is insufficient as a matter of law. If Plaintiff is seeking relief against Defendant under an alter ego theory, Plaintiff has failed to adequately plead the elements as required by Florida law. Finally, if Plaintiff is seeking to hold Defendant liable for a fraudulent transfer, the allegations in the Amended Complaint do not support such a cause of action.

7. Plaintiff's Amended Complaint is so vague and ambiguous that Defendant cannot respond, even with a simple denial, in good faith, without prejudice to itself. As such, a more definite statement is necessary.

## MEMORANDUM OF LAW

**A. The Amended Complaint Is An Improper Shotgun Pleading Subject To Dismissal**

In *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366-67 (11th Cir.1996), the Eleventh Circuit expressed concern about the ramifications of

cases proceeding on the basis of shotgun pleadings: "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  The Eleventh Circuit has expressed increasing frustration with cases based on shotgun pleadings.  *See, e.g., Bartes v. Sch. Bd. Of Alachua Cnty.*, 2005 U.S. App. LEXIS 23386, at *3 (11th Cir.2005) ("We have condemned these 'shotgun' pleadings on numerous occasions because they make it 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief,' and 'impede the orderly, efficient, and economic disposition of disputes.'") (citations omitted); *Byrne v. Nezhat*, 261 F.3d 1075, 1130-1131 (11th Cir.2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice.  The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard.").

Plaintiff incorporates its allegations as set forth in paragraph one (1) through one hundred eight (108) wholesale into every count of the Amended Complaint.  This pleading violation alone requires dismissal of the Amended Complaint.  More importantly, however, is the fact that a review of the Amended Complaint does not place Defendant into a better position of knowing how to even respond, as it is unclear which "claims" are directed at Defendant, and which "claims" are directed at the other parties.

**B.    The Amended Complaint Should Be Dismissed For Failing To State A Cause Of Action Against Defendant**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint

must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992 (2002) (citing Fed.R.Civ.P. 8); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1959 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1627 (2005).

"A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir.1989).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim. *Id*.

As plead, it is impossible to actually know what causes of action Plaintiff seeks to hold Defendant accountable for.  However, in an abundance of caution, and for the purpose of completeness, Defendant below addresses the theories that Plaintiff may have attempted to plead in its Amended Complaint.  Nevertheless, Defendant maintains that Plaintiff's Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### i.     Plaintiff's Amended Complaint Fails To State A Cause Of Action For De Facto Merger

Plaintiff's "Seventh Claim" in its Amended Complaint seems to attempt to state a cause of action against Defendant for De Facto Merger under Florida Common Law.  The general rule

in Florida is that a successor corporation is not responsible for the torts of a predecessor entity. The Supreme Court of Florida has recognized this general rule of successor nonliability, subject to four exceptions. *See Bernard v. Kee Mfg. Co.*, 409 So.2d 1047, 1049 (Fla. 1982). Thus, in Florida:

> obligations and liabilities of a predecessor corporation are not imposed upon the successor company unless: (1) the successor expressly or impliedly assumes the obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor.

*Redman v. Cobb Int'l, Inc.*, 23 F.Supp.2d 1372, 1375 (M.D. Fla. 1998) (citing *Bernard*, 409 So.2d at 1049). While it is unclear based on the negligible allegations against Defendant, it appears that Plaintiff would like this Court to consider the exception of de facto merger. However, Plaintiff's Amended Complaint fails to state a cause of action for de facto merger, and must be dismissed against Defendant.

To find a de facto merger, "there must be continuity of the selling corporation evidenced by the same management, personnel, assets and physical location; a continuity of the stockholders, accomplished by paying for the acquired corporation with shares of stock; a dissolution of the selling corporation; and assumption of the liabilities." *Amjad Munim, M.D., P.A. v. Azar, M.D.*, 648 So.2d 145, 153-154 (Fla. 4th DCA 1994) (citing *Arnold Graphics Indus. V. Indep. Agent Ctr.*, 775 F.2d 38, 42 (2d Cir.1985), and *Ladjevardian v. Laidlaw-Coggeshall, Inc.*, 431 F.Supp. 834, 838 (S.D.N.Y. 1977)); *see also Viking Acoustical Corp. v. Monco Sales*, 767 So.2d 632 (Fla. 5th DCA 2000) (de facto merger doctrine does not apply to transferee corporation that bought most of the assets of the transferor where there is no identity of officers, directors, or shareholders and location of business is no longer in Florida).

Plaintiff's Amended Complaint must fail against Defendant as it is wholly devoid of allegations that, if proven, would render Defendant liable for any torts committed by the other defendants in this matter. The meager allegations against Defendant, as set forth in Paragraphs 190-192 of the Amended Complaint, are inadequate under federal pleading standards to give rise to an inference of a merger, a de facto merger, or any other corporate law principle that might impose liability on Defendant.

### ii. Plaintiff's Amended Complaint Fails To State A Cause Of Action For Alter Ego

Federal courts generally find that "[a]lter ego is not a separate cause of action for which relief can be granted; rather, … alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity." *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, Case No. 09-cv-61436, 2010 WL 1531489, at *9 (S.D. Fla. April 16, 2010) (dismissing alter ego count with prejudice and requiring plaintiff to re-plead allegations regarding alter ego in the body of the complaint).

Plaintiff's Amended Complaint makes reference in Paragraph 191 that Defendant is being "merely a continuation and alter ego of Defendants Acquinity and Acquinity, LLC." However, the Amended Complaint fails to allege the substantive elements required to pierce the corporate veil. In general, "a corporation is a separate entity, distinct from the persons comprising [it]." *Gasparini v. Pordomingo*, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008). However, "the corporate veil may be pierced if the plaintiff can prove both that the corporation is a mere instrumentality or alter ego of the defendant, and that the defendant engaged in improper conduct in the formation or use of the corporation." *XL Vision, LLC v. Holloway*, 856 So.2d 1063, 1066 (Fla. 5th DCA 2003). To show that a corporation is the alter ego of a defendant, a plaintiff must allege "the shareholder dominated and controlled the corporation to such an extent

that the corporation's independent existence was in fact nonexistent and the shareholders were in fact alter egos of the corporation." *Gasparini*, 972 So.2d at 1055.

Here, Plaintiff has done nothing more than stated that Defendant is an alter ego of Defendant's Acquinity and Acquinity, LLC. *See* [D.E. 28 at ¶ 191]. This conclusory allegation, and any of the other minimal allegations against Defendant are insufficient and do not explain how Defendant allegedly would have abused the corporate form to impose liability or permit a piercing of the corporate veil under an alter ego theory. Plaintiff has not alleged improper conduct, nor has Plaintiff alleged any facts related to the improper formation or use of Defendant by any of the other defendants in this action. As such, Plaintiff's Amended Complaint against Defendant must be dismissed.

      **iii.**      **Plaintiff's Amended Complaint Fails To State A Cause Of Action Against Defendant Under The Florida Uniform Fraudulent Transfers Act**

Plaintiff's Amended Complaint is replete with allegations of fraudulent conveyances between some of the parties to this action. However, these allegations do not exist against Defendant. Plaintiff's failure to adequately state a cause of action or to plead a valid fraudulent transfer claim subjects its Amended Complaint to dismissal against Defendant.

The Florida Uniform Fraudulent Transfers Act, Fla. Stat. § 726.101, *et seq*. ("FUFTA") was promulgated to prevent an insolvent debtor from transferring assets out of the reach of its creditors when the debtor's intent is to hinder, delay or defraud any of its creditors. *Id*. FUFTA, as set forth in Fla. Stat. § 726.105, provides the substantive requirements that must be pled to state a valid fraudulent transfer claim. The plaintiff must show that "(1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have

been applicable to the payment of the debt due." *Nationsbank, N.A. v. Coastal Utilities, Inc.*, 814 So.2d 1227, 1229 (Fla. 4th DCA 2002).

With respect to the Defendant, there are no allegations of fraudulent intent. In fact, there are no allegations of an actual conveyance to Defendant. To the contrary, Plaintiff's allegations against Defendant are speculative at best, wherein Plaintiff alleges that "Upon information and belief, as a direct result of this litigation and similar litigation, as well as a suit recently filed by the FTC against Acquinity, Defendants Acquinity and Acquinity, LLC **have or are in the process of** transferring all assets, personnel, technology and business to Defendant, 8333947 Canada, Inc. for little or no consideration." (emphasis added) *See* [D.E. 28 at ¶ 190]. It is almost as if Plaintiff is seeking injunctive relief against Defendant based on some actions that have yet to occur. This is inappropriate, and Plaintiff's Amended Complaint against Defendant must be dismissed.

**C.    Plaintiff's Amended Complaint Against Defendant Requires A More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). "A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Ramirez v. FBI*, No.8:10-cv-1819-T-23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010) (quoting *Sun Co., Inc. (R&M) v. Badger Design & Constr., Inc.*, 939 F.Supp. 365, 368 (E.D.Pa.1996)). Such a motion "is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Id*. (quoting *Aventura Cable Corp. v. Rifkin/Narragansett S. Fla. CATV Ltd. P'ship*, 941 F.Supp. 1189, 1195 (S.D. Fla. 1996)).

Based on Plaintiff's Amended Complaint as it has currently been plead, Defendant is unable to prepare a response as it is unclear as to the relief being sought against it. Presumably, any substantive allegations against Defendant are contained in the "Seventh Claim" and paragraphs 190-192. However, these paragraphs are ambiguous as to what relief Plaintiff seeks from Defendant. This confusion continues into the Wherefore clause where Plaintiff seeks a judgment against "DEBTOR and the transferee defendants". Plaintiff has never defined the term "transferee defendants" anywhere in the Amended Complaint, leaving Defendant unclear as to how to respond, or whether a response is even necessary. Without more, Defendant is unable in good faith to respond to this Amended Complaint.

## CONCLUSION

In the instant matter, Plaintiff's Amended Complaint fails to allege sufficient facts to constitute a "short and plain statement of the claim" so as to put Defendant on notice. Defendant is left wondering what causes of action Plaintiff seeks against it. Further, Defendant is unable to respond to Plaintiff's Amended Complaint as plead. Based on the foregoing, Plaintiff's Amended Complaint must be dismissed against Defendant.

WHEREFORE, Defendant 8333947 Canada, Inc. respectfully requests that this Court enter an Order Dismissing Plaintiff's Amended Complaint or Alternatively Ordering A More Definite Statement, and any further relief this Court deems just and proper.

Dated: December 26, 2013                             Respectfully submitted,

                                                     s/**Alexander Pastukh**
                                                     Alexander Pastukh (Fla. Bar No. 809551)
                                                     Alexander Pastukh, P.A.
                                                     E-mail:  apastukh@appalaw.com
                                                     1395 Brickell Avenue, Ste. 800
                                                     Miami, FL 33131
                                                     Tel: (305) 502-5715
                                                     Counsel for Defendant 8333947 Canada, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of December 2013 a true and correct copy of the foregoing has been served by CM/ECF on all counsel or parties of record on the Service list below.

                                                     /s/ __Alexander Pastukh__

## SERVICE LIST

**Onier Llopiz, Esq.**
**Joan Carlos Wizel, Esq.**
LYDECKER DIAZ
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
Telephone:  (305) 416-3180
E-mail:  ol@lydeckerdiaz.com
         jcw@lydeckerdiaz.com
*Counsel for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media, LLC, and Warren Rustin*

**Timothy M. Hartley, Esq.**
Hartley Law Offices, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone:  (954) 357-9973
E-mail:  Hartley@hartleylaw.net
*Counsel for Plaintiff*

**Brett E. Lewis, Esq.**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone:  (718) 243-9323
E-mail:  brett@iLawco.com
*Counsel for Plaintiff*