UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,
v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

    Defendants.
_____/

**7657030 CANADA INC., ACQUINITY INTERACTIVE, LLC, MODERNAD MEDIA LLC, AND WARREN RUSTIN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S AFFIDAVIT OF REASONABLE ATTORNEY'S FEES AND COSTS**

Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC ("Acquinity"), ModernAd Media LLC ("ModernAd"), and Warren Rustin (collectively "Defendants"), by and through undersigned counsel, hereby file this Memorandum in Opposition of Plaintiff's Affidavit of Reasonable Attorney's Fees and Costs ("Affidavit") [DE 82]. On December 16, 2013, Magistrate Judge Matthewman entered an Order Granting Plaintiff's Motion to Enforce this Court's Order Granting Plaintiff's Motion for Expedited Discovery ("Order") [DE 76] wherein the Court granted Plaintiff's request attorney's fees and costs incurred in having to bring its Motion to Enforce the Court's Order Granting Plaintiff's Motion for Expedited Discovery [DE 61]. In the Order, Judge Matthewman required Plaintiff to file within ten (10) days from the date of the Order an affidavit concerning Plaintiff's expenditure of reasonable attorney's fees and costs,

specifically setting forth sufficient detail regarding Plaintiff's counsel's reasonable hourly rate and time entries so that the Court can properly award attorney's fees. Plaintiff filed its Affidavit on December 26, 2013 setting forth the total amount of attorney's fees Plaintiff incurred as a result of being required to engage in the above referenced motion practice, including the amount of hours spent by each of Plaintiff's attorneys and the hourly rate for each attorney. Plaintiff requests a total of $21,507.25 in legal fees for sixty-five (65) hours worth of work spent moving the Court to enforce its Order. This Court should reduce Plaintiff's requested attorney's fees on the following basis: (1) Plaintiff's stated hourly rates for Brett Lewis, Esq. and Tim Hartley, Esq. are above the average rate for attorneys in the Florida legal community; (2) contrary to this Court's Order, Plaintiff failed to set forth sufficient detail delineating its specific time entries for the sixty-five hours worth of work Plaintiff's attorneys spent moving the Court for its requested relief; and (3) Plaintiff's total time spent bringing forth its motion is unreasonable and Plaintiff should not be permitted to recover such exorbitant fees related to bringing forth its Motion.

## ARGUMENT

### I.   Plaintiff's Requested Fees Are Not Reasonable

In the Eleventh Circuit, courts must use the lodestar approach to determine reasonable attorney's fees. *Twin Rivers Eng'g Corp. v. Fieldpiece Instruments, Inc.*, No. 6:12-CV-1794-ORL-36, 2013 WL 5272768, *2 (M.D. Fla. Sept. 17, 2013); *Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 6:08–cv–1182–Orl–22DAB, 2010 WL 98991, *3 (M.D. Fla. Jan. 6, 2010); *see Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A court determines the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); *Norman*, 836 F.2d at 1299. The lodestar can be adjusted under certain circumstances in

order to reach a more appropriate attorney's fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Ultimately, the computation of a fee award is necessarily an exercise in judgment because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). However, in making its calculations, a court must exclude "excessive, redundant or otherwise unnecessary" hours. *Hensley*, 461 U.S. at 434.

As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* at 1303. "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." *Norman*, 836 F.2d at 1303; *Perez v. Sanford–Orlando Kennel Club, Inc., et al.*, No. 6:05–cv–269–Orl–28KRS, 2009 WL 2500290, *2 (M.D. Fla. Aug. 14, 2009). Pursuant to the lodestar equation, the Court must first determine whether Plaintiff's requested hourly rates are reasonable and proper and then must determine whether the amount of time expended is reasonable.

### A. Reasonable Hourly Rate

The Supreme Court has held that a reasonable hourly rate is to be measured by the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Norman,* 836 F.2d at 1299. The prevailing market rates are considered by looking at several factors such as: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996). The appropriate hourly rate may be determined by either analyzing any affidavits submitted into

evidence by counsel, or if the affidavit is insufficient, by relying upon the court's expertise. *Norman*, 836 F.2d at 1303–04. As set forth by the Eleventh Circuit in *Norman*, "[l]egal skill may be a function of experience, but that is not always the case and it has no intrinsic value unless it is used to further the client's interest, which is to obtain a just result quickly and economically." *Id.* at 1300.

Here, Plaintiff sets forth in its Affidavit that the rate of Timothy Hartley, Esq., an attorney admitted to the Florida bar in 1993, is $350 per hour; the rate of Brett Lewis, Esq., an attorney admitted to the New York bar in 1999, is $395 per hour; and the rate of Justin Mercer, Esq., an attorney admitted to the New York bar in 2012, is $250 per hour. The hourly rates for Timothy Hartley, Esq. and Brett Lewis, Esq. are excessive in light of the prevailing market rates in the relevant legal community. *See, e.g.*, *Twin Rivers Eng'g Corp. v. Fieldpiece Instruments, Inc.*, No. 6:12-CV-1794-ORL-36, 2013 WL 5272768, *2 (M.D. Fla. Sept. 17, 2013) (finding an hourly rate of $325 for an attorney for just over ten years, as reasonable); *Bauer v. Midland Credit Management, Inc.*, No. 8:12–cv–614–T–23TGW, 2012 WL 6733649, at *5 (M.D. Fla. Dec. 4, 2012) (finding an hourly rate of $300 reasonable for a lawyer with more than 35 years of experience); *U.S. Bank v. Professional Staffing–A.B.T.S., Inc.,* No. 8:10–cv–2445–T24MAP, 2011 WL 6148615, at *2 (M.D. Fla. Dec. 9, 2011) (finding a $325 hourly fee reasonable for attorneys with ten years of experience); *Mallory*, 923 F. Supp at 1555 (finding reasonable a $275 hourly rate for an attorney practicing for over twenty-five years who has extensive experience). Accordingly, Defendants respectfully request this Court reduce the hourly rate requested by Plaintiff for attorneys Brett Lewis, Esq. and Timothy Hartley, Esq. to reflect the reasonable rates of attorneys with similar experience in the relevant legal community.

4

### B. Reasonableness of Hours Expended

Once the lodestar is determined, the Court must evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by its counsel. *Blue Water Marine Servs., Inc. v. m/y Natalita III*, No. 08-20739-CIV, 2010 WL 1330265, *6 (S.D. Fla. Feb. 2, 2010) *report and recommendation adopted*, No. 08-20739-CIV, 2010 WL 1330009 (S.D. Fla. Mar. 29, 2010). Fee applicants must exercise what the U.S. Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When awarding attorney's fees, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* "This evaluation focuses on the exclusion of hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Id.* "[W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." *Twin Rivers Eng'g Corp.*, 2013 WL 5272768 at *3.

In the Order, Judge Matthewman required Plaintiff to set forth sufficient detail as to *time entries* evidencing Plaintiff's expenditure of attorney's fees so that the Court can properly award reasonable attorney's fees to Plaintiff. Plaintiff's Affidavit fails to set forth *any* detail about the how Plaintiff's counsel spent its time in bringing forth its Motion and Plaintiff has not provided any documents along with the Affidavit evidencing such information. Rather, the Affidavit simply indicates that Timothy Hartley, Esq. expended 7 hours, Brett Lewis, Esq. expended 30.05 hours, and Justin Mercer, Esq. expended 27.95 hours of work as a result of engaging in motion

practice to enforce the Court's Order. Although Plaintiff states within its Affidavit that in support of its Affidavit it has redacted versions of the invoices received from the above referenced attorneys' offices available for inspection, the Court's Order required sufficient detail regarding time entries to be set forth *within* the Affidavit. Again, *Plaintiff bears the burden* of setting out the general subject matter of the reasonable amount of time expended by the attorney with sufficient particularity so that the court can assess the time claimed for each activity and that is precisely what Judge Matthewman's Order required Plaintiff to do. *See Hensley,* 461 U.S. at 433; *Norman,* 836 F.2d at 1301; *Luken v. Int'l Yacht Council Ltd.*, No. 02-60772-CIV, 2009 WL 1706534, *16 (S.D. Fla. June 11, 2009). Simply attesting to the fact that redacted versions of invoices are available for inspection does not satisfy Plaintiff's burden to show the reasonableness of its fees and time spent.

Furthermore, regardless of what Plaintiff's absent and redacted time entries may reflect, sixty-five (65) total hours is an unreasonable amount of time expended on Plaintiff's limited motion practice. Plaintiff simply moved to enforce this Court's Order granting expedited discovery and such motion practice does not involve any novel issues of law requiring a significant amount of time to be expended, certainly not sixty-five hours worth of legal work. Upon review of the legal expenses incurred by Defendants in defending against Plaintiff's motion practice, Defendants' incurred only $3,700.00 in legal fees for a total of 14.8 hours of legal work, including its motion practice, analysis, legal research, correspondences with opposing counsel, and conferences with opposing counsel. *See* Exhibit A. The hourly rate for each of the Defendants' attorneys who expended work in defense of Plaintiff's motion practice is $250 per hour. *Id.* While Defendants acknowledge Plaintiff drafted its Motion and a Reply in support thereof [DE 73], the drafting of such documents and the amount of legal work performed

6

by Plaintiff's counsel to enforce this Court's Order cannot reasonably amount to sixty-five (65) hours worth of legal work. *See, e.g.*, *Twin Rivers Eng'g Corp. v. Fieldpiece Instruments, Inc.*, 6:12-CV-1794-ORL-36, 2013 WL 5272768 (M.D. Fla. Sept. 17, 2013) (finding five hours of attorney work and two and one half hours of paralegal work reasonable in bringing forth a motion to compel). Therefore, Plaintiff's stated hours expended for its motion practice should be appropriately reduced.

## CONCLUSION

Accordingly, because the hourly rates stated for some of Plaintiff's attorneys are unreasonable and Plaintiff has failed to meet its burden of establishing with sufficient detail within its Affidavit time entries evidencing how sixty-five (65) hours of legal work were spent on enforcing the Court's Order, Defendants' respectfully request this Honorable Court to reduce Plaintiff's amount of requested fees to an amount the Court deems reasonable based on its expertise and any other such relief this Honorable Court deems just and proper.

Dated: January 2, 2014.                    Respectfully submitted,

s/ Rachel A. Lyons
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Rachel A. Lyons (FBN 105347)
rlyons@lydeckerdiaz.com
LYDECKER│DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile:  (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 2, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Rachel A. Lyons<br>Rachel A. Lyons (FBN 105347)

**SERVICE LIST**

| | |
|---|---|
| **Timothy M. Hartley** | **Brett E. Lewis** |
| Hartley Law Offices, PLC | Lewis & Lin, LLC |
| 800 SE third Avenue, Fourth Floor | 45 Main Street, Suite 608 |
| Fort Lauderdale, FL 33316 | Brooklyn, NY 11201 |
| Telephone: (954) 357-9973 | Telephone: (718) 243-9323 |
| E-mail:Hartley@hartleylaw.net | E-mail:brett@iLawco.com |