UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,                                                   CASE NO.: 0:13-CV-61448

    v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA LLC;
WARREN RUSTIN, an individual,
8333947 CANADA INC; and JOHN DOES 1-100,

    Defendants.
_____/

***AFFIDAVIT OF JUSTIN MERCER***

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF KINGS     )

JUSTIN MERCER, being duly sworn, deposes and states as follows:

    1.    I am an attorney duly admitted to practice in the State of New York. I am a member of the law firm Lewis & Lin, LLC ("Lewis & Lin"), which represents the plaintiff PULSEPOINT, INC., f/k/a DATRAN MEDIA CORP in this action. I submit this affidavit in support of Plaintiff's opposition to defendant 8333947 Canada, Inc.'s ("Inbox Direct") Motion to Dismiss Plaintiff's Amended Complaint or Alternatively Motion for More Definite Statement [DE 81].

2.      I have personal knowledge of all matters stated herein, or I am familiar with the facts and circumstances of the instant action based upon records and files maintained by this office, upon Plaintiff's statements and all pleadings previously filed herein.

3.      On December 10, 2013, Plaintiff served upon counsel for Inbox Direct its First Request for Production pursuant to the Court's Order dated October 31, 2013.

4.      On January 2, 2014, Inbox Direct served its Response to Plaintiff's First Request for Production.

5.      Attached hereto as "**Exhibit A**" is a true and correct copy of a Nominee Agreement dated November 1, 2013 between Inbox Direct and The Marciano Family Trust produced in response to Request No. 18 of Plaintiff's First Request for Production.

6.      Attached hereto as "**Exhibit B**" is an excerpt from a 2012 tax return filed by Inbox Direct listing the entity's mailing address as "39 Chambertin, Kirland, QC, Canada, H9H 5E3," produced in response to Request No. 4 of Plaintiff's First Request for Production.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
       January 13, 2014

_____
JUSTIN MERCER

Sworn to before me this
13th day of January, 2014

_____
Notary Public



Monique Bullitt
Notary Public State of New York
No. 01BU6101426
Qualified in New York County
Commission Expires on November 17, 2015

2

# Exhibit A

# **TAB 18(d)**

## Nominee Agreement

This Agreement was made on the 1st day of November, 2013 between 8333947 Canada Inc. ("Company"), herein represented by Mr. Claude Marciano ("Nominee") and The Marciano Family Trust, a Canadian trust with Judith Cohen as Settlor (the "Owner").

Whereas Owner is the sole beneficial owner of issued and outstanding shares in the capital stock of 8333947 Canada, Inc. (the "Trust Shares");

AND it has been agreed between Nominee and Owner, at the request of Owner and as a matter of convenience, that for the time being the Trust Shares will be registered in the name of Nominee and that Nominee shall hold, as nominee for Owner on the terms and subject to the conditions hereinafter set forth, the Trust Shares and all related rights and interests) that Owner may from time to time assign to Nominee (the Trust Shares and related rights and interest are collectively called the "Trust Property"), Nominee having itself no beneficial interest in the Trust Property;

NOW in consideration of these premises and the mutual covenants, conditions and agreements herein contained, and for other good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged), the parties hereto hereby covenant and agree as follows:

1.  Nominee hereby acknowledges, declares, covenants and agrees that:

    (a)  Nominee will hold, as and from the date hereof, the Trust Property, and all right, title and interest therein and benefit to be derived there from, as nominee for and on behalf of the Owner;

    (b)  Nominee otherwise has no legal or beneficial interest in the Trust Property; and

    (c)  All other attributes of the beneficial ownership of the Trust Property shall be and remain in Owner.

2.  Nominee covenants and agrees, subject to the indemnity hereinafter provided, that it shall at all times and from time to time deal with the Trust Property as nominee for Owner in accordance with the written or verbal instructions and directions of Owner. Notwithstanding the foregoing, Nominee has been designated the sole manager of the Company and shall have active and independent duties to perform the job functions as are normally and customarily performed within that position, including without limitation, the day-to-day operational management of the Company.

3.  Nominee shall enter into, and execute and deliver as nominee for Owner only, all such instruments, including, without limitation, all such documents, assignments, deeds, transfers, licenses, privileges, management contracts, moveable hypothecs and other agreements, (collectively called "instruments') as may from time to time be requested by Owner in connection with the Trust Property, including without limiting the generality of the foregoing a

2

conveyance and transfer in registrable and/or other form(s) of all right, title and interest of Nominee in the Trust Property.

4.  Nominee acknowledges, declares, covenants and agrees that all, profits, emoluments and other receipts and revenues of any nature or kind arising from the Trust Property or the use thereof shall belong legally and beneficially to Owner, and that Nominee has no legal or beneficial interest in such rents, profits, emoluments and other receipts and revenues. Nominee shall, subject to the rights of other secured creditor, promptly remit to Owner all, profits, emoluments and other receipt and revenues of any nature or kind arising from the Trust Property, which may be received by Nominee as nominal party to any instrument. Nominee shall incur no liability to any person for making any such remittance as directed in any notice from any secured creditor, or, in the absence of such notice, pursuant to a direction from Owner. Nominee shall, at the request and expense of Owner, account to Owner for all sums received with respect to the Trust Property. Notwithstanding the foregoing, Nominee shall receive such agreed compensation in exchange for his duties as Manager of the Company.

5.  Nominee shall promptly deliver to Owner all instruments with respect to the Trust Property, together with all recording information relative thereto, to the extent that Nominee may come into possession of any thereof.

6.  Nominee shall promptly transmit to Owner copies of all notices, claims, demands or other communications, which Nominee may receive and which relate in any way to the Trust Property. Nominee, upon the request of Owner, shall be a nominal party to any action in response to or as a consequence of any such matter. Any such action, proceeding, negotiation or other response shall be conducted by Owner, with counsel selected by him, and Nominee shall not, nor shall it be obligated to, take any such action itself, its only obligation being that of a nominal party thereto subject to the indemnity hereinafter provided. Notwithstanding the foregoing, Nominee may be involved in any action, proceeding, negotiation or other response in his capacity as Manager of the Company, and he may bind the Company in such position as Manager.

7.  Owner acknowledges, declares, covenants and agrees that he shall be responsible for all encumbrances, charges, costs, expenses, losses, damages, claims, demands and liabilities in any way connected with or related to the Trust Property (collectively called "expenses"), that Nominee has no active duties to perform in connection with the Trust Property, and that all obligations responsibilities, acts or omissions pertaining to the Trust Property shall be the responsibility of and shall be performed or omitted to be performed by Owner. The foregoing provision shall not limit or restrict the obligations that Nominee may have directly relating to his position as the Manager of the Company.

8.  Owner hereby releases Nominee from any and all liability that Nominee may incur in respect of any action taken by Nominee either pursuant to the authorization or direction of Owner or pursuant to the terms of this Agreement. Owner shall indemnify and hold Nominee harmless from all liabilities of whatsoever kind and character that may arise out of any act or omission by Nominee pursuant to the terms of this Agreement and from the said expenses,

3

obligations and responsibilities during the entire period of time that the Trust Property is vested in Nominee pursuant to this Agreement.

9.  It is understood and agreed between the parties hereto that the relationship between them shall be that of principal and bare nominee only, that there is no intention to create a relationship of partnership, or agency between Owner and Nominee, and that this Agreement should not be construed to create any trust, association or joint venture between Owner and Nominee.

10. Each of the parties hereto covenants that it will from time to time as may be deemed necessary and requisite do all such acts and effect such further and other assurances as may be reasonable necessary or desirable to effect and carry out the true intent and purpose of this Agreement.

11. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

12. This Agreement shall be governed by and interpreted in accordance with the laws of the Province of Quebec and the laws of Canada applicable therein.

13. This Agreement has been drafted in the English language at the express request of the parties. Cette convention a été redigée en langue anglaise à la demande explicite des parties.

IN WITNESS WHEREOF the parties hereto have executed this Agreement as of the date first written above.

The Marciano Family Trust                8333947 Canada Inc.

_____          _____
Garry Jonas, as Trustee                  Per: Claude Marciano

# Exhibit B

# **TAB 4**

| | | |
|---|---|---|
| 8333947 Canada Inc. 2012 history.212<br>2013-12-17 18:05 | 2012-12-31 | 8333947 Canada Inc.<br>84453 2333 RC0001 |

(4)

**Canada Revenue Agency / Agence du revenu du Canada**

# T2 Corporation Income Tax Return

**200**

This form serves as a federal, provincial, and territorial corporation income tax return, unless the corporation is located in Quebec or Alberta. If the corporation is located in one of these provinces, you have to file a separate provincial corporation return.

All legislative references on this return are to the federal *Income Tax Act*. This return may contain changes that had not yet become law at the time of publication.

Send one completed copy of this return, including schedules and the *General Index of Financial Information* (GIFI), to your tax centre or tax services office. You have to file the return within six months after the end of the corporation's tax year.

For more information see www.cra.gc.ca or Guide T4012, *T2 Corporation – Income Tax Guide*.

**055** Do not use this area

## Identification

**001** Business number (BN) ......... 84453 2333 RC0001

**Corporation's name**
**002** 8333947 Canada Inc.

**Address of head office**
Has this address changed since the last time we were notified? ........... **010** 1 Yes ☐  2 No ☒
(If yes, complete lines 011 to 018.)
**011** 207 Harland
**012**

| City | Province, territory, or state |
|---|---|
| **015** Hampstead | **016** QC |
| Country (other than Canada) | Postal code/Zip code |
| **017** | **018** H3X 3G1 |

**Mailing address** (if different from head office address)
Has this address changed since the last time we were notified? ........... **020** 1 Yes ☐  2 No ☒
(If yes, complete lines 021 to 028.)
**021** c/o
**022** 39 Chambertin
**023**

| City | Province, territory, or state |
|---|---|
| **025** Kirkland | **026** QC |
| Country (other than Canada) | Postal code/Zip code |
| **027** | **028** H9H 5E3 |

**Location of books and records**
Has the location of books and records changed since the last time we were notified? .................... **030** 1 Yes ☒  2 No ☐
(If yes, complete lines 031 to 038.)
**031** 207 Harland
**032**

| City | Province, territory, or state |
|---|---|
| **035** Hampstead | **036** QC |
| Country (other than Canada) | Postal code/Zip code |
| **037** | **038** H3X 3G1 |

**040 Type of corporation at the end of the tax year**

1 ☒ Canadian-controlled private corporation (CCPC)
2 ☐ Other private corporation
3 ☐ Public corporation
4 ☐ Corporation controlled by a public corporation
5 ☐ Other corporation (specify, below)

If the type of corporation changed during the tax year, provide the effective date of the change .............. **043** ____ YYYY MM DD

**To which tax year does this return apply?**

| Tax year start | Tax year-end |
|---|---|
| **060** 2012-10-24 | **061** 2012-12-31 |
| YYYY MM DD | YYYY MM DD |

Has there been an acquisition of control to which subsection 249(4) applies since the previous tax year? ............. **063** 1 Yes ☐  2 No ☒

If yes, provide the date control was acquired ............. **065** ____ YYYY MM DD

Is the date on line 061 a deemed tax year-end according to:
subparagraph 88(2)(a)(iv)? ......... **064** 1 Yes ☐  2 No ☒
subsection 249(3.1)? ............. **066** 1 Yes ☐  2 No ☒

Is the corporation a professional corporation that is a member of a partnership? ................ **067** 1 Yes ☐  2 No ☒

Is this the first year of filing after:
Incorporation? ................ **070** 1 Yes ☒  2 No ☐
Amalgamation? ............... **071** 1 Yes ☐  2 No ☒
If yes, complete lines 030 to 038 and attach Schedule 24.

Has there been a wind-up of a subsidiary under section 88 during the current tax year? ............ **072** 1 Yes ☐  2 No ☒
If yes, complete and attach Schedule 24.

Is this the final tax year before amalgamation? .......... **076** 1 Yes ☐  2 No ☒

Is this the final return up to dissolution? .................. **078** 1 Yes ☐  2 No ☒

If an election was made under section 261, state the functional currency used ................ **079** ____

Is the corporation a resident of Canada?
**080** 1 Yes ☒  2 No ☐  If no, give the country of residence on line 081 and complete and attach Schedule 97.
**081** ____

Is the non-resident corporation claiming an exemption under an income tax treaty? ........... **082** 1 Yes ☐  2 No ☒
If yes, complete and attach Schedule 91.

If the corporation is exempt from tax under section 149, tick one of the following boxes:
**085**
1 ☐ Exempt under paragraph 149(1)(e) or (l)
2 ☐ Exempt under paragraph 149(1)(j)
3 ☐ Exempt under paragraph 149(1)(t)
4 ☐ Exempt under other paragraphs of section 149

**Do not use this area**
**095** | **096**

T2 E (12)

CORPORATE TAXPREP / TAXPREP DES SOCIÉTÉS - EP19   VERSION 2013 V1.2

Canada

Page 1