**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,
v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

    Defendants.
_____/

**7657030 CANADA INC., ACQUINITY INTERACTIVE, LLC, MODERNAD MEDIA LLC, AND WARREN RUSTIN'S MEMORANDUM OBJECTING TO PLAINTIFF'S AFFIDAVITS OF REASONABLE ATTORNEY'S FEES AND COSTS**

Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC ("Acquinity"), ModernAd Media LLC ("ModernAd"), and Warren Rustin (collectively "Defendants"), by and through undersigned counsel, hereby file this Memorandum Objecting to Plaintiff's Affidavits of Reasonable Attorney's Fees and Costs [DE89] ("Affidavits").

As per the Court's Order Granting Plaintiff's Motion to Enforce this Court's Order Granting Plaintiff's Motion for Expedited Discovery [DE 76] ("Order Awarding Fees") and pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Plaintiff is not entitled to recover all of the fees requested but rather *only* the fees incurred in having to bring forth its Motion to Enforce this Court's Order Granting Plaintiff's Motion for Expedited Discovery [DE 61] ("Motion to Enforce"). Plaintiff's billing invoices attached to its Affidavits reflect fees that are completely

unrelated to specifically enforcing this Court's Order. Furthermore, Plaintiff's invoices reflect an unreasonable amount of time spent on certain activities, block billing, and duplicative billing, which Plaintiff should not be able to recover. Accordingly, Defendants request this Court to appropriately reduce Plaintiff's requested fees.

## ARGUMENT

**I.    Under Federal Rule of Civil Procedure 37(b)(2)(C), Plaintiff is only entitled to recover the fees incurred in having to bring forth the subject Motion**

Rule 37 allows the Court to require payment of the expenses caused by the failure to comply with a court's order. Fed. R. Civ. P. 37(b)(2)(C); *Emery v. Am. Airlines, Inc.*, No. 08-22590-CV.HOEVELER, 2010 WL 4925796, *2 (S.D. Fla. Aug. 27, 2010). The rule provides for the following,

> **(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37. In granting fees under 37(b)(2), courts typically award attorney's fees incurred as a result of efforts involved in bringing forth the subject motion outlining the actionable conduct and requesting sanctions under Rule 37. *See Emery v. Am. Airlines, Inc.*, No. 08-22590-CVHOEVELER, 2010 WL 4925796, *2 (S.D. Fla. Aug. 27, 2010) (awarding the moving party reasonable fees and costs incurred in bringing forth motion for sanctions due to opposing party's failure to comply with the Court's discovery order); *Goldin v. Murphy's Law Hollywood, LLC*, No. 09-60238-CIV, 2009 WL 2913239 (S.D. Fla. Sept. 4, 2009) (finding an award of attorney's fees appropriate for defendant's failure to comply with the court's order and awarding the sum of $200 to help defray the attorney's fees incurred in bringing the motion).

2

Courts generally do not award attorney's fees that are unrelated to undertaken efforts to move the court to enforce its order or award sanctions. *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (imposing $325.00 in sanctions under Rule 37(b)(2) for the plaintiff's cost of a filing a second motion to encourage compliance with a court order); *see e.g.*, *Azamar v. Stern*, 278 F.R.D. 23, 26 (D.D.C. 2011) (finding tasks outlined in the plaintiffs' sanctions billing statement attached to the motion for attorneys' fees unrelated to the motion for sanctions where they were too far removed from the underlying conduct that triggered the entry of default and accordingly such fees incurred for those tasks could not be awarded as sanctions).

Simply stated, in this case, the attorney's fees permitted to be awarded under Rule 37 are attorney's fees incurred as a result of Defendants' *failure to comply a court order*, namely, only fees Plaintiff incurred to obtain Defendants' compliance with the Court's Order Granting Expedited Discovery. Additionally, in this Court's Order Awarding Fees, the Court specifically directed Plaintiff to file "an affidavit concerning its expenditure of reasonable attorney's fees and costs incurred *in bringing its Motion to Enforce This Court's Order Granting Plaintiff's Motion for Expedited Discovery*." Yet, Plaintiff's invoices attached to its Affidavits reflect multiple billable activities that are unrelated to Plaintiff's Motion to Enforce. Plaintiff sets forth in both of its Affidavits that it is entitled to attorney's fees related to Defendants' Objections to Magistrate's Matthewman's Order Granting Expedited Discovery when those objections were wholly unrelated to Defendants' failure to comply with the Court's Order Granting Expedited Discovery. Plaintiff's attempt to link its attorney's fees associated with responding to Defendants' Objections to the Magistrate's Order Granting Expedited Discovery with its fees incurred in bringing forth its Motion to Enforce is unavailing and misplaced. Defendants were entitled to object to the Magistrate's Order Granting Expedited Discovery pursuant to 29 U.S.C.

3

§636(b)(1)(A), Federal Rule of Civil Procedure 72(a) and Magistrate Judge Rule 4(a)(1), and Defendants' and Plaintiff's motion practice related to Defendants' objections is too attenuated from Plaintiff's Motion to Enforce to be recovered. Additionally, Plaintiff's invoices reflect other fees for billable activities unrelated to Plaintiff's Motion to Enforce such as Defendants' objections to the Magistrate's Order on Defendants' Motion to Dismiss, a subpoena of Shannon Briggs, service of a Canadian defendant, coordinating hearing transcripts with a court reporter, reviewing the credit card statements of ModernAd, among other unrelated activities.

The following is a chart outlining the fees Plaintiff is not entitled to for the billable work of Timothy Hartley because the tasks are unrelated to Plaintiff's Motion to Enforce.

| Date | Billing Entries for Timothy Hartley | Time | Cost |
|---|---|---|---|
| 11/15/13 | Review and analysis of email correspondence from opposing counsel concerning service of the request for production and motion to stay; review and analysis of email correspondence with Brett Lewis and Justin Mercer concerning stay and objections to motion | 30min | $175.00 |
| 11/15/13 | Review and analysis of motion to stay and objections to report and recommendations of magistrate; telephone conference with Justin Mercer with regard to service on Canadian entity | 24min | $140.00 |
| 11/18/13 | Telephone call to Jerry Meyers, court reporter with regard to transcript of hearing held before magistrate judge on October 30, 2013; preparation of email correspondence to court reporter with regard to same | 12min | $70.00 |
| 11/18/13 | Email correspondence with court reporter with regard to payment of cost of transcript; review and analysis of transcript of hearing | 18min | $105.00 |
| 11/29/13 | Review and analysis of response to objections to report and recommendations on motion regarding expedited discovery; prepare same for filing and file same in US District Court | 12min | $70.00 |
| 12/04/13 | Review and analysis of order denying objections to report and recommendations with regard to motion to expedite discovery and email communication with Justin Mercer and Brett Lewis with regard to effect of order | 12min | $70.00 |
| 12/04/13 | Telephone call from Brett Lewis with regard to production of documents by defendant's pursuant to ruling by Judge Marra on objections to report and recommendations on motion to expedite discovery and with regard to status of other pending matters in connection with litigation | 24min | $140.00 |

4

The following charts outline the fees incurred by attorneys Brett Lewis and Justin Mercer that are unrelated to Plaintiff's Motion to Enforce. Notably, some activities listed below *are related* to Plaintiff's Motion to Enforce; however, those related activities are block billed in one time entry with the unrelated activities with no way to distinguish how much time was spent specifically on the related activities only. Each billable activity that is unrelated to the costs incurred by Plaintiff in bringing forth its Motion to Enforce have been underlined in the chart below for the Court's convenience.

| Date | Billing Entries for Brett Lewis | Time | Cost |
|---|---|---|---|
| 11/14/13 | <u>Office conference with Justin re objections to Magistrate's Order</u>; review and respond to email from R. Potts re service. | 0.4 | $158.00 |
| 11/15/13 | <u>Review Objections to Magistrate's Report and Recommendation; research FRCP, rules re objections; email Justin, Tim re same; office conferences with Justin re same</u> | 2.3 | $908.50 |
| 11/22/13 | <u>Draft Responses to Objections</u>; telephone call with Justin re discovery responses, motion to compel; | 1.6 | $632.00 |
| 11/25/13 | Review letter to C. Wizel re discovery dispute; office conferences with Justin, David re motion to compel, <u>Responses to discovery Objections; draft Response to Objections re MTD</u>; email Tim re filing Motion to Compel. | 1.7 | $671.50 |
| 11/27/13 | <u>Review and revise response to discovery order objections; office conferences with Justin re same.</u> | 1.7 | $671.50 |
| 11/28/13 | <u>Review and revise Response to Discovery Objections</u> | 1.5 | $592.50 |
| 11/29/13 | <u>Revise draft Response to Objections to Discovery Order</u> | 1.1 | $434.50 |
| 12/6/13 | <u>Email Tim re email to opposing counsel re discovery Order; review email re same; review summons affidavit re 8333947 Canada Inc.; Quick review of ModernAd credit card statements.</u> | 0.4 | $158.00 |
| 12/10/13 | <u>Review and respond to emails from C. Wizel; review draft protective order; telephone call with Justin, Tim re same</u> | 2.5 | $987.50 |
| 12/11/13 | Office conference with Justin re Reply brief; <u>review emails from Tim re bank writs, protective order</u>; review and revise draft Reply; office conferences with Justin re same. | 2.9 | $1,145.00 |
| 12/16/13 | <u>Review emails from Tim re Briggs subpoena; review and revise same; review ModernAd credit card statements;</u> review Court Order granting sanctions. | 1.75 | $691.25 |

5

| Date | Billing Entries for Justin Mercer | Time | Cost |
|---|---|---|---|
| 11/14/13 | Receive and review objections to magistrate's discovery order; receive and review emails from opposing counsel re: service; email client copy of order; office conf w/ Brett re: same | 0.8 | $200.00 |
| 11/15/13 | Receive and review objections to R&R; receive and reviewed corrected objections to Discovery Order; Draft outlines for response to objections; Research w/ attn to FRCP and Local Magistrate Rules re: objections; various office conf w/ Bret re: objections to court order; | 2.0 | $500.00 |
| 11/19/13 | Receive and review ModernAd responses/objections to discovery and certification re: meet and confer; emails from opposing counsel re: same | 0.5 | $125.00 |
| 11/21/13 | Research re: stay of discovery pending objections; emails w/ Brett and David re: same; revise outline for opposition to objections to discovery order | 0.6 | $150.00 |
| 11/22/13 | Phone call w/ Brett re: status; review objections to discovery requests (responses); draft letter to opposing counsel re: discovery deficiencies; office conf w/ David re: same; email w/ opposing counsel attaching deficiency letter | 2.3 | $575.00 |
| 11/25/2013 | Research in preparation for opposition to objections to Discovery Order; Research in w/ attn to magistrate's order on discovery, compelling production, objections and sanctions office conf w/ Brett and David re: motion to compel; draft opposition to objections re: Discovery Order; draft outline for motion to compel | 4.5 | $1,125.00 |
| 11/27/13 | Review and revise opposition to objections re: R&R; draft opposition to objections re Discovery order; office conferences w/ Brett re both oppositions; finalize and file opposition re: R&R | 6.0 | $1,500.00 |
| 11/29/13 | Revise, finalize and file opposition to objections re: discovery order; phone call w/ Tim re: same | 2.2 | $550.00 |

Based on the above charts, it is clear that Plaintiff is requesting fees unrelated to its Motion to Enforce. Furthermore, while some of Plaintiff's time entries *clearly do* reflect time spent related to the Motion to Enforce, many of those entries are block billed on the same day as entries unrelated to the Motion to Enforce and such entries cannot be distinguished from the related entries. Plaintiff bears the burden of setting out the general subject matter of the reasonable amount of time expended by the attorney with sufficient particularity so that the court can assess *the time claimed for each activity*. *See Hensley*, 461 U.S. at 433; *Norman*, 836 F.2d at

6

1301; *Luken v. Int'l Yacht Council Ltd.*, No. 02-60772-CIV, 2009 WL 1706534, *16 (S.D. Fla. June 11, 2009). Because Plaintiff's billing entries combine activities related to the Motion to Enforce with activities not related to the Motion to Enforce without distinguishing how much time was spent for each activity, Plaintiff should not be entitled to recover the fees it requests and a significant fee reduction is warranted.

## II.     Reasonableness of Plaintiff's Hours

In addition to Defendants' objections to Plaintiff's fees as stated above, Defendants object to the reasonableness of Plaintiff's hours and requests a reduction on the basis that Plaintiff's invoices contain block billing making it impossible to discern the amount of time Plaintiff spent on each billable activity, Plaintiff requests fees for duplicative billing, and Plaintiff's total hours expended in bringing forth its Motion to Enforce are overall unreasonable where the motion practice required to obtain Defendants' compliance with the Court's Order was not complex in nature.

### a. Block Billing

Plaintiff's invoices for the fees incurred by Timothy Hartley, Brett Lewis, and Justin Mercer all contain block billing time entries. The practice of block billing is inconsistent with an attorney's obligation to "explain in discrete entries the nature of the work that they want a client or opposing party to pay them [for]." *BJCC, LLC v. LeFevre*, No. 8:09-CV-551-T-17EAJ, 2011 WL 5597305, *4 (M.D. Fla. Oct. 11, 2011), *report and recommendation adopted sub nom. BCJJ, LLC v. LeFevre*, 8:09-CV-551-T-17EAJ, 2011 WL 5597349 (M.D. Fla. Nov. 17, 2011) (reducing a fee award by ten percent across the board for block billing). Block billing unnecessarily complicates review of attorney time sheets and warrants a reduction of the hours billed. *Id.* "Descriptions joined together in vague block billing, where neither the time spent, nor

7

the assignment of the activity to a purpose can be ascertained, must be adjusted regarding fee calculations." *Edmunds v. Levine*, 05-21215-CIV, No. 2009 WL 1012193, *6 (S.D. Fla. Apr. 15, 2009).

An example of block billing is set forth by the court in *BJCC, LLC v. LeFevre*, where the court stated,

> M & I's billing records contain numerous instances of block billing. For example, a March 2, 2010 entry by attorney Gaskill billed 2.1 hours for reviewing a notice regarding the dissolution of a lis pendens motion, reviewing discovery requests, a teleconference regarding discovery scheduling, and researching the scope of an automatic discovery stay (Dkt. 249 Ex. 1 at 10).

*BJCC, LLC*, 2011 WL 5597305, *4 (internal citations omitted). The example set forth by the Court in *BJCC, LLC v. LeFevre* is identical to the manner in which Plaintiff sets forth the descriptions of its billable time in the invoices provided by Plaintiff. While there are some time entries in Plaintiff's invoices that reflect a single billable activity, most entries have multiple activities within them that are unrelated to one another with no way to discern how much time was spent on each activity. This is especially problematic where Plaintiff is entitled to recover fees for some of its billable entries that are block billed with billable activities that Plaintiff is not entitled to recover fees for. Accordingly, Defendants request an across the board reduction for Plaintiff's block billing. *See Edmunds v. Levine*, No. 05-21215-CIV, 2009 WL 1012193, *8 (S.D. Fla. Apr. 15, 2009).

### b. Plaintiff is Not Entitled to Duplicative Fees

Plaintiff's time entries reflect duplicative billing by multiple attorneys for multiple activities. In making adjustments to hours claimed, the district court is charged with deducting for redundant hours. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301-02 (11th Cir. 1988). Redundant hours generally occur where more than one attorney represents a

client. *Id.* There is nothing inherently unreasonable about a client having multiple attorneys, and such practice is common today for both plaintiff and defense work. *Johnson v. Univ. Coll. of Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983) *holding modified by Gaines v. Dougherty Cnty. Bd. of Educ.*, 775 F.2d 1565 (11th Cir. 1985); *BJCC, LLC v. LeFevre*, 8:09-CV-551-T-17EAJ, 2011 WL 5597305 (M.D. Fla. Oct. 11, 2011) *report and recommendation adopted sub nom. BCJJ, LLC v. LeFevre*, 8:09-CV-551-T-17EAJ, 2011 WL 5597349 (M.D. Fla. Nov. 17, 2011). However, a reduction is warranted in a request for fees for unnecessary duplication where the attorneys are *unreasonably* doing the *same* work. Johnson, 706 F.2d at 1208. "[A] fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the *distinct contribution* of each lawyer to the case and is the *customary practice of multiple-lawyer litigation*." *BJCC, LLC*, 2011 WL 5597305 at *5 (emphasis added).

Plaintiff submitted time entries for attorneys Brett Lewis, Timothy Hartley, and Justin Mercer. Those time entries contain duplicative billing for work that did not reasonably need to be performed by three different attorneys. Rather, it is unreasonable that three attorneys had to duplicate multiple billable tasks in light of the lack of complexity involved in enforcing a party's compliance with a court order. Accordingly, a reduction is warranted for the attorneys' unnecessary duplication of billable work where the attorneys are *unreasonably* doing the *same* work on a simple legal issue. The following charts indicate the time entries reflecting duplicative billing and the duplicative activities are underlined for this Court's convenience.

**Duplicative Billing for Drafting and Revising Motion to Enforce ("Compel")**

| Attorney | Date | Description of Activity | Time | Cost |
|---|---|---|---|---|
| T.M. | 11/26/13 | Telephone call from Justin Mercer with regard to filing of motion to compel and exhibits; review and analysis of emails concerning same; <u>revise and</u> | 30min | $210.00 |

9

| Attorney | Date | Description of Activity | | |
|---|---|---|---|---|
| | | finalize motion to compel and exhibits and prepare for filing | | |
| B.L. | 11/26/13 | Review and revise motion to compel; email Denise re same; office conferences with Justin re same; meet and confer with opposing counsel | 3.8 | $1,501.00 |
| J.M. | 11/26/2013 | Draft motion to compel; phone conf w/ opposing counsel re: meet and confer over discovery responses and motion; various emails w/ opposing counsel re: same; office conf w/ Brett re: discovery responses, research on discovery stay and sanctions; phone call w/ Tim re: filing motion | 3.5 | $875.00 |

Regarding the above entries, Justin Mercer bills for drafting the motion to compel and attorneys Brett Lewis and Timothy Hartley both bill for reviewing or revising Plaintiff's "motion to compel." It is not reasonable that all three attorneys had to draft and/or revise Plaintiff's motion.

### Duplicative Billing for Review and Analysis of Defendants' Response to Plaintiff's Motion to Enforce

| Attorney | Date | Description of Activity | Time | Cost |
|---|---|---|---|---|
| T.M. | 12/9/13 | Review and analysis of filed response to motion to compel compliance with court order and motion to strike | 42min | $245.00 |
| J.M. | 12/9/13 | Receive and respond to emails for Joan Wizel re: motion to compel and letter attaching proposed confidentiality order; research and review local rules; email with Brett and Tim re: same; receive and review Response in opposition to motion to compel; phone conference with Tim and Brett re: same | 2.75 | $687.50 |
| B.L. | 12/10/13 | Review ModernAd Opposition; draft Reply in support of Motion to Compel, research for same, telephone calls with Justin re same | 8.4 | $3,318.00 |
| T.M. | 12/11/13 | Review and analysis of defendants memorandum in opposition to plaintiff's motion to enforce order granting motion for expedited discovery | 30min | $175.00 |

The time entries above reflect that each attorney reviewed and analyzed Defendants' Memorandum in Opposition to Plaintiff's Motion to Enforce the Order Granting Plaintiff's Motion for Expedited Discovery and Motion to Strike. Furthermore, Timothy Hartley bills twice

10

for review and analysis of Defendants' Memorandum in Opposition on two separate days. Plaintiff should not be entitled to recover duplicative fees for three attorney's reviewing the same eight page memorandum.

### Duplicative Billing for Legal Research

| Attorney | Date | Description of Activity | Time | Cost |
|---|---|---|---|---|
| J.M. | 11/15/13 | Receive and review objections to R&R; receive and reviewed corrected objections to Discovery Order; Draft outlines for response to objections; Research w/ attn to FRCP and Local Magistrate Rules re: objections; various office conf w/ Bret re: objections to court order; | 2.0 | $500.00 |
| B.L. | 11/15/13 | Review Objections to Magistrate's Report and Recommendation; research FRCP, rules re objections; email Justin, Tim re same; office conferences with Justin re same | 2.3 | $908.50 |

Regarding the billing entries set forth above, both Brett Lewis and Justin Mercer bill for legal research regarding the Federal Rules of Civil Procedure and the Local Magistrate Rules. Plaintiff should not be entitled to recover duplicative billing for such simple legal research.

### Duplicative Billing for Plaintiff's Reply in Support of its Motion to Enforce

| Attorney | Date | Description of Activity | Time | Cost |
|---|---|---|---|---|
| T.M. | 12/11/13 | Review and analysis of draft reply to response to motion to enforce order | 24min | $140.00 |
| T.M. | 12/11/13 | Review and analysis of draft reply to defendants response to plaintiff's motion to enforce order granting plaintiff's motion for expedited discovery | 24min | $140.00 |
| T.M. | 12/11/13 | Review and analysis of final version of reply to response to motion to compel compliance with court order and exhibits; prepare same for filing in US District Court and file same | 18min | $105.00 |
| B.L. | 12/11/13 | Office conference with Justin re Reply brief; review emails from Tim re bank writs, protective order; review and revise draft Reply; office conferences with Justin re same. | 2.9 | $1,145.00 |
| J.M. | 12/11/2013 | Revise draft reply to opposition to motion to compel; office conferences with brett re same; research with attn: to protective/confidentiality orders and Local Rule 26.1(h)(2); | 3.6 | $900.00 |

11

Specific to the time entries above, attorney Timothy Hartley bills for review and analysis of the same document, "draft reply to defendants response to plaintiff's motion to enforce order," three times on the same day, December 11, 2013. Furthermore, all three attorneys bill for reviewing or revising Plaintiff's Reply in Support of its Motion to Enforce on the same day. Such duplicative work is unreasonable.

Accordingly, because Plaintiff has set forth duplicative billing entries in its invoices supporting its request for fees and such duplicative work is not reasonable based on the lack of complexity involved in enforcing this Court's Order, Plaintiff's fee award should be reduced as the Court deems just and proper.

### c. Plaintiff Expended an Unreasonable Amount of Time in Bringing its Motion to Enforce

Plaintiff's attorneys' time expended in bringing forth Plaintiff's Motion to Enforce is unreasonable overall. Plaintiff's Affidavits set forth a total amount of requested fees for 65.8 hours of time. Although Plaintiff is not entitled to recover for all of those hours where many of the hours were spent on billable activities unrelated to the Motion to Enforce, Plaintiff's actual hours spent on its Motion to Enforce are unreasonable.[1] Plaintiff simply moved to enforce this Court's Order granting expedited discovery and such motion practice does not involve any novel issues of law requiring a significant amount of time to be expended. As previously stated in Defendants' Memorandum in Opposition to Plaintiff's Affidavit of Reasonable Attorney's Fees and Costs [DE 70], Defendants' incurred only $3,700.00 in legal fees for a total of 14.8 hours of legal work, including its motion practice, analysis, legal research, correspondences with

---

[1] As stated in Defendants' argument regarding Plaintiff's practice of block billing, it is impossible to discern which hours Plaintiff spent on its Motion to Enforce. As such, Defendants request the Court use its judgment in determining the appropriate amount for bringing forth a motion to enforce compliance with a court order.

opposing counsel, and conferences with opposing counsel. Therefore, Plaintiff's stated hours expended for its motion practice should be appropriately reduced to reflect the appropriate level of complexity involved in bringing forth its Motion to Enforce.

## **CONCLUSION**

Accordingly, because Plaintiff requests fees not associated with its legal work performed in bringing forth its Motion to Enforce, Plaintiff's time entries are unreasonably block billed leaving no way to discern how much time was spent on each activity, and Plaintiff requests fees that are duplicative between three attorneys for motion practice that was not complex in nature, Defendants respectfully request this Honorable Court to reduce Plaintiff's amount of requested fees to an amount the Court deems reasonable and any other such relief this Honorable Court deems just and proper.

Dated: January 17, 2014.

Respectfully submitted,

s/ Rachel A. Lyons
Onier Llopiz (FBN 579475)
ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
jcw@lydeckerdiaz.com
Rachel A. Lyons (FBN 105347)
rlyons@lydeckerdiaz.com
LYDECKER │ DIAZ
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Rachel A. Lyons
Rachel A. Lyons (FBN 105347)

## SERVICE LIST

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com