**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **PULSEPOINT, INC., f/k/a DATRAN MEDIA CORP.,** | CASE NO. 13—CIV-61448 -MARRA |
| Plaintiff, | |
| vs. | |
| **7657030 CANADA INC., d/b/a ACQUINITY INTERACTIVE, LLC, f/k/a MODERNAD MEDIA LLC, f/k/a PUREADS; ACQUINITY INTERACTIVE, LLC; MODERNAD MEDIA LLC; WARREN RUSTIN, an individual, JOHN DOES 1-100 and 8333947 CANADA, INC.** | |
| Defendants. | |

**DEFENDANT 8333947 CANADA, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS OR ALTERNATIVELY MOTION FOR MORE DEFINITE STATEMENT**

Defendant, 8333947 Canada, Inc. ("Defendant" or "Inbox Direct"), by and through its undersigned counsel hereby files its Reply to the Memorandum of Law in Opposition to its Motion to Dismiss or Alternatively Motion for More Definite Statement filed by Plaintiff Pulsepoint, Inc., f/k/a Datran Media Corp. ("Plaintiff") and states the following matters of fact and law:

**INTRODUCTION**

Plaintiff has elected to file a Memorandum of Law in Opposition to Defendant's Motion to Dismiss or Alternatively Motion for More Definite Statement that does not actually address the arguments set forth in the Motion, but rather seeks to litigate the case on its merits. Plaintiff has provided an Introduction, and a Background that appears to have been used time and time

1

again during the course of this litigation. Plaintiff has even gone as far in Footnote 1 to question Defendant's litigation strategy. It is interesting to note that Plaintiff's Memorandum of Law seemingly provides a more detailed explanation of what it purports to allege against Defendant than does its Amended Complaint. Nevertheless, all of this "smoke in mirrors" does not change the fact that Plaintiff's Amended Complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, as Defendant has not been provided fair notice of what Plaintiff's claim is and the grounds upon which it rests. As such, Plaintiff's Amended Complaint against Defendant must be dismissed. Alternatively, Plaintiff must be required to plead a more definite statement. The Seventh Claim in Plaintiff's Amended Complaint is entitled "De Facto Merger (Florida Common Law)". However, after reading Plaintiff's Memorandum in Opposition, Defendant is left to wonder whether Plaintiff's meager allegations against it are attempting to state a cause of action for Successor Liability under the De Facto Merger exception, or the mere continuation exception of the rule. This inconsistency alone requires that Plaintiff plead a more definite statement.

**LEGAL ARGUMENT**

Plaintiff's Memorandum of Law cites several cases which are completely distinguishable from the facts in the instant matter. Moreover, Plaintiff's reliance on *Sewell v. D'Alessandro & Woodyard, Inc.*, 655 F. Supp.2d 1228 (M.D. Fla. 2009) is misguided. In the *Sewell* opinion, the Court identified the nine-count Second Amended Complaint of plaintiffs, and set forth the claims contained therein. *Id*. at 1234. None of the claims in *Sewell* are for "De Facto Merger", instead, plaintiff apparently sought to allege successor liability against the defendants for all of its claims. Further, the plaintiff in *Sewell* sought to assert the bases of successor liability upon which defendants may be liable. Plaintiff's Amended Complaint in the instant matter fails to do so.

Instead, Plaintiff's Amended Complaint and the Memorandum of Law in Opposition to the Motion to Dismiss continually flip and flop between the "de facto merger" theory, and a mere continuation theory. While these are both bases under Florida law for successor liability, Plaintiff's Amended Complaint, as plead does not provide Defendant with the requisite notice to understand what claims are being made against it.

Plaintiff's reliance on *Cuervo v. Airport Services, Inc.*, Case No. 12-20608-CIV-GOODMAN (S.D. Fla. Nov. 22, 2013) is met with the same scrutiny as its misapplication of *Sewell*. The Court in *Airport Services* addressed successor liability in the context of the FLSA. The plaintiffs in *Airport Services* made it clear that they were proceeding against the defendants under **both** the mere continuation and merger theories. In fact, the Court even separated its opinion to address both arguments. *Id*. Plaintiff's Amended Complaint simply does not set forth enough to permit Defendant to understand, or to place Defendant on notice of what theory it intends to claim. While the Seventh Claim is entitled "De Facto Merger" the allegations in Paragraphs 190-192 seem to discuss mere continuation. To add to the confusion, Plaintiff's Memorandum of Law seems to shift back to the "De Facto Merger" theory.

It is clear that Plaintiff has attempted to rectify some of its pleading deficiencies by setting forth its argument at length in its Memorandum of Law. However, for purposes of this Motion to Dismiss, this Court is bound by the allegations contained in the Amended Complaint, and not the supporting documentation filed by Plaintiff.

Assuming *arguendo* that this Court determines that Plaintiff has stated a cause of action against Defendant, a more definite statement is needed before Defendant can properly respond to the Amended Complaint. Defendant has explained in its Motion why a more definite statement is necessary. The defects in Plaintiff's Amended Complaint have been set forth by Defendant

sufficiently to satisfy the Rule 12(e) requirements.  While Plaintiff attempts to isolate the issue of "transferee" in Defendant's Motion, this is just another example of Plaintiff's failure to properly plead its allegations and claims.  Defendant is not seeking a definition of "transferee", it only needs to understand whether it is being lumped in with the other defendants for purposes of the Wherefore clause, as there is no indication of same anywhere in the Amended Complaint.

## CONCLUSION

While Plaintiff's Memorandum of Law sheds more light on the allegations it hoped to plead against Defendant, the simple fact remains that the Amended Complaint is deficient by Federal pleading standards.  It would be easy for Defendant to just answer Plaintiff's Amended Complaint, especially since there are only really three (3) paragraphs containing allegations against it.  *See* Amended Complaint [D.E. 28 ¶¶'s 190-192].  However, this would be improper, because the Amended Complaint has failed to provide Defendant notice of what it would be responding to.

Based on the foregoing, Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed, or alternatively, that Plaintiff be required to file a more definite statement, and any further relief this Court deems just and proper.

Dated: January 20, 2014                          Respectfully submitted,

                                                 s/**Alexander Pastukh**
                                                 Alexander Pastukh (Fla. Bar No. 809551)
                                                 Alexander Pastukh, P.A.
                                                 E-mail:  apastukh@appalaw.com
                                                 1395 Brickell Avenue, Ste. 800
                                                 Miami, FL 33131
                                                 Tel: (305) 502-5715
                                                 Counsel for Defendant 8333947 Canada, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of January 2014 a true and correct copy of the foregoing has been served by CM/ECF on all counsel or parties of record on the Service list below.

/s/ __Alexander Pastukh__

## SERVICE LIST

**Onier Llopiz, Esq.**
**Joan Carlos Wizel, Esq.**
LYDECKER DIAZ
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
Telephone: (305) 416-3180
E-mail: ol@lydeckerdiaz.com
jcw@lydeckerdiaz.com
*Counsel for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media, LLC, and Warren Rustin*

**Timothy M. Harley, Esq.**
Hartley Law Offices, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail: Hartley@hartleylaw.net
*Counsel for Plaintiff*

**Brett E. Lewis, Esq.**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail: brett@iLawco.com
*Counsel for Plaintiff*