# Exhibit B

# LEWIS & LIN LLC

45 Main Street, Suite 608<br>
Brooklyn, NY 11201-8200<br>
&gt;&gt;&gt;Tel: (718) 243-9323<br>
&gt;&gt;&gt;Fax: (718) 243-9326<br>
<br>
www.ilawco.com

February 14, 2014

**VIA EMAIL ONLY**
Joan Carlos Wizel
Lydecker Diaz
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
Tel: (305) 416-3180
Email: jcw@lyderckerdiaz.com

*Re: Pulsepoint, Inc. v. 7657030 Canada Inc., et. al.; Case No. 13-CV-61448*

Dear Mr. Wizel:

We acknowledge receipt of Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin (collectively "Defendants") production in response to Plaintiff's First Request for Production ("First Request") on December 23, 2013 as directed by the Court's Orders dated October 31, 2013 and December 16, 2013.

First, Defendants have failed to include any Bates numbering, making it impossible to reference any of the documents contained in your production. For the sake of time and clarity, Plaintiff has had the documents Bates-stamped and will pass those costs on to Defendants, accordingly.

Second, as Defendants did not include written responses to the First Request – i.e., as to each numbered document request, whether or not each Defendant, individually, had responsive documents in its possession and produced all such documents – we cannot fully assess where the deficiencies in the production lie, and whether you contend that the production was complete as to each defendant. To the extent that you contend that all Defendants have produced all responsive documents, please so state by formal written response. To the extent that you contend that certain requested documents do not exist, or that Defendants are not in the possession, custody, or control of Defendants, please so state by written response.

Furthermore, there are glaring deficiencies in Defendants' production. Defendants have failed to produce numerous requested documents concerning, among other matters, financial transfers between and among Defendants, related parties, and third parties. Defendants' production is also devoid of any company books, ledgers, or financial statements. Instead of producing the electronic QuickBooks files for Defendants' accounting, in the manner in which they exist in the ordinary course of business, Defendants dumped tens of thousands of pages of un-numbered paper invoices and incomplete bank records on Plaintiff. It takes a matter of minutes to copy QuickBooks files from one hard drive to another. There is no valid basis for

you to have withheld these documents, and your failure to do so is a blatant violation of the Court's Orders.  Pursuant to those Orders, *each* Defendant is obligated to produce all responsive documents, and, according to the Federal Rules of Civil Procedure and the Local Rules, must do so in the manner they are ordinarily maintained (i.e., QuickBooks files should be produced as QuickBooks files[1]).

      We believe that your firm's conduct is particularly egregious given that the Court has already granted a motion to compel and awarded sanctions against both your client and your firm.  We demand that Defendants produce all requested documents, including QuickBooks files for each Defendant and all other electronic documents in the manner in which they are maintained in the ordinary course of business, immediately.  As these documents, including QuickBooks files for each Defendant, should already have been produced, and were requested explicitly during the Rule 26(f) conference on January 30, 2014, no additional time should be required for their review or production.  Should Defendants fail to produce the requested documents by no later than Tuesday, February 18, 2014 at 5PM EST, Plaintiff will move to compel Defendants' compliance and seek additional fees and such sanctions as the Court deems appropriate.  If forced to do so, we will be able to paint a far clearer picture to the Court of the web of related entities, foreign corporations, family trusts, and sham transactions designed to launder assets and evade debts to creditors, and the legal gamesmanship being used to stall efforts at collection, all while new entities are being spun off.

                                                               Regards,

                                                               Justin Mercer

cc:      Brett Lewis, Esq. (Brett@ilawco.com)
           Timothy M. Hartley, Esq. (hartley@hartleylaw.net)

---

[1] We have consulted several experts and all of them have confirmed that it takes a nominal about of time to produce the QuickBooks files – literally, minutes.  As the Court ordered these documents to be produced, you should already have a copy of these files in your possession, as they are clearly highly relevant and material.  Thus, producing the QuickBooks files for each Defendant should not take more than nominal effort or expense.