# Exhibit C

**Miami**
*(Also servicing Florida Keys & Ft. Lauderdale)*
1221 Brickell Avenue, Nineteenth Floor
Miami, Florida  33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

**Bonita Springs Office**
*(Also servicing Naples & Ft. Myers)*
27499 Riverview Center Blvd.
Suite 405
Bonita Springs, Florida  34134
Telephone: (239) 444-4380
Facsimile: (239) 444-4381

**Jacksonville**
4720 Salisbury Road
Jacksonville, Florida 32256
Telephone: (904) 493-6475
Facsimile: (904) 493-6026



*Please reply to Miami Office*

**West Palm Beach Office**
*(Also servicing Daytona)*
301 Clematis Street, Suite 3000
West Palm Beach, Florida  33401
Telephone: (561) 655-6661
Facsimile: (561) 655-6186

**Orlando**
390 N. Orange Avenue
Suite 1295
Orlando, Florida  32801
Telephone: (407) 255-2070
Facsimile: (407) 641-9517

**Tampa**
4511 North Himes Avenue, Suite 200
Tampa, Florida  33614
Telephone: (813) 449-4270
Facsimile: (813) 873-2330

February 18, 2014

<u>**Via E-Mail**</u>
Brett E. Lewis, Esq.
brett@ilawco.com
Justin Mercer, Esq.
justin@ilawco.com
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201

Re:    Pulsepoint, Inc. v. 7657030 Canada Inc., et al.
       Case No.:       0:13-CV-61448, USDC Southern District of Florida
       Our File No.:   35105

Dear Counsel:

We write to (a) respond to the letter from Justin Mercer sent the afternoon of Friday, February 14, 2014 and the letter from Brett Lewis sent late night Friday, February 14, 2014; and (b) demand that you instruct your copy service company to release our client's files immediately.

In response to Mr. Mercer's letter, please see our response to follow below.

First, in response to your complaint for not including Bates numbering, please note there is no requirement in the Southern District of Florida to produce documents with Bates numbering. Moreover, while in the normal course of discovery we may have worked out the logistics of production, including possible Bates numbering, the manner in which you sought discovery precluded that option. We will not accept any invoice for that extra expense.

Second, as you know, the Court overruled the objections originally asserted in response to the Plaintiff's First Request for Production (save for privilege objections) and required the

Messrs. Lewis and Mercer
February 18, 2014
Page 2 of 3

production accordingly. The production proceeded as such, as contemplated in Federal Rule of Civil Procedure 34(b)(2)(b). The only Defendant that did not have documents in response to some of the requests is Warren Rustin; we will therefore provide you with a written response for him on each item as requested.

  Third, as to the alleged deficiencies in the production, our office is not yet in a position to even evaluate the veracity of your claim. As you know, the documents were produced directly from our client's offices—after arduous efforts to compile the documents responsive to the numerous requests in a very short amount of time, which yielded production of over forty (40) bankers' boxes. It is evident that copying of the documents was completed by your copy service company and the copies of the documents are in your possession; yet, through communications with your copy service company we learned, and this morning in our telephone conversation you acknowledged, that your office gave explicit instructions to your copy service company to wrongfully withhold the documents, such that our office has been unable to obtain a copy of them. As such, until your copy service company releases the documents and we are able to review the production, we will not be in a position to evaluate your claim. We can, however, comment on your misapprehension that the Plaintiff's Request for Production asked for the Defendants' electronic QuickBooks files—it did not. While Defendants may have used QuickBooks, the documents responsive to the Request were obtained and printed from the program. More importantly, electronic QuickBooks files contain substantially more information and documentation than that requested in Plaintiff's Request for Production. Thus, the claim that our clients withheld documents and violated of the Court's Orders is meritless.

  Fourth, we are again taken aback by Mr. Mercer's deliberate accusations directed at our firm. We had what we perceived to be a productive discussion following the Rule 26 Conference and are looking forward to working with you in that professional tenor over the course of the case; however, such accusations, whether a result of overzealous advocacy or inattentive verbiage by the associate on the file—or, hopefully not, fully condoned threats by your firm—are only a step backward in our efforts and cooperative endeavors. We again urge you to stop this rhetoric.

  In response to Mr. Lewis' letter, please see our response below.

  During the meet and confer we agreed we would need to amend the privilege log to clarify the representation of the attorneys referenced in the log. However, at that time you agreed to provide us with authority for your position requiring disclosure of additional details contained in the privileged communications (despite our explanation that additional disclosure would in essence reveal the whole of the privilege communication and thereby eviscerate the privilege) and requiring production of drafts of documents, so we could consider in amending the privilege log. As promised, we will consider the authorities provided in determining further amendment of the privilege log. However, we just received these sources for the first time late Friday night. Thus, the deadline of February 18, 2014 at 5 p.m. (in essence one business day, taking into account yesterday's holiday) is not reasonable, and filing a motion to compel under the circumstances would not be in good faith. Current commitments will prevent us from fully

Messrs. Lewis and Mercer
February 18, 2014
Page 3 of 3

evaluating your position and authorities, and determining further amendments to the privilege log needed until later this week, but we will work diligently on supplying an amended privilege log within a reasonable time.

      As always, if you would like to further discuss any aspect of the above, feel free to contact us at your convenience.

                                Sincerely,

                                s/ Joan Carlos Wizel
                                Onier Llopiz
                                Joan Carlos Wizel


cc:     Timothy M. Hartley, Esq. (Hartley@hartleylaw.net)