UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,                                                  CASE NO.: 0:13-CV-61448

    v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA LLC;
WARREN RUSTIN, an individual,
8333947 CANADA INC; and JOHN DOES 1-100,

    Defendants.
_____/

### *AFFIDAVIT OF JUSTIN MERCER*

STATE OF NEW YORK    )
                                  ) ss.:
COUNTY OF KINGS      )

JUSTIN MERCER, being duly sworn, deposes and states as follows:

    1.    I am an attorney duly admitted to practice in the State of New York and admitted *pro hac vice* before this Court.  I am a member of the law firm Lewis & Lin, LLC ("Lewis & Lin"), which represents the plaintiff PULSEPOINT, INC., in this action.  I submit this affidavit in support of Plaintiff's Motion to Enforce this Court's Order and Motion For Sanctions against Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin (collectively, "Defendants").

2. I have personal knowledge of all matters stated herein, or I am familiar with the facts and circumstances of the instant action based upon records and files maintained by this office, upon records produced by Defendants in this action, upon Plaintiff's statements and all pleadings previously filed herein.

3. On November 1, 2013, Plaintiff served upon counsel for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin (collectively, "Defendants") its First Request for Production pursuant to the Court's Order dated October 31, 2013 (the "First Request").

4. On December 23, 2013, Defendants produced certain documents in response to Plaintiff's First Request.

5. Attached hereto as "**Exhibit 1**" is a true and correct copy of an Asset Purchase Agreement dated January 1, 2011 between ModernAd Media LLC and 7657030 Canada Inc. produced in response to the First Request.

6. Attached hereto as "**Exhibit 2**" is a true and correct copy of a Management Agreement dated June 1, 2011 between 7657030 Canada Inc. and Acquinity Interactive, LLC produced in response to the First Request.

7. Attached hereto as "**Exhibit 3**" is a true and correct copy of a Nominee Agreement dated December 23, 2010 between Service Group, LLC (n/k/a Acquinity Interactive, LLC) and 7657030 Canada Inc. produced in response to the First Request.

8. Attached hereto as "**Exhibit 4**" is a true and correct copy of a Nominee Agreement dated December 31, 2011 between Acquinity Interactive, LLC (f/k/a Service Group, LLC) and 7657030 Canada Inc. produced in response to the First Request.

9. Attached hereto as "**Exhibit 5**" are excerpts from a true and correct copy of a 2011 tax return purportedly filed by Acquinity Interactive, LLC showing over $147 million dollars in income for 2011 and including schedules identifying certain domestic and foreign entities in which Acquinity Interactive, LLC claims ownership, produced in response to the First Request. Notably, while Acquinity Interactive represented that it has interests or authority over financial accounts in Canada, it did not include the required "Form TD F 90-22.1," which lists the relevant bank accounts and locations, with the production.

10. Attached hereto as "**Exhibit 6**" are excerpts from a true and correct copy of a 2011 tax return purportedly filed by 7657030 Canada Inc. including schedules identifying certain Canadian entities in which 7657030 Canada Inc. claims a relationship and/or ownership, produced in response to the First Request.

11. Attached hereto as "**Exhibit 7**" is a true and correct copy of a Nominee Agreement dated November 1, 2013 between Defendant 8333947 Canada Inc. and The Irene Marciano Family Trust produced by Defendant 8333947 Canada Inc. d/b/a Inbox Direct a/k/a Inbox Express ("Inbox Express") in response to Plaintiff's First Request for Production dated December 10, 2013.

12. Attached hereto as "**Exhibit 8**" are true and correct copies of (i) a Trust Agreement dated October 23, 2013 for The Irene Marciano Family Trust listing ModernAd Media CEO and Acquinity CEO, Garry Jonas, as Trustee; (ii) a Trust Agreement dated October 25, 2013 for The Irene Marciano Family Trust listing Garry Jonas and David Hatton (General Counsel of Acquinity Interactive) as Trustees; and (iii) a Trust Agreement dated January 10, 2014 for The Irene Marciano Family Trust listing Garry Jonas and Claude

Marciano (President of 8333947 Canada Inc. a/k/a Inbox Express) as Trustees, produced by Inbox Express in response to Plaintiff's First Request.

13. Attached hereto as "**Exhibit 9**" is a true and correct copy of Acquinity Interactive, LLC customer list produced in response to the First Request.

14. Attached hereto as "**Exhibit 10**" is a true and correct copy of 8333947 Canada Inc.'s customer list produced by Inbox Express in response to Plaintiff's First Request.

15. 83 of the 107 customers on 8333947 Canada Inc.'s customer list also appear on Acquinity Interactive, LLC's customer list.

16. Attached hereto as "**Exhibit 11**" is a true and correct copy of a spreadsheet listing the payments made during 2013 to the owners of Acquinity Interactive, LLC totaling over $22 million dollars, produced in response to the First Request.

17. Attached hereto as "**Exhibit 12**" is a true and correct copy of an Application by Foreign Limited Liability Company for Authorization to Transact Business in Florida dated August 26, 2013 for "Inbox Express, LLC" on file with the Florida Department of State.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
       February 21, 2014

_____
JUSTIN MERCER

Sworn to before me this
21st day of February, 2014

_____
Notary Public

David D. Lin, No. 02LI6246989
Notary Public, State of New York
Qualified in New York County
My Commission Expires Aug 22, 2015