# Exhibit 2

## MANAGEMENT AGREEMENT

THIS MANAGEMENT AGREEMENT (the "Agreement") is made effective the 1st day of June 2011] ("Effective Date") by and between 7657030 Canada Inc., a Canadian corporation ("Management Company") and Acquinity Interactive, LLC, an Florida limited liability company ("the Company").

    WHEREAS, Company wishes to outsource certain management and day to day operations of its business including the management consulting, financial and accounting consulting services, and contract review services, in return for a mutually agreed to guaranteed payment. and

    WHEREAS, Management Company has experience, knowledge, know-how and business relations necessary to provide consulting and management services to Company relative to management and operation consulting, financial and accounting consulting, and contract review services ("Services"); and

    WHEREAS, Management Company has the expertise, relationships, contacts and experience to provide outsourced Services on behalf of Company; and

    WHEREAS, Company desires to engage Management Company on a non-exclusive basis, and Management Company desires to be engaged by Company on a non-exclusive basis to provide the Services.

    NOW, THEREFORE, in consideration of mutual promises, covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Company and Management Company agree as follows:

1) **ENGAGEMENT:** Management Company is engaged to provide Services to Company which include but are not limited to:

   a) To provide management and operational consulting services.
   b) To provide financial, banking, and accounting consulting services.
   c) To provide contract review, including authorization to bind Company to approved formats of agreements.
   d) To assist in the preparation of tax returns and provide tax planning, if requested, on the Company's behalf as it relates to Canadian business.
   e) To receive, open, and handle the Company's mail and correspondence and any other services needed to manage Company from business in Canada.
   f) To take any other actions or tasks that the parties agree between them needs to be undertaken.
   g) To provide consulting services to Company to ensure timely processing of annual filings, manager or members lists, state licensing fees and corporate recordkeeping as it relates to any Canadian business.

2) **COMPANY OBLIGATIONS:**

   a) Company or its representative shall be available for signature or provide a signature file for new contracts, annual filings and tax returns.
   b) To discuss with Management Company the best options regarding corporation tax planning.
   c) To provide Management Company with such other direction as may be necessary to carry out its responsibilities under this Agreement.

Management Agreement
Page 1 of 5

3) **TERM:** The term of the Management Company Agreement with the Company begins on the Effective Date set forth in the introductory paragraph, and is not for any specific term, period or duration but rather will continue for an indefinite period of time, until terminated by either Management Company or the Company in accordance with the termination paragraph.

4) **TIME AND EFFORT OF MANAGEMENT COMPANY:** Management Company shall allocate such time and effort as Management Company deems necessary in Management Company's good faith discretion to provide the Services. The particular amount of time may vary from day to day or week to week.

5) **CONSIDERATION:** Company agrees to pay Management Company a management fee of its costs plus 10%.

6) **INDEPENDENT CONTRACTOR:** Management Company shall act as independent contractor in the performance of its duties under this Agreement. Accordingly, Management Company will be responsible for payments of all federal, state, and local taxes on compensation paid under this agreement, including income and social security taxes, unemployment insurance, and any other taxes due relative to Management Company's personnel, and any and all business license fees as may be required.

7) **TERMINATION:** The Company and Management Company may terminate this Agreement upon ten (10) days' written notice only under the following conditions:

   a) <u>By the Company:</u>

      i) If Management Company is unable to provide the Services as set forth herein for ten (10) consecutive business days; or

      ii) If Management Company willfully breaches the duties required to be performed hereunder.

   b) <u>By Management Company:</u>

      i) At the sole discretion of Management Company, if the Company becomes unable to pay the consideration set forth herein in a timely fashion, the Company becomes insolvent, a petition in Bankruptcy is filed with respect to the Company, a receiver is appointed for the Company, or such other circumstance which may be reasonably considered as impairing the Company from meeting its obligations hereunder.

8) **INDEMNIFICATION:** Subject to the provisions herein, the Management Company agrees to indemnify, defend and hold Company harmless from and against all demands, claims, actions, losses, damages, liabilities, costs and expenses (including without limitation, interest, penalties, attorney's fees and expenses) asserted against or imposed or incurred by either party by reason of or resulting from any action or omission of the Management Company.

9) **REMEDIES:** Management Company and the Company acknowledge that in the event of a breach of this Agreement by either party, monetary damages would be inadequate, and the non-breaching party would have no adequate remedy at law. Accordingly, in the event of any controversy concerning the rights or obligations under this agreement, such rights or obligations shall be enforceable in a court of

equity by a decree of specific performance. Such remedy, however, shall be cumulative and nonexclusive, and shall be in addition to any other remedy to which the other parties may be entitled.

## 10) MISCELLANEOUS:

a) <u>Subsequent Events.</u>   Management Company and the Company each agree to notify the other party if, subsequent to the date of this Agreement, either party incurs obligations which could compromise its efforts and obligations under this Agreement.

b) <u>Amendment.</u> This Agreement may be amended or modified at any time and in any manner only by an instrument in writing executed by the parties hereto.

c) <u>Confidential Information and Non-Compete</u>. Each party will be disclosing confidential information and trade secrets to the other about the nature of their respective businesses for the mutual benefit of the other. Each party will not disclose the confidential information or trade secrets that they learn about the other to any third party except in the furtherance of their duty to the other. Company acknowledges this clause supersedes all prior non-compete agreements for all of the current and future agents, Management Company, and employees of Management Company that may or may not have been in force previously by and between any individual or party.

For the purposes of this Agreement, "Confidential Information" includes, but is not limited to: (i) any information of value or significance, and (ii) any information not generally known to competitors, nor intended for general dissemination, including, but not limited to, lists of current or potential suppliers, distributors, customers, or accounts, prospective leads or target accounts, pricing schedules, service, support, or maintenance needs of distributors, customers, or accounts, information acquired or compiled by either party, financial information and regarding actual or potential suppliers, customers or accounts, training methods and materials, information as to the profitability of specific products, services or accounts, information about the either party itself, and its executives, officers, directors, members or managers, and all other types or categories of information in whatever form, and in whatever media, with respect to which either party at any time know, or have reason to know, that the Company intends or expects the secrecy or confidentiality thereof to be maintained.

d) <u>Further Actions and Assurances.</u>   At any time and from time to time, each party agrees, at its or their expense, to take actions and to execute and deliver documents, as may be reasonable necessary to effectuate the purpose of this Agreement.

e) <u>Force Majeure.</u>  Neither party shall be liable for, or considered in breach of or default under this Agreement on account of any delay or failure to perform as required by the Agreement (except with respect to payment obligations) as a result of any causes or conditions which are beyond such party's reasonable control and which such party is unable to overcome by the exercise of reasonable diligence.

f) <u>Waiver.</u>   Any failure of any party to this Agreement to comply with any of its obligations, agreements, or conditions hereunder may be waived in writing by the party to whom such compliance is owed. The failure of any party to this Agreement to enforce at any time any of the provisions of this Agreement shall in no way be construed to be a waiver of any provision or a waiver of the right of such party to enforce each and every provision. No waiver of any breach of or

noncompliance with this Agreement shall be held to be a waiver of any other or subsequent breach or noncompliance.

g) <u>Assignments.</u>  Neither this Agreement nor any right created by it shall be assignable by either party without prior written consent between the parties.

h) <u>Notices.</u>  Any notice or other communications required or permitted by this agreement must be in writing and shall be deemed to be properly given when delivered in person to an officer of the other party; when deposited in the United States mails for transmittal by certified or registered mail, postage prepaid; when deposited with a public telegraph company for transmittal, provided that the communications is addressed to:

   In the case of the Company:

      Attn: Nathan Schulman
      7657030 Canada, Inc.
      39 Chambertin
      Kirkland Quebec H9H5E3

   In case of the Management Company:

      Attn: Legal Department
      Acquinity Interactive, LLC
      2200 S.W. 10th Street
      Deerfield Beach, FL. 33442

Or to such other person or address designated in writing by the Company or Management Company to the other to receive notice.

i) <u>Governing Law.</u>  This Agreement will be interpreted, construed, and enforced in all respects in accordance with the laws of the State of Florida, without respect to its conflict of laws principles. Each party irrevocably consents to the exclusive jurisdiction of the state and federal courts located in Broward County, Florida.

j) <u>Binding Effect.</u>  This Agreement shall be binding upon the parties hereto and inure to the benefit of the parties, their respective heirs, administrators, executors, successors, and assigns. The parties hereby warrant and represent to each other that the persons signing this Agreement on their behalf are fully authorized to bind such party and that all approvals from partners, shareholders, and directors have been obtained to the extent necessary to bind such party.

k) <u>Entire Agreement</u>.  This Agreement contains the entire Agreement between the parties hereto and supersedes any and all prior agreements, arrangements, or understandings between the parties relating to the subject matter of this Agreement.

l) <u>Severability</u>. If any part of this agreement is deemed to be unenforceable the balance of the Agreement shall remain in full force and effect.

m) <u>Contract Interpretation</u>. For purposes of contract interpretation, including resolution of any ambiguity, the parties acknowledge that this Agreement was prepared jointly by their respective

attorneys and therefore the terms of the Agreement should not be construed against either party as the drafting party.

n) <u>Counterparts</u>.  A facsimile, telecopy, or other reproduction of this Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, by one or more parties hereto and such executed copy may be delivered by facsimile or similar instantaneous electronic transmission device pursuant to which the signature of or on behalf of such party can be seen.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date above written.

**7657030 Canada Inc.**

By: Garry Jonas
Its: Manager


**Acquinity Interactive, LLC**

By: Scott Modist
Its: CFO