# Exhibit 7

## Nominee Agreement

This Agreement was made on the 1st day of November, 2013 between 8333947 Canada Inc. ("Company"), herein represented by Mr. Claude Marciano ("Nominee") and The Marciano Family Trust, a Canadian trust with Judith Cohen as Settlor (the "Owner").

Whereas Owner is the sole beneficial owner of issued and outstanding shares in the capital stock of 8333947 Canada, Inc. (the "Trust Shares");

AND it has been agreed between Nominee and Owner, at the request of Owner and as a matter of convenience, that for the time being the Trust Shares will be registered in the name of Nominee and that Nominee shall hold, as nominee for Owner on the terms and subject to the conditions hereinafter set forth, the Trust Shares and all related rights and interests) that Owner may from time to time assign to Nominee (the Trust Shares and related rights and interest are collectively called the "Trust Property"), Nominee having itself no beneficial interest in the Trust Property;

NOW in consideration of these premises and the mutual covenants, conditions and agreements herein contained, and for other good and valuable consideration (the receipt and sufficiency of which are hereby acknowledged), the parties hereto hereby covenant and agree as follows:

1. Nominee hereby acknowledges, declares, covenants and agrees that:

    (a) Nominee will hold, as and from the date hereof, the Trust Property, and all right, title and interest therein and benefit to be derived there from, as nominee for and on behalf of the Owner;

    (b) Nominee otherwise has no legal or beneficial interest in the Trust Property; and

    (c) All other attributes of the beneficial ownership of the Trust Property shall be and remain in Owner.

2. Nominee covenants and agrees, subject to the indemnity hereinafter provided, that it shall at all times and from time to time deal with the Trust Property as nominee for Owner in accordance with the written or verbal instructions and directions of Owner. Notwithstanding the foregoing, Nominee has been designated the sole manager of the Company and shall have active and independent duties to perform the job functions as are normally and customarily performed within that position, including without limitation, the day-to-day operational management of the Company.

3. Nominee shall enter into, and execute and deliver as nominee for Owner only, all such instruments, including, without limitation, all such documents, assignments, deeds, transfers, licenses, privileges, management contracts, moveable hypothecs and other agreements, (collectively called "instruments') as may from time to time be requested by Owner in connection with the Trust Property, including without limiting the generality of the foregoing a

2

conveyance and transfer in registrable and/or other form(s) of all right, title and interest of Nominee in the Trust Property.

4. Nominee acknowledges, declares, covenants and agrees that all, profits, emoluments and other receipts and revenues of any nature or kind arising from the Trust Property or the use thereof shall belong legally and beneficially to Owner, and that Nominee has no legal or beneficial interest in such rents, profits, emoluments and other receipts and revenues. Nominee shall, subject to the rights of other secured creditor, promptly remit to Owner all, profits, emoluments and other receipt and revenues of any nature or kind arising from the Trust Property, which may be received by Nominee as nominal party to any instrument. Nominee shall incur no liability to any person for making any such remittance as directed in any notice from any secured creditor, or, in the absence of such notice, pursuant to a direction from Owner. Nominee shall, at the request and expense of Owner, account to Owner for all sums received with respect to the Trust Property. Notwithstanding the foregoing, Nominee shall receive such agreed compensation in exchange for his duties as Manager of the Company.

5. Nominee shall promptly deliver to Owner all instruments with respect to the Trust Property, together with all recording information relative thereto, to the extent that Nominee may come into possession of any thereof.

6. Nominee shall promptly transmit to Owner copies of all notices, claims, demands or other communications, which Nominee may receive and which relate in any way to the Trust Property. Nominee, upon the request of Owner, shall be a nominal party to any action in response to or as a consequence of any such matter. Any such action, proceeding, negotiation or other response shall be conducted by Owner, with counsel selected by him, and Nominee shall not, nor shall it be obligated to, take any such action itself, its only obligation being that of a nominal party thereto subject to the indemnity hereinafter provided. Notwithstanding the foregoing, Nominee may be involved in any action, proceeding, negotiation or other response in his capacity as Manager of the Company, and he may bind the Company in such position as Manager.

7. Owner acknowledges, declares, covenants and agrees that he shall be responsible for all encumbrances, charges, costs, expenses, losses, damages, claims, demands and liabilities in any way connected with or related to the Trust Property (collectively called "expenses"), that Nominee has no active duties to perform in connection with the Trust Property, and that all obligations responsibilities, acts or omissions pertaining to the Trust Property shall be the responsibility of and shall be performed or omitted to be performed by Owner. The foregoing provision shall not limit or restrict the obligations that Nominee may have directly relating to his position as the Manager of the Company.

8. Owner hereby releases Nominee from any and all liability that Nominee may incur in respect of any action taken by Nominee either pursuant to the authorization or direction of Owner or pursuant to the terms of this Agreement. Owner shall indemnify and hold Nominee harmless from all liabilities of whatsoever kind and character that may arise out of any act or omission by Nominee pursuant to the terms of this Agreement and from the said expenses,

3

obligations and responsibilities during the entire period of time that the Trust Property is vested in Nominee pursuant to this Agreement.

9. It is understood and agreed between the parties hereto that the relationship between them shall be that of principal and bare nominee only, that there is no intention to create a relationship of partnership, or agency between Owner and Nominee, and that this Agreement should not be construed to create any trust, association or joint venture between Owner and Nominee.

10. Each of the parties hereto covenants that it will from time to time as may be deemed necessary and requisite do all such acts and effect such further and other assurances as may be reasonable necessary or desirable to effect and carry out the true intent and purpose of this Agreement.

11. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

12. This Agreement shall be governed by and interpreted in accordance with the laws of the Province of Quebec and the laws of Canada applicable therein.

13. This Agreement has been drafted in the English language at the express request of the parties. Cette convention a été redigée en langue anglaise à la demande explicite des parties.

IN WITNESS WHEREOF the parties hereto have executed this Agreement as of the date first written above.

The Marciano Family Trust                8333947 Canada Inc.


_____                _____
Garry Jonas, as Trustee                  Per: Claude Marciano

INBOX- 238