UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61448-Civ-Marra/Matthewman

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,

vs.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA,
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.,

    Defendants.
_____/



FILED by _____ D.C.

FEB 25 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER ON PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES

THIS CAUSE was originally before the Court upon Plaintiff, Pulsepoint, Inc., f/k/a Datran Media Corp.'s ("Plaintiff") Motion to Enforce This Court's Order Granting Plaintiff's Motion for Expedited Discovery ("Motion") [DE 61]. The matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 40. As the Court previously granted Plaintiff's request for attorney's fees and costs in having to bring the Motion, the Court must now determine the appropriate amount of attorney's fees. *See* DE 76.

## BACKGROUND

The Court previously entered an Order Granting Plaintiff's Motion to Enforce This Court's Order Granting Plaintiff's Motion for Expedited Discovery. *See* DE 76. The Court also ordered Plaintiff's counsel to file an affidavit concerning its expenditure of reasonable attorney's

1

fees and costs incurred in bringing the Motion. *Id.* In response to the Order, Plaintiff filed an affidavit [DE 82] seeking $21,507.25 in attorney's fees incurred by two different law firms. Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin ("Defendants"), then filed a Memorandum in Opposition to Plaintiff's Affidavit of Reasonable Attorney's Fees and Costs, as well as a Declaration of Counsel in Opposition of Plaintiff's Affidavit of Reasonable Attorney's Fees and Costs. [DE 86]. The Court ordered Plaintiff's counsel to submit their redacted invoices [DE 88], and they did so. Plaintiff filed the Affidavit of Timothy M. Hartley [DE 89], and Defendants filed their Memorandum Objecting to Plaintiff's Affidavits of Reasonable Attorney's Fees and Costs [DE 91]. The Court, after reviewing all of the filings, ordered Plaintiff to respond to Defendants' argument that Plaintiff's counsel's hourly rate is unreasonable. [DE 93]. Plaintiff then filed its Memorandum of Law in Support of Plaintiff's Request for Attorney's Fees and Costs and attached to it several supporting affidavits. [DE 94].

## DISCUSSION

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

2

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

### 1. Reasonable Hourly Rate

In seeking reimbursement for its attorney's fees, Plaintiff relies on several affidavits supporting the claimed hourly rate. According to the affidavit submitted by Plaintiff's attorney, Denise Lang, Esq., Thomas M. Hartley, Esq., of Hartley Law Offices bills at the rate of $350 per hour, Brett Lewis, Esq., of Lewis & Lin bills at the rate of $395 per hour, and Justin Mercer, Esq., of Lewis & Lin bills at the rate of $250 per hour. [DE 82]. Defendants' argue that "[t]he hourly rates for Timothy Hartley, Esq. and Brett Lewis, Esq. are excessive in light of the prevailing market rates in the relevant legal community." [DE 86]. Defendants cite several cases to support their position that a reasonable rate would fall in the $275-325 per hour range. *Id.* Additionally, Defendants' counsel filed a declaration stating that his law firm only charges Defendants $250 per hour. *Id.*

Plaintiff later submitted to the Court its Memorandum of Law in Support of Plaintiff's Request for Attorney's Fees and Costs with the affidavits of Roland Potts, Esq., Brett E. Lewis, Esq., and Timothy M. Hartley, Esq., attached. [DE 94]. Plaintiff argues that the rates charged

3

by the two attorneys at Lewis & Lin are reasonable hourly rates in New York City, the applicable legal community. *Id.* It contends that Mr. Hartley's hourly rate is also "well within the norm for commercial litigation attorneys with his level of experience practicing in Broward County." *Id.*

Based upon the Court's own experience in assessing the reasonableness of attorney's fees, and having reviewed all of the various briefs and affidavits submitted in this case, this Court finds that Mr. Hartley's rate of $350 per hour is reasonable in comparison to the prevailing market rate in the relevant legal community, especially in light of Mr. Hartley's legal experience and the fact that this case is more complex than the run of the mill debt collection case. Moreover, the cases cited by Defendants in opposition to the requested hourly rates primarily come out of the Middle District of Florida rather than the Southern District of Florida. [DE 86]. The Court also notes that Defendants have not objected to Mr. Mercer's hourly rate, and the Court finds his billing rate of $250 per hour to be reasonable as well.

The Court finds, however, that Mr. Lewis' rate of $395 per hour is unreasonable. Plaintiff incorrectly states in one of its briefs that "[t]he city where the attorney in questions has his law office is the city which is to be used as the pertinent 'legal community' in order to determine the applicable hourly rate." [DE 94, p. 2]. In reality, the rule in the Eleventh Circuit is that the "'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed'" unless the fee applicant shows "a lack of attorneys practicing in that place who are willing and able to handle his claims." *Barnes*, 168 F.3d at 437 (quoting *Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). As Plaintiff has not established that attorneys in the Southern District of Florida could not handle its claim, and, in fact, Plaintiff has hired counsel in the Southern District of Florida as well as in New York, the reasonableness of Mr. Lewis' rate should be determined by comparing it to other

4

legal rates in the Southern District of Florida rather than in New York City. At this point, based on the Court's own experience, the relevant case law, the evidence before the Court, and Mr. Hartley's own requested legal rate, the Court finds that Mr. Lewis' rate should be reduced to $350 per hour. *See, e.g., Bianchi v. Bronson & Migliaccio, LLLP*, No. 09-61164-CIV, 2011 WL 379115, at *3 (S.D. Fla. Feb. 2, 2011) (finding that $250 to $350 per hour was a reasonable rate in a debt collection case involving FDCPA, FCCPA, and TCPA).

### 2.   Number of Hours Reasonably Expended

Next the Court must determine whether the hours billed were reasonable. According to Denise Lang, Esq.'s affidavit, Hartley Law Offices billed a total of 7 hours with regard to the Motion to Enforce, and Lewis & Lin billed a total of 58 hours with regard to the Motion. [DE 82.] Defendants initially filed a response [DE 86] in which they argued that Plaintiff had not explained with sufficient specificity how much time was billed for each activity. The Court then ordered Plaintiff's attorneys to submit redacted invoices. [DE 88]. Plaintiff's counsel did so.

Timothy M. Hartley, Esq., filed an affidavit in which he explains that "our time entries include our firm's time and fees associated with all steps taken to compel Defendants to comply with the Court's Discovery Order of October 31, 2013, including time spent opposing Defendants' discovery objections and seeking Defendants' compliance with the Court's discovery Orders." [DE 89]. He further explains that the time spent on the Motion to Enforce and the time spent opposing Defendants' discovery objections were "closely related and necessitated by Defendants' failure and refusal to comply with the Court's discovery Orders." *Id.* After reviewing the invoices, Defendants filed another response in opposition to the attorney's award claimed. *See* DE 91. First, Defendants contend that Plaintiff is not entitled to recover all of the fees requested, but only those incurred in having to bring forth its Motion to

Enforce this Court's Order Granting Plaintiff's Motion for Expedited Discovery [DE 61]. *Id.* They also maintain that the affidavits reflect an unreasonable amount of time spent on certain legal tasks, as well as block billing and duplicative billing. *Id.*

If a court finds particular hours claimed by an attorney to be "excessive or unnecessary," the court may reduce the number of hours in calculating the fee award. *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985). The Court does find the billing to be excessive and problematic for a number of reasons. First, the Court agrees with Defendants that the Plaintiff's attorney's fees award should only involve time spent specifically completing activities directly related to Plaintiff's Motion to Enforce. In fact, the exact wording of this Court's Order was that Plaintiff should file an affidavit "concerning its expenditure of reasonable attorney's fees and costs incurred in bringing its Motion to Enforce This Court's Order Granting Plaintiff's Motion for Expedited Discovery." [DE 76].

While the Court understands Defendants' argument that certain other activities were peripherally related to bringing the Motion to Enforce, the Court has reviewed the billing records and finds that Defendants have been over-inclusive in their interpretation of the Court's Order [DE 76]. For example, in Mr. Hartley's time entries, he includes irrelevant activities such as reviewing and analyzing email correspondence regarding service of the request for production and motion to stay, a telephone conference with another attorney regarding service on a Canadian entity, a telephone call with a court reporter regarding the October 20, 2013 hearing, preparation of email correspondence to the court reporter regarding the hearing transcript, review and analysis of the transcript, review and analysis of response of Defendants' objections to Report and Recommendations on the motion to expedite discovery, and review and analysis of the Order denying the objections to the Report and Recommendations. [DE 89]. Similarly, in

6

Lewis & Lin, LLC's invoice, which was emailed to the Court and opposing counsel but not formally filed, Plaintiff's counsel includes activities such as reviewing the undersigned's discovery Order, reviewing emails from opposing counsel regarding service, emailing the client a copy of the Court's Order, reviewing the objections to the Report and Recommendations on the motion to expedite discovery, drafting outlines for the responses to the objections to the Report and Recommendations, researching the Federal and Local Rules, and conferring with other attorneys regarding Defendants' objections to the Report and Recommendation. Clearly, these activities are outside of the scope of the attorney's fees "incurred in bringing its Motion to Enforce This Court's Order Granting Plaintiff's Motion for Expedited Discovery."

Second, the Court does find that the invoices evidence a plethora of block billing. For example, in the 11/15/13 time entry, Plaintiff's counsel, Mr. Hartley, billed 24 minutes for the following: "Review and analysis of motion to stay and objections to report and recommendations of magistrate; telephone conference with Justin Mercer with regard to service on Canadian entity." The two tasks described are clearly independent of one another and should have been contained in discrete time entries. Moreover, the second task is clearly unrelated to Plaintiff's Motion to Enforce. Another example involves Mr. Lewis' time entry from 12/6/13, in which he billed 0.4 hours for the following: "Email Tim re email to opposing counsel re discovery Order; review email re same; review summons affidavit re 8333947 Canada Inc.; Quick review of ModernAd credit card statements." This entry, like several other of his time entries, contains completely unrelated activities. As so many of the entries involve block billing that the Court cannot decide what percentage of those entries involve work unrelated to Plaintiff's Motion to Enforce, the Court will reduce the number of hours billed, as explained below. *See Hartford Acc. and Indem. Co. v. Crum & Forster Specialty Ins. Co.*, No. 10-24590-Civ, 2012 WL

5818138, at *4 (S.D. Fla. 2012) (court reduced hours by 20% as time entries involved block billing).

Third, the Court finds merit in Defendants' argument that the three attorneys' billing is duplicative for certain tasks. For example, two attorneys billed for revising a motion to compel and two attorneys billed for researching the Federal Rules of Civil Procedure regarding objections. Moreover, because these specific time entries are contained within block billing entries, the Court cannot determine exactly how much time is duplicative. As much of the time billed by Plaintiff's counsel is unreasonably high as it is not within the scope of the Court's Order awarding attorney's fees, is block billed, and/or is duplicative, the Court can either conduct and hour-by-hour analysis for apply an across-the-board cut. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Given the large number of problematic time entries, the Court finds that a 50% across-the-board reduction is appropriate in this case.

The Court therefore calculates Plaintiff's attorney's fee award as follows. Mr. Lewis billed 30.05 hours, which should then be multiplied by the reduced hourly rate of $350. Thus, Mr. Lewis billed $10,517.50 worth of legal work. Mr. Mercer billed 28.75 hours, which should be multiplied by his reasonable hourly rate $250. He therefore billed $7,187.50. Finally, Mr. Hartley billed 7.0 hours at $350 per hour. Thus, he billed $2,450 worth of legal work. The total attorney's fee award should then be reduced by 50%, resulting in a total attorney's fees award of $10,077.50.

Based on the foregoing, it is hereby **ORDERED** that, within ten days of this Order, Defendants and Defendants' counsel shall reimburse Plaintiff for its attorney's fees in the amount of $10,077.50.

**DONE AND ORDERED** in Chambers this 25th day of February, 2014 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

*William Matthewman*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE