UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA
FORT LAUDERDALE DIVISION

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,                                                 CASE NO.: 0:13-CV-61448

    v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA LLC;
WARREN RUSTIN, an individual,
8333947 CANADA INC; and JOHN DOES 1-100,

    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE
THIS COURT'S ORDER AND MOTION FOR SANCTIONS
<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

Time is Plaintiff's enemy and Defendants' friend.  Defendants' failure to produce key financial documents, including its ledger books, tax returns, and current bank account records, and other accounting records – despite multiple requests from Plaintiff – is having a real impact on this case.  Defendants are busy secreting additional assets in unidentified offshore bank accounts, while further mutating their growing list of related entities, all while creditors and the FTC breathe down their necks.  Plaintiff respectfully submits, and the evidence supports, that these actions were taken in a deliberate effort to obscure connections to ModernAd Media, LLC ("ModernAd" or "DEBTOR"), Acquinity Interactive, LLC ("Acquinity LLC"), and other as-yet unnamed defendants, and to frustrate recovery.

Among other matters, Defendants do not dispute that: (i) they failed to produce ledgers of payments; (ii) counsel failed to review documents prior to their production; (iii) they failed to

1

issue written responses to Plaintiffs' Requests or bates stamp documents; and (iv) they failed to notify Plaintiff that they planned to produce boxes of invoices in hard copy, instead of in electronic form.  Nor did Defendants dispute any of the authority cited in Plaintiff's moving papers.  Instead, Defendants offer a laundry list of documents that they *did* produce, contend that Plaintiff did not try hard enough to resolve this dispute with them before moving to compel their compliance, and claim that QuickBooks files were not requested.  None of Defendants' excuses have merit: Defendants produced some requested documents, but are selectively withholding others; Plaintiff made three requests for compliance before filing the instant motion; and although the word "QuickBooks" does not appear in the Requests, the Requests cover ledger books, financial statements, and other accounting records. *See* [DE 61], Exhibit A at ¶¶ 5, 11, 12, 15, 25 and 26. They should have been produced.

When Plaintiff extended an olive branch to Defendants, Defendants distorted and misrepresented Plaintiff's proposal, while continuing to hold documents hostage.  Defendants failed to comply with the terms offered by Plaintiff for resolving this dispute.  Defendants have maintained the charade that they have produced complete records for all Defendants, on one hand, while withholding key documents with the other.  Defendants now seek an additional week to produce files that can be copied in minutes and were requested months ago.  Plaintiff cannot afford any additional delays, given the very real possibility that Defendants have used and are using this delay to frustrate recovery.

As such, pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure and the Court's inherent power, Plaintiff requests that the Court enforce the terms of the Second Order immediately, award its attorneys' fees and costs associated with Defendants' noncompliance, and strike Defendants' pleadings for same, as well as impose such other sanctions as the Court

deems just.

## ARGUMENT

I. **DEFENDANTS VIOLATED THIS COURT'S ORDER**

### A. Defendants do not Dispute that Counsel Failed to Review Defendants' Production for Completeness, or Provide Written Responses Signed by Counsel

Defendants do not dispute that the Federal Rules require counsel to conduct a reasonable inquiry into the completeness of a client's document response and make written submissions certifying the same. Defendants likewise do not dispute that Defendants' counsel did not review the documents for completeness prior to dumping 47 banker boxes of mostly invoices on Plaintiff. *See* [DE 98] at 11; [DE 104] at 9-10. Defendants still have not produced complete, procedurally sufficient responses to Plaintiff's First Request for Production. As stated in Plaintiff's moving papers, the Federal Rules require written responses and production of documents in their native or reasonably useable form. Defendants did neither. *See* [DE 98] at 8-12.

### B. Defendant's Production is Glaringly Incomplete

Making a list of purportedly produced documents does not undo Defendants' failure to produce key financial documents. Plaintiff has documented, for instance, payments of nearly $40 million to offshore entities formerly owned by ModernAd and hijacked by Acquinity, but no ledgers or foreign bank account records were produced for these transfers. Indeed, conspicuously absent from Defendants' production are ledger books, tax returns (among the missing are tax returns for Modern Ad, complete tax returns for Warren Rustin and Acquinity, and state tax returns for all Defendants), current bank account records and foreign bank account

records,[1] and other, relevant accounting records. In fact, the "list" that Defendants append to their Opposition is flawed, containing duplicates (compare Nos. 25 and 26, 27 and 28, 33 and 35, 36 and 45) and blatant falsities regarding the production of electronic QuickBooks records ("33. All applicable QuickBooks reports were produced . . . for all corporate Defendants and for all relevant years were produced in either electronic or paper format or both."). [DE 104] at 4-6.

Simply put, the failure to provide a procedurally sufficient response goes hand in glove with failing to produce key financial documents.

### C. Plaintiff Made Multiple Requests for Compliance with This Court's Orders, Which Requests Defendants Refused

Plaintiff has requested on four occasions, twice in writing and twice by phone, that Defendants remedy their deficient production. *See* [DE 100]. As stated above, Defendants' position that they produced the complained of, missing documents is wholly untrue. *See* [DE 104] at 3. Similarly, Defendants' claim that the Requests do not extend to "QuickBooks" files is semantics – Plaintiff requested all ledgers of bank transfers and other accounting records, namely:

> 25. All Documents relating to payments made by a Defendants to another Defendant, during the past three (3) years, including any invoices, ledgers, journals, purchase orders, invoices, shipping documents, bank records (including, but not limited to any confirmation of wire transfers) *other accounting records or any other documents relating to payments from a Defendant to another Defendant*.
>
> 26. All Documents relating to payments made by any Defendant to a third party outside of the normal course of business, during the past three (3) years, including any invoices, ledgers, journals, purchase orders, invoices, shipping documents, bank records (including, but not limited to any confirmation of wire transfers) *other accounting records or any other documents relating to payments from a Defendant to a third party*.

---

[1] Defendants provided bank statements from two Canadian bank accounts, but none for accounts in, *inter alia*, Cyprus, Morocco, India, and British Virgin Islands.

4

(Emphasis added). *See* [DE 61], Exhibit A at ¶¶ 3, 5, 11, 12, 15, 25 and 26; [DE 104] at 7-9; [DE 98] at 12. The requested records are contained in Defendants' QuickBooks files. Defendants' unwillingness to produce their complete electronic QuickBooks files (i.e. where they kept many, if not most of the missing documents) is a transparent attempt to delay a financial reckoning. Thus, Defendants' claims that they have complied with the Court's Orders are wholly disingenuous. Nor is the fact that electronic Quickbooks files may show other information that was not specifically requested (if any) a reason to withhold such files, or hold them hostage under the guise of a protective order. *See* [DE 104] at 7.

Plaintiff's counsel attempted to resolve the pending dispute with Defendants' counsel, however, Defendants' counsel did not meet the conditions that the parties had discussed. Plaintiff extended an olive branch, and Defendants used that branch to hit Plaintiff over the head, distorting Plaintiffs' position and the parties' negotiation for strategic gain. Surprisingly, Defendants' counsel accused Plaintiff of demanding that Defendants split the costs of scanning and bates numbering for Defendants' production. In fact, Defendants' counsel proposed splitting those costs as a compromise to Plaintiff's demand for sanctions. At this point, given the length and extent of Defendants' delay, the number of unresolved issues, Defendants' failure to meet the conditions offered by Plaintiff for resolution without this Court's intervention, and Plaintiff's concern that Defendants will never fully comply voluntarily with discovery obligations, Plaintiff respectfully requests that this Court Order Defendants to comply fully with the Court's Orders and produce all requested documents.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court order Defendants to produce their complete electronic QuickBooks Accounting Software data file(s) (or other

accounting software file(s), if used), so that such files will function and operate with commercially available application software, , as well as complete state and federal tax returns for all Defendants, all domestic and foreign bank account records, and all other requested documents, immediately, and impose such sanctions as the Court deems just and proper.

*DATED* this 17th day of March 2014.

*HARTLEY LAW OFFICES, PLC*
Attorneys for Plaintiff
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 357-9973
Facsimile: (954) 357-2275
Email: hartley@hartleylaw.net

By: /s/ Timothy M. Hartley
TIMOTHY M. HARTLEY
FL BAR NO. 979066

*LEWIS & LIN, LLC*
Attorneys for Plaintiff
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Email: brett@iLawco.com

By: /s/ Brett E. Lewis
BRETT E. LEWIS
JUSTIN MERCER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2014, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and on all counsel or parties of record identified on the attached service list below via email and/or U.S. Mail.

/s/ Timothy M. Hartley
Timothy M. Hartley, Esq.
Hartley@hartleylaw.net
HARTLEY LAW OFFICES, PLC
800 SE Third Avenue, Fourth Floor
Fort Lauderdale, Florida 33316
Tel. 954-357-9973
Fax: 954-357-2275

Attorney for Plaintiff

## **SERVICE LIST**

*Onier Llopiz, Esq.* (FBN 579475)
Email: ol@lydeckerdiaz.com
*Joan Carlos Wizel, Esq.* (FBN 37903)
Email: jcw@lydeckerdiaz.com
Email: rb@lydeckerdiaz.com
*Roland Potts, Esq.* (FBN 087072)
Email: rp@lydeckerdiaz.com
Email: ag@lydeckerdiaz.com
LYDECKER DIAZ
1221 Brickell Avenue 19th Floor
Miami, Florida 33131
Tel. 305-416-3180
Fax: 305-416-3190

Attorneys for Defendants