UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61448-CIV-Marra/Matthewman

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS, et al.,

Defendants.
_____/



## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE THIS COURT'S ORDER AND MOTION FOR SANCTIONS [DE 98]

THIS CAUSE is before the Court upon Plaintiff, Pulsepoint, Inc., f/k/a Datran Media Corp.'s ("Plaintiff") Motion to Enforce This Court's Order and Motion for Sanctions ("Motion") [DE 98]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 40. Defendants, 7657030 Canada, Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin filed a response to the Motion [DE 104], and Plaintiff filed a reply [DE 106]. The Court held a hearing on the Motion on March 18, 2014. The matter is now ripe for review and disposition.

As stated in open court, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Enforce This Court's Order and Motion for Sanctions [DE 98] is **GRANTED IN PART AND DENIED IN PART**.

2. On or before **March 25, 2014**, Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin shall produce to Plaintiff all

1

electronic QuickBooks files for each of these defendants for the last three years. Defendant 8333947 Canada Inc.[1] shall produce to Plaintiff all of its electronic QuickBooks files for the last three years on or before **March 28, 2014**. The QuickBook files shall be deemed confidential subject to the particular terms of a confidentiality order to be drafted by the parties. If the parties are unable to reach an agreement regarding the particular terms of a confidentiality order, they shall notify the Court, and the Court shall decide the terms. Additionally, any attorney-client privileged information within the electronic QuickBook files may be redacted by Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, Warren Rustin, and 8333947 Canada Inc. (collectively, "Defendants") so long as Defendants also simultaneously provide Plaintiff with a privilege log.

3. Defendants are required to produce to Plaintiff on or before **March 28, 2014**, complete copies of all of Defendants' federal and state tax returns to the extent that they have not yet done so. Moreover, before **March 28, 2014**, the parties shall meet and confer so that Defendants' counsel can go through the documents that have already been produced with Plaintiff's counsel to locate and identify for Plaintiff's counsel the tax returns that Plaintiff's counsel believes are missing.

4. On or before **March 28, 2014**, Defendants are required to produce to Plaintiff updated bank statements for all of Defendants' bank accounts from November 2013 through March 2014.

5. Plaintiff has requested foreign bank account records and the bank account records for bank accounts of third-party entities that are allegedly indirectly owned by Defendants. Plaintiff shall serve upon Defendants supplemental requests for production that more specifically lay out exactly which documents Plaintiff is seeking. Defendants shall respond in writing to the

---

[1] While Defendant 8333947 Canada Inc. is not a party to this Motion (and therefore has not filed a response to the Motion), Defendant 8333947 Canada Inc. agreed at the discovery hearing to comply with the Court's directives in this Order.

supplemental requests for production within **20 days** of receipt of the requests and shall produce all responsive documents unless a claim of privilege is asserted.

6. Plaintiff is also seeking communications between Defendants or between Defendants and other entities regarding the transfer of assets or changing business names or operations from one entity to another. Defendants assert that they have provided all such documents. Plaintiff disputes that claim. Defendants are required to provide to Plaintiff, on or before **March 28, 2014**, all such communications, including electronic communications, that have not yet been produced. Additionally, the parties are required to meet and confer on this issue so that Plaintiff can verify that it has received all requested communications that are in the care, custody or control of Defendants.

7. The parties shall further confer regarding Defendants' privilege log and the effect of the crime-fraud exception on the attorney-client privilege. On or before **March 28, 2014**, Defendants shall provide Plaintiff with an amended privilege log. Plaintiff shall then have **7 days** from receipt of the amended privilege log to file a motion to compel and request for *in camera* review of documents to which there exists a good faith dispute as to the applicability of the attorney-client privilege and crime-fraud exception that that privilege. In the motion, Plaintiff shall briefly state its position and explain why it believes that the attorney-client privilege does not apply to the documents. Defendants shall then have **7 days** from the filing of Plaintiff's motion to file a response.

8. Plaintiff's request for Rule 37 sanctions is denied as this juncture as the Court finds that the circumstances would make an award of expenses unjust. The parties' counsel are directed to continue to confer in good faith in an effort to limit or resolve the numerous discovery issues which have arisen in this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 19th day of March, 2014.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE