UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61448-CIV-MARRA/MATTHEWMAN

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIAL LLC f/k/a PUREADS, et al.,

    Defendants.
_____/

FILED by _____ D.C.

MAR 2 0 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION ON DEFENDANT 8333947 CANADA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR ALTERNATIVELY MOTION FOR MORE DEFINITE STATEMENT [DE 81]

THIS CAUSE is before the Court upon Defendant, 8333947 Canada, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint or Alternatively Motion for More Definite Statement ("Motion") [DE 81]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 85. Plaintiff, Pulsepoint, Inc., f/k/a Datran Media Corp. ("Plaintiff"), filed a response [DE 90], Defendant filed a reply [DE 92], and the matter is now ripe for review. The Court held a hearing on the matter on March 18, 2014. For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT** the Motion [DE 81], dismiss the Amended Complaint as to Defendant 8333947 Canada, Inc., and provide Plaintiff with leave to file a second amended complaint.

1

## BACKGROUND

Plaintiff is a creditor currently seeking to recover $2,292,063.73 from various debtors, including Defendant ModernAd Media LLC ("ModernAd"). [Compl. ¶ 1, DE 28]. According to the First Amended Complaint ("Complaint"), ModernAd failed to pay for services from Plaintiff, an internet marketing company, from August 2010 through December 2011, thereby breaching the agreement between the parties. *Id.* at ¶¶ 2, 17. As a result of this dispute, the parties entered into arbitration. *Id.* at ¶¶ 1-2. The arbitrator entered an award in favor of Plaintiff in January 2013, and a judge of the New York State Supreme Court entered a judgment confirming the award, plus interest accruing from the date of the award at a rate of 9% per annum. *Id.* at ¶ 1.

According to the Complaint, in January 2011, ModernAd sold its assets for the fire sale price of $2,682,783 to third-party corporate entities and/or individuals that either owned, operated, or managed ModernAd in whole or in part or had such a significant relationship with ModernAd that the third parties received the assets without paying a reasonable value for the assets. *Id.* at ¶¶ 3, 4. Defendant Acquinity Interactive, LLC was one of these entities. *Id.* at ¶ 3. Post-sale, ModernAd could not pay the money it owed Plaintiff. *Id.* Plaintiff claims that the sales "were made with the purpose of hindering, delaying, and/or defrauding creditors." *Id.* at ¶ 5. The causes of action alleged in the Complaint are multiple instances of fraudulent conveyance under Florida law—FL UFTA §§ 726.105(1)(a), b, § 726.106(1), § 726.108, and § 726.106(1)—as well as *de facto* merger under Florida common law.

In Count 7 of the Complaint, which is entitled "de facto merger (Florida common law)," Plaintiff alleges that Defendants Acquinity and Acquinity LLC already have transferred or are in the process of "transferring all assets, personnel, technology and business to Defendant, 8333947 Canada, Inc. for little or no consideration." Compl. at ¶ 190. Plaintiff also alleges that Acquinity,

2

Acquinity LLC, and Defendant "share the same corporate structure and ownership" and that Defendant is "merely a continuation and alter ego of Defendants, Acquinity and Acquinity, LLC." *Id.* at ¶ 191. Plaintiff therefore concludes that Defendant, "as a mere continuation of Modernad through Acquinity and Acquinity LLC is liable to [Plaintiff] for the full amount of the Award." *Id.* at ¶ 192.

In their Motion, Defendant argues that it cannot sufficiently understand the Complaint to file an answer as it cannot discern exactly what causes of action are being alleged against it. [DE 81]. First, it argues that that Complaint is an improper shotgun pleading. *Id.* Next, Defendant argues that the Complaint does not fulfill the *Twombly* pleading requirements and that the seventh cause of action does not state a cause of action against Defendant for de facto merger. *Id.* Defendant explains that Florida law recognizes a general rule of successor nonliability and that Plaintiff has not properly plead any of the exceptions to that rule. *Id.* Defendant also contends that Plaintiff has not sufficiently plead a cause of action for alter ego or a cause of action under the Florida Fraudulent Transfers Act against Defendant. *Id.* Finally, in the alternative, Defendant claims that it is entitled to a more definite statement under Rule 12(e) as it cannot understand the Complaint sufficiently to respond to it. *Id.*

Plaintiff argues in its response that it has sufficiently alleged successor liability against Defendant. [DE 90]. Plaintiff states that it alleged in detail in the Complaint the relationship between the various defendants and how the principals of ModernAd shuffled assets between companies, including Defendant. *Id.* It argues that it has put Defendant on notice of the claim against it even if Plaintiff does not yet have all of the details of the transfer yet. *Id.* Plaintiff also contends that its Complaint is not a shotgun pleading. *Id.* It asserts that the motion for more definite statement must be denied as moot because the Complaint fairly gives notice of the claims

asserted therein to permit the filing of a responsive answer. *Id.* Plaintiff also points out that the motion is deficient as it does not identify the defects complained of or the details desired. *Id.*

In its reply, Defendant notes that Plaintiff's response does not really address the arguments set forth in the motion. [DE 92]. Defendant maintains that it cannot decipher whether Plaintiff is attempting to state a cause of action for successor liability under the de facto merger exception or the mere continuation exception of the successor nonliability rule. *Id.*

## **DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss pursuant to Rule 12(b)(6), it must accept the factual allegations in the complaint as true and decide whether the allegations "raise a right to relief above the speculative level." *Id.* at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

At the March 18, 2014 hearing on Defendant's Motion to Dismiss, Plaintiff's counsel conceded that the allegations against Defendant in the Complaint could be plead with more specificity. Counsel stated that he had already started drafting a second amended complaint, which would include additional facts that were obtained through discovery. Plaintiff's counsel explained that he would be filing a motion for leave to amend the Complaint and that he did not object to the Court recommending that Defendant's Motion to Dismiss be granted so long as the Court also recommended that Plaintiff be given leave to re-file an amended complaint.

## CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that the District Court **GRANT** Defendant, 8333947 Canada, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint or Alternatively Motion for More Definite Statement [DE 81], dismiss the Amended Complaint as to Defendant 8333947 Canada, Inc., and provide Plaintiff with leave to file a second amended complaint so that it may correct any deficiencies in the Complaint.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of March, 2014.

/s/ William Matthewman
WILLIAM MATTHEWMAN
United States Magistrate Judge