# EXHIBIT 1

# LEWIS & LIN LLC

45 Main Street, Suite 608
Brooklyn, NY 11201-8200
>>>Tel:   (718) 243-9323
>>>Fax:  (718) 243-9326

www.ilawco.com

February 14, 2014

**VIA EMAIL**
Joan Carlos Wizel
Lydecker Diaz
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
Email: jcw@lydeckerdiaz.com

   Re: *Pulsepoint, Inc. v. 7653070 Canada, Inc. et. al*; Case No. 13-CV-61448

Dear Mr. Wizel:

We write to follow-up on our letter dated January 24, 2014, and to request amendments to Defendants' Amended Privilege Log that were promised during the meet and confer on January 30, 2014.

During the meet and confer, you agreed to amend the privilege log to make clear, in each case, on behalf of which Defendants you were claiming the attorney-client privilege. We have not received such an amended privilege log, without which we cannot assess the validity of certain claims of privilege. You also agreed to search for and produce any conflict waivers signed by the various attorneys to the documents claimed to be privileged. No conflict waivers have been produced.

At that time, we also reiterated our position that Defendants' Privilege Log contains descriptions of entities and documents that are impermissibly vague. You disagreed, but invited us to present you with authority to support our position. It is well established that, "[a] privilege log should identify the documents or other communications for which a privilege is invoked, and provide sufficient detail to allow an opposing party and the court to determine whether the document is at least potentially protected by privilege." *See* Fed. R.Civ.P. 26(b)(5)(A)(ii); *CSX Transp. Inc. v. Admiral Ins. Co.*, 93-132-CIV-J-10, 1995 WL 855421 (M.D. Fla. July 20, 1995). It is beyond question that a:

> privilege log [must] identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. *(internal citation omitted)* More specifically, a proper privilege log should contain the following information: (1) the name and job title or capacity of the author of the document; (2) the name and job title or capacity of each recipient of the document; (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s); (4) *the title and description of the document*; (5) *the subject matter addressed in the document*; (6) the purpose(s) for which it was prepared or communicated; and (7) the specific basis for the claim that it is privileged."

Berlinger v. Wells Fargo, N.A., 2012 WL 640708 (M.D. Fla. Feb. 28, 2012)(emphasis added)*(quoting)* *Roger Kennedy Construction, Inc. v. Amerisure Insurance Co.*, 2007 WL 1362746 * 1 (M.D.Fla. May 7, 2007) (detailing the information needed in a proper privilege log). We demand that you amend Defendants' Privilege Log to name entities, parties, and documents with enough specificity to determine what they are and for which entity they were created.

You are also required to produce drafts of business documents, except with respect to potions that contain an attorney's advice, which may be redacted. *In re Seroquel Products Liab. Litig.*, 606MD1769-ORL-22DAB, 2008 WL 1995058 (M.D. Fla. May 7, 2008) (internal citation omitted) ("If the ultimate document is purely a business document which would not have received any protection based upon privilege in any event, draft language also receives no protection. But if there is attorney input on the draft, then the attorney-client or work product privileges may be implicated."). The court in *In re Seroquel* further held that:

> Drafts may be considered privileged if they were prepared with the assistance of an attorney for the purpose of obtaining legal advice or, after an attorney's advice, contain information a client considered *but decided not to include in the final version. United States Postal Serv. v. Phelps Dodge Refining Corp., supra.* In other words, if the draft is prepared with attorney assistance, and contains words or language that do not appear in the final version, those words may be protected: if they are articulated in the context of legal advice to and from a client as to what should ultimately be disclosed, then the attorney-client privilege protects such documents. But if the final version sent to a third person contains the revisions made on the draft, those revisions are not privileged...."

Accordingly, there is no blanket privilege against producing drafts of business documents. We demand that you immediately produce all responsive drafts of documents. To the extent that you still contend that such documents are privileged, please provide a basis on which you rest your claims of privilege.

We agree that *in camera* inspection may be necessary for certain of the documents with respect to which Defendants have asserted claims of privilege, to assess whether such assertions of privilege survive the crime-fraud doctrine, however, before we can assess which documents those may be, Defendants must rectify the other deficiencies with their Privilege Log. Defendants have had several weeks to correct the stated deficiencies. Unless Defendants do so by no later than **February 18, 2014** at **5pm EST**, Plaintiff will move to compel Defendants' compliance.

Sincerely,

Brett E. Lewis

**Miami**
*(Also servicing Florida Keys & Ft. Lauderdale)*
1221 Brickell Avenue, Nineteenth Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

**Bonita Springs Office**
*(Also servicing Naples & Ft. Myers)*
27499 Riverview Center Blvd.
Suite 405
Bonita Springs, Florida 34134
Telephone: (239) 444-4380
Facsimile: (239) 444-4381

**Jacksonville**
4720 Salisbury Road
Jacksonville, Florida 32256
Telephone: (904) 493-6475
Facsimile: (904) 493-6026



*Please reply to Miami Office*

**West Palm Beach Office**
*(Also servicing Daytona)*
301 Clematis Street, Suite 3000
West Palm Beach, Florida 33401
Telephone: (561) 655-6661
Facsimile: (561) 655-6186

**Orlando**
390 N. Orange Avenue
Suite 1295
Orlando, Florida 32801
Telephone: (407) 255-2070
Facsimile: (407) 641-9517

**Tampa**
4511 North Himes Avenue, Suite 200
Tampa, Florida 33614
Telephone: (813) 449-4270
Facsimile: (813) 873-2330

February 18, 2014

**Via E-Mail**
Brett E. Lewis, Esq.
brett@ilawco.com
Justin Mercer, Esq.
justin@ilawco.com
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201

      Re:    **Pulsepoint, Inc. v. 7657030 Canada Inc., et al.**
            Case No.:    0:13-CV-61448, USDC Southern District of Florida
            Our File No.:  35105

Dear Counsel:

    We write to (a) respond to the letter from Justin Mercer sent the afternoon of Friday, February 14, 2014 and the letter from Brett Lewis sent late night Friday, February 14, 2014; and (b) demand that you instruct your copy service company to release our client's files immediately.

    In response to Mr. Mercer's letter, please see our response to follow below.

    First, in response to your complaint for not including Bates numbering, please note there is no requirement in the Southern District of Florida to produce documents with Bates numbering. Moreover, while in the normal course of discovery we may have worked out the logistics of production, including possible Bates numbering, the manner in which you sought discovery precluded that option. We will not accept any invoice for that extra expense.

    Second, as you know, the Court overruled the objections originally asserted in response to the Plaintiff's First Request for Production (save for privilege objections) and required the

Messrs. Lewis and Mercer
February 18, 2014
Page 2 of 3

production accordingly. The production proceeded as such, as contemplated in Federal Rule of Civil Procedure 34(b)(2)(b). The only Defendant that did not have documents in response to some of the requests is Warren Rustin; we will therefore provide you with a written response for him on each item as requested.

Third, as to the alleged deficiencies in the production, our office is not yet in a position to even evaluate the veracity of your claim. As you know, the documents were produced directly from our client's offices—after arduous efforts to compile the documents responsive to the numerous requests in a very short amount of time, which yielded production of over forty (40) bankers' boxes. It is evident that copying of the documents was completed by your copy service company and the copies of the documents are in your possession; yet, through communications with your copy service company we learned, and this morning in our telephone conversation you acknowledged, that your office gave explicit instructions to your copy service company to wrongfully withhold the documents, such that our office has been unable to obtain a copy of them. As such, until your copy service company releases the documents and we are able to review the production, we will not be in a position to evaluate your claim. We can, however, comment on your misapprehension that the Plaintiff's Request for Production asked for the Defendants' electronic QuickBooks files—it did not. While Defendants may have used QuickBooks, the documents responsive to the Request were obtained and printed from the program. More importantly, electronic QuickBooks files contain substantially more information and documentation than that requested in Plaintiff's Request for Production. Thus, the claim that our clients withheld documents and violated of the Court's Orders is meritless.

Fourth, we are again taken aback by Mr. Mercer's deliberate accusations directed at our firm. We had what we perceived to be a productive discussion following the Rule 26 Conference and are looking forward to working with you in that professional tenor over the course of the case; however, such accusations, whether a result of overzealous advocacy or inattentive verbiage by the associate on the file—or, hopefully not, fully condoned threats by your firm—are only a step backward in our efforts and cooperative endeavors. We again urge you to stop this rhetoric.

In response to Mr. Lewis' letter, please see our response below.

During the meet and confer we agreed we would need to amend the privilege log to clarify the representation of the attorneys referenced in the log. However, at that time you agreed to provide us with authority for your position requiring disclosure of additional details contained in the privileged communications (despite our explanation that additional disclosure would in essence reveal the whole of the privilege communication and thereby eviscerate the privilege) and requiring production of drafts of documents, so we could consider in amending the privilege log. As promised, we will consider the authorities provided in determining further amendment of the privilege log. However, we just received these sources for the first time late Friday night. Thus, the deadline of February 18, 2014 at 5 p.m. (in essence one business day, taking into account yesterday's holiday) is not reasonable, and filing a motion to compel under the circumstances would not be in good faith. Current commitments will prevent us from fully

Messrs. Lewis and Mercer
February 18, 2014
Page 3 of 3

evaluating your position and authorities, and determining further amendments to the privilege log needed until later this week, but we will work diligently on supplying an amended privilege log within a reasonable time.

    As always, if you would like to further discuss any aspect of the above, feel free to contact us at your convenience.

                              Sincerely,

                              s/ Joan Carlos Wizel
                              Onier Llopiz
                              Joan Carlos Wizel

cc:     Timothy M. Hartley, Esq. (Hartley@hartleylaw.net)



Michelle Morris <michmorris@gmail.com>

# Fwd: Pulsepoint
1 message

**Justin Mercer** <justin@ilawco.com>  Tue, Apr 1, 2014 at 1:09 PM
To: Michelle Morris <michmorris@gmail.com>

**Justin Mercer**
Associate
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
tel. (718) 243-9323 Ext. 6
fax. (718) 243-9326
justin@iLawco.com
iLawco.com | TrademarkAttorneys.com

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.

---------- Forwarded message ----------
From: **Joan Carlos Wizel** <jcw@lydeckerdiaz.com>
Date: Mon, Mar 17, 2014 at 7:58 PM
Subject: Pulsepoint
To: "Brett Lewis (brett@ilawco.com)" <brett@ilawco.com>
Cc: "Justin Mercer (justin@ilawco.com)" <justin@ilawco.com>, Onier Llopiz <ol@lydeckerdiaz.com>


Brett:


Pursuant to our discussion last week, below are the list of entries we believe are indisputably privileged from the Corrected and Amended Privilege Log:


Entries 92-97

Entries 99-106

Entries 126-133


We do not mean to say that any of the remaining entries are not privilege, but instead, that

the remaining entries are likely to be disputed by you as to whether privilege applies.

Sincerely,

Joan Carlos.

**Joan Carlos Wizel** | Partner

T 305 416 3180    D 305 415 6276    W www.lydeckerdiaz.com

Lydecker | Diaz | 1221 Brickell Avenue, 19th Floor | Miami, FL 33131

LYDECKER | DIAZ


Please consider the environment before printing this email.

The information contained in this electronic mail transmission is intended by Lydecker | Diaz for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply email or by calling Lydecker | Diaz at (305) 416-3180, so that our address record can be corrected.