# EXHIBIT 7

**From:**        Walker, Bradley A. <bradley.walker@bipc.com>
**Sent:**        Wednesday, December 22, 2010 6:17 PM
**To:**          Jesse Tomalty
**Cc:**          Gierasch, Stephen
**Subject:**     New Services Agreement, Pledge Agreement, Security Agreement
**Attachments:** HBG1_GENERAL-#1361148-v1-INDICUS-Acquinity-Security_Agreement.DOC; HBG1
                 _GENERAL-#1361038-v1-INDICUS-Acquinity-Services_Agreement.DOC; HBG1
                 _GENERAL-#1361143-v1-INDICUS-Revenue_Path-Pledge_Agreement.DOC

Jesse - Attached are: (i) a new Services Agreement between Indicus and Acquinity (the operating company) (redlined to reflect changes from the previous Amended and Restated Services Agreement with ModernAd); (ii) a new Security Agreement (also redlined); note this is with Acquinity, the operating company, with the understanding that this company will have assets in Florida - we will need you to have your Canadian counsel prepare a Security Agreement appropriate under Canadian law providing a lien on the assets of the parent company in Canada; and (iii) a new Pledge Agreement with RevenuePath pledging in lieu of Nicemove.

Please review and provide any comments or questions.

Also, tomorrow we will be sending you our changes to your Termination of Services Agreement, as well as our draft Termination of Consulting Agreements.

**Bradley A. Walker, Esq.**
Buchanan Ingersoll & Rooney PC
213 Market Street, 3rd Fl
Harrisburg, PA 17101
P: 717-237-4828
F: 717-233-0852
bradley.walker@bipc.com

TAX ADVICE DISCLAIMER: Any federal tax advice contained in this communication (including attachments) was not intended or written to be used, and it cannot be used, by you for the purpose of (1) avoiding any penalty that may be imposed by the Internal Revenue Service or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein. If you would like such advice, please contact us.

Above email is for intended recipient only and may be confidential and protected by attorney/client privilege.

If you are not the intended recipient, please advise the sender immediately.

Unauthorized use or distribution is prohibited and may be unlawful.

1

SUPP000239

## SECURITY AGREEMENT

**THIS SECURITY AGREEMENT** (the "Agreement"), dated as of the 1st day of January, 2011 is entered into by and between 7657030 CANADA INC., a Canadian corporation d/b/a "Acquinity" ("Acquinity") ("Grantor"), and INDICUS SERVICES, LTD., a corporation formed under the laws of the British Virgin Islands ("Indicus").

### WITNESSETH:

**WHEREAS,** Grantor is (or will be with respect to after-acquired property) the legal and beneficial owner and the holder of the Collateral (as defined in Section 1 hereof) and

**WHEREAS,** pursuant to that certain Services Agreement of even date herewith (the "Services Agreement") by and between Indicus and [Acquinity ("Acquinity")], a wholly-owned subsidiary of Grantor, Acquinity is obligated to pay to Indicus certain amounts more fully set forth in the Services Agreement; and

**WHEREAS,** under the Services Agreement, Grantor, as a Guarantor, has agreed to guaranty Acquinity's payment obligations thereunder; and

**WHEREAS,** Grantor is required to further secure the payment of Acquinity's obligations under the Services Agreement, and its obligations as Guarantor, in the manner set forth herein.

**NOW, THEREFORE,** intending to be legally bound hereby, the parties hereto covenant and agree as follows:

1.     Definitions.   Terms which are defined in the Services Agreement and not otherwise defined herein are used herein as defined therein.   The following words and terms shall have the following meanings, respectively, unless the context hereof otherwise clearly requires:

(a)     "Code" means the Uniform Commercial Code of each state as in effect on the date hereof and as the same may subsequently be amended from time to time, the substantive provisions of which are applicable to any of the property of Grantor in which Indicus is granted a security interest pursuant to this Agreement.

(b)     "Collateral" means all of Grantor's right, title and interest in, to and under the following described property of Grantor (each capitalized term used in this Section 1(b), unless otherwise defined herein, shall have in this Agreement the meaning given to it by the Uniform Commercial Code as in effect in Florida):

(i)     all tangible and intangible personal property of Grantor, wherever located, whether now existing or owned or hereafter arising or acquired, whether or not subject to the Code, and whether or not affixed to any realty including (A) all accounts, chattel paper, investment property, deposit accounts, documents, equipment, farm products, general intangibles (including trademarks, service marks, trade names, patents, copyrights, licenses and franchises), instruments, inventory, money, letter of credit

1

HBGi_GENERAL-#1361148-v1-INDICUS-Acquinity-Security_Agreement

---

Deleted:

Deleted: March, 2010,

Formatted: Font: 11 pt

Deleted: MODERNAD MEDIA, LLC, a Florida limited liability company

Deleted: Mailbox Brands, LLC

Deleted: Mailbox

Deleted: Mailbox

Deleted: Mailbox's

Deleted: Mailbox's

SUPP000240

rights, causes of action (including tort claims) and other personal property (including agreements and instruments not constituting chattel paper or a document, general intangible or instrument); (B) all additions, accessions to, substitutions for, or replacements of the foregoing; (C) all proceeds and products of the foregoing including insurance proceeds; and (D) all business records and information relating to any of the foregoing and any software or other programs for accessing and manipulating such information.

(c)    "Debt" means, collectively, the Service Fee (as defined in the Services Agreement), and all other payment obligations of Acquinity to Indicus which may arise under the Services Agreement.

Deleted: Mailbox

(d)    "Knowledge" means actual knowledge after reasonable investigation.

2.    Security Interest; Payment and Performance.  As security for the due and punctual payment and performance of the Debt in full, Grantor hereby agrees that Indicus shall have, and Grantor hereby grants to and creates in favor of Indicus, a security interest under the Code in and to the Collateral.  Without limiting the generality of Section 4 below, Grantor further agrees that with respect to each item of Collateral as to which (a) the creation of a valid and enforceable security interest is not governed exclusively by the Code or (b) the perfection of a valid and enforceable security interest therein under the Code cannot be accomplished by the filing in appropriate locations of appropriate Code financing statements executed by Grantor, Grantor will at its expense execute and deliver to Indicus such documents, agreements, notices, assignments and instruments and take such further actions as may be requested by Indicus from time to time for the purpose of creating a valid and perfected lien on such item, enforceable against Grantor and all third parties to secure the Debt.  Notwithstanding the foregoing, Grantor shall never be required to give up physical possession of the Collateral in order to perfect a valid and enforceable security interest therein.

3.    Title to Collateral; Permitted Liens.  Grantor represents and warrants to Indicus that (a) Grantor has good and marketable title to the Collateral, and (b) except for the security interest granted to and created in favor of Indicus hereunder, to the Knowledge of Grantor, all the Collateral is free and clear of any lien or encumbrance, except such liens and encumbrances as have been disclosed to Indicus ("Permitted Liens").

4.    Protection of Security Interest; Subordination by Indicus.

(a)    Grantor will faithfully preserve and protect Indicus's security interest in the Collateral as a perfected security interest under the Code, superior and prior to the rights of all third persons, except for Permitted Liens and except as provided in Section 4(b), and will do all such other acts and things and will, upon request therefor by Indicus, execute, deliver, file and record all such other documents and instruments, including, without limitation, financing statements, assignments and documents and powers of attorney with respect to the Collateral, as Indicus in its reasonable discretion may deem necessary or advisable from time to time in order to attach, continue, preserve, perfect and protect said security interest.   Any filing fees and taxes related thereto shall be incurred and paid by Indicus.   Grantor hereby irrevocably appoints Indicus, its officers, employees and agents, or any of them, as attorneys-in-fact for Grantor to execute, deliver, file and record such items for Grantor and in Grantor's name, place and stead.

2

HBG1_GENERAL-#1361148-v1-INDICUS-Acquinity-Security_Agreement

This power of attorney, being coupled with an interest, shall be irrevocable for the life of this Agreement. Any documents executed, delivered, filed and/or recorded by and through this attorney-in-fact provision shall first be provided to Grantor for review and consent, which consent shall not be unreasonably withheld, provided the documents do not impair the rights of any prior and prospective liens and security interests held by lenders and Financiers as contemplated herein.

(b)     Notwithstanding anything to the contrary herein, if, in connection with debt or equity financing, including without limitation purchase money financing, being provided to Grantor by an independent, third-party lender, financial institution, or other provider of funds (hereinafter jointly referred to as a "Financier"), such Financier requires a security interest and lien position in the Collateral which is prior in right to Indicus' security interest and lien position therein, Indicus agrees to subordinate its lien position and security interest granted hereunder and shall execute such instruments as may be reasonably required by such Financier to evidence and effectuate such subordination.  In the event that Indicus fails and/or refuses to execute any reasonably requested subordination agreement or other documentation by Financier relative to this paragraph 4(b) within seven (7) business days from written request, then Indicus hereby provides Grantor with a Limited Power-of-Attorney to affix Indicus' signature to any subordination or related documentation requested by Financier, which the Parties agree and acknowledge shall be binding on Indicus, its successors and assigns.

5.     Covenants by Grantor.  Grantor covenants and agrees that:

(a)     it will defend Indicus's right, title and security interest in and to the Collateral and the proceeds thereof against the claims and demands of all persons and entities whomsoever, other than any person or entity claiming a right in the Collateral pursuant to an agreement between such person or entity and Indicus, Permitted Liens, or liens contemplated in Section 4(b);

(b)     it will not suffer or permit to exist on any Collateral any lien except for liens in favor of Indicus, Permitted Liens or liens contemplated in Section 4(b);

(c)     it will not take or omit to take any action, the taking or the omission of which might result in a material alteration or impairment of the Collateral or of Indicus's rights under this Agreement;

(d)     it will not sell, assign or otherwise dispose of any portion of the Collateral other than in the ordinary course of business;

(e)     it will (i) obtain and maintain sole and exclusive possession of the Collateral, (ii) keep the Collateral and all records pertaining thereto at the locations specified on the Security Interest Data Summary attached as Exhibit "A" hereto, unless it shall have given Indicus prior notice and taken any action reasonably requested by Indicus to maintain its security interest therein, and (iii) keep materially accurate and complete books and records concerning the Collateral and such other books and records as Indicus may from time to time reasonably require; and

HBGI_GENERAL-#1361148-v1-INDICUS-Acquinity-Security_Agreement

SUPP000242

(f)      it will promptly furnish to Indicus such information and documents relating to the Collateral as Indicus may reasonably request, including, without limitation, all invoices, documents, contracts, chattel paper, instruments and other writings pertaining to Grantor's contracts or the performance thereof, all of the foregoing to be certified upon request of Indicus by an authorized officer of Grantor;

6.      Protection of Security Interest by Indicus.

(a)      At any time and from time to time whether or not a default has occurred or then exists under the Services Agreement, and with prior notice to Grantor, Indicus may at its option take such actions as Indicus deems reasonably appropriate (i) to perfect, continue, preserve and protect Indicus' security interest in the Collateral, and/or (ii) inspect, audit and verify the Collateral, including reviewing all of Grantor's books and records and copying and making excerpts therefrom, provided that prior to the occurrence of a default under the Services Agreement, the same is done with advance notice during normal business hours to the extent access to Grantor's premises is required, with all liabilities, obligations, costs and expenses reasonably incurred in connection with the foregoing clauses (i) and (ii) to be incurred and paid by Indicus. In addition to the foregoing, Indicus is limited to a maximum of two (2) inspections in any twelve month period relative to the foregoing.

(b)      At any time and from time to time after a default has occurred and is continuing under the Service Agreement, and without prior notice to or consent of Grantor, Indicus may at its option take such action as Indicus deems reasonably appropriate (i) to maintain, repair, protect and insure the Collateral, and/or (ii) to perform, keep, observe and render true and correct any and all covenants, agreements, representations and warranties of Grantor hereunder, and to add all liabilities, obligations, costs and expenses reasonably incurred in connection with the foregoing clauses (i) and (ii) to the Debt, to be paid by Grantor to Indicus.

7.      Remedies Upon Payment Default.   After there exists any Payment Default under the Services Agreement (as defined therein):

(a)      Indicus shall have and may exercise all the rights and remedies available to a secured party under the Code in effect at the time, and such other rights and remedies as may be provided by law and as set forth below, including without limitation to take over all Collateral, and to this end Grantor hereby appoints Indicus, its officers, employees and agents, as its irrevocable, true and lawful attorneys-in-fact with all necessary power and authority to (i) take possession of any of or all of the Collateral wherever found as per an order of Court of competent jurisdiction in Broward County, Florida,(ii) require Grantor to assemble the Collateral and deliver it to Indicus or to any place designated by Indicus at Grantor's expense within Broward County, Florida, (iii)  to the extent permitted by applicable law after a judgment has been entered by a court of competent jurisdiction arising out of a default in payments under the Services Agreement, sell or assign the Collateral upon such terms, for such amounts and at such time or times as Indicus deems advisable, (iv) prepare, file and sign Grantor's name on any proof of claim in Bankruptcy or similar document against any account debtor of Grantor, (v) prepare, file and sign Grantor's name on any notice of lien, assignment or satisfaction of lien or similar document in connection with the Collateral, (vi) do all acts and things necessary, in Indicus's sole discretion (which must be in compliance with existing Florida law), to fulfill Grantor's

4

HBGI_GENERAL-#1361148-v1-INDICUS-Aequinity-Security_Agreement

SUPP000243

obligations under the Services Agreement, (vii) access and use the information recorded on or contained in any data processing equipment or computer hardware or software relating to the Collateral or proceeds thereof to which Grantor has access, (viii) demand, sue for, collect, compromise and give acquittances for any and all Collateral, (ix) prosecute, defend or compromise any action, claim or proceeding with respect to any of the Collateral, and (x) take such other action as Indicus may deem appropriate as governed by applicable Florida law, including extending or modifying the terms of payment of Grantor's debtors. This power of attorney, being coupled with an interest, shall be irrevocable for the life of this Agreement.

(b)    Indicus shall have the right to lease, sell or otherwise dispose of all or any of the Collateral at public or private sale or sales for cash, credit or any combination thereof, with such notice as may be required by law (it being agreed by Grantor that, in the absence of any contrary requirement of law, thirty (30) days' prior notice of a public or private sale of Collateral shall be deemed reasonable notice), in lots or in bulk, for cash or on credit, all as Indicus, in its sole discretion, may deem advisable. Such sales may be adjourned from time to time with notice. Indicus shall have the right to conduct such sales on Grantor's premises or elsewhere and shall have the right to use Grantor's premises without charge for such sales for such time or times as Indicus may see fit. Indicus may purchase all or any part of the Collateral at public or, if permitted by law, private sale and, in lieu of actual payment of such purchase price, may set off the amount of such price against the Debt. Indicus may purchase any of the Collateral at a public or private sale, and in lieu of actual payment of such purchase price, may set off the amount of such purchase price against the Debt; provided that such purchase price shall be no less than a reasonable estimate of the fair market value of the Collateral at the time of sale.

8.    Benefit of Security Interest; Deficiency Upon Sale.  The security interest in Grantor's Collateral granted to and created in favor of Indicus by this Agreement shall be for the benefit of Indicus and its successors and assigns. Any of Grantor's Collateral or proceeds thereof held or realized upon at any time by Indicus shall be applied as required by the Code. Grantor shall remain liable to Indicus for and shall pay to Indicus any deficiency which may remain after such sale or collection.

9.    Repossession; Storage of Collateral on Grantor's Premises.  If Indicus repossesses or seeks to repossess any of the Collateral pursuant to the terms hereof because of the occurrence of a Payment Default, then to the extent it is commercially reasonable for Indicus to store any Collateral on any of Grantor's premises, Grantor hereby agrees to lease to Indicus on a month-to-month tenancy for a period not to exceed one hundred twenty (120) days at Indicus's election, at a rental of One Dollar ($1.00) per month, the premises on which the Collateral is located, provided it is located on premises owned or leased by Grantor, and the manner of storage does not otherwise prohibit,  preclude or materially disrupt Grantor from carrying on the operations of its business in the normal course.

10.    Payment in Full; Termination.  Upon indefeasible payment in full of the Debt, this Agreement shall terminate and be of no further force and effect, and Indicus shall thereupon promptly return to Grantor such of the Collateral and such other documents delivered by Grantor hereunder as may then be in Indicus's possession. Until such time, however, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns.

11.    No Waiver; Remedies Cumulative.  No failure or delay on the part of Indicus in exercising any right, remedy, power or privilege hereunder shall operate as a waiver thereof or of any

5

HBGI_GENERAL-#1361148-v1-INDICUS-Acquinity-Security_Agreement

other right, remedy, power or privilege of Indicus hereunder; nor shall any single or partial exercise of any such right, remedy, power or privilege preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege. No waiver of a single Payment Default shall be deemed a waiver of a subsequent Payment Default. All waivers under this Agreement must be in writing. The rights and remedies of Indicus under this Agreement are cumulative and in addition to any rights or remedies which it may otherwise have, and Indicus may enforce any one or more remedies hereunder successively or concurrently at its option.

12.    Notices. All notices, consents and other communications under this Agreement shall be in writing and may be given by personal delivery, by registered or certified mail (with proof of receipt, postage and expenses prepaid, return receipt requested), by a nationally recognized overnight courier service or facsimile. All such notices shall be deemed to have been received as follows: (a) if delivered personally, when received, (b) if mailed, four (4) days after being mailed, (c) if sent by a nationally recognized courier service, when signed for, and (d) if sent by facsimile, when the facsimile has transmitted over the telephone lines, as evidenced by the confirmation report generated by the transmitting machine, in each case to the appropriate address or facsimile number set forth below:

If to Grantor:

7657030 CANADA INC., a Canadian corporation d/b/a "Acquinity" 2200 S.W. 10ᵗʰ Street

Deerfield Beach, Florida 33442
Attn: Jesse Tomalty, Esq.
Facsimile: 954-312-4853

With a copy to:

David Hatton, Esq.
Orshan Lithman, et al.
150 Alhambra Circle, Suite 1150
Coral Gables, FL. 33134
Facsimile: 305-854-6810

If to Indicus:

Indicus Services, Ltd.
Trident Trust Company (BVI) Limited
Road Tower, Tortola
British Virgin Islands VG1110

| Deleted: ModernAd Media, LLC |
| Formatted: Font: 11 pt |
| Deleted: ¶ |

6

SUPP000245

With a copy to:

> Stephen C. Gierasch, Esq.
> Buchanan Ingersoll & Rooney PC
> 213 Market Street, 3rd Fl.
> Harrisburg, PA 17101
> Facsimile: 717-233-0852

13.     Security Interest Data Schedule.     Grantor agrees that as of the date hereof, all information contained on the Security Interest Data Schedule attached hereto as Exhibit "A" is, to the Knowledge of Grantor, accurate and complete and contains no omission or misrepresentation.  Grantor shall promptly notify Indicus of any changes in the information set forth thereon.

14.     Right to Access; Specific Performance.     Grantor acknowledges that the provisions hereof giving Indicus rights of access to books, records and information concerning the Collateral and Grantor's operations and providing Indicus access to Grantor's premises (which request and access should occur and extend to only during regular business hours) are intended to afford Indicus with immediate access to current information concerning Grantor and its activities, including without limitation, the value, nature and location of the Collateral so that Indicus can, among other things, make an appropriate determination after the occurrence of a Payment Default, whether and when to exercise its other remedies hereunder and at law or in equity, including without limitation, instituting a replevin action should Grantor refuse to turn over any Collateral to Indicus.  Grantor further acknowledges that should Grantor at any time fail to promptly provide such information and access to Indicus, Grantor acknowledges that Indicus would have no adequate remedy at law to promptly obtain the same.  Grantor agrees that the provisions hereof may be specifically enforced by Indicus and waives any claim or defense in any such action or proceeding that Indicus has an adequate remedy at law.

15.     Successors and Assigns.     This Agreement shall be binding upon and inure to the benefit of Indicus and its successors and assigns, and Grantor and its successors and assigns, except that Grantor may not assign or transfer Grantor's obligations hereunder or any interest herein.

16.     Choice of Law; Jurisdiction.     This Agreement is to be construed and governed by the laws of the State of Florida (without giving effect to principles of conflicts of laws).  The parties irrevocably agree that any legal action or proceeding arising out of or in connection with this Agreement may be brought in any state or federal court located in Broward County, Florida (or in any court in which appeal from such courts may be taken), and each party agrees not to assert, by way of motion, as a defense, or otherwise, in any such action, suit or proceeding, any claim that it is not subject personally to the jurisdiction of any such court, that the action, suit or proceeding is brought in an inconvenient forum, that the venue of the action, suit or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court, and hereby agrees not to challenge such jurisdiction or venue by reason of any offsets or counterclaims in any such action, suit or proceeding.

17.     Invalid Provision.     Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall not invalidate the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

7

HBIGI_GENERAL-#1361148-v1-INDICUS-Acquinity-Security_Agreement

SUPP000246

Signature page to Security Agreement

**IN WITNESS WHEREOF,** the parties hereto, by their officers thereunto duly authorized, have executed and delivered this Agreement as of the day and year first above set forth.

|7657030 CANADA INC., a Canadian corporation d/b/a "Acquinity"|

| Formatted: Indent: Left: 3" |
| Deleted: ACQUINITYMODERNAD MEDIA, LLC |
| Formatted: Font: Not Bold |

By: _____
Name: _____
Title: _____

**INDICUS SERVICES, LTD.**

By: _____
     Noureddine Belhaj, President

8

HBG1_GENERAL-#1361148-v1-INDICUS-Acquinity-Security_Agreement

SUPP000247