UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-MARRA

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

      Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

      Defendants.
_____/

## AFFIDAVIT OF SCOTT MODIST IN SUPPORT OF MEMORANDUM IN RESPONSE TO MOTION TO COMPEL IN CAMERA INSPECTION OF DEFENDANTS' PRIVILEGE LOG DOCUMENTS

I, SCOTT MODIST, being first duly sworn, do hereby state under oath and under penalty of perjury that the following facts are true and correct:

1. My name is SCOTT MODIST and that I am over the age of 18, *sui juris*

2. I am the Chief Financial Officer of 7657030 Canada Inc., and Acquinity Interactive, LLC, and have knowledge of the matters attested here.

3. I was also formerly the Chief Financial Officer of ModernAd Media, LLC.

4. The following is a description of the ten (10) U.S. entities and seven (7) Canadian entities to which Plaintiff falsely ascribes fraudulent intent to their mere existence:

| Entity Name | Relation to Name Defendants |
|---|---|
| Firebrand Group S.L., LLC. | Acquinity Interactive, LLC acquired a 30% interest in this company in 2011. |
| Sweepstakes.com Interactive Media, LLC | Acquinity Interactive, LLC is a joint venture partner of this entity. Acquinity Interactive, LLC acquired its interest therein from AER Investments. |
| Secure My Score, LLC | Acquired by named Defendant, Acquinity Interactive, LLC, from |

| | |
|---|---|
| | named Defendant, ModernAd Media, LLC, pursuant to the Asset Purchase Agreement dated January 1, 2011. |
| Vitapure Labs, LLC | A venture commenced by Acquinity Interactive, LLC, to sell vitamin supplement type products. This entity has no relation to ModernAd Media, LLC. |
| Inbox Send, LLC | Acquired by named Defendant, Acquinity Interactive, LLC, from named Defendant, ModernAd Media, LLC, pursuant to the Asset Purchase Agreement dated January 1, 2011. |
| Acquinity Sports, LLC | Acquinity formed this entity to start boxing promotional division, which was only owned by Acquinity for less than 30 days. Furthermore, it was non-operational under Acquinity. This entity has nothing to do with ModernAd Media, LLC. |
| Health Professor, LLC | Acquired by named Defendant, Acquinity Interactive, LLC, from named Defendant, ModernAd Media, LLC, pursuant to the Asset Purchase Agreement dated January 1, 2011. |
| Vitapure Labs Ltd. | A venture commenced by Acquinity Interactive, LLC, to sell vitamin supplement type products. This entity has no relation to ModernAd Media, LLC. |
| Ecom Interactive, LLC | Acquinity Interactive, LLC, provided services to this entity in exchange for compensation. This entity is not owned or controlled by Acquinity Interactive, LLC, but it was required to be included in Acquinity's financial statement as a "Variable Interest Entity" under GAAP. |
| Unique Consulting Group, Inc. | Acquinity Interactive, LLC, provided services to this entity in exchange for compensation. This entity is not owned or controlled by Acquinity Interactive, LLC, but it was required to be included in Acquinity's financial statement as a "Variable Interest Entity" under GAAP. |
| 7576862 Canada, Inc. | 100% owned by the Jonas Family Trust. Holds 80% ownership interest in 7657048 Canada, Inc. (i.e., Garry Jonas' interest therein). |
| 7657048 Canada, Inc. | Holds 100% ownership interest in the named Defendant, 7657030 Canada, Inc. |
| 7693982 Canada, Inc. | Formed by Garry Jonas with intent to start a Canadian software development company. This effort never got off the ground and the company has not conducted any business activity for past several years. |
| 7702400 Canada, Inc. | Held 75% ownership interest in Edison Marketing, LLC, a magazine subscription marketing company that previously did business with Acquinity Interactive, LLC. All net revenue from this entity was paid to Acquinity Interactive, LLC. |
| 8140847 Canada, Inc. | Never did any business. |
| 7668490 Canada, Inc. | Formed by Garry Jonas with intent to start a Canadian retail website. Ownership transferred to Irene Marciano, Garry Jonas' wife, in December 2011. Ultimately, never got off the ground and this company did minimal business, if any. |

| 7702396 Canada, Inc. | Formed by Garry Jonas with intent to start a Canadian retail website. Ownership transferred to Irene Marciano, Garry Jonas' wife, in 2011. Ultimately, never got off the ground and this company did minimal business, if any. |
|---|---|

5.  Nothing in the subject asset purchase agreement provides that 7657030 Canada, Inc., was purchasing each and every one of the assets ModernAd Media, LLC. In fact, the Agreement clearly identifies the precise assets of ModernAd Media, LLC, that were being purchased, and also identifies certain of its physical assets which were not being purchased. The physical assets purchased included furniture, computer equipment, telephone systems, LLC membership interests and the like. Furthermore, Acquinity Interactive, LLC, paid more than adequate consideration for the specifically enumerated assets being purchased.

6.  7657030 Canada, Inc., had only purchased assets from ModernAd Media, LLC, as a nominee and on behalf of Acquinity Interactive, LLC. In its initial production of documents to Plaintiff, Acquinity Interactive, LLC and 7657030 Canada, Inc., produced a December 23, 2010 Nominee Agreement between Service Group, LLC, and 7657030 Canada, Inc., which provided that Service Group, LLC (which later became known as Defendant, Acquinity Interactive, LLC, via name change) intended to purchase certain assets of ModernAd Media, LLC, and that it appointed 7657030 Canada, Inc., to acquire and hold legal title to such purchased assets on its behalf and as its nominee.

7.  Furthermore, Acquinity Interactive, LLC reported to the IRS that it, not 7657030 Canada, Inc., had acquired certain assets from ModernAd Media, LLC, on its 2011 tax returns- thereby negating any frivolous allegations of asset laundering being made by Plaintiff.

8. Any funds previously transferred by Acquinity Interactive, LLC to Inbox Express, LLC, were done on behalf of Acquinity's vendor, RevenuePath Ltd. Inbox Express, LLC, an entity that is neither owned nor controlled by Acquinity, was a vendor of Revenuepath Ltd. During the 2013 Cyprus banking crisis, RevenuePath Ltd., whose bank accounts were held in Cyprus banking institutions, was left with no ability to pay its vendors. In order to maintain continuity of its business operations, Acquinity needed to ensure that RevenuePath, Ltd. remained operational. Therefore, Acquinity, on behalf of RevenuePath, Ltd., agreed to make direct payments to RevenuePath, Ltd.'s vendors, including Inbox Express, LLC, during this period. All such direct payments made by Acquinity to RevenuePath, Ltd.'s vendors were ultimately reimbursed by or otherwise recouped from RevenuePath, Ltd.

9. Neither ModernAd Media, LLC, nor any of its subsidiaries, ever acquired or owned Elysium

10. Neither ModernAd Media, LLC, nor any of its subsidiaries, ever acquired or owned any Revenuepath company.

11. Neither ModernAd Media, LLC, nor any of its subsidiaries, ever acquired or owned Indicus.

12. Neither Acquinity Interactive, LLC, nor any of its subsidiaries, ever acquired or owned Elysium

13. Neither Acquinity Interactive, LLC, nor any of its subsidiaries, ever acquired or owned any Revenuepath company.

14. Neither Acquinity Interactive, LLC, nor any of its subsidiaries, ever acquired or owned Indicus.

15. Neither 7657030 Canada, Inc., nor any of its subsidiaries, ever acquired or owned Elysium

16. Neither 7657030 Canada, Inc., nor any of its subsidiaries, ever acquired or owned any Revenuepath company.

17. Neither 7657030 Canada, Inc., nor any of its subsidiaries, ever acquired or owned Indicus.

18. The owners of Acquinity Interactive, LLC, received distributions totaling $22 million over the entire life of the company, or 3+ years. Contrary to Plaintiff's false and misleading assertions, the owners, or "insiders" of Acquinity Interactive, LLC, did not "pull at least $22 million of cash out of Acquinity Interactive, LLC in 2013 alone." Nor has Acquinity Interactive, LLC, its owners or insiders engaged in any "shady" loan transactions amongst each other.

Further affiant sayeth naught.

_____
SCOTT MODIST

STATE OF FLORIDA           )
                           ss.
COUNTY OF BROWARD          )

    BEFORE ME, in the State and County stated above, the undersigned authority, personally appeared SCOTT MODIST, Affiant, who, after being duly sworn, deposes and states that the foregoing is true and correct to the best of my knowledge, information and belief.

    SWORN TO and SUBSCRIBED before me this 15th day of April, 2014, by the foregoing Affiant who is:

☑    personally known to me, or
☐    produced _____, as identification

_____
NOTARY PUBLIC
My commission expires:

MICHAEL S. HOLT
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF033790
Expires 10/31/2017

*NOMINEE AGREEMENT ENTERED INTO IN THE CITY OF MONTREAL HAVING EFFECT AS OF THE 23rd DAY OF DECEMBER, 2010.*

*(Acquity Interactive LLC Prior to name change)*

**BETWEEN:** SERVICE GROUP, LLC, a limited liability company formed under the laws of the state of Delaware, having its principal place of business at 2200 SW 10th Street, Deerfield Beach, Florida, 33442, USA

(hereinafter referred to as the "Mandator")

**AND:** 7657030 CANADA INC., a corporation duly incorporated under the laws of Canada, having its principal place of business at 39 Chambertin, Kirkland, Quebec, H9H 5E3

(hereinafter referred to as the "Nominee")

WHEREAS the Mandator intends to purchase certain assets currently owned by ModernAd Media, LLC and more particularly described in the attached Schedule "A" forming an integral part hereof (collectively, the "Assets");

WHEREAS the Assets will be beneficially owned in their entirety by the Mandator;

WHEREAS for administrative purposes, however, the Mandator desires that its interest in the Assets be legally held in the name of the Nominee; and

WHEREAS the Nominee is willing to act as the Mandator's nominee and undisclosed mandatary for the purposes of acquiring and holding its entire interest in the Assets.

NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. The Nominee shall execute, as purchaser, a memorandum of agreement of purchase and sale in relation to the Assets and all ancillary documents relating thereto, pursuant to which the Mandator's interest in the Assets will purportedly be transferred by ModernAd Media, LLC to the Nominee.

2. The Nominee shall, as and when requested by the Mandator execute an asset purchase agreement transferring the Mandator's interest in the Assets to the Mandator in order to permit the Mandator to become the registered owner thereof.

3. The Nominee shall execute any other documentation which may be necessary to establish that Nominee is and will be acting solely on behalf of the Mandator with respect to the Mandator's interest in the Assets.

4. All monies received by the Nominee on behalf of the Mandator, including without limitation, any proceeds of disposition in respect to any of the Assets, shall be dealt with by the Nominee in

-2-

accordance with instructions from the Mandator, and in particular, such monies shall be disbursed to the Mandator or to such third parties as may be designated by the Mandator.

5. The Mandator shall indemnify and save the Nominee harmless from and against all claims made against and liabilities incurred by Nominee in respect of the obligations undertaken by Nominee on behalf of the Mandator hereunder.

6. For greater certainty, the parties acknowledge that:

   (a) the Mandator's interest in the Assets will be purchased on behalf of the Mandator who will either pay the purchase price therefor or reimburse the Nominee for all amounts paid by the Nominee in connection therewith; and

   (b) the Nominee will merely be a conduit with respect to all income, expenses and proceeds of disposition relating to the Assets, and that such income, expenses and proceeds of disposition will be reflected in the income tax returns of the Mandator and in particular, that all profits and losses relating to the Assets will be reported by the Mandator to all relevant taxation authorities as having been earned or incurred by the Mandator.

7. The parties hereto shall keep the terms and existence of this Agreement confidential.

8. This Agreement shall be governed by the laws of the Province of Quebec. The parties hereto have requested that this Agreement be drafted in the English language. Les parties ont exigé que ce qui précède soit rédigée en anglais.

IN WITNESS WHEREOF, the parties have signed.

SERVICE GROUP, LLC                                          7657030 CANADA INC.

Per: _____                              Per: _____
     Garry Jones (Managing Member)                               Scott Modist (CFO)

-3-

### Schedule "A" – Description of Assets
(See Attached)

The following are the assets being acquired by the Nominee from Moderned Media LLC on behalf of the Mandator:

i. 100% membership interest in the capital of Secure My Score, LLC (the "Secure My Score Units");

ii. 100% membership interest in the capital of Inbox Send, LLC (the "Inbox Send Units");

iii. 100% membership interest in the capital of Healthprofessor, LLC (the "Healthprofessor Units")

iv. all of the assets described in Schedules B – G and I – O hereof (collectively the "Schedules"), which schedules are incorporated herein by reference.

Notwithstanding anything to the contrary contained herein, the parties acknowledge and agree that the following furniture and fixtures located in or relating to the building located at 2200 SW 10th, Deerfield Beach, Florida 33442 shall be excluded from the transactions contemplated hereby, which furniture and fixtures shall be available for use by the Purchaser at the discretion of the owner thereof.

i. cubicles/workstation and chairs;
ii. lunch tables and chairs (cafeteria);
iii. hurricane shutters and boards;
iv. training tables and chairs (training room); and
v. conference room table (executive conference room).