UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61448-CIV-Marra/Matthewman

PULSEPOINT, INC., f/k/a DATRAN
MEDIA CORP.,

Plaintiff,

v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS, et al.,

Defendants.
_____/



## ORDER REQUIRING DEFENDANTS TO SUBMIT DOCUMENTS FOR *IN CAMERA* REVIEW

THIS CAUSE is before the Court upon Plaintiff, Pulsepoint, Inc., f/k/a Datran Media Corp.'s ("Plaintiff") Motion to Compel *in Camera* Inspection of Defendants' Privilege Log Documents ("Motion") [DE 110]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 97. Defendants, 7657030 Canada, Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin (collectively, "Defendants") filed a response to the Motion [DE 112], and Plaintiff filed a reply [DE 113]. The matter is now ripe for review and disposition.

In the Court's March 19, 2014 Order, it required that parties further confer regarding Defendants' privilege log and the effect of the crime-fraud exception on the attorney-client privilege. [DE 108]. The Court specifically ordered that Defendants provide Plaintiff with an amended privilege log and ordered that Plaintiff then had seven days to file a motion to compel

1

and request for *in camera* review of documents to which there exists a good faith dispute as to the applicability of the attorney-client privilege and crime-fraud exception that that privilege. *Id.*

In Plaintiff's Motion, it explains that Defendants' Second Amended Privilege Log is still vague. [DE 110]. It also contends that Defendants are improperly withholding some discoverable documents and that "the majority of the communications claimed in Defendant's [sic] privilege log were made in furtherance of fraud, i.e. assisting Defendants in their illegal and fraudulent transfer of assets to judgment proof and foreign entities, and thus fall within the crime/fraud exception to the attorney-client privilege." *Id.*

Defendants argue in their response that the Second Amended Privilege Log complies with Local Rule 26.1(g), that Plaintiff failed to confer before filing its Motion, and that a particular draft agreement withheld by Defendants is not discoverable as it is protected by the attorney-client privilege. [DE 112]. Defendants also maintain that the crime-fraud exception does not apply here and that Defendants only consented to have certain documents reviewed *in camera* to save time and resources. *Id.* They argue that Plaintiff has not made a *prima facie* showing to establish application of the crime-fraud exception and reject each of the points brought up by Plaintiff to establish the application of the crime-fraud exception. *Id.* Defendants contend that, because Plaintiff's Motion required them to expend its resources unnecessarily to respond to Plaintiff's allegations after Defendants had already consented to *in camera* review, the Court should either "examine the allegations made by Plaintiff in its attempt to show that Defendants intended to defraud creditors and that the specific communications with the attorneys at issue were made in furtherance of the fraud . . . or grant Defendants its [sic] reasonable attorneys' fees in having to defend against all the accusations . . . ." *Id.*

In its reply, Plaintiff notes that it did confer with Defendants on multiple occasions with regard to the insufficiencies of Defendants' Second Amended Privilege Log. [DE 113]. Plaintiff also submits that "given that Defendants specifically requested that Plaintiff submit briefing on the issue of an *in camera* inspection, it is equally preposterous that Defendants are now seeking attorneys' fees for responding to the very course of action to which they agreed. Thus, Defendants' request for fees should be denied." *Id.*

The Court has reviewed the Motion, response, reply, and the entire file in this case. The parties appear to agree that the documents that Defendants have withheld as attorney-client privileged materials should be submitted to the Court for *in camera* review. Moreover, the Court independently finds that *in camera* review is necessary here as the Court cannot make a determination as to whether the withheld documents are, in fact, covered by the attorney-client privilege without reviewing them.

Defendants' request for attorney's fees shall be denied. The Court explicitly ordered previously that, if the parties could not come to an agreement on their own, Plaintiff was to "briefly state its position and explain why it believes that the attorney-client privilege does not apply to the documents" in a motion to compel. *See* DE 108. Since Plaintiff did not believe that the parties had come to an agreement on the matter, it filed a motion to compel as ordered. The Court will, however, warn counsel for the parties that it expects them to act professionally and collegially in this case. Counsel should attempt to resolve as many of these discovery issues as possible without court intervention.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

Defendants, 7657030 Canada, Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin are **ORDERED** to submit to this Court, for *in camera* inspection, all of the

3

documents withheld on the basis of attorney-client privilege that are listed in Defendants' Second Amended Privilege Log. All such documents must be submitted to the chambers of the undersigned, located at 701 Clematis Street, #221, West Palm Beach, Florida 33401, no later than **5:00 p.m.** on **Tuesday, May 13, 2014**. Defendants' request for attorney's fees is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of May, 2014.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE