UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-MARRA/MATTHEWMAN

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,
v.

7657030 CANADA INC., et al.,

    Defendants.
_____/

**UNOPPOSED MOTION FOR CLARIFICATION OF ORDER REQUIRING DEFENDANTS TO SUBMIT DOCUMENTS FOR IN CAMERA REVIEW AND REQUEST FOR EXPEDITED RULING**

Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin (collectively "Defendants"), respectfully move for clarification of the Court's Order dated May 6, 2014 [DE 118], requiring Defendants to submit documents for *in camera* inspection. Defendants seek clarification that the Order intends to require Defendants to submit for *in camera* inspection only those documents the parties agreed were at issue, and not *all* documents listed in their Second Amended Privilege Log. Given the timeframe for submission of the documents by 5:00 p.m. on Tuesday, May 13, 2014, Defendants requests an expedited ruling on this Motion. In support thereof, Defendants state as follows:

    1.    In its Motion to Compel *in Camera* Inspection of Defendants' Privilege Log Documents (the "Pl.'s Motion") [DE 110], Plaintiff, Pulsepoint, Inc., f/k/a Datran Media Corp. ("Plaintiff") asked the Court to order Defendants to make available the "disputed documents for an in camera inspection." Pl.'s Motion at pg. 2. As Plaintiff explained, "[f]ollowing several letters, emails, and meet and confers, the parties were able to narrow the scope of the disputed privilege claims to 42 documents." *Id.* And therefore, it "now move[d] the Court to order an *in camera* inspection of the 42 disputed documents. . . ."

    2.    However, in its Order dated May 6, 2014 [DE 118], the Court ordered Defendants to submit to the Court, for *in camera* inspection, "*all* of the documents withheld on the basis of

attorney-client privilege that are listed in Defendants' Second Amended Privilege Log." Order [DE 118] at 3-4 (emphasis added).

3. Given that the dispute on the Plaintiff's Motion was limited to the 42 disputed documents, and the remaining documents are undisputedly privileged, Defendants seek clarification that the Order intends to require Defendants to submit for *in camera* inspection only the 42 disputed documents which the parties agree are at issue, and not *all* documents listed in their Second Amended Privilege Log.

**WHEREFORE**, Defendants respectfully requests that this Court enter an Order clarifying that its prior Order [DE 118] requires Defendants to submit to the Court, for *in camera* inspection, only the 42 disputed documents in its Second Amended Privilege Log which were the subject of the Plaintiff's Motion. Pursuant to Local Rule 7.1(a)(2), a proposed Order granting this motion is attached hereto.

## CERTIFICATION UNDER L.R. 7.1.A.3.

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel hereby certifies that he conferred with Plaintiff's counsel in a good faith effort to resolve the issues, and Plaintiff's counsel has no objection to the relief sought herein.

Dated: May 12, 2014.                           Respectfully submitted,

                                               s/ Joan Carlos Wizel
                                               Onier Llopiz (FBN 579475)
                                               ol@lydeckerdiaz.com
                                               Joan Carlos Wizel (FBN 37903)
                                               jcw@lydeckerdiaz.com
                                               LYDECKER│DIAZ
                                               1221 Brickell Avenue, 19th Floor
                                               Miami, Florida 33131
                                               Telephone: (305) 416-3180
                                               Facsimile:  (305) 416-3190

                                               *Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that a true and correct copy of the foregoing was served this day via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Joan Carlos Wizel<br>Joan Carlos Wizel (FBN 37903)

## SERVICE LIST

**Timothy M. Hartley**
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973
E-mail:Hartley@hartleylaw.net
*Attorneys for Plaintiff*

**Brett E. Lewis**
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
E-mail:brett@iLawco.com
*Attorneys for Plaintiff*

**Alexander Pastukh**
Alexander Pastukh, P.A.
1395 Brickell Avenue, Ste. 800
Miami, FL 33131
Telephone: (305) 502-5715
E-mail: apastukh@appalaw.com

*Attorney for Defendant 8333947 Canada, Inc.*