UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-BLOOM

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,
v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

    Defendants.
_____/

### JOINT MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND REMOVE THE FILING FROM THE COURT'S DOCKET AND NOTICE OF COMPLIANCE WITH ORDER [DE 142]

Plaintiff, Pulsepoint, Inc., and all Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, Warren Rustin, and 8333947 Canada, Inc., jointly move the Court to strike the Second Amended Complaint and the remove said pleading from the this Court's docket. The Parties also give notice of their compliance with the Court's Order dated August 21, 2014 [DE 142], insofar as they have reached a settlement. In support of their motion, the Parties state as follows:

1. On March 18, 2014, the Court held a hearing on the Defendant 8333947 Canada, Inc.'s Motion to Dismiss the one count asserted against it in the First Amended Complaint. At the time, the other Defendants had filed an Answer to the First Amended Complaint and had engaged in extensive discovery in connection thereof. At said hearing, Plaintiff advised the Court of its intent to amend the complaint to add more party defendants but acknowledged it had not yet filed a motion seeking that relief; the Court therefore instructed Plaintiff to file the motion, at

which time that issue would be addressed by the Court. Thereafter, the parties proceeded to argue the Defendant 8333947 Canada, Inc.'s Motion. The Court issued its Order [D.E. 111] granting the Motion and granting Plaintiff leave to amend the claim against 8333947 Canada, Inc.

2.  On April 25, 2014, Plaintiff filed its Second Amended Complaint. This pleading not only sought to re-plead the claim against 8333947 Canada, Inc., but also added 12 Defendants and raised fraudulent transfer and de facto merger claims against the newly added defendants.

3.  Additionally, the amended pleading contains within its allegations information that was obtained by Plaintiff from documents and other materials disclosed by the Defendants, which information is protected as confidential pursuant to a confidentiality agreement binding upon the parties and their respective counsel regarding such information.

4..  The confidentiality protection was finalized after the filing of the amended pleading at issue and <u>applied retroactively</u>, given that at the time of the initial production of documents (pursuant to the Court's order allowing Plaintiff to conduct expedited discovery) the parties had not yet finalized the terms said confidentiality agreement. Thus, while the Defendants do not maintain the pleading was filed in contravention of the confidentiality agreement at the time of its filing, the parties recognize and stipulate to the confidentiality of the information contained in the Second Amended Complaint, and seek adequate relief herein.

5.  Throughout the time of these events, the parties engaged in settlement negotiations. The parties have now reached a settlement, but recognizing the need for adequate protection of the confidential information—particularly when no leave to amend was sought to include this information in an amended pleading (at which time confidentiality concerns would have been addressed and the proposed amended pleading tested)—the parties stipulate and jointly move the Court for an Order <u>striking of the Second Amended Complaint</u> from the Court's

docket and <u>instructing the Clerk</u> to destroy any physical copy of said pleading and remove any existing link to the document in the electronic docket.

      6.     An Agreed Order is attached to this Motion.

WHEREFORE, the parties request that this Court enter the attached Agreed Order striking of the Second Amended Complaint and instructing the Clerk to destroy any physical copy of said pleading and remove any existing link to the document in the electronic docket.

Dated: August 29, 2014.

s/ Brett E. Lewis
Brett E. Lewis (*pro hac vice*)
E-mail: brett@iLawco.com
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323

and

Timothy M. Hartley (FBN 979066)
E-mail: Hartley@hartleylaw.net
Hartley Law Offices, PLC
800 SE third Avenue, Fourth Floor
Fort Lauderdale, FL 33316
Telephone: (954) 357-9973

*Attorneys for Plaintiff Pulsepoint, Inc. f/k/a Datran Media Corp.*

s/ Alexander Pastukh
Alexander Pastukh (FBN 809551)
E-mail: apastukh@appalaw.com
Alexander Pastukh, P.A.
1395 Brickell Avenue, Ste. 800
Miami, FL 33131
Telephone: (305) 502-5715

*Attorney for Defendant 8333947 Canada, Inc.*

Pursuant to CM/ECF Admin. Pro. Rule 3J(3), counsel for Plaintiff and Defendant 8333947 provided consent to the electronic execution of his signature by Joan Carlos Wizel

s/ Joan Carlos Wizel
Onier Llopiz (FBN 579475)
E-mail: ol@lydeckerdiaz.com
Joan Carlos Wizel (FBN 37903)
E-mail: jcw@lydeckerdiaz.com
Lydecker│Diaz
1221 Brickell Avenue, 19th Floor
Miami, FL 33131
Telephone: (305) 416-3180

*Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin*

3

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing on August 29, 2014, by filing a copy using the ECF System, which constitutes service on all counsel having appeared as record.

s/ Joan Carlos Wizel<br>
Joan Carlos Wizel (FBN 37903)