UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61448-CIV-BLOOM

PULSEPOINT, INC. f/k/a DATRAN
MEDIA CORP.,

    Plaintiff,
v.

7657030 CANADA INC., d/b/a ACQUINITY
INTERACTIVE, LLC, f/k/a MODERNAD
MEDIA LLC f/k/a PUREADS; ACQUINITY
INTERACTIVE, LLC; MODERNAD MEDIA
LLC; WARREN RUSTIN, an individual, and
JOHN DOES 1-100 and 8333947 CANADA,
INC.

    Defendants.
_____/

**STIPULATION THAT THE SECOND AMENDED COMPLAINT [DE 115] BE SEALED AND JOINT MOTION TO SEAL PURSUANT TO THE PARTIES' STIPULATION**

Plaintiff Pulsepoint, Inc., and all Defendants, 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, Warren Rustin, and 8333947 Canada, Inc., (collectively, the "Parties"), pursuant to this Court's direction in its Order dated September 4, 2014, stipulate that the Amended Complaint [DE 115] be sealed to preserve the parties' confidentiality concerns, and pursuant to Local Rule 5.4 move the Court for an Order sealing said document in the Court's docket. In support thereof, the Parties state as follows:

    1.    On March 18, 2014, the Court held a hearing on the Defendant 8333947 Canada, Inc.'s Motion to Dismiss the one count asserted against it in the First Amended Complaint. At the time, the other Defendants had filed an Answer to the First Amended Complaint and had engaged in extensive discovery in connection thereof. At said hearing, Plaintiff advised the Court of its intent to amend the complaint to add more party defendants but acknowledged it had not yet filed a motion seeking that relief; the Court therefore instructed Plaintiff to file the motion, at

which time that issue would be addressed by the Court. Thereafter, the Parties proceeded to argue the Defendant 8333947 Canada, Inc.'s Motion. The Court issued its Order [D.E. 111] granting the Motion and granting Plaintiff leave to amend the claim against 8333947 Canada, Inc.

2. On April 25, 2014, Plaintiff filed its Second Amended Complaint. This pleading not only sought to re-plead the claim against 8333947 Canada, Inc., but also added 12 Defendants and raised fraudulent transfer and de facto merger claims against the newly added defendants.

3. Additionally, the amended pleading contains within its allegations information that was obtained by Plaintiff from documents and other materials disclosed by the Defendants, which information is protected as confidential pursuant to a confidentiality agreement binding upon the Parties and their respective counsel regarding such information.

4.. The confidentiality protection was finalized after the filing of the amended pleading at issue and <u>applied retroactively</u>, given that at the time of the initial production of documents (pursuant to the Court's order allowing Plaintiff to conduct expedited discovery) the Parties had not yet finalized the terms said confidentiality agreement. Thus, the Parties stipulate to the confidentiality of the information contained in the Second Amended Complaint, and further stipulate that the Second Amended Complaint be sealed.

5. Throughout the time of these events, the Parties engaged in settlement negotiations.  The Parties have now reached a settlement, but recognizing the need for adequate protection of the confidential information—particularly when no leave to amend was sought to include this information in an amended pleading (at which time confidentiality concerns would have been addressed and the proposed amended pleading tested)—the Parties stipulate that the Second Amended Complaint be sealed, and therefore jointly move the Court for an Order sealing said document from the Court's docket.

6.     Pursuant to Local Rule 5.4, this motion is accompanied by a completed sealed document tracking form. The Parties requests that the Clerk's Office maintain these documents under seal until one year after the case is closed, at which time the document shall be destroyed. An Agreed Order is attached to this Motion.

WHEREFORE, the Parties request that this Court enter the attached Agreed Order sealing the Second Amended Complaint.

Dated: September 12, 2014.

| | |
|---|---|
| s/ Brett E. Lewis | s/ Joan Carlos Wizel |
| Brett E. Lewis (*pro hac vice*) | Onier Llopiz (FBN 579475) |
| E-mail: brett@iLawco.com | E-mail: ol@lydeckerdiaz.com |
| Lewis & Lin, LLC | Joan Carlos Wizel (FBN 37903) |
| 45 Main Street, Suite 608 | E-mail: jcw@lydeckerdiaz.com |
| Brooklyn, NY 11201 | Lydecker│Diaz |
| Telephone: (718) 243-9323 | 1221 Brickell Avenue, 19th Floor |
| | Miami, FL 33131 |
| *Attorneys for Plaintiff Pulsepoint, Inc. f/k/a Datran Media Corp.* | Telephone: (305) 416-3180 |
| | *Attorneys for Defendants 7657030 Canada Inc., Acquinity Interactive, LLC, ModernAd Media LLC, and Warren Rustin* |

s/ Alexander Pastukh
Alexander Pastukh (FBN 809551)
E-mail: apastukh@appalaw.com
Alexander Pastukh, P.A.
1395 Brickell Avenue, Ste. 800
Miami, FL 33131
Telephone: (305) 502-5715

*Attorney for Defendant 8333947 Canada, Inc.*

Pursuant to CM/ECF Admin. Pro. Rule 3J(3), counsel for Plaintiff and Defendant 8333947 provided consent to the electronic execution of his signature by Joan Carlos Wizel

4

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing on September 12, 2014, by filing a copy using the ECF System, which constitutes service on all counsel having appeared as record.

                                                s/ Joan Carlos Wizel
                                                Joan Carlos Wizel (FBN 37903)